**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., et al.<br>for themselves and on behalf of a class<br>of similarly situated property owners,<br>Plaintiffs,<br><br>v.<br><br>OLIN CORPORATION and THE TOWN OF<br>HAMDEN,<br>Defendants. | CIVIL ACTION NO.<br>3:03-CV-945(CFD)<br><br><br><br><br><br><br><br>NOVEMBER 17, 2003 |

### FIRST SET OF INTERROGATORIES TO OLIN

Plaintiffs Clarence R. Collins, Jr., et al. hereby request and require that defendant Olin Corporation ("Olin") respond to the following interrogatories in accordance with Rules 33 of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Connecticut, and the instructions and definitions that follow.

THE PLAINTIFFS,

By _/s/_____
Neil T. Leifer, Esq.
nleifer@tenlaw.com
David C. Strouss, Esq.
dstrouss@tenlaw.com
Thornton & Naumes L.L.P
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Tele: (617) 720-1333
Fax: (617) 720-2445

David B. Zabel, Esq. ct01382
dzabel@cohenandwolf.com
Monte E. Frank, Esq. ct13666

1

mfrank@cohenandwolf.com
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, Connecticut 06604
Tele: (203) 368-0211
Fax: (203) 394-9901


Mark Roberts, Esq.
mroberts@mcrobertsandroberts.com
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, Massachusetts 02114
Tele: (617) 722-8222
Fax: (617) 720-2320

## INSTRUCTIONS AND DEFINITIONS

A. The terms "plaintiff" and "defendant," as well as a party's or person's full or abbreviated name or a pronoun referring to a party or person, mean the party or person and, where applicable, his/her/its agents, representatives, officers, directors, employees, partners, divisions or other organizational units, corporate parent, subsidiaries, affiliates, or predecessor entities later merged or affiliated with the party or person.

B. The term "person" means any natural person or any business, legal or governmental entity or association.

C. The term "document" includes any writings, drawings, graphs, charts, photographs, phonorecords, sound recordings and other data compilations (including but not limited to electronic mail and computer generated or recorded data) from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or nonidentical copy of a document is a separate document within the meaning of this term.

D. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

E. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

F. "Identify" means when used in reference to:

1. a <u>document</u>, to provide, to the extent known, information about the (i) type of document (e.g. letter, report, memorandum, etc.), (ii) its general subject matter, (iii) the date of the document, (iv) its author(s), addressee(s) and recipient(s), and (v) its present location and the identity of its custodian;

2. an <u>oral or written communication</u>, to state separately (i) its date and place where it occurred, (ii) its substance, (iii) the identity of each person participating in the communication, and (iv) the identity of all notes, memoranda or other documents memorializing or concerning the subject matter of the communication;

3. a <u>person</u>, to provide, to the extent known (i) the person's full name, (ii) the person's present or last known address, and (iii) when referring to a natural person, additionally, the person's present or last known place of employment.

G. These discovery requests shall be deemed to call for the production of all information or documents that, either directly or indirectly, are in the control of or subject to the control of the party to whom these discovery requests are addressed.

3

H.  The production of any document for inspection and copying shall be deemed to satisfy any interrogatory requesting the identification of such document provided that the party's interrogatory response indicates by reference to bates stamp number or otherwise the particular documents produced in response to the interrogatory.

I.  The use of the singular form of any word includes the plural and vice versa; the terms "all" and "each" shall both be construed as all and each; the masculine form shall be interpreted to include the feminine form, and vice versa; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

J.  These discovery requests shall be deemed continuing so as to require correction or supplementation as provided by Rule 26 of the Federal Rules of Civil Procedure. If the party responding to these discovery requests cannot comply with any discovery request in full, compliance shall be made to the fullest extent possible, specifying the reasons for the inability to respond in full.

K.  The terms "Complaint" and "Answer" mean the original complaint or original answer in the above captioned action, respectively, and any amended or revised complaint or answer which is thereafter filed.

L.  The term "Corporate Predecessors" or "alleged Corporate Predecessors" refers to the arms and ammunition manufacturing business formerly owned or operated by WESTERN CARTRIDGE COMPANY and/or WINCHESTER REPEATING ARMS COMPANY, and is intended to include all of the employees of WESTERN CARTRIDGE COMPANY and/or WINCHESTER REPEATING ARMS COMPANY and their duly authorized officers, agents, attorneys, physicians and any and all other consultants, contractors, individuals, firms, historical operating divisions, the parent corporation, all beneficially or wholly owned subsidiaries, and any re-named entities created by the corporate parent from the time of its legal inception forward.

M.  The terms "OLIN" or "OLIN CORPORATION" refer to that corporate entity which was formed under Virginia law, which merged with "WESTERN CARTRIDGE COMPANY" in 1944, and which changed its name to "OLIN INDUSTRIES, INC." in 1944 and which changed its name back to "OLIN CORPORATION" in 1969. The terms "OLIN" and "OLIN CORPORATION" are meant to include, without limitation, all historical operating divisions, the parent corporation, all beneficially or wholly owned subsidiaries, and any re-named entities created by the corporate parent from the time of its legal inception forward.

N.  "Firearm products" shall include any ammunition, gun, revolver, shotgun, handgun, rifle, pistol or any weapon requiring ammunition.

O.  "Asset" shall include, but is not limited to, all inventory, finished goods, work in progress, raw materials, trademarks, patents, machinery, motor vehicles, property leases, customer lists, accounts receivable, and ledgers.

P.  With respect to any information or document which is withheld in whole or in part on the ground of privilege, state:

1. The general subject matter of the information or the document;

2. The type of document for which the privilege is claimed (e.g., letter, memorandum, etc.);

3. The date of the document or information;

4. The identity of the author of the document or the communicator of the information, including the specific capacity in which such person acted;

5. The nature and specific basis for the claim of privilege, including why such basis applies to the document or information in question; and

6. The identity each person who received the original or a copy of the document or to whom the information or the contents of the documents was communicated, including the specific capacity in which such person received the document or information.

## INTERROGATORIES

1. Identify all assets and/or liabilities which were merged with or into "OLIN CORPORATION" by virtue of the merger between "OLIN CORPORATION" and "WESTERN CARTRIDGE COMPANY" in 1944.

2. Identify all assets and/or liabilities which were acquired by "WESTERN CARTRIDGE COMPANY", "WINCHESTER REPEATING ARMS COMPANY of MARYLAND" OR "OLIN CORPORATION" by virtue of purchase of the assets of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" in 1931.

3. Identify all assets and/or liabilities of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" which "WESTERN CARTRIDGE COMPANY" transferred to "WINCHESTER REPEATING ARMS COMPANY of MARYLAND" in 1931.

4. Please describe any activities or action by "WESTERN CARTRIDGE COMPANY" and "WINCHESTER REPEATING ARMS COMPANY of MARYLAND" in 1938 which resulted in any change in the status of "WESTERN CARTRIDGE COMPANY" or "WINCHESTER REPEATING ARMS COMPANY of MARYLAND", including a dissolution.

5. Prior to the merger in 1944, identify by type and nature every asset and/or liability which was held by "WESTERN CARTRIDGE COMPANY" and transferred to "OLIN CORPORATION" by operation of merger.

5

6.   Identify by type and nature every asset or liability which was held by "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" after the sale of assets to "WESTERN CARTRIDGE COMPANY" in 1931.

7.   According to your corporate documents, or documents otherwise known to you or under your control, provide information describing the physical location, proof of any business activity, number and names of employees, job descriptions for employees, and the existence of any assets for "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" after 1931.

8.   Describe any business operations which were a change or addition to the current operations of "WESTERN CARTRIDGE COMPANY", "WINCHESTER REPEATING ARMS COMPANY of MARYLAND", or "OLIN CORPORATION" due to the asset or liability purchase of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" in 1931, including additions or changes to its customer base, product line, distribution system, research and development, and personnel.

9    Describe any advertisement, press announcement, or any other publication or promotional material announcing the transaction that occurred between "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" and "WESTERN CARTRIDGE COMPANY", "WINCHESTER REPEATING ARMS COMPANY of MARYLAND", or "OLIN CORPORATION" in 1931.

10.  State whether or not you contend that there is a policy of liability insurance covering you for damages which could result from an adverse judgment or consensual settlement of this action:

   1. If your answer is affirmative, state the name of the Insurer(s), the policy number(s), the effective date(s) of the policy(s), the policy limits and the deductible amounts.

   2. If insurance coverage is disputed, identify the carrier(s) and policy(s) which are the subject of dispute.

   3. Whether there is or has been litigation concerning coverage and identify the Court where the litigation was filed and all counsel and the results, if any.

11.  Identify all former employees of "WESTERN CARTRIDGE COMPANY" and/or its operating divisions or subsidiaries, who were employed by "OLIN" or were officers of "OLIN" as of December 31, 1944.

12.  Identify all former employees, officers or directors of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" who were subsequently employed by you, or your predecessor "WESTERN CARTRIDGE COMPANY" as of December 15, 1931.

13. Identify all former employees, officers or directors of "WINCHESTER REPEATING ARMS COMPANY of MARYLAND" who were subsequently employed by you, or your predecessor "WESTERN CARTRIDGE COMPANY" as of 1931.

14. State whether you have documents pertaining to the asset purchase of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" by "WESTERN CARTRIDGE COMPANY" and in 1931. Is so, please provide the location and custodian of records.

15. State whether you have documents pertaining to the merger between "WESTERN CARTRIDGE COMPANY" and "OLIN CORPORATION" in 1944. If so, please provide the location and custodian of records.

16. State whether you have documents pertaining to the creation of "WINCHESTER REPEATING ARMS COMPANY of MARYLAND" as a division of "WESTERN CARTRIDGE COMPANY" in 1931. If so, please provide the location and custodian of records.

17. State whether you have documents pertaining to the merger between "WINCHESTER REPEATING ARMS COMPANY of MARYLAND" by "WESTERN CARTRIDGE COMPANY" in 1938. If so, please provide the location and custodian of records.

18. State whether you have documents pertaining to the dissolution of "WINCHESTER REPEATING ARMS COMPANY of MARYLAND's" corporate existence in 1938. If so, please provide the location and custodian of records.

19. State whether you have documents pertaining the purchase or sale of the Winchester trademark by "WESTERN CARTRIDGE COMPANY" and/or "OLIN CORPORATION". If so, please provide the location and custodian of records.

20. State whether you have documents which describe any business operations or the existence of any assets for "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" between 1931 until 1934. If so, where?

21. State whether you have documents which describe any business operations or the existence of any assets for "WINCHESTER REPEATING ARMS COMPANY of MARYLAND" between 1931 to its dissolution in 1938. If so, where?

22. Identify all shareholders of "WINCHESTER REPEATING ARMS COMPANY of MARYLAND" who were at any time shareholders of "WESTERN CARTRIDGE COMPANY" or "OLIN CORPORATION".

23. Identify all shareholders of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" who were at any time became shareholders of "WESTERN CARTRIDGE COMPANY" or "OLIN CORPORATION".

24. Identify all shareholders of "WESTERN CARTRIDGE COMPANY" who were or at any time became shareholders of "OLIN CORPORATION".

25. Identify all shareholders of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" who were at any time shareholders of "WINCHESTER REPEATING ARMS COMPANY of MARYLAND".

26. Please identify the name of the person or persons who is in charge of, or who is custodian of any historical business records of "OLIN CORPORATION" including but not limited to, customer lists, vendor lists, sales lists, employees lists, purchasing invoices, historical advertising material, corporate archival or historical material and/or claim or litigation files.

27. Please describe the corporate history of "OLIN CORPORATION" including each name under which it or its predecessors in interest operated any activities.

28. For each person(s) answering these interrogatories or providing information used in the answering of these interrogatories, and/or signing these interrogatories, please state:

    1. The full name, business address and business telephone number if any;

    2. Their job title and their relationship to the Defendant, and, specific interrogatories which they answered, assisted in answering, or for which they provided information.

## CERTIFICATION

I hereby certify that I, _____, am the _____ of Olin; that I have read the foregoing answers to interrogatories and responses to requests for production of documents; that I understand the answers and responses; and that the answers and responses are true, accurate and complete.

_____

Sworn and subscribed to
before me this \_\_\_\_ day
of _____ 2003.

_____

Notary Public

9

## CERTIFICATION OF SERVICE

This is to certify that on the date hereof, a copy of the foregoing was mailed via first class U.S. mail, postage prepaid, to all counsel of record as follows:

Neil Leifer, Esq.

## CERTIFICATION OF SERVICE

This is to certify that on the date hereof, a copy of the foregoing was mailed via first class U.S. mail, postage prepaid, to all counsel of record as follows:

Neil Leifer, Esq.