**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., et al. for themselves and on behalf of a class of similarly situated property owners,<br>　　　　　Plaintiffs,<br><br>v.<br><br>OLIN CORPORATION and THE TOWN OF HAMDEN,<br>　　　　　Defendants. | :  CIVIL ACTION NO.<br>:  3:03-CV-945(CFD)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  NOVEMBER 17, 2003 |

## REQUEST FOR PRODUCTION OF DOCUMENTS
## TO OLIN

Plaintiffs Clarence R. Collins, Jr., et al. hereby request and require that defendant Olin Corporation ("Olin") respond to the following requests for production of documents in accordance with Rule 34 of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Connecticut, and the instructions and definitions that follow.

THE PLAINTIFFS,

By /s/ Neil T. Leifer
Neil T. Leifer, Esq.
nleifer@tenlaw.com
David C. Strouss, Esq.
dstrouss@tenlaw.com
Thornton & Naumes L.L.P
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Tele: (617) 720-1333
Fax: (617) 720-2445

David B. Zabel, Esq. ct01382
dzabel@cohenandwolf.com
Monte E. Frank, Esq. ct13666
mfrank@cohenandwolf.com
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, Connecticut 06604
Tele:  (203) 368-0211
Fax:   (203) 394-9901


Mark Roberts, Esq.
mroberts@mcrobertsandroberts.com
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, Massachusetts 02114
Tele: (617) 722-8222
Fax:  (617) 720-2320

## INSTRUCTIONS AND DEFINITIONS

  A. The terms "plaintiff" and "defendant," as well as a party's or person's full or abbreviated name or a pronoun referring to a party or person, mean the party or person and, where applicable, his/her/its agents, representatives, officers, directors, employees, partners, divisions or other organizational units, corporate parent, subsidiaries, affiliates, or predecessor entities later merged or affiliated with the party or person.

  B. The term "person" means any natural person or any business, legal or governmental entity or association.

  C. The term "document" includes any writings, drawings, graphs, charts, photographs, phonorecords, sound recordings and other data compilations (including but not limited to electronic mail and computer generated or recorded data) from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or nonidentical copy of a document is a separate document within the meaning of this term.

  D. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

  E. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

  F. "Identify" means when used in reference to:

    1. a <u>document</u>, to provide, to the extent known, information about the (i) type of document (e.g. letter, report, memorandum, etc.), (ii) its general subject matter, (iii) the date of the document, (iv) its author(s), addressee(s) and recipient(s), and (v) its present location and the identity of its custodian;

    2. an <u>oral or written communication</u>, to state separately (i) its date and place where it occurred, (ii) its substance, (iii) the identity of each person participating in the communication, and (iv) the identity of all notes, memoranda or other documents memorializing or concerning the subject matter of the communication;

    3. a <u>person</u>, to provide, to the extent known (i) the person's full name, (ii) the person's present or last known address, and (iii) when referring to a natural person, additionally, the person's present or last known place of employment.

  G. These discovery requests shall be deemed to call for the production of all information or documents that, either directly or indirectly, are in the control of or subject to the control of the party to whom these discovery requests are addressed.

H.  The production of any document for inspection and copying shall be deemed to satisfy any interrogatory requesting the identification of such document provided that the party's interrogatory response indicates by reference to bates stamp number or otherwise the particular documents produced in response to the interrogatory.

I.  The use of the singular form of any word includes the plural and vice versa; the terms "all" and "each" shall both be construed as all and each; the masculine form shall be interpreted to include the feminine form, and vice versa; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

J.  These discovery requests shall be deemed continuing so as to require correction or supplementation as provided by Rule 26 of the Federal Rules of Civil Procedure. If the party responding to these discovery requests cannot comply with any discovery request in full, compliance shall be made to the fullest extent possible, specifying the reasons for the inability to respond in full.

K.  The terms "Complaint" and "Answer" mean the original complaint or original answer in the above captioned action, respectively, and any amended or revised complaint or answer which is thereafter filed.

L.  The term "Corporate Predecessors" or "alleged Corporate Predecessors" refers to the arms and ammunition manufacturing business formerly owned or operated by WESTERN CARTRIDGE COMPANY and/or WINCHESTER REPEATING ARMS COMPANY, and is intended to include all of the employees of WESTERN CARTRIDGE COMPANY and/or WINCHESTER REPEATING ARMS COMPANY and their duly authorized officers, agents, attorneys, physicians and any and all other consultants, contractors, individuals, firms, historical operating divisions, the parent corporation, all beneficially or wholly owned subsidiaries, and any re-named entities created by the corporate parent from the time of its legal inception forward.

M.  The terms "OLIN" or "OLIN CORPORATION" refer to that corporate entity which was formed under Virginia law, which merged with "WESTERN CARTRIDGE COMPANY" in 1944, and which changed its name to "OLIN INDUSTRIES, INC." in 1944 and which changed its name back to "OLIN CORPORATION" in 1969. The terms "OLIN" and "OLIN CORPORATION" are meant to include, without limitation, all historical operating divisions, the parent corporation, all beneficially or wholly owned subsidiaries, and any re-named entities created by the corporate parent from the time of its legal inception forward.

N.  "Firearm products" shall include any ammunition, gun, revolver, shotgun, handgun, rifle, pistol or any weapon requiring ammunition.

O.  "Asset" shall include, but is not limited to, all inventory, finished goods, work in progress,

raw materials, trademarks, patents, machinery, motor vehicles, property leases, customer lists, accounts receivable, and ledgers.

    P. With respect to any information or document which is withheld in whole or in part on the ground of privilege, state:

1. The general subject matter of the information or the document;

2. The type of document for which the privilege is claimed (e.g., letter, memorandum, etc.);

3. The date of the document or information;

4. The identity of the author of the document or the communicator of the information, including the specific capacity in which such person acted;

5. The nature and specific basis for the claim of privilege, including why such basis applies to the document or information in question; and

6. The identity each person who received the original or a copy of the document or to whom the information or the contents of the documents was communicated, including the specific capacity in which such person received the document or information.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Please provide copies of the annual financial reports of the following corporate entities, from the years 1931 through the present, inclusive. For those entities that were incorporated after 1931, this should be construed to request those reports which were issued or generated from the date of incorporation, forward:

    1. "OLIN CORPORATION"
    2. "OLIN INDUSTRIES, INC."
    3. "OLIN MATHIESON CHEMICAL CORPORATION"
    4. "WESTERN CARTRIDGE COMPANY"
    5. "WINCHESTER REPEATING ARMS COMPANY OF DELAWARE"
    6. "WINCHESTER REPEATING ARMS COMPANY OF MARYLAND"
    7. "WINCHESTER REPEATING ARMS COMPANY OF CONNECTICUT"

2. Produce a copy of any documents relating to the purchase, sale or licensing for use of the Winchester Trademark by "OLIN CORPORATION" and/or "WESTERN CARTRIDGE

COMPANY".

3. Produce a copy of any document relating to the corporate history of "WESTERN CARTRIDGE COMPANY".

4. Produce a copy of any document relating to the corporate history of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE".

5. Produce a copy of any document relating to the corporate history of "WINCHESTER REPEATING ARMS COMPANY of MARYLAND".

6. Produce a copy of any document that indicates the sale of any firearm products under the Winchester trademark by "OLIN CORPORATION".

7. Produce a copy of any document that indicates the sale of any firearm products under the Winchester trademark by "WESTERN CARTRIDGE COMPANY".

8. Produce a copy of any document that indicates the sale of any firearm products under the Winchester trademark by "WINCHESTER REPEATING ARMS COMPANY of MARYLAND".

9. Produce a copy of any document that indicates the sale of any firearm products under the Winchester trademark by "WINCHESTER REPEATING ARMS COMPANY of DELAWARE".

10. Produce a copy of any and all transactional document constituting the merger agreement or its equivalent, between "WESTERN CARTRIDGE COMPANY" by "OLIN CORPORATION" in 1944.

11. Produce a copy of any and all transactional documents constituting the merger agreement or its equivalent, between "WESTERN CARTRIDGE COMPANY" and "WINCHESTER REPEATING ARMS COMPANY of MARYLAND".

12. Produce a copy of any document memorializing or describing the acquisition of stock, assets, or liabilities of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" by "WESTERN CARRIAGE COMPANY".

13. Produce a copy of any document memorializing the transfer of stock, assets, or liabilities to "WINCHESTER REPEATING ARMS COMPANY of MARYLAND" by "WESTERN CARRIAGE COMPANY".

14. Produce a copy of any document which describes any aspect of the business of "WESTERN CARTRIDGE COMPANY" prior to its merger with "OLIN CORPORATION" in 1944 or

any of its operating divisions or wholly owned subsidiaries.

15. Produce a copy of any document which describes any aspect of the business of "OLIN CORPORATION" or any of its corporate predecessors which discuss, analyze or survey the assets, liabilities, history or business of "REPEATING ARMS COMPANY of MARYLAND", "WESTERN CARTRIDGE COMPANY", and/or "REPEATING ARMS COMPANY of DELAWARE".

16. Produce a copy of any document, including agreements relating to the assumption of "WESTERN CARTRIDGE COMPANY" liabilities, indemnity agreements with third-parties, or other forms of transactional agreements which you contend, relieve, exonerate or indemnity "OLIN CORPORATION" from responsibility or liability for the debts or legal obligations of "WESTERN CARTRIDGE COMPANY", "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" and/or "WINCHESTER REPEATING ARMS COMPANY of MARYLAND".

17. Produce a copy of any document relating to the continuation of the business enterprise of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" by "WINCHESTER REPEATING ARMS COMPANY of MARYLAND", "OLIN CORPORATION", or "WESTERN CARTRIDGE COMPANY", including use of the same distribution system, customer base, research and development, and product line.

18. Produce a copy of any document relating to any announcement to the public, including any press release, advertisement or promotional material related to the transaction that occurred between "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" and "WINCHESTER REPEATING ARMS COMPANY of MARYLAND", "OLIN CORPORATION", or "WESTERN CARTRIDGE COMPANY" in 1931.

19. Describe in general terms, any document requested herein which you are withholding as a result of a claim of attorney/client privilege or work product privilege.

## CERTIFICATION OF SERVICE

This is to certify that on the date hereof, a copy of the foregoing was mailed via first class U.S. mail, postage prepaid, to all counsel of record as follows:

_____
Neil Leifer, Esq.