**EXHIBIT E**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE R. COLLINS, JR., et al., | : | CIVIL ACTION NO. 3:03 CV-945(CFD) |
| | : | |
| V. | : | |
| | : | |
| OLIN CORPORATION, et al., | : | |
| | : | February 9, 2004 |

## OLIN CORPORATION'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW defendant Olin Corporation ("Olin"), by and through its undersigned counsel, and for its responses to plaintiffs' Request for Production of Documents, states as follows:

### PRELIMINARY STATEMENT

1.  In responding to Plaintiffs' Request for Production of Documents, Olin does not waive the right to challenge the relevance, materiality, and admissibility of the information or documents provided or to object to the use of such documents in any subsequent proceeding or trial in this action or any other action on any grounds that may be applicable.

2.  Discovery in this case is ongoing. Olin's answers to the requests for production are based upon the information presently available to Olin. Olin fully reserves the right to supplement or amend these answers prior to trial as provided for by applicable law, rules and orders of the Court. Olin limits the obligation to supplement these answers to those imposed upon Olin by the Federal Rules of Civil Procedure and any orders of the Court.

3.  Olin objects to these requests for production to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

1686196.01

## **GENERAL OBJECTIONS**

1. Olin objects to Plaintiffs' instructions and definitions to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut. Olin further objects to Plaintiffs' instructions and definitions to the extent that they purport to require the disclosure of information that is the subject of the attorney-client or work product privileges.

2. Olin objects to the phrases "Corporate Predecessor" and "Alleged Corporate Predecessors" as vague and ambiguous and calling for a legal conclusion. The problem with the use of these phrases is compounded by the further reference to "Winchester Repeating Arms Company." As plaintiffs' discovery requests acknowledge, there were entities known as "Winchester Repeating Arms Company - Connecticut", "Winchester Repeating Arms Company - Delaware", and "Winchester Repeating Arms Company - Maryland."

3. Pursuant to the July 14, 2003 Scheduling Order (approved by the Court on October 14, 2003 and modified by consent of the parties in January 2004), discovery at this stage is limited to issues of class certification, governmental immunity and successor liability. Plaintiffs' written discovery requests directed to Olin seek information to support Plaintiffs' allegations that "Olin is the successor in interest to Winchester Repeating Arms Company." *See*, Plaintiffs' Amended Complaint, ¶ 7. Plaintiffs' allegations in support of this conclusion appear to focus on the "substantial continuity" test for successor liability. *See, e.g.*, Plaintiffs' Amended Complaint, ¶¶ 17 through 19 (listing the alleged reasons Western Cartridge Company continued the operations of Winchester "at a level sufficient to constitute a *substantial continuity* of business for liability purposes") (emphasis added).

To the extent Plaintiffs rely on the "substantial continuity" test for successor liability under their CERCLA count, that reliance has been rendered moot by the Second Circuit's recent opinion in *State of New York v. National Services Industries, Inc.*, No. 02-9227, 2003 U.S. App., LEXIS 25411 (2d Cir. Dec. 17, 2003). In *New York v. National Services Industries, Inc.*, the court held that the Supreme Court's decision in *United States v. Bestfoods*, 524 U.S. 51 (1998), required the Second Circuit to overturn a 1996 Second Circuit decision adopting the "substantial continuity" theory of successor liability. Instead, the Court held that a court must look to the state common law rules of successor liability.

Accordingly, and consistent with the *New York v. National Services Industries, Inc.* decision, Plaintiffs may only attempt to prove successor liability based on the Connecticut common law successor liability rules. Under the general rule in Connecticut, a corporation which purchases all the assets of another company does not become liable for the debts and liabilities of its predecessor unless: 1) the purchase agreement expressly or impliedly so provides; 2) there was a merger or consolidation of the two firms; 3) the purchaser is a 'mere continuation' of the seller; or 4) the transaction is entered into fraudulently for the purpose of escaping liability. *See, e.g., Ricciardello v. J.W. Grant & Co.*, 717 F.Supp. 56, 57-58 (D.Conn. 1989). With respect to "mere continuation," this exception focuses on a continuity of ownership between corporations involved in an asset purchase. *See, e.g., Pesce v. Overhead Door Corp.*, 1996 U.S. Dist. LEXIS 22244, at *11-12 (D.Conn. July 25, 1996) ("The focus of the [mere continuation] exception is not whether there is a continuation of the business, but rather the test is whether there is a continuation of the corporate identity of the seller. The key element in determining whether the corporate entity continues to exist is a determination of whether there is

a common identity of the officers, directors, and stockholders in both the selling and purchasing corporations.")

Winchester Repeating Arms Company of Delaware ("Winchester – Delaware") was put into receivership on a creditors' bill filed in United States District Court in Connecticut in 1931. Through a Court supervised auction, Winchester – Delaware's assets were sold to the highest bidders, two men named P.C. Beardslee and Ben-Fleming Sessel. These men subsequently transferred the assets that they acquired at the auction to Winchester Repeating Arms Company of Maryland ("Winchester – Maryland). There was no commonality of stockholders between Winchester – Delaware and Winchester – Maryland. Absent that commonality, there can be no "mere continuation" exception to the no successor liability rule in Connecticut.

In these proceedings, the only relevant transaction with respect to successor liability is what happened in and around 1931 when Winchester-Delaware's assets were sold as reflected in the Final Decree Confirming Sale and Directing Execution and Delivery of Deeds ("Final Decree Confirming Sale," a copy of which is being produced to Plaintiffs). The assets were purchased by two individuals, P.C. Beardslee and Ben-Fleming Sessel. Within a week of their December 15, 1931 purchase of the assets, Beardslee and Sessel "assigned, transferred and set over" all of their ownership of the acquired assets to Winchester Repeating Arms Company of Maryland, a wholly owned subsidiary of Western Cartridge Company (hereinafter "Winchester-Maryland"). If Winchester-Maryland is not the successor of Winchester-Delaware, Plaintiffs' successor liability allegations are at an end. As a result, any requests by Plaintiffs which seek information for transactions or time periods other than those related to the asset purchase in or around 1931 are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in these proceedings.

Finally, any reliance Plaintiffs place on the product line exception to the no-successor liability rule is misplaced. First, neither the Connecticut Supreme Court, nor any appellate court in Connecticut recognizes the product line exception to the no-successor liability rule. *See, e.g., Pesce*, 1998 U.S. Dist. LEXIS 20615 at *5 (declining to adopt the product line exception and stating that "no Connecticut appellate court had recognized the product line exception" and ruling that "it is this court's best judgment that the Connecticut Supreme Court would not extend the law to recognize this exception."). Second, no Connecticut Superior Court has applied the product line exception outside the context of a product liability claim – that is, a claim for personal injuries resulting from the continued manufacture of the type of product alleged to have caused injury. This is not a product liability case. It would be burdensome and oppressive to respond to the extensive discovery requests propounded by the Plaintiffs when there is no body of Connecticut case law that imposes successor liability on a product line exception basis on the facts of this case.

4.  Olin objects to the definition of "Olin" and "Olin Corporation" on the grounds that it mischaracterizes and inaccurately describes events involving the defendant in these proceedings. More accurately put, on December 31, 1944, Olin Corporation merged into the Western Cartridge Company, and the corporate name was changed to Olin Industries, Inc. On August 31, 1954, Olin Industries, Inc. merged with Mathieson Chemical Corporation, and the corporate name became Olin Mathieson Chemical Corporation. On September 1, 1969, Olin Mathieson Chemical Corporation changed its name to Olin Corporation, a defendant in this litigation.

1686196.01                                    5

5. Olin objects to the definition for "Firearm products" as overbroad, vague and ambiguous. Olin further objects to the definition for "Firearm products" on the grounds that it is not limited to the facts at issue in this litigation.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Please provide copies of the annual financial reports of the following corporate entities, from the years 1931 through the present, inclusive. For those entities that were incorporated after 1931, this should be construed to request those reports which were issued or generated from the date of incorporation, forward:

    1. "OLIN CORPORATION"
    2. "OLIN INDUSTRIES, INC."
    3. "OLIN MATHIESON CHEMICAL CORPORATION"
    4. "WESTERN CARTRIDGE COMPANY"
    5. "WINCHESTER REPEATING ARMS COMPANY OF DELAWARE
    6. "WINCHESTER REPEATING ARMS COMPANY OF MARYLAND
    7. "WINCHESTER REPEATING ARMS COMPANY OF CONNECTICUT"

**RESPONSE:** Olin objects to this Request on the grounds that the term "annual financial reports" is vague and ambiguous. Olin further objects to this Request as it relates to "Olin Corporation" "Olin Industries, Inc." and "Olin Mathieson Chemical Corporation" for any and all time periods; and "Western Cartridge Company" after 1938, "Winchester Repeating Arms Company of Delaware" after 1932, "Winchester Repeating Arms Company of Maryland" after 1938, and "Winchester Repeating Arms Company of Connecticut" for anytime period after 1929 as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See General Objection No. 3. Subject to and without waiving these objections, Olin states that it is not in possession of any Annual Reports for Winchester Repeating Arms Company of Delaware or Winchester Repeating Arms Company of Connecticut for any time period; Olin has not been able to locate any Annual Reports for Western Cartridge Company or Winchester-Maryland for the time periods between 1931 and 1938.

2. Produce a copy of any documents relating to the purchase, sale or licensing for use of the Winchester trademark by "OLIN CORPORATION" and/or "WESTERN CARTRIDGE COMPANY."

**RESPONSE:** Olin objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. See General Objection

No. 3. Subject to and without waiving these objections, Olin states that the Winchester trademark was among the assets acquired through the U.S. District Court's Order Confirming Sale by Beardslee and Sessel and subsequently acquired by Winchester-Maryland, a wholly owned subsidiary of Western Cartridge Company. Olin will produce the Final Decree Confirming Sale and related documents.

     3.     Produce a copy of any document relating to the corporate history of "WESTERN CARTRIDGE COMPANY."

     **RESPONSE**: Olin objects to this Request on the grounds that the term "corporate history" is vague and ambiguous. Subject to and without waiving this objection, Olin is producing corporate minutes from mid-1931 to December 31, 1938 when Winchester-Maryland ceased to exist as a separate corporate entity.

     4.     Produce a copy of any document relating to the corporate history of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE".

     **RESPONSE**:     Olin objects to this Request on the grounds that the term "corporate history" is vague and ambiguous. Subject to and without waiving this objection, Olin has no such documents.

     5.     Produce a copy of any document relating to the corporate history of "WINCHESTER REPEATING ARMS COMPANY of MARYLAND."

     **RESPONSE**: Olin objects to this Request on the grounds that the term "corporate history" is vague and ambiguous. Subject to and without waiving this objection, Olin has not been able to locate any such documents, other than those to be produced in response to Request number 3.

     6.     Produce a copy of any document that indicates the sale of any firearm products under the Winchester trademark by "OLIN CORPORATION".

     **RESPONSE**: Olin objects to this Request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See General Objection No. 3.

     7.     Produce a copy of any document that indicates the sale of any firearm products under the Winchester trademark by "WESTERN CARTRIDGE COMPANY".

**RESPONSE:** Olin objects to this Request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See General Objection No. 3.

8. Produce a copy of any document that indicates the sale of any firearm products under the Winchester trademark by "WINCHESTER REPEATING ARMS COMPANY of MARYLAND".

**RESPONSE:** Olin objects to this Request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See General Objection No. 3.

9. Produce a copy of any document that indicates the sale of any firearm products unde the Winchester trademark by "WINCHESTER REPEATING ARMS COMPANY of DELAWARE".

**RESPONSE:** Olin objects to this Request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See General Objection No. 3.

10. Produce a copy of any and all transactional document constituting the merger agreement or its equivalent, between "WESTERN CARTRIDGE COMPANY" by "OLIN CORPORATION" in 1944.

**RESPONSE:** Olin objects to this Request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See General Objection No. 3.

11. Produce a copy of any and all transactional documents constituting the merger agreement or its equivalent, between "WESTERN CARTRIDGE COMPANY" and "WINCHESTER REPEATING ARMS COMPANY of MARYLAND".

**RESPONSE:** Any such responsive documents that exist will be produced.

12. Produce a copy of any document memorializing or describing the acquisition of stock, assets, or liabilities of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" by "WESTERN CARTRIDGE COMPANY".

**RESPONSE:** Olin objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Western Cartridge acquired no stock or liabilities of Winchester – Delaware. Subject to and without waiving these objections, Olin will produce the Final Decree Confirming Sale and related documents whereby the assets of Winchester – Delaware were auctioned by Order of the U.S. District Court.

13. Produce a copy of any document memorializing the transfer of stock, assets, or liabilities to "WINCHESTER REPEATING ARMS COMPANY of MARYLAND" by "WESTERN CARRIAGE [sic] COMPANY".

**RESPONSE:** There was no transfer of stock, assets or liabilities to Winchester – Maryland by Western Cartridge.

14. Produce a copy of any document which describes any aspect of the business of "WESTERN CARTRIDGE COMPANY" prior to its merger with "OLIN CORPORATION" in 1944 or any of its operating division or wholly owned subsidiaries.

**RESPONSE:** Olin objects to this Request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See General Objection No. 3.

15. Produce a copy of any document which describes any aspect of the business of "OLIN CORPORATION" or any of its corporate predecessors which discuss, analyze or survey the assets, liabilities, history or business of "REPEATING ARMS COMPANY of MARYLAND", "WESTERN CARTRIDGE COMPANY" and/or "REPEATING ARMS COMPANY of DELAWARE".

**RESPONSE:** Olin objects to this Request on the grounds that the term "corporate predecessors" is vague and ambiguous. Olin further objects on the grounds that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. See General Objection No. 3.

16. Produce a copy of any document, including agreements relating to the assumption of "WESTERN CARTRIDGE COMPANY" liabilities, indemnity agreements with third-parties, or other forms of transactional agreements which you contend, relieve, exonerate or indemnify "OLIN CORPORATION" from responsibility or liability for the debts or legal obligations of "WESTERN CARTRIDGE COMPANY"; "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" and/or "WINCHESTER REPEATING ARMS COMPANY of MARYLAND".

**RESPONSE:** Olin objects to this Request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. With respect to Olin Corporation, see General Objection No. 3. Subject to and without waiving these objections, Olin will produce copies of the Final Decree Confirming Sale and related documents which describe and relate to the auction of assets of Winchester – Delaware under Order of the U.S. District Court, the acquisition of those auctioned assets by Beardslee and Sissel and the subsequent acquisition of those assets by Winchester - Maryland.

17. Produce a copy of any document relating to the continuation of the business enterprise of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" by "WINCHESTER REPEATING ARMS COMPANY of MARYLAND", "OLIN CORPORATION", OR "WESTERN CARTRIDGE COMPANY", including use of the same distribution system, customer base, research and development, and product line.

**RESPONSE:** Olin objects to this Request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See General Objection No. 3. Olin further objects to the phrase "continuation of the business enterprise" as vague and ambiguous and as purporting to state a legal conclusion.

18.  Produce a copy of any document relating to any announcement to the public, including any press release, advertisement or promotional material related to the transaction that occurred between "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" and "WINCHESTER REPEATING ARMS COMPANY of MARYLAND", "OLIN CORPORATION", or "WESTERN CARTRIDGE COMPANY" in 1931.

**RESPONSE:** Olin objects to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Olin states that Olin has not been able to locate any such documents.

19.  Describe in general terms, any document requested herein which you are withholding as a result of a claim of attorney/client privilege or work product privilege.

**RESPONSE:** To the extent Olin is withholding any relevant and otherwise responsive documents to Plaintiffs discovery requests, such documents are being withheld on the basis of the attorney-client privilege and the work product privilege. Any such documents being withheld were discovered from non-Olin related sources and/or created during the proceedings that resulted in the issuance of Consent Order No. SRD 128 between the State of Connecticut, the Town of Hamden, South Central Regional Water Authority, State Board of Education and Olin Corporation or in this current litigation.

HUSCH & EPPENBERGER, LLC

By: _____
Michael H. Wetmore (ct24899)
Joel B. Samson (ct24898)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com

and

1686196.01                              11

BROWN RUDNICK BERLACK ISRAELS LLP
Sandra K. Davis
185 Asylum St.
CityPlace I, 38th Floor
Hartford, CT 06103
Telephone: 860-509-6500
Fax: 860-509-6501
sdavis@brbilaw.com

*Attorneys for Defendant Olin Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this ___9th___ day of ___February___, 2004, by first class mail, postage prepaid to:

Neil T. Leifer, Esq.
David C. Strouss, Esq.
Thornton & Naumes L.L.P.
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Telephone: (617) 720-1333
Facsimile: (618) 720-2445

David B. Zabel, Esq.
Monte E. Frank, Esq.
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, Connecticut 06604
Telephone: (203) 368-0211
Facsimile: (203) 394-9901

Mark Roberts
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA 02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiff*

Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

_____

1686196.01

13