# EXHIBIT G

ATTORNEYS AT LAW

# Thornton & Naumes LLP

Michael P. Thornton (NH, ME & MA)
John T. Barrett (NH & MA)
Robert T. Naumes
Neil T. Leifer (ME, NJ & MA)
David J. McMorris (NY & MA)
Edwin L. Wallace
Robert M. Byrne, Jr.
David C. Strouss
Joseph R. Donohue (ME & MA)
Patricia M. Flannery
Andrew S. Wainwright
Michael A. Lesser
Marilyn T. McGoldrick
Garrett J. Bradley
Brad J. Mitchell
Kristen Marquis Fritz

100 Summer St. • 30th Floor • Boston, MA 02110 • 617-720-1333
Toll Free 800-431-4600    FAX# 617-720-2445
www.tenlaw.com

February 13, 2004

Michael H. Wetmore, Esq.
HUSCH & EPPENBERGER, LLC
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105

Re:    *Collins v. Olin Corporation, et al*

Dear Mike:

I am in receipt of defendant Olin Corporation's responses to plaintiffs' discovery requests on the issue of successor liability. Those discovery requests consist of a set of interrogatories, a set for requests for the production of documents and a set of requests for admissions pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure. I am writing to request an opportunity to meet and confer with you regarding the sufficiency of Olin's responses. The basis for my belief that these discovery responses are insufficient is set forth below.

As you may recall, you and I discussed these discovery requests in early January 2004 in connection with your request for additional time to prepare Olin's responses. At that time, I explained to you that the plaintiffs' would seek to establish Olin's liability as a successor to Winchester on the basis of either the "mere continuation" exception or the "product line" exception, or both, of the rules concerning successor liability. I further indicated that the plaintiffs' amended complaint could be fairly read to plead either or both of those exceptions. I further indicated that each of the discovery requests that had been propounded was reasonably calculated to lead to the discovery of admissible evidence to establish either or both of those bases for successor liability.

When I received Olin's discovery responses on February 9, 2004, it became clear to me that Olin has decided that the "product line" exception is not available in this case,

Michael H. Wetmore, Esq.
February 13, 2004
Page 2

as a matter of law, and that the only material issue on the "mere continuation" exception concerns the continuity of ownership. See. Olin's General Objection No. 1 to Plaintiffs' Requests for Admissions and Olin's General Objection No. 3 to Plaintiffs' First Set of Interrogatories and Request for Production of Documents. On the basis of those legal findings, Olin has refused to answer any interrogatories, respond to any requests for admissions or to produce responsive documents that relate to the "product line" exception or to other factors relevant to the "mere continuation" exception. We take issue with that position.

We believe that the Court, not parties or their counsel, have the authority to determine what claims, theories or defenses are available in this case and consequently what discovery may be obtained with respect to each. Fed.R.Civ.P. 26(b)(1) plainly states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ..." These discovery requests are relevant to both of our theories of successor liability. We apparently disagree about the applicability or availability of certain theories in this case, or what material issues remain with respect to any of them, but until the Court has ruled them out or ruled that something is not material, it is improper for a party to arrogate that role to itself and then refuse to produce discovery. This is precisely what Olin has done.

I request that you call me upon your receipt of this letter and set a time within the next seven (7) business days to discuss this objection and whether Olin is willing to produce documents, witnesses and otherwise respond to these discovery requests as posed so that we can present the question of the applicability and availability of these theories to the Court on a full record.

Sincerely,

Neil T. Leifer

NTL/mk
cc: All Counsel of Record