```
                                         FILED

                                         2004 MAR 29  P 1: 25

           UNITED STATES DISTRICT COURT  U.S. DISTRICT COURT
               DISTRICT OF CONNECTICUT      HARTFORD, CT.
```

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners, | 3:03-cv-945 (CFD) |
| Plaintiffs, | |
| v. | |
| OLIN CORPORATION and the TOWN OF HAMDEN, | |
| Defendants. | August 1, 2003 |

## OLIN CORPORATION'S MOTION TO DISMISS COUNTS I, III AND VII OF PLAINTIFFS' AMENDED COMLAINT

ORAL ARGUMENT REQUESTED

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Olin Corporation ("Olin") and the undersigned hereby move this court to dismiss Counts I, III and VII of Plaintiffs' Amended Complaint. In support of this motion, Olin states as follows:

1. Plaintiffs filed their initial Complaint in the Connecticut Superior Court on May 12, 2003. Plaintiffs thereafter filed their Amended Complaint on May 28, 2003 in the Superior Court.

2. Defendant Town of Hamden, with Olin's consent, removed the case to the United States District Court on May 28, 2003.

3. Count I of Plaintiffs' Amended Complaint purports to assert a claim of negligence against Olin.

4. Count III of Plaintiffs' Amended Complaint purports to assert a claim for gross negligence/reckless conduct against Olin.

5. Count VII of Plaintiffs' Amended Complaint purports to assert a negligence per se claim against Olin.

6. The existence of a duty is an essential element to any negligence claim. *See, e.g., RK Constructors, Inc. v. Fusco Corp.*, 231 Conn. 381, 384 (Conn. 1994) (ordinary negligence claim); *Bello v. Barden Corp.*, 180 F.Supp.2d 300, 312 (D.Conn. 2002) (reckless conduct claim); *Close, Jensen & Miller, P.C. v. Lomangino*, 51 Conn. App. 576, 588 (Conn. 1999) (negligence per se claim).

7. The existence of a duty is a question of law and "[i]f a court determines, as a

matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." *RK Constructors*, 231 Conn. at 384-85.

8. Consistent with the analysis in *Vaillancourt v. Town of Southington*, 2002 WL 1293053, 32 Conn. L. Rptr. 1991 (Conn.Super. May 7, 2002), as well as other legal authority cited by Olin or otherwise, Counts I, III and VII of Plaintiffs' Amended Complaint should be dismissed because, as a matter of law, Olin did not owe a duty to Plaintiffs with respect to Olin's alleged activities in the Newhall Section of Hamden which occurred over fifty years ago and with the encouragement of the State of Connecticut.

9. In addition, Count III should be dismissed for the independent reason that Count III fails to state a claim for reckless conduct. "A plaintiff cannot transform a negligence count into a count for willful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." *Brown v. Branford*, 12 Conn. App. 106, 110, 529 A.2d 743 (Conn. 1987). Count III is nothing more than a restatement of Count I with the word "negligent" in Count I replaced by the adjectives "willful, wanton and reckless" in Count III. As a matter of law, this is insufficient to state a claim for reckless conduct and therefore Count III should be dismissed.

10. Moreover, Count VII should be dismissed because in attempting to establish a negligence per se claim: 1) Plaintiffs are improperly attempting to rely on statutes enacted after Olin's alleged conduct occurred (Conn.Gen.Stat. §22a-15, §22a-16 and §22a-427); and 2) Plaintiffs are improperly attempting to rely on a statute which has been held not to give rise to a

negligence per se action (§22a-427). Finally, to the extent these statutes are deemed to support a negligence per se claim, based on Plaintiffs' own allegations, Olin is excused from any alleged violations of these statutes.

11.     In further support of this motion, Olin incorporates by reference its Memorandum of Law In Support of Its Motion To Dismiss Counts I, III and VII of Plaintiffs' Amended Complaint and the Appendix of Unreported Cases filed herewith.

For these reasons, the Court should dismiss Counts I, III and VII of Plaintiffs' Amended Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

HUSCH & EPPENBERGER, LLC

By: *Michael H. Wetmore/sks*
Michael H. Wetmore (ct24899)
Joel B. Samson (ct24898)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
   Sandra K. Davis
   185 Asylum St.
   CityPlace I, 38th Floor
   Hartford, CT 06103
   Telephone: 860-509-6500
   Fax: 860-509-6501
   sdavis@brbilaw.com

*Attorneys for Defendant Olin Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 1st day of August, 2003, by first class mail, postage prepaid to:

David B. Zabel
Monte E. Frank
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT 06810
Telephone: (203) 792-2771
Facsimile: (203) 791-8149

and

Mark Roberts
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA 02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiff*

Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

_____
Sandra K. Davis

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners,<br><br>Plaintiffs,<br><br>v.<br><br>OLIN CORPORATION and the TOWN OF HAMDEN,<br><br>Defendants. | 3:03-cv-945 (CFD)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>August 1, 2003 |

**OLIN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I, III AND VII OF PLAINTIFFS' AMENDED COMPLAINT**

**ORAL ARGUMENT REQUESTED**

Pursuant to Rule 7 of the Local Rules of Civil Procedure ("D. Conn. L. Civ. R."), the defendant Olin Corporation ("Olin") and the undersigned hereby submit the following Memorandum in Support of Olin's Motion to Dismiss Counts I, III and VII of Plaintiffs' Amended Complaint.

## INTRODUCTION AND SUMMARY

Count I of Plaintiffs' Amended Complaint purports to assert a claim of negligence against Olin. The existence of a duty is an essential element of any negligence claim. Plaintiffs have not, and cannot, allege that Olin owed Plaintiffs a duty with respect to the activities the Plaintiffs allege Olin engaged in in the Newhall Section of Hamden. Therefore, as a matter of law, Count I fails to state a claim and must be dismissed.

Count III of Plaintiffs' Amended Complaint purports to assert a claim for gross negligence/reckless conduct. Count III suffers from the same infirmity as Count I, the lack of any duty owed by Olin to the Plaintiffs. Furthermore, Count III is nothing more than a restatement of Count I with the adjectives "willful, wanton and reckless" replacing the word "negligent" from Count I. This is insufficient under Connecticut law to state a claim for reckless conduct. Therefore, Count III must be dismissed.

Count VII of Plaintiffs' Amended Complaint attempts to assert a negligence per se claim. As with Counts I and III, Count VII fails as a matter of law because Olin owed no duty to Plaintiffs with respect to the alleged conduct at issue. In addition, Plaintiffs purport to base this claim on i) statutes enacted after Olin's alleged conduct took place, and ii) on a statute which has

been held not to give rise to a negligence per se action. Finally, to the extent the statutes do support a negligence per se claim, based on Plaintiffs' own allegations, Olin is excused from any violations of these statutes. For these reasons, independently, and taken together, Plaintiffs' negligence per se claim must be dismissed.

## ARGUMENT AND AUTHORITIES

### A. Standard For Olin's Rule 12(b)(6) Motion To Dismiss

Olin recognizes that in ruling on its Rule 12(b)(6) motion to dismiss, this Court "must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff." *Bello v. Barden Corp.*, 180 F.Supp.2d 300, 305 (D.Conn. 2002). At the same time, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Construction and General Lab v. City of Hartford*, 153 F.Supp.2d 156, 159 (D.Conn. 2001) (*quoting Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). Moreover, "Rule 12(b)(6) does not allow the substitution of conclusory statements 'for minimally sufficient factual allegations.'" *Whitaker v. Haynes Const. Co., Inc.*, 167 F.Supp.2d 251, 254 (D.Conn. 2001) (citations omitted). Finally, "a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Bello*, 180 F.Supp.2d at 306 (*quoting Lofton v. Bureau of Prisons*, 1995 WL 341565, at *1, 57 F.3d 1077 (9th Cir. June 8, 1995)).

Application of the above standard of review compels the conclusion that this Court should dismiss Counts I, III and VII of Plaintiffs' Amended Complaint.

ST_LOUIS\#40175787 v1 - Olin/Memo form 1    3

### B. Count I Fails To State A Claim For Negligence Against Olin

In order to state a claim for negligence, Plaintiffs must allege a duty, breach of that duty, causation and actual injury. *RK Constructors, Inc. v. Fusco Corp.*, 231 Conn. 381, 384 (Conn. 1994) (citations omitted). "The existence of a duty is a question of law and '[o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand.'" *RK Constructors*, 231 Conn. at 384 (*citing Petriello v. Kalman*, 215 Conn. 377, 382-83, 576 A.2d 474 (1990). Often times the viability of a negligence claim begins and ends with the court's determination of the existence, or more importantly, the non-existence of a duty. *See, e.g., RK Constructors*, 231 Conn. at 384-85 ("If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant.") Plaintiffs have not, and cannot, establish that Olin owed Plaintiffs a duty with respect to Olin's alleged conduct which occurred some fifty years ago.

"[T]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." *Lodge v. Arett Sales Corp.*, 246 Conn. 563, 572, 717 A.2d 215 (Conn. 1998) (*quoting Zamstein v. Marvasti*, 240 Conn. 549, 558 (1997)).

As a matter of law, Olin owed no duty to Plaintiffs with respect to Olin's activities in the

ST_LOUIS\#40175787 v1 - Olin/Memo form 1                        4

Newhall Section of Hamden to which Plaintiffs refer and which occurred more than fifty years ago. Directly on point is the holding in *Vaillancourt v. Town of Southington*. In *Vaillancourt*, a class of plaintiff homeowners sued a town which operated a landfill and a business that dumped its wastes into the town's landfill. *Vaillancourt v. Town of Southington*, 2002 WL 1293053, *1, 32 Conn. L. Rptr. 191 (Conn. Super. May 7, 2002).[1] With respect to the negligence count against the business, plaintiffs alleged that:

- The business disposed of wastes in the landfill until it closed in 1967, including wastes that were "hazardous" and/or "toxic."
- After the landfill was closed, the town permitted residential, commercial and industrial development to occur in the formerly undeveloped areas on and around the landfill site.
- The business and town were negligent in disposing of "toxic and hazardous substances," in failing to maintain the landfill, in allowing substances to spread, in failing to warn the plaintiffs, and in permitting or encouraging the plaintiffs to live and work on and around the former landfill site.

*Vaillancourt*, 2002 WL 1293053 at *1-2.

In holding that the business defendant did <u>not</u> owe a duty to the plaintiffs, the court noted that "a person is required only to take precautions against those dangers that are '*reasonably foreseeable*'" and that "[t]he question of duty is always determined based on the then-existing circumstances." *Id.* at *3 (citing *Lodge*, 246 Conn. at 577 and *Roy v. Friedman Equip. Co.*, 147 Conn. 121, 124, 157 A.2d 599 (1960)). Supporting the court's conclusion that no duty existed were the following:

---

[1] For the Court's convenience, a copy of the *Vaillancourt* decision is attached behind Tab 1 to Olin's Appendix of Unreported Decisions filed contemporaneously herewith.

- Defendant's waste disposal activity took place decades before plaintiff purchased his home.
- The town owned and operated the landfill for the purpose of receiving and disposing of wastes from businesses such as the defendant.
- The town had the responsibility to oversee the closure of the landfill in 1967 and plaintiffs do not allege any role of defendant in that process.
- It was the town's decision to open the former landfill site and its nearby areas to development and plaintiffs do not allege that defendant had anything to do with those actions by the town.
- Plaintiffs' allegations do not set forth facts which support a conclusion that when the defendant used the landfill, it had any reason to anticipate the town would not operate or maintain the public facility in a safe and proper manner.
- Defendant had no reason to anticipate any negligence on the part of the town in closing the landfill in 1967.
- There were no allegations that support a conclusion that the defendant had either the opportunity or legal authority to control the actions and decisions of the town.
- Zoning and development are matters controlled by municipalities.

*Vaillancourt*, 2002 WL 1293053 at *3-4.

Similar to the defendant in *Vaillancourt*, it cannot be credibly argued that Olin, knowing what Olin knew at the time, could possibly have anticipated the harm Plaintiffs currently allege. First, Plaintiffs' only allegations of negligence against Olin in Count I refer to Olin's activities in the Newhall Section of Hamden. Plaintiffs' Amended Complaint, ¶49. Olin, as well as other individuals and businesses in the area, were encouraged to use the public dumps in this area established by the Town of Hamden. Plaintiffs' own allegations confirm this:

- Historically and continuing well into the mid to late 1900's, the State of Connecticut attempted to eliminate wetlands and low lying areas by encouraging the filling of wetlands and low lying areas. Plaintiffs' Amended Complaint, ¶20.
- Some time prior to 1917, Hamden established dumps in Hamden in the area