FILED

2004 MAR 29 P 1: 25

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners, | 3:03-cv-945 (CFD) |
| Plaintiffs, | |
| v. | |
| OLIN CORPORATION and the TOWN OF HAMDEN, | |
| Defendants. | August 1, 2003 |

**OLIN CORPORATION'S MOTION TO DISMISS COUNT V OF
PLAINTIFFS' AMENDED COMLAINT**

ORAL ARGUMENT REQUESTED

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Olin Corporation ("Olin") and the undersigned hereby move this court to dismiss Count V of Plaintiffs' Amended Complaint. In support of this motion, Olin states as follows:

1. Plaintiffs filed their initial Complaint in the Connecticut Superior Court on May 12, 2003. Plaintiffs thereafter filed their Amended Complaint on May 28, 2003 in the Superior Court.

2. Defendant Town of Hamden, with Olin's consent, removed the case to the United States District Court on May 28, 2003.

3. Count V of Plaintiffs' Amended Complaint is brought pursuant to the Connecticut Environmental Protection Act of 1971. In Count V, pursuant to Conn.Gen.Stat. §22a-18, Plaintiffs seek both a preliminary injunction and permanent mandatory injunction "ordering Olin to perform any and all response actions on an expedited basis that are necessary to protect and restore the ground water quality and other natural resources that have been or are threatened to be adversely impacted by Olin's disposal of hazardous substances in the Newhall Section of Hamden." Plaintiffs' Amended Complaint ¶70.

4. On April 16, 2003, Consent Order No. SRD-128 was entered into among the State of Connecticut, Olin, the Town of Hamden, the South Central Regional Water Authority and the State Board of Education (hereinafter the "Consent Order"). The Consent Order became effective and was entered as a Final Decision by the Department of Environmental Protection ("DEP") Hearing Officer Janice B. Deshais.

5. The parties to the Consent Order and the DEP already have agreed to investigate and remediate the area in question in a detailed and meticulously defined, coordinated effort in order to most efficiently and appropriately tend to any areas of the area that require remediation.

6. The Consent Order and DEP's monitoring of Olin's performance under the Consent Order, cover precisely the relief Plaintiffs seek in Count V. Therefore, under the doctrine of primary jurisdiction, Count V of Plaintiffs' Amended Complaint should be dismissed.

7. Primary jurisdiction "comes into play whenever enforcement of [a] claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *Martin v. Shell Oil Co.*, 198 F.R.D. 580, 585 (D.Conn. 2000)(*quoting Johnson v Nyack Hospital*, 964 F.2d 116, 122 (2d Cir. 1992).

8. Because the injunctive relief sought by Count V is already being addressed by the DEP, the doctrine of primary jurisdiction warrants a dismissal of Count V. See, *e.g.*, *Schwartzman, Inc. v. Atchison, Topeka & Santa Fe Railway*, 857 F.Supp. 838 (D.N.M. 1994).

9. In further support of this motion, Olin incorporates by reference its Memorandum of Law In Support of Its Motion To Dismiss Count V of Plaintiffs' Amended Complaint and the Appendix of Unreported Cases filed herewith.

For these reasons, the Court should dismiss Count V of Plaintiffs' Amended Complaint with prejudice, dismiss Plaintiffs' prayer for a preliminary injunction and a permanent mandatory injunction and grant such other and further relief as the Court deems just and proper.

HUSCH & EPPENBERGER, LLC


By: */s/ Michael H. Wetmore*
    Michael H. Wetmore (ct24899)
    Joel B. Samson (ct24898)
    190 Carondelet Plaza, Suite 600
    St. Louis, Missouri 63105
    Telephone: 314-480-1500
    Fax: 314-480-1505
    michael.wetmore@husch.com
    joel.samson@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
    Sandra K. Davis
    185 Asylum St.
    CityPlace I, 38th Floor
    Hartford, CT 06103
    Telephone: 860-509-6500
    Fax: 860-509-6501
    sdavis@brbilaw.com


*Attorneys for Defendant Olin Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 1st day of August, 2003, by first class mail, postage prepaid to:

David B. Zabel
Monte E. Frank
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT 06810
Telephone: (203) 792-2771
Facsimile: (203) 791-8149

and

Mark Roberts
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA 02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiff*


Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

_____
Sandra K. Davis

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners, | 3:03-cv-945 (CFD) |
| Plaintiffs, | |
| v. | |
| OLIN CORPORATION and the TOWN OF HAMDEN, | |
| Defendants. | August 1, 2003 |

**OLIN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT V OF PLAINTIFFS' AMENDED COMPLAINT**

ORAL ARGUMENT REQUESTED

Pursuant to Rule 7 of the Local Rules of Civil Procedure ("D. Conn. L. Civ. R."), the defendant Olin Corporation ("Olin") and the undersigned hereby submit the following Memorandum in Support of Olin's Motion to Dismiss Count V of Plaintiffs' Amended Complaint.

## INTRODUCTION AND SUMMARY

Count V of Plaintiffs' Amended Complaint is brought pursuant to the Connecticut Environmental Protection Act of 1971. In Count V, pursuant to Conn. Gen. Stat. § 22a-18, Plaintiffs seek both a preliminary injunction and permanent mandatory injunction "ordering Olin to perform any and all response actions on an expedited basis that are necessary to protect and restore the ground water quality and other natural resources that have been or are threatened to be adversely impacted by Olin's disposal of hazardous substances in the Newhall Section of Hamden." Plaintiffs' Amended Complaint, ¶70. Plaintiffs seek the Court to order and to supervise precisely what the Connecticut Department of Environmental Protection ("DEP") is already doing.

On April 16, 2003 Consent Order No. SRD-128 was entered into among the State of Connecticut, Olin, the Town of Hamden, the South Central Regional Water Authority and the State Board of Education (hereinafter the "Consent Order"). The Consent Order became effective and was entered as a Final Decision by the Department of Environmental Protection ("DEP") Hearing Officer Janice B. Deshais.

The Consent Order, and DEP's monitoring of Olin's performance of its obligations under

the Consent Order, cover precisely the relief Plaintiffs seek in Count V of their Amended Complaint. Accordingly, Count V of Plaintiffs' Amended Complaint should be dismissed under the primary jurisdiction doctrine as the DEP has primary jurisdiction over Olin's compliance with the Consent Order.

## THE CONSENT ORDER[1]

The Consent Order covers what is commonly referred to as the "Site." The "Site" consists of both Public and Non-Public Properties in the Town of Hamden. The Consent Order defines the "Public Properties" as "the Hamden Middle School, Newhall Street School/also known as Hamden Community Center, Rochford Field, Mill Rock Park/also known as Rochford Field Annex and the sewage pump station located at 1099 Winchester Avenue, Hamden." *See*, Consent Order, ¶A.1. The Consent Order defines the "Non-Public Properties" as "certain privately owned properties in the vicinity of the Public Properties, where wetland areas formerly existed or where waste materials were historically placed and identified on the map attached [to the Consent Order] as Exhibit 1." *Id.* Though specifically defined on the map, the Non-Public Properties generally include the residential areas in the Newhall area of Hamden for which Plaintiffs are seeking redress. In fact, Plaintiff seeks to certify a class of all residents within what DEP defined in the Consent Order as the "Non-Public Properties."

---

[1] While Plaintiffs have represented that a copy of the Consent Order was attached to the Amended Complaint, even if the Consent Order was not attached to the Amended Complaint the Court may review the Consent Order in conjunction with Olin's present Motion to Dismiss. The Consent Order is referenced in Plaintiffs' Amended Complaint and was issued by a public agency. *See, e.g,. Martin v. Shell Oil Co.*, 198 F.R.D. 580, 582, n.2 (D.Conn. 2000) (*citing Kramer v. Time Warner*, Inc., 937 F.2d 767, 774 (2d Cir. 1991)). For the Court's convenience, a copy of the Consent Order is attached hereto as Exhibit 1.

The parties to the Consent Order and the DEP already have agreed to investigate and remediate the Site in a detailed and meticulously defined, coordinated effort in order to most efficiently and appropriately tend to any areas of the Site that require remediation.

Pursuant to the Consent Order, for its part, Olin has agreed to: "perform all investigations that the Commissioner of the Department of Environmental Protection ("Commissioner") deems necessary to determine the extent and degree of pollution of the Non-Public Properties and perform the remediation of the Non-Public Properties, in accordance with the Regulations of Connecticut State Agencies ("RCSA"), Section 22a-133k-1 to k-3 ("Remediation Standard Regulations")." *See*, Consent Order, ¶B.1.a.

The Town of Hamden has agreed to perform the investigation and remediation of the Mill Rock Park, the sewage pump station and Rochford Field. *See*, Consent Order, ¶B.1.b. and B.1.c. The South Central Connecticut Regional Water Authority has agreed to investigate and remediate the Hamden Middle School Property, a portion of the Newhall Street School/Hamden Community Center and 249-251 Morse Street and 253-255 Morse Street. *See*, Consent Order, ¶B.1.d.

The actions of all parties required to perform any investigation or remediation under the Consent Order must be reviewed and approved by, and will be monitored by the DEP on a regular, ongoing basis. During the investigation phase, the Consent Order gives the Commissioner extensive authority over the scope of the investigation. For example, the Consent Order gives the Commissioner the authority to determine that any report submitted by Olin is

incomplete or does not fully characterize the extent of the pollution on the property, and to require Olin to submit additional documentation concerning supplemental plans to investigate the Non-Public Properties. *See*, Consent Order, B.3.a. If the Commissioner so finds, the Consent Order requires Olin to submit a scope of study for a supplemental investigation for the Commissioner's review and written approval. *See* ¶ B.3.a.

Prior to execution of the Consent Order, Olin submitted two reports summarizing the results of remedial investigations for the properties at issue ("Initial Investigation Work Plan, Newhall Street Residential Area, Hamden, Connecticut" (Mar. 2002, rev. July 2002); "Initial Investigation Findings Report, Newhall Street Residential Area, Hamden, Connecticut" (Dec. 2002)). On June 10, 2003, the Commissioner informed Olin of his belief that Olin's "Initial Findings Report does not fully characterize the extent and degree of soil, surface water, and ground water pollution in the non-public properties portion of the site." As a result, the Commissioner ordered Olin to submit, within 30 days, a scope of study report for a supplemental investigation of the non-public properties portion of the site for DEP's review and written approval. On July 16, 2003, the date called for under the Consent Order, Olin submitted a Supplemental Investigation Workplan for the Non-Public Properties Study Area. Olin is awaiting the Commissioner's approval of the Workplan.[2]

Under the Consent Order, once the Workplan is approved, Olin will be required to perform the investigation set forth in its scope of study. The Commissioner's oversight of Olin's

---

[2] Each of these documents are official public records of the DEP to which the Court can take judicial notice. Olin would be pleased to provide copies of these documents – some of which are quite extensive – should the Court so request.