FILED

2004 MAR 29 P 1: 25

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners, : Plaintiffs, v. OLIN CORPORATION and the TOWN OF HAMDEN, Defendants. | 3:03-cv-945 (CFD) August 1, 2003 |

**OLIN CORPORATION'S MOTION TO DISMISS COUNT IX OF
PLAINTIFFS' AMENDED COMLAINT**

**ORAL ARGUMENT REQUESTED**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Olin Corporation ("Olin") and the undersigned hereby move this court to dismiss Count IX of Plaintiffs' Amended Complaint. In support of this motion, Olin states as follows:

1. Plaintiffs filed their initial Complaint in the Connecticut Superior Court on May 12, 2003. Plaintiffs thereafter filed their Amended Complaint on May 28, 2003 in the Superior Court.

2. Defendant Town of Hamden, with Olin's consent, removed the case to the United States District Court on May 28, 2003.

3. Count IX of Plaintiffs' Amended Complaint purports to assert a claim against Olin based on the theory of strict liability/abnormally dangerous activity.

4. Count IX fails to state a claim against Olin for no less than three reasons. First, the Connecticut Appellate and Supreme Courts only have recognized abnormally dangerous activity giving rise to strict liability with respect to property owners engaged in blasting, pile driving and research with explosives. None of these activities are at issue. Second, manufacturers who handle hazardous waste only incidentally to their business have not been held subject to strict liability for engaging in an unreasonably dangerous activity. Finally, even if the Court were to hold that dealing with hazardous substances may give rise to a strict liability claim, Count IX relies on bald assertions and conclusory allegations, not facts, and is therefore insufficient to support a claim for strict liability. Therefore, as a matter of law, Count IX must be dismissed.

5.    In further support of this motion, Olin incorporates by reference its Memorandum of Law In Support of Its Motion To Dismiss Count IX of Plaintiffs' Amended Complaint and the Appendix of Unreported Cases filed herewith.

For these reasons, the Court should dismiss Count IX of Plaintiffs' Amended Complaint with prejudice and grant such other and further relief as the Court deems just and proper.

HUSCH & EPPENBERGER, LLC

By: *Michael H. Wetmore / SKD*
Michael H. Wetmore (ct24899)
Joel B. Samson (ct24898)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
Sandra K. Davis
185 Asylum St.
CityPlace I, 38th Floor
Hartford, CT 06103
Telephone: 860-509-6500
Fax: 860-509-6501
sdavis@brbilaw.com

*Attorneys for Defendant Olin Corporation*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 1st day of August, 2003, by first class mail, postage prepaid to:

David B. Zabel
Monte E. Frank
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT 06810
Telephone: (203) 792-2771
Facsimile: (203) 791-8149

and

Mark Roberts
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA 02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiff*


Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

_____
Sandra K. Davis

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners, | 3:03-cv-945 (CFD) |
| Plaintiffs, | |
| v. | |
| OLIN CORPORATION and the TOWN OF HAMDEN, | |
| Defendants. | August 1, 2003 |

**OLIN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT IX OF PLAINTIFFS' AMENDED COMPLAINT**

**ORAL ARGUMENT REQUESTED**

Pursuant to Rule 7 of the Local Rules of Civil Procedure ("D. Conn. L. Civ. R."), the defendant Olin Corporation ("Olin") and the undersigned hereby submit the following Memorandum in Support of Olin's Motion to Dismiss Count IX of Plaintiffs' Amended Complaint.

## INTRODUCTION AND SUMMARY

Count IX of Plaintiffs' Amended Complaint asserts a claim against Olin based on the theory of strict liability/abnormally dangerous activity. In Count IX, Plaintiffs allege that "Olin engaged in an abnormally dangerous activity when it handled, disposed of and/or released hazardous substances in its possession, custody and control." Plaintiffs' Amended Complaint, ¶ 83. Plaintiffs further allege that "Olin knew, or should have known, that there was a high degree of risk associated with the handling, disposal and/or release of hazardous substances, including a risk of harm to the plaintiffs and the Class." Plaintiffs' Amended Complaint, ¶84.

Count IX fails to state a claim against Olin for no less than three reasons. First, the Connecticut Appellate and Supreme Courts only have recognized abnormally dangerous activity giving rise to strict liability with respect to property owners engaged in blasting, pile driving and research with explosives. None of these activities are at issue. Second, manufacturers who handle hazardous waste only incidentally to their business have not been held subject to strict liability for engaging in an unreasonably dangerous activity. Finally, even if the Court were to hold that dealing with hazardous substances may give rise to a strict liability claim, Count IX relies on bald assertions and conclusory allegations, not facts, and is therefore insufficient to

support a claim for strict liability. Accordingly, Count IX fails to state a claim and must be dismissed.

## ARGUMENT AND AUTHORITIES

### A. Standard For Olin's Rule 12(b)(6) Motion To Dismiss

Olin recognizes that in ruling on its Rule 12(b)(6) motion to dismiss, this Court "must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff." *Bello v. Barden Corp.*, 180 F.Supp.2d 300, 305 (D.Conn. 2002). At the same time, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Construction and General Lab v. City of Hartford*, 153 F.Supp.2d 156, 159 (D.Conn. 2001) (*quoting Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). Moreover, "Rule 12(b)(6) does not allow the substitution of conclusory statements 'for minimally sufficient factual allegations.'" *Whitaker v. Haynes Const. Co., Inc.*, 167 F.Supp.2d 251, 254 (D.Conn. 2001) (citations omitted). Finally, "a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Bello*, 180 F.Supp.2d at 306 (*quoting Lofton v. Bureau of Prisons*, 1995 WL 341565, at *1, 57 F.3d 1077 (9th Cir. June 8, 1995)).

Application of the above standard of review compels the conclusion that this Court should dismiss Count IX of Plaintiffs' Amended Complaint.

### B. Plaintiffs Fail To State A Claim Based On The Theory Of Strict Liability/Abnormally Dangerous Activity

In order to state a claim under a strict liability theory, Plaintiffs must prove that the

following factors are present:

> 1) an instrumentality capable of producing harm;
> 2) circumstances and conditions in its use which, irrespective of a lawful purpose or due care, involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others;
> 3) and a causal relation between the activity and the injury for which damages are claimed.

*Arawana Mills Co. v. United Technologies Corp.*, 795 F.Supp. 1238, 1251 (D.Conn. 1992) (citations omitted).

Plaintiffs' strict liability claim fails as a matter of law because, at the least, Plaintiffs cannot satisfy factor number two. That is, Plaintiffs have not and cannot allege and prove that Olin's "handling, disposing of and/or releas[ing] hazardous substances" amounted to an abnormally dangerous activity.

    1.    Connecticut Appellate and Supreme Courts Do Not Recognize Strict Liability Claims In The Hazardous Waste Context

Whether an activity is abnormally dangerous is a question of law for the court to decide. *Arawana Mills*, 795 F.Supp. at 1251 (citations omitted). The Connecticut Appellate and Supreme Courts only have recognized abnormally dangerous activity giving rise to strict liability with respect to property owners engaged in blasting, pile driving and research with explosives. *Id.* (citations omitted); *Vaillancourt v. Town of Southington*, 2002 WL 1293053, *9 (Conn.Super. 2002) (citations omitted)[1]. Although courts are increasingly asked to apply strict liability to

---

[1] For the Court's convenience, a copy of the *Vaillancourt* decision is attached behind Tab 1 to Olin's Appendix of

situations involving hazardous waste, the great "weight of authority appears to be against extending strict liability to the hazardous waste context." *Sealy Connecticut, Inc. v. Litton Industries, Inc.*, 989 F.Supp. 120, 127 (D.Conn. 1997) (citations omitted).

As the *Arawana* court stated:

> I am persuaded that if given the opportunity to expand the narrowly-construed concept of 'ultrahazardous' or 'abnormally dangerous' activity to the storage and use of hazardous wastes, the Connecticut Supreme Court would decline to do so. Such activities are subject to extensive federal and state regulation…and I do not believe that the Connecticut Supreme Court would interpose an expanding common law into such matters by imposing strict liability in every case in which a plaintiff can prove that a defendant stored and used hazardous waste."

*Arawana*, 795 F.Supp. at 1252 (concluding plaintiff failed to state a claim for strict liability because plaintiff failed to allege any facts showing that the 'circumstances and conditions' of the activity conducted by the defendant on the property 'involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous.' Citation omitted).

    2.    **If Connecticut Were To Recognize A Strict Liability Claim In The Hazardous Waste Context, Connecticut Would Not Do So Based On Plaintiffs' Allegations**

At most, Plaintiffs' Amended Complaint can be interpreted to allege that Olin handled hazardous waste incidentally to Olin's manufacturing operations. Under Connecticut law, manufacturers whose handling of hazardous waste is only incidental to their business, are not subject to strict liability for engaging in an unreasonably dangerous activity. *See, e.g., Sealy*, 989 F.Supp. at 127 (citations omitted) (holding that defendants' manufacturing processes and related

---

Unreported Decisions filed contemporaneously herewith.

practices in handling, storing, and disposing of hazardous wastes do not constitute an unreasonably dangerous activity giving rise to strict liability because handling of hazardous wastes was only incidental to defendants' manufacturing activities).

Even if Connecticut courts were to recognize a strict liability claim in the context of a defendants handling hazardous wastes incidental to their manufacturing business, "a plaintiff must allege some factual predicate to support the imposition of strict liability and may not just rely on conclusory allegations that the defendants' activities are 'ultrahazardous.'" *P.R.I.C.E. v. Keeney*, 22 Conn. L. Rptr. 373, 1998 WL 417591, *10 (Conn.Super. 1998).[2] Plaintiffs have done nothing more than assert a legal conclusion; i.e., that "Olin engaged in abnormally dangerous activity when it handled, disposed of and/or released hazardous substances in its possession, custody and control." Plaintiffs' Amended Complaint, ¶83. As in *P.R.I.C.E.*, this is legally insufficient to state a strict liability claim. *P.R.I.C.E.*, 1998 WL at *10 (striking strict liability claim where plaintiffs, who sued landfill owners and operators, failed to plead supporting facts, including but not limited to plaintiffs' failure to allege the inability to eliminate the risk of harm caused by the activity through the exercise of reasonable care or that the activity was conducted in a heavily populated area or otherwise inappropriate location.); *See also*, *Bernbach v. Timex Corp.*, 989 F.Supp. 403, 408 (D.Conn. 1996) (dismissing strict liability count where plaintiffs failed to allege any facts that would support a finding that the substances stored and disposed of were so inherently dangerous that the risk of probable injury may not be

---

[2] For the Court's convenience, a copy of the *P.R.I.C.E.* decision is attached behind Tab 9 to Olin's Appendix of Unreported Decisions filed contemporaneously herewith.

eliminated by the exercise of due care).

No where does Plaintiffs' Amended Complaint allege that the wastes Olin "handled, disposed of and/or released" were so inherently dangerous in and of themselves that the risk of injury could not be eliminated by the exercise of due care. The reason for this omission is that such a proposition cannot be credibly argued. Certainly, the types of wastes Olin is alleged to have disposed of can, and are being dealt with safely through the exercise of due care, for example, pursuant to the Consent Order.

Finally, even if Plaintiffs were able to convince this Court that the Connecticut Supreme Court would consider a strict liability claim against Olin under the facts of this case, there is yet another insurmountable hurdle for Plaintiffs. That is, Plaintiffs' Amended Complaint would have to be read to allege that at the time Olin disposed of wastes in the Newhall Section of Hamden, Olin knew that such activity posed a "high degree of risk of harm." For "[i]n all circumstances in which strict liability has been applied by Connecticut's appellate level courts, the danger was obvious to the defendant at the time of the disputed action." *Vaillancourt*, 2002 WL 1293053 at *10 (holding strict liability doctrine inapplicable to a circumstance where an activity was not known to be dangerous at the time it was undertaken but is only alleged to have been dangerous years after the fact).

Plaintiffs' allegations in Count IX that Olin "knew, or should have known, that there was a high degree of risk associated with the handling, disposal and/or release of hazardous substances" do not satisfy this requirement. These allegations are nothing more than the bald

ST_LOUIS\#40175789 v1 - Olin/Memo 3                7

assertions and conclusions of law that do not suffice in the face of a motion to dismiss. *See, Construction and General Lab*, 153 F.Supp.2d at 159. Furthermore, a review of Plaintiffs' Amended Complaint refutes, rather than supports, any assertion that Olin had knowledge of an obvious danger associated with its activities supposedly giving rise to Plaintiffs' claim. Specifically, Plaintiffs allege that:

- "Historically and continuing well into the mid to late 1900's, the State of Connecticut attempted to eliminate wetlands and low lying areas by encouraging the filling of wetlands and low lying areas." Plaintiffs' Amended Complaint, ¶20.
- "As early as 1915, Hamden solicited owners of properties containing wetlands and low lying areas to allow refuse to be dumped onto their properties..." Plaintiffs' Amended Complaint, ¶ 21.
- "Some time prior to 1917, Hamden established dumps in [the 'Newhall Section' of Hamden]" Plaintiffs' Amended Complaint, ¶22.
- "Winchester and/or its successor, Olin, continued to dump ash and other industrial waste in Hamden run disposal facilities, and specifically, at the Newhall Section, until its closure." Plaintiffs' Amended Complaint, ¶24.
- Investigations of contaminants in the Newhall residential neighborhood occurred during 2000 and 2001. Plaintiffs' Amended Complaint, ¶¶ 27 and 29.

From Plaintiffs' own allegations, it is not possible to conclude that, at the time of its acts, Olin knew disposal of wastes in the subject landfills posed a "high degree of risk of harm." For this reason alone, Count IX should be dismissed. *See, e.g., Vaillancourt*, 2002 WL 1293053 at *10.[3]

---

[3] Moreover, during the time Olin was disposing of waste at the locations in question, the terms "hazardous waste" and "hazardous materials" had no legal meaning under Connecticut law. *See*, Olin's Memorandum In Support of its Motion to Dismiss Counts I, III and VII, Section b, pp. 6-7.

ST_LOUIS\#40175789 v1 - Olin/Memo 3         8

## CONCLUSION

For the foregoing reasons, Olin requests that the Court grant Olin's Motion to Dismiss Count IX of Plaintiffs' Amended Complaint.

HUSCH & EPPENBERGER, LLC

By: *Michael H. Wetmore/sun*
Michael H. Wetmore (ct24899)
Joel B. Samson (ct24898)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
Sandra K. Davis
185 Asylum St.
CityPlace I, 38th Floor
Hartford, CT 06103
Telephone: 860-509-6500
Fax: 860-509-6501
sdavis@brbilaw.com

*Attorneys for Defendant Olin Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 1st day of August, 2003, by first class mail, postage prepaid to:

David B. Zabel
Monte E. Frank
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT 06810
Telephone: (203) 792-2771
Facsimile: (203) 791-8149

and

Mark Roberts
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA 02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiff*


Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

Sandra K. Davis