```
                                                    FILED

                                              2004 MAR 29  P 1: 25

              UNITED STATES DISTRICT COURT  U.S. DISTRICT COURT
                   DISTRICT OF CONNECTICUT    HARTFORD, CT.
```

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners, | 3:03-cv-945 (CFD) |
| Plaintiffs, | |
| v. | |
| OLIN CORPORATION and the TOWN OF HAMDEN, | |
| Defendants. | August 1, 2003 |

## OLIN CORPORATION'S MOTION TO DISMISS COUNT XI OF PLAINTIFFS' AMENDED COMLAINT

**ORAL ARGUMENT REQUESTED**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Olin Corporation ("Olin") and the undersigned hereby move this court to dismiss Count XI of Plaintiffs' Amended Complaint. In support of this motion, Olin states as follows:

1. Plaintiffs filed their initial Complaint in the Connecticut Superior Court on May 12, 2003. Plaintiffs thereafter filed their Amended Complaint on May 28, 2003 in the Superior Court.

2. Defendant Town of Hamden, with Olin's consent, removed the case to the United States District Court on May 28, 2003.

3. Count XI of Plaintiffs' Amended Complaint purports to assert an intentional infliction of emotional distress claim against Olin.

4. The crux of any intentional infliction of emotional distress claim is whether or not a defendants' conduct was extreme and outrageous. The standard to demonstrate extreme and outrageous conduct is stringent. *Jones v. Chevrolet*, 166 F.Supp.2d 647, 651 (D.Conn. 2001). Moreover, whether Olin's conduct can be considered extreme and outrageous is a matter of law for the court to decide in the first instance. *Id.*

5. As a matter of law, Count XI fails to state a claim for intentional infliction of emotional distress because Plaintiffs have not, and cannot allege that Olin's conduct was extreme and outrageous. In fact, the specific allegations Plaintiffs have made allege that Olin's conduct was encouraged by the State of Connecticut and the Town of Hamden for public health and safety reasons. Certainly, under such circumstances, Olin's conduct cannot be considered

extreme and outrageous.

6. In further support of this motion, Olin incorporates by reference its Memorandum of Law In Support of Its Motion To Dismiss Count XI of Plaintiffs' Amended Complaint and the Appendix of Unreported Cases filed herewith.

For these reasons, the Court should dismiss Count XI of Plaintiffs' Amended Complaint with prejudice, dismiss Plaintiffs' prayer for punitive damages and grant such other and further relief as the Court deems just and proper.

HUSCH & EPPENBERGER, LLC

By: *Michael H. Wetmore/sko*
Michael H. Wetmore (ct24899)
Joel B. Samson (ct24898)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
Sandra K. Davis
185 Asylum St.
CityPlace I, 38th Floor
Hartford, CT 06103
Telephone: 860-509-6500
Fax: 860-509-6501
sdavis@brbilaw.com

*Attorneys for Defendant Olin Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 1st day of August, 2003, by first class mail, postage prepaid to:

David B. Zabel
Monte E. Frank
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT  06810
Telephone: (203) 792-2771
Facsimile: (203) 791-8149

and

Mark Roberts
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA  02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiff*


Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
Telephone:  (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

_____
Sandra K. Davis

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners, | 3:03-cv-945 (CFD) |
| Plaintiffs, | |
| v. | |
| OLIN CORPORATION and the TOWN OF HAMDEN, | |
| Defendants. | August 1, 2003 |

**OLIN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT XI OF PLAINTIFFS' AMENDED COMPLAINT**

ORAL ARGUMENT REQUESTED

Pursuant to Rule 7 of the Local Rules of Civil Procedure ("D. Conn. L. Civ. R."), the defendant Olin Corporation ("Olin") and the undersigned hereby submit the following Memorandum in Support of Olin's Motion to Dismiss Count XI of Plaintiffs' Amended Complaint.

## INTRODUCTION AND SUMMARY

Count XI of Plaintiffs' Amended Complaint purports to assert an infliction of emotional distress claim against Olin. In Count XI, after incorporating the previous allegations of the Amended Complaint, Plaintiffs allege that "the actions and omissions of Olin described above represent conduct that is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency." Plaintiffs' Amended Complaint, ¶93. Plaintiffs further assert that "Olin knew or was reckless in not knowing that its actions and omissions would inflict emotional distress on the plaintiffs and the members of the Class." Plaintiffs Amended Complaint, ¶94. While not specifically identified as such, Count XI can only be read to attempt to state a claim for intentional infliction of emotional distress.

As a matter of law, Plaintiffs' Amended Complaint fails to meet the stringent requirements necessary to state an intentional infliction of emotional distress claim. The crux of any intentional infliction of emotional distress claim is whether or not a defendant's conduct was extreme and outrageous. Count XI's conclusory allegations—which amount to nothing more than a legal conclusion—fail to present any facts sufficient to support the notion that Olin's conduct was extreme and outrageous.

Accordingly, Count XI fails to state a claim and must be dismissed.

## ARGUMENT AND AUTHORITIES

### A. Standard For Olin's Rule 12(b)(6) Motion To Dismiss

Olin recognizes that in ruling on its Rule 12(b)(6) motion to dismiss, this Court "must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff." *Bello v. Barden Corp.*, 180 F.Supp.2d 300, 305 (D.Conn. 2002). At the same time, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Construction and General Lab v. City of Hartford*, 153 F.Supp.2d 156, 159 (D.Conn. 2001) (*quoting Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). Moreover, "Rule 12(b)(6) does not allow the substitution of conclusory statements 'for minimally sufficient factual allegations.'" *Whitaker v. Haynes Const. Co., Inc.*, 167 F.Supp.2d 251, 254 (D.Conn. 2001) (citations omitted). Finally, "a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Bello*, 180 F.Supp.2d at 306 (*quoting Lofton v. Bureau of Prisons*, 1995 WL 341565, at *1, 57 F.3d 1077 (9th Cir. June 8, 1995)).

Application of the above standard of review compels the conclusion that this Court should dismiss Count XI of Plaintiffs' Amended Complaint.

### B. Plaintiffs Fail To State An Intentional Infliction Of Emotional Distress Claim Against Olin

In order to establish a cause of action for intentional infliction of emotional distress, Plaintiffs must demonstrate:

ST_LOUIS\#40175794 v1 - Olin/Memo 5                3

> 1) That Olin intended to inflict emotional distress, or that Olin knew or should have known that emotional distress was the likely result of Olin's conduct;
> 2) That the conduct was extreme and outrageous;
> 3) That Olin's conduct was the cause of Plaintiffs' distress; and
> 4) That the emotional distress sustained by the Plaintiffs was severe.

*Jones v. Chevrolet*, 166 F.Supp.2d 647, 651 (D.Conn. 2001) (*citing Petyan v. Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986)).

The standard to demonstrate extreme and outrageous conduct is stringent. *Jones*, 166 F.Supp.2d at 651; *Huff v. West Haven Bd. Of Educ.*, 10 F.Supp.2d 117, 122 (D.Conn. 1998). Extreme and outrageous conduct has been defined as "that which 'exceeds all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.'" *Huff*, 10 F.Supp.2d at 122 (*quoting DeLaurentis v. New Haven*, 220 Conn. 225, 267, 597 A.2d 807 (1991); *Jones*, 166 F.Supp.2d at 651.

Whether Olin's conduct can be considered extreme and outrageous is a matter of law for the Court in the first instance. *Jones*, 166 F.Supp.2d at 651; *Huff*, 10 F.Supp.2d at 122. Mere conclusory allegations are insufficient as a matter of law to support a cause of action for intentional infliction of emotional distress. *Jones*, 166 F.Supp.2d at 651 (*citing Huff*, 10 F.Supp. 2d at 122). *Huff* further declared that "[e]ven notice pleading under the Federal Rules requires the allegation of minimal supporting facts." *Huff*, 10 F.Supp. 2d at 122-23 (citation omitted).

At most, Plaintiffs' Amended Complaint alleges that Olin—as well as other

businesses and individuals—encouraged by both the State of Connecticut and the Town of Hamden, dumped materials into Hamden run disposal facilities on properties containing wetlands and in low lying areas. Specifically, Plaintiffs allege:

- Historically and continuing well into the mid to late 1900's, the State of Connecticut attempted to eliminate wetlands and low lying areas by encouraging the filling of wetlands and low lying areas. Plaintiffs' Amended Complaint, ¶20.
- Some time prior to 1917, Hamden established dumps in Hamden in the area bounded to the east and west by Wadsworth Street and St. Mary's Street and bounded to the north and south by Mill Rock Road and Goodrich Street. (this area is collectively referred to as "Newhall Section"). Plaintiffs' Amended Complaint, ¶22 (citing the Consent Order No. SRD-128).
- Winchester and/or its successor, Olin, continued to dump ash and other industrial waste in Hamden run disposal facilities, and specifically at the Newhall Section, until its closure. Plaintiffs' Amended Complaint, ¶24.[1]

Even if these allegations are taken as true, they certainly do not rise to the level of extreme and outrageous conduct. It cannot be credibly argued that Olin's alleged conduct "exceeds all bounds usually tolerated by decent society."

Plaintiffs attempt to side step this deficiency by alleging, without any factual support, that Olin's conduct was "so outrageous in character and so extreme in degree as to go beyond all bounds of decency." Plaintiffs' Amended Complaint, ¶93. In *Huff*, a similar unsupported allegation was held to be nothing more than a legal conclusion

---

[1] While Plaintiffs' allegations are to be taken as true for purposes of Olin's Motion to Dismiss, Olin disagrees with Plaintiffs' assertions of successor liability and specifically states that Olin is not the successor in interest to Winchester Repeating Arms Company ("Winchester") and is not responsible for any activities undertaken by Winchester before 1932, as alleged in Plaintiffs' Amended Complaint. Olin intends to move for summary judgment on the successor liability issue.

insufficient to support an intentional infliction of emotional distress claim. *Huff*, 166 F.Supp.2d at 123 (dismissing intentional infliction of emotional distress claim where plaintiffs' pleadings merely alleged that defendants' conduct was extreme and outrageous but were otherwise "devoid of any factual allegations regarding Defendants' conduct" and therefore did not sufficiently plead extreme and outrageous conduct); *see also, Jones*, 166 F.Supp.2d at 651; *Abate v. Circuit-Wise, Inc.*, 130 F.Supp.2d 341, 348 (D.Conn. 2001) (granting motion to dismiss because conclusory allegations did not identify any actions by the defendant done in a manner that was so egregious or oppressive as to rise to the level of extreme and outrageous conduct).

Plaintiffs have completely failed to allege a single supporting fact giving rise to an intentional infliction of emotional distress claim. Quite to the contrary, the specific allegations they have made allege that Olin's conduct was encouraged by the State of Connecticut and the Town of Hamden for public health and safety reasons. In the absence of any factual allegations supporting Plaintiffs' bald assertion that Olin acted in an extreme or outrageous manner, this Court has but one choice. Count XI of Plaintiffs' Amended Complaint must be dismissed.

**CONCLUSION**

For the foregoing reasons, Olin requests that the Court grant Olin's Motion to Dismiss Count XI of Plaintiffs' Amended Complaint.

HUSCH & EPPENBERGER, LLC

By: *Michael H. Wetmore/sics*
Michael H. Wetmore (ct24899)
Joel B. Samson (ct24898)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
Sandra K. Davis
185 Asylum St.
CityPlace I, 38th Floor
Hartford, CT 06103
Telephone: 860-509-6500
Fax: 860-509-6501
sdavis@brbilaw.com

*Attorneys for Defendant Olin Corporation*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 1st day of August, 2003, by first class mail, postage prepaid to:

David B. Zabel
Monte E. Frank
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT  06810
Telephone: (203) 792-2771
Facsimile: (203) 791-8149

and

Mark Roberts
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA  02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiff*

Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
Telephone:  (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

_/s/ Sandra K. Davis_
Sandra K. Davis