FILED

2004 MAR 29 P 1: 25

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners, | 3:03-cv-945 (CFD) |
| Plaintiffs, | |
| v. | |
| OLIN CORPORATION and the TOWN OF HAMDEN, | |
| Defendants. | August 1, 2003 |

**OLIN CORPORATION'S MOTION TO DISMISS COUNT XIII OF
PLAINTIFFS' AMENDED COMLAINT**

ORAL ARGUMENT REQUESTED

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Olin Corporation ("Olin") and the undersigned hereby move this court to dismiss Count XIII of Plaintiffs' Amended Complaint. In support of this motion, Olin states as follows:

1. Plaintiffs filed their initial Complaint in the Connecticut Superior Court on May 12, 2003. Plaintiffs thereafter filed their Amended Complaint on May 28, 2003 in the Superior Court.

2. Defendant Town of Hamden, with Olin's consent, removed the case to the United States District Court on May 28, 2003.

3. Count XIII of Plaintiffs' Amended Complaint is brought pursuant to Conn.Gen.Stat. §22a-452. In order to state a claim under Conn.Gen. Stat. §22a-452, Plaintiffs must have actually expended money to contain, remove or otherwise mitigate alleged contamination. *See, Calabrese v. McHugh*, 170 F.Supp.2d 243, 260 (D.Conn. 2001); *Albahary v. City and Town of Bristol*, 963 F.Supp. 150, 156 (D.Conn. 1997).

4. Nowhere within Count XIII do Plaintiffs allege that they have in fact incurred any costs to contain, remove or mitigate alleged contamination on their property or properties. Therefore, Count XIII fails to state a claim for reimbursement under Conn.Gen.Stat. §22a-452 and must be dismissed.

5. In further support of this motion, Olin incorporates by reference its Memorandum of Law In Support of Its Motion To Dismiss Count XIII of Plaintiffs' Amended Complaint and the Appendix of Unreported Cases filed herewith.

For these reasons, the Court should dismiss Count XIII of Plaintiffs' Amended Complaint with prejudice and grant such other and further relief as the Court deems just and proper.

HUSCH & EPPENBERGER, LLC

By: *Michael H. Wetmore /SKS*
Michael H. Wetmore (ct24899)
Joel B. Samson (ct24898)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
Sandra K. Davis
185 Asylum St.
CityPlace I, 38th Floor
Hartford, CT 06103
Telephone: 860-509-6500
Fax: 860-509-6501
sdavis@brbilaw.com

*Attorneys for Defendant Olin Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 1st day of August, 2003, by first class mail, postage prepaid to:

David B. Zabel
Monte E. Frank
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT  06810
Telephone: (203) 792-2771
Facsimile: (203) 791-8149

and

Mark Roberts
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA  02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiff*


Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
Telephone:  (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

_____
Sandra K. Davis

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners, | 3:03-cv-945 (CFD) |
| Plaintiffs, | |
| v. | |
| OLIN CORPORATION and the TOWN OF HAMDEN, | |
| Defendants. | August 1, 2003 |

**OLIN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT XIII OF PLAINTIFFS' AMENDED COMPLAINT**

**ORAL ARGUMENT REQUESTED**

Pursuant to Rule 7 of the Local Rules of Civil Procedure ("D. Conn. L. Civ. R."), the defendant Olin Corporation ("Olin") and the undersigned hereby submit the following Memorandum in Support of Olin's Motion to Dismiss Count XIII of Plaintiffs' Amended Complaint.

## INTRODUCTION AND SUMMARY

Count XIII of Plaintiffs' Amended Complaint is brought pursuant to Conn.Gen.Stat. §22a-452. In Count XIII, Plaintiffs allege that they "have incurred damage as a result of Olin's disposal, release and threat of release of hazardous material and/or other action, and Olin is liable for all such damages incurred by the plaintiffs and the Class." Plaintiffs' Amended Complaint, ¶103.

Despite theses allegations, Count XIII fails to state a claim for which relief may be granted. In order to state a claim under Conn.Gen.Stat. 22a-452, a plaintiff must have actually expended money to remediate alleged contamination. Nowhere within Count XIII do Plaintiffs allege that they have in fact incurred any costs to contain, remove or mitigate alleged contamination on their property or properties. Accordingly, Count XIII fails to state a claim for reimbursement under Conn.Gen.Stat. §22a-452 and therefore must be dismissed.

## ARGUMENT AND AUTHORITIES

### A. Standard For Olin's Rule 12(b)(6) Motion To Dismiss

Olin recognizes that in ruling on its Rule 12(b)(6) motion to dismiss, this Court "must accept as true all factual allegations in the complaint and must draw inferences in a light most

favorable to the plaintiff." *Bello v. Barden Corp.*, 180 F.Supp.2d 300, 305 (D.Conn. 2002). At the same time, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Construction and General Lab v. City of Hartford*, 153 F.Supp.2d 156, 159 (D.Conn. 2001) (*quoting Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). Moreover, "Rule 12(b)(6) does not allow the substitution of conclusory statements 'for minimally sufficient factual allegations.'" *Whitaker v. Haynes Const. Co., Inc.*, 167 F.Supp.2d 251, 254 (D.Conn. 2001) (citations omitted). Finally, "a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Bello*, 180 F.Supp.2d at 306 (*quoting Lofton v. Bureau of Prisons*, 1995 WL 341565, at *1, 57 F.3d 1077 (9th Cir. June 8, 1995)).

Application of the above standard of review compels the conclusion that this Court should dismiss Count XIII of Plaintiffs' Amended Complaint.

### B. Count XIII of Plaintiffs' Amended Complaint Fails To State A Claim Under Conn.Gen.Stat. §22a-452

Section 22a-452 provides in pertinent part:

(a) Any person, firm corporation or municipality which contains or removes or otherwise mitigates the effects of...hazardous wastes resulting from any discharge, spillage, uncontrolled loss, seepage or filtration of such substance or material or waste shall be entitled to reimbursement from any person, firm or corporation for the reasonable costs expended for such containment, removal or mitigation, if such...hazardous wastes pollution or contamination or other emergency resulted from the negligence or other actions of such person, firm or corporation...

Conn.Gen.Stat. §22a-452.

In order to assert a valid claim under Conn.Gen.Stat. §22a-452, a plaintiff must have

actually expended money to contain, remove or otherwise mitigate contamination. *See, e.g., Calabrese v. McHugh*, 170 F.Supp.2d 243, 260 (D.Conn. 2001); *Albahary v. City and Town of Bristol*, 963 F.Supp. 150, 156 (D.Conn. 1997) (dismissing claim where plaintiffs failed to allege that they took any action or expended any funds to remediate the alleged contamination); *Blackburn v. Miller-Stephenson Chemical Co., Inc.*, No. CV 9303 14089, 1998 WL 661445, *10 (Conn.Super.Sept.11, 1998) (holding section 22a-452 claim "insufficient to state a cause of action under the statute, because the plaintiff has not alleged or proven that she has expended any money for cleanup or mitigation.").[1]

Necessarily, a cause of action under section 22a-452 does not accrue, and liability does not attach, until the remediation has taken place. *Calabrese*, 170 F.Supp.2d at 260-61 ("In order for a plaintiff to be able to bring a claim under §22a-452, the remediation must have already taken place and the plaintiff must have expended funds for such remediation.") (citation omitted).

Plaintiffs have not alleged, nor can they allege, that Plaintiffs have actually expended any money to remediate any alleged contamination caused by Olin. *Albahary* is directly on point. In *Albahary*, plaintiffs claimed that "[t]he discharge of pollutants and waste from the Bristol landfill into the soil and groundwater of the Norton land renders the Defendant liable for all costs of containment and remediation pursuant to Conn.Gen.Stat. §22a-452." *Albahary*, 963 F.Supp. at 156. In granting the defendant's motion to dismiss, the court held that plaintiffs' allegations

---

[1] For the Court's convenience, a copy of the *Blackburn* decision is attached behind Tab 10 to Olin's Appendix of Unreported Decisions filed contemporaneously herewith.

ST_LOUIS\#40175788 v1 - Olin/Memo 2        4

were not sufficient to state a claim under Section 22a-452 because the "plaintiffs have not alleged that they have taken any action to remediate the alleged contamination on their property, or that they have expended funds for such remediation." *Id.* at 156.

In Count XIII, Plaintiffs allege simply that "[t]he plaintiffs and the Class have incurred damage as a result of Olin's disposal, release and threat of release of hazardous material and/or other action, and Olin is liable for all such damages incurred by the plaintiffs and the Class." Plaintiffs' Amended Complaint, ¶103. As in *Albahary*, this is insufficient to state a claim under Section 22a-452. Nowhere in this allegation do Plaintiffs allege that they have in fact expended money to contain, remove or mitigate any alleged contamination caused by Olin.

Plaintiffs cannot support a Section 22a-452 claim based on the "time-critical removal action" at 13 residential properties mentioned in paragraph 33 of Plaintiffs' Amended Complaint. By Plaintiffs own admission, this removal action was carried out by the USEPA and not Plaintiffs. Plaintiffs Amended Complaint, ¶33.

Even reading Plaintiffs' Amended Complaint in the light most favorable to Plaintiffs, at best, Plaintiffs are seeking money from Olin pursuant to 22a-452 for investigation costs. Costs for performing an investigation are not recoverable under Section 22a-452. *Blackburn*, 1998 WL 661445 at *10 (holding plaintiff not entitled to the relief costs of investigating the contamination). Regardless, even if investigation costs were recoverable, by Plaintiffs' own admissions, the only parties to incur any investigatory costs to date include the USEPA (Plaintiffs' Amended Complaint, ¶¶27 through 29) and the CTDEP (Plaintiffs' Amended

ST_LOUIS\#40175788 v1 - Olin/Memo 2               5

Complaint, ¶35). Plaintiffs fail to note that Olin has incurred investigation costs and is continuing to do so under the DEP Consent Order.

Nowhere within Count XIII, or the remainder of their Amended Complaint, do Plaintiffs allege that they have in fact incurred any costs to contain, remove or mitigate any alleged contamination caused by Olin. Accordingly, Count XIII fails to state a claim for reimbursement under Conn.Gen.Stat. §22a-452 and therefore must be dismissed.

## CONCLUSION

For the foregoing reasons, Olin requests that the Court grant Olin's Motion to Dismiss Count XIII of Plaintiffs' Amended Complaint.

HUSCH & EPPENBERGER, LLC

By: *Michael H. Wetmore/sws*
Michael H. Wetmore (ct24899)
Joel B. Samson (ct24898)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
   Sandra K. Davis
   185 Asylum St.
   CityPlace I, 38th Floor
   Hartford, CT 06103
   Telephone: 860-509-6500
   Fax: 860-509-6501
   sdavis@brbilaw.com


*Attorneys for Defendant Olin Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 1st day of August, 2003, by first class mail, postage prepaid to:

David B. Zabel
Monte E. Frank
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT 06810
Telephone: (203) 792-2771
Facsimile: (203) 791-8149

and

Mark Roberts
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA 02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiff*

Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

_____
Sandra K. Davis