```
                                                         FILED

                                                    2004 MAR 29  P 1: 25

                    UNITED STATES DISTRICT COURT  U.S. DISTRICT COURT
                        DISTRICT OF CONNECTICUT     HARTFORD, CT.
```

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER | :    3:03-cv-945 (CFD) |
| AND PATRICK DONTFRAID, DONNA LEE | : |
| JOHNSON, LEONARDO MELENDEZ, | : |
| SONIA POWELL, DOROTHY WILLIAMS, | : |
| VALERIE LASSITER, MATTHEW AND | : |
| PHYLLIS ABRAHAM, HENRY L. BLUE, | : |
| JANIE CLEMONS, GWENDOLYN L. | : |
| COPPAGE, LOUIS CRAIG, RUTH B. | : |
| EATON, WILLIAM AND MAXINE JONES, | : |
| JOSEPHINE NEAL, COLLIN ROUSE, | : |
| CLIFFORD SENIOR AND ADRIENNE | : |
| ROUSE-SENIOR, RAYMOND SIMS, SR. | : |
| AND ELLECIA R. SIMS, MARC PERRY, | : |
| WILLIAM C. AND VENUS D. WALKER, | : |
| MORRIS AND MARY DRAUGHN, | : |
| CAROLYN SMITH, ELIZABETH HAYES, | : |
| ABDUL HAMID, MURLINE WELLESLEY, | : |
| EUGALYN WILSON, CHARLENE O. WEBB, | : |
| ELIAS ROCHESTER AND MARUS | : |
| WALTERS, for themselves and on behalf | : |
| of a class of similarly situated property | : |
| owners, | : |
| | : |
|         Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| OLIN CORPORATION and the TOWN | : |
| OF HAMDEN, | : |
| | : |
|         Defendants. | :    August 1, 2003 |

## OLIN CORPORATION'S MOTION TO DISMISS COUNT XIV OF PLAINTIFFS' AMENDED COMLAINT

**ORAL ARGUMENT REQUESTED**        1

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Olin Corporation ("Olin") and the undersigned hereby move this court to dismiss Count XIV of Plaintiffs' Amended Complaint. In support of this motion, Olin states as follows:

1. Plaintiffs filed their initial Complaint in the Connecticut Superior Court on May 12, 2003. Plaintiffs thereafter filed their Amended Complaint on May 28, 2003 in the Superior Court.

2. Defendant Town of Hamden, with Olin's consent, removed the case to the United States District Court on May 28, 2003.

3. Count XIV of Plaintiffs' Amended Complaint purports to assert both a public and private nuisance claim against Olin.

4. Plaintiffs' conclusory statements are not sufficient to state a claim for either a public or private nuisance. *See, e.g., Pestey v. Cushman*, 788 A.2d 496, 504 and 507 (Conn. 2002) (providing elements for both public and private nuisance claims).

5. In addition, as a matter of law, Count XIV fails to state a claim because Plaintiffs do not, and cannot, allege a necessary element of any nuisance claim. That is, Plaintiffs cannot credibly argue that Olin exercised control over the property that Plaintiffs allege is the source of their nuisance claim. *See, e.g., State v. Tippetts-Abbett-McCarthy-Stratton*, 204 Conn. 177, 183-85, 527 A.2d 688 (Conn. 1987) (upholding dismissal of public nuisance claim where there was nothing to suggest that defendants ever assumed control over the subject property); *Vaillancourt v. Town of Southington*, 2002 WL 1293053, *6, 32 Conn. L. Rptr. 191 (Conn. Super. 2002)

**ORAL ARGUMENT REQUESTED**    2

(striking private nuisance count and stating "[i]n a nuisance case, control over the land claimed to be a nuisance is an essential requisite to liability"); *Wiehl v. Dictaphone Corp.*, 1994 WL 16516, *3 (Conn. Super. 1994) (holding private nuisance count legally insufficient because plaintiff did not assert its claim against a defendant who was in control of a neighboring parcel of land).

6.   In fact, Plaintiffs' own assertions refute any contention that Olin exercised control over the areas supposedly giving rise to Plaintiffs' nuisance claim.

7.   In further support of this motion, Olin incorporates by reference its Memorandum of Law In Support of Its Motion To Dismiss Count XIV of Plaintiffs' Amended Complaint and the Appendix of Unreported Cases filed herewith.

For these reasons, the Court should dismiss Count XIV of Plaintiffs' Amended Complaint with prejudice, dismiss Plaintiffs' prayer for "a preliminary and a permanent mandatory injunction protecting Plaintiffs from the nuisance Olin has created" and grant such other and further relief as the Court deems just and proper.

**ORAL ARGUMENT REQUESTED**        3

HUSCH & EPPENBERGER, LLC

By: *Michael H. Wetmore/sws*
Michael H. Wetmore (ct24899)
Joel B. Samson (ct24898)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
Sandra K. Davis
185 Asylum St.
CityPlace I, 38th Floor
Hartford, CT 06103
Telephone: 860-509-6500
Fax: 860-509-6501
sdavis@brbilaw.com

*Attorneys for Defendant Olin Corporation*

**ORAL ARGUMENT REQUESTED**        4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 1st day of August, 2003, by first class mail, postage prepaid to:

David B. Zabel
Monte E. Frank
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT 06810
Telephone: (203) 792-2771
Facsimile: (203) 791-8149

and

Mark Roberts
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA 02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiff*


Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

_____
Sandra K. Davis

**ORAL ARGUMENT REQUESTED**     5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners, | : | 3:03-cv-945 (CFD) |
| Plaintiffs, | : | |
| v. | : | |
| OLIN CORPORATION and the TOWN OF HAMDEN, | : | |
| Defendants. | : | August 1, 2003 |

**OLIN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT XIV OF PLAINTIFFS' AMENDED COMPLAINT**

**ORAL ARGUMENT REQUESTED**

Pursuant to Rule 7 of the Local Rules of Civil Procedure ("D. Conn. L. Civ. R."), the defendant Olin Corporation ("Olin") and the undersigned hereby submit the following Memorandum in Support of Olin's Motion to Dismiss Count XIV of Plaintiffs' Amended Complaint.

## INTRODUCTION AND SUMMARY

Connecticut law recognizes that causes of action for public and private nuisance are distinct. Despite this, Count XIV of Plaintiffs' Amended Complaint purports to assert both a private and public nuisance claim against Olin without setting forth the necessary elements of either cause of action. Plaintiffs' conclusory statements are not sufficient to state a claim for either a public or private nuisance.

Independent of this shortcoming, as a matter of law, Count XIV fails to state a claim because Plaintiffs do not, and cannot, allege a necessary component of any nuisance claim. That is, Plaintiffs cannot credibly argue that Olin exercised control over the property that Plaintiffs allege is the source of their nuisance claim. In fact, Plaintiffs' own assertions refute any contention that Olin exercised control over the areas supposedly giving rise to Plaintiffs' nuisance claim.

Accordingly, as a matter of law, Count XIV fails to state a claim and must be dismissed.

## ARGUMENT AND AUTHORITIES

### A. Standard For Olin's Rule 12(b)(6) Motion To Dismiss

Olin recognizes that in ruling on its Rule 12(b)(6) motion to dismiss, this Court "must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff." *Bello v. Barden Corp.*, 180 F.Supp.2d 300, 305 (D.Conn. 2002). At the same time, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Construction and General Lab v. City of Hartford*, 153 F.Supp.2d 156, 159 (D.Conn. 2001) (*quoting Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). Moreover, "Rule 12(b)(6) does not allow the substitution of conclusory statements 'for minimally sufficient factual allegations.'" *Whitaker v. Haynes Const. Co., Inc.*, 167 F.Supp.2d 251, 254 (D.Conn. 2001) (citations omitted). Finally, "a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Bello*, 180 F.Supp.2d at 306 (*quoting Lofton v. Bureau of Prisons*, 1995 WL 341565, at *1, 57 F.3d 1077 (9th Cir. June 8, 1995)).

Application of the above standard of review compels the conclusion that this Court should dismiss Count XIV of Plaintiffs' Amended Complaint.

### B. Plaintiffs Fail To State A Claim For Either A Private Nuisance Or A Public Nuisance

The Connecticut Supreme Court recently clarified the law of nuisance and the differences between a public and private nuisance. *See, Pestey v. Cushman*, 788 A.2d 496, 505 (Conn. 2002) ("Although there are some similarities between a public and a private nuisance, the two causes of action are distinct"). A Public nuisance is concerned

with the interference with a public right. *Id.*[1] On the other hand, a private nuisance is concerned with conduct that interferes with an individual's private right to the use and enjoyment of his or her land. *Id.*[2]

While Count XIV purports to assert both public and private nuisance claims, Plaintiffs have failed to sufficiently plead either claim to withstand Olin's Motion to Dismiss. Plaintiffs are seemingly confusing the two separate types of nuisance claims and using portions of each claim in an attempt to establish a hybrid nuisance claim. Plaintiffs' lone allegation is that Olin's conduct "has interfered unreasonably with a common right of the plaintiffs and the Class to enjoy their properties and has created a public and private nuisance. Plaintiffs' Amended Complaint, ¶105. At best, Count XIV is an attempt to assert a private nuisance claim.[3]

---

[1] In order to succeed in a public nuisance claim, Plaintiffs must prove the following elements:
  1) The condition complained of had a natural tendency to create a danger and inflict injury upon person or property;
  2) The danger created was a continuing one;
  3) The use of the land was unreasonable or unlawful; [and]
  4) The existence of the nuisance was the proximate cause of the plaintiff's injuries and damages.
*Pestey*, 788 A.2d at 504 (citations omitted) (though beyond the scope of the court's opinion, the court acknowledged that some adjustment to the public nuisance factors may be appropriate, *Id.* at 506, n.6).

[2] In order to succeed in a private nuisance claim, Plaintiffs must prove the following elements:
  1) That Olin's conduct was the proximate cause of an unreasonable interference with the Plaintiffs' use and enjoyment of his or her property;
  2) The interference may either be intentional or the result of Olin's negligence.
*Pestey*, 788 A.2d at 507 (adopting the basic principles of § 822 of the Restatement (Second) of Torts).

[3] With respect to a public nuisance claim, none of the necessary elements of such a claim are set forth in Plaintiffs' Amended Complaint. This alone warrants a dismissal of any purported public nuisance claim against Olin.

Regardless, whether the Court deems Plaintiffs to be attempting to assert both a public and private nuisance claim, Count XIV fails to assert, and cannot assert, a necessary element to any nuisance claim—control over the property in question. In both the public and private nuisance context, Connecticut courts require that the defendant exercise control over the property that is the source of the nuisance. See, e.g., *State v. Tippetts-Abbett-McCarthy-Stratton*, 204 Conn. 177, 183-85, 527 A.2d 688 (Conn. 1987) (upholding dismissal of public nuisance claim where there was nothing to suggest that defendants ever assumed control over the subject property); *Wiehl v. Dictaphone Corp.*, 1994 WL 16516, *3 (Conn. Super. 1994) (holding private nuisance count legally insufficient because plaintiff did not assert its claim against a defendant who was in control of a neighboring parcel of land);[4] *Vaillancourt v. Town of Southington*, 2002 WL 1293053, *6, 32 Conn. L. Rptr. 191 (Conn. Super. 2002) (in striking private nuisance count, court stated: "[i]n a nuisance case, control over the land claimed to be a nuisance is an essential requisite to liability") (*citing State v. Tippetts*, 204 Conn. at 185 and *Lomangino v. LaChance Farms, Inc.*, 17 Conn.App. 436, 438-39, 553 A.2d 197 (1989)).[5]

In *Vaillancourt*, plaintiffs failed to allege that the defendant business, which used a public landfill, actually exercised any control over the landfill. *Vaillancourt*, 2002 WL 1293053 at *6. As a result, the court struck plaintiffs' private nuisance claim holding

---

[4] For the Court's convenience, a copy of the *Wiehl* decision is attached behind Tab 11 to Olin's Appendix of Unreported Decisions filed contemporaneously herewith.
[5] For the Court's convenience, a copy of the *Vaillancourt* decision is attached behind Tab 1 to Olin's Appendix of Unreported Decisions filed contemporaneously herewith.

that, as a matter of law, the business could not be liable in nuisance. *Id.*

As in *Vaillancourt*, Count XIV fails to allege that Olin exercised any control over the landfills Plaintiffs allege give rise to their private nuisance claim. Rather than support such a proposition, Plaintiffs' own assertions refute any contention that Olin exercised control over the areas supposedly giving rise to Plaintiffs' nuisance claims. Specifically, Plaintiffs allege that:

- Historically and continuing well into the mid to late 1900's, the State of Connecticut attempted to eliminate wetlands and low lying areas by encouraging the filling of wetlands and low lying areas. Plaintiffs' Amended Complaint, ¶20.

- Some time prior to 1917, Hamden established dumps in Hamden in the area bounded to the east and west by Wadsworth Street and St. Mary's Street and bounded to the north and south by Mill Rock Road and Goodrich Street. (this area is collectively referred to as "Newhall Section"). Plaintiffs' Amended Complaint, ¶22 (citing the Consent Order No. SRD-128).

- Winchester and/or its successor, Olin, continued to dump ash and other industrial waste in Hamden run disposal facilities, and specifically at the Newhall Section, until its closure. Plaintiffs' Amended Complaint, ¶24.[6]

Consistent with Connecticut law, in the absence of any allegations that Olin controlled the landfills run by the Town of Hamden, Plaintiffs' nuisance claim must be dismissed. *See, e.g., Vaillancourt*, 2002 WL 1293053 at *6 (*citing Wiehl*, 10 Conn. L.

---

[6] While Plaintiffs' allegations are to be taken as true for purposes of Olin's Motion to Dismiss, Olin disagrees with Plaintiffs' assertions of successor liability and specifically states that Olin is not the successor in interest to Winchester Repeating Arms Company ("Winchester") and is not responsible for any activities undertaken by Winchester before 1932, as alleged in Plaintiffs' Amended Complaint. Olin intends to move for summary judgment on the successor liability issue.

Rptr. 591) ("Where a defendant exercises no control over the land at issue, the court may strike a nuisance count"); *Tippetts*, 204 Conn. at 187 (upholding court's decision to refuse to submit public nuisance count to the jury); *Wiehl*, 1994 WL 16516 at *3 (holding private nuisance claim legally insufficient).

An additional, independent reason exists to dismiss Plaintiffs' private nuisance claim. Connecticut law requires that Plaintiffs assert that Olin inflicted the alleged harm from a neighboring property. *See, e.g., Wiehl*, 1994 WL 16516 at *3 (holding private nuisance count legally insufficient because plaintiff did not assert claim against a defendant who was in control of a neighboring parcel of land). No such allegations have been, nor can they be made.

In the absence of any factual allegations supporting Plaintiffs' bald assertion that Olin created either a public or private nuisance, this Court has but one choice. Count XVI of Plaintiffs' Amended Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Olin requests that the Court grant Olin's Motion to Dismiss Count XVI of Plaintiffs' Amended Complaint.

HUSCH & EPPENBERGER, LLC

By: *Michael H. Wetmore/SWS*
Michael H. Wetmore (ct24899)
Joel B. Samson (ct24898)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
Sandra K. Davis
185 Asylum St.
CityPlace I, 38th Floor
Hartford, CT 06103
Telephone: 860-509-6500
Fax: 860-509-6501
sdavis@brbilaw.com

*Attorneys for Defendant Olin Corporation*

ST_LOUIS\#40175795 v1 - Olin/Memo 6      8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 1st day of August, 2003, by first class mail, postage prepaid to:

David B. Zabel
Monte E. Frank
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT 06810
Telephone: (203) 792-2771
Facsimile: (203) 791-8149

and

Mark Roberts
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA 02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiff*

Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

Sandra K. Davis