UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., ET AL., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE P. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class of similarly situated property owners,<br>　　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>OLIN CORPORATION and the TOWN OF HAMDEN,<br>　　　　　　　　　　　　　　Defendants. | CIVIL ACTION NO.: 3-03-945 (CFD)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>March 31, 2004 |

**MOTION ON CONSENT TO AMEND SCHEDULING ORDER**

　　　　The plaintiffs, with the assent of the defendants, hereby request that the Court modify the

Scheduling Order in this case to allow additional time for the completion of discovery on sovereign

immunity and successor liability issues, and make corresponding changes in several of the other

deadlines previously set by the Court in its Amendment to the Scheduling Order in January. In support of this request, the plaintiffs state as follows:

1. Since the amendment of the Scheduling Order in January, counsel for the plaintiffs and the defendants have worked toward the completion of discovery on sovereign immunity and successor liability, including through interrogatories, requests for production of documents, requests for admissions, and, the commencement of depositions.

2. However, a dispute has arisen between the plaintiffs and Olin concerning the appropriate scope of discovery on the issue of successor liability. That dispute is the subject of a motion to compel by plaintiffs and a motion for protective order by Olin, which are pending before the Court.

3. If the Court orders further production of documents and information by Olin, plaintiffs will need a short additional time (45 days) to review the additional materials produced, conclude the commenced 30(b)(6) deposition of Olin (if appropriate), and conduct any other discovery that may be suggested by the additional materials produced.

4. If the Court does not order the production of additional documents or information by Olin, the plaintiffs seek a short additional time (60 days from today) to try to obtain from other sources information that Olin has declined to produce or does not have in its possession.

5. Counsel for the plaintiffs have also worked with counsel for the Town to complete discovery on the issue of sovereign immunity, including the review of dozens of boxes of documents produced by the Town, and have conferred with counsel for the Town about what additional time is needed in order to complete a 30(b)(6) deposition of the Town and to review additional archives that the Town has offered to make available for inspection.

6. Counsel for the Town and counsel for the plaintiffs believe that this additional discovery can be completed within the additional time period sought in connection with discovery on successor liability from Olin, and both believe it makes sense to keep the timing of briefing on sovereign immunity and successor liability on the same track.

7. Counsel for the Town has requested that, if the deadlines for completion of discovery on sovereign immunity and successor liability are extended, plaintiffs agree to corresponding extensions of the deadline for completion of discovery on class certification, and counsel for the plaintiffs have agreed to do so.

8. Plaintiffs' counsel has conferred with counsel for the Town and counsel for Olin, and they have agreed to the modification requested.

9. This is the second motion for modification of the Scheduling Order in this case.

10. If the Court is so inclined, counsel for the plaintiffs believe that the case may benefit, in any event, from a further scheduling conference with the Court.

Accordingly, the parties respectfully request that the Court modify the Scheduling Order in the case to provide as follows:

1. That the deadline for completion of discovery on sovereign immunity and successor liability be based upon the timing of the Court's ruling on Plaintiffs' pending Motion to Compel Discovery from Olin and Olin's pending Motion for a Protective Order. If the Court orders a further production of documents or other information from Olin, discovery will be completed 45 days after that further production. If the Court does not require a further production from Olin, discovery will be completed by May 31, 2004.

2. That dispositive motions based on sovereign immunity and successor liability, if any, be filed 30 days after the deadline for completion of discovery set in paragraph 1, and responsive memoranda be filed 30 days thereafter, and reply memoranda 30 days after that.

3. That discovery concerning Class Certification be completed by July 30, 2004.

4. That memoranda and supporting materials opposing Class Certification be filed 30 days after the deadline for the completion of discovery in paragraph 3, and that reply memoranda and supporting material in further support of Class Certification will be served and filed 30 days thereafter.

5. That the remaining discovery deadlines in the prior Scheduling Order remain the same, that is all other discovery, including all other issues regarding liability, causation and damages, will commence no sooner than the court's ruling regarding class certification, and will be completed on or before 270 days after Olin's and the DEP's completion of the investigation of the contamination of the Newhall Section and surrounding areas.

THE PLAINTIFFS,

By_____
David B. Zabel, Esq. ct01382
dzabel@cohenandwolf.com
Monte E. Frank, Esq. ct13666
mfrank@cohenandwolf.com
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, Connecticut 06604
Tele: (203) 368-0211
Fax: (203) 394-9901

Mark Roberts, Esq.
mroberts@mcrobertsandroberts.com
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, Massachusetts 02114
Tele: (617) 722-8222
Fax:  (617) 720-2320

Neil T. Leifer, Esq.
nleifer@tenlaw.com
Brad J. Mitchell, Esq.
bmitchell@tenlaw.com
Thornton & Naumes L.L.P
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Tele: (617) 720-1333
Fax:  (617) 720-2445

## CERTIFICATION OF SERVICE

I hereby certify that on the date hereof, a copy of the foregoing was served by first class U.S. mail, postage prepaid, upon all counsel and pro se parties of record, as follows:

Ann M. Catino, Esq.
Joseph G. Fortner, Jr., Esq.
Laurie R. Steinberg, Esq.
Brian D. Rich, Esq.
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Michael H. Wetmore, Esq.
Joel B. Samson, Esq.
HUSCH & EPPENBERGER, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

Sandra K. Davis, Esq.
Mark S. Baldwin, Esq.
BROWN RUDNICK BERLACK ISRAELS LLP
185 Asylum Street, 38th Floor
Hartford, CT 06103-3402

                                                                                 Monte E. Frank