IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., et al.<br>for themselves and on behalf of a class<br>of similarly situated property owners,<br>    Plaintiffs,<br>v.<br><br>OLIN CORPORATION and THE TOWN OF<br>HAMDEN,<br>    Defendants. | CIVIL ACTION NO.<br>3:03-CV-945(CFD)<br><br><br><br><br><br><br><br>April 9, 2004 |

**MEMORANDUM OF LAW IN OPPOSITION OF OLIN'S MOTION
FOR A PROTECTIVE ORDER**

Plaintiffs respectfully submit this memorandum of law in opposition to defendant Olin Corporation's ("Olin") motion for a protective order limiting the scope of discovery and further request that this court require Olin to respond to the topics presented in the 30(b)(6) deposition notice that are the subject of this motion. Olin refused to answer questions on these topics at the 30(b)(6) deposition held on March 24, 2004. This dispute mirrors Plaintiffs' pending motion to compel written discovery from Olin on the issue of successor liability. In that motion, Plaintiffs outlined the relevant procedural history and will therefore not waste the court's time repeating that history here. The grounds for compelling Olin to identify and produce a witness pursuant to Fed.R.Civ.P. 30(b)(6) on the topics set forth in this motion are identical to the grounds for compelling written discovery on this issue.

It is clear from Olin's motion and supporting memorandum of law, as well as the opposition to Plaintiff's motion to compel, that Olin seeks to have the court rule on the merits of Plaintiffs' successor liability claim and thereby convert this discovery motion

Oral Argument Requested

into a motion for summary judgment. That is improper. Any motion for summary judgment should come <u>after not before</u> the completion of discovery. As set forth in Plaintiffs' motion to compel, Fed.R.Civ.P. 26(b)(1) entitles a party to "obtain discovery regarding *any matter*, not privileged, that is relevant to the claim or defense of any party . . ." (emphasis added). The discovery Plaintiffs seek is reasonable under the circumstances.

If and when Olin moves for summary judgment, the court will determine whether the historical circumstances under which Olin came into possession of the Winchester name, assets, goodwill and business operations justify the imposition of successor liability under either the "mere continuation" exception or the "product line" exception, or both. Plaintiffs believe this may be warranted by the simple application of existing law, or by a nonfrivolous extension, modification or reversal of existing law.

## I.   Deposition Notice Topics 5, 6 and 7 Are Relevant to the Issue of Successor Liability

The test for mere continuation exception is (1) continuity of the enterprise, evidenced by same management, personnel, assets, and location; (2) continuity of shareholders; (3) dissolution of the selling corporation; and (4) assumption of liabilities by the purchasing corporation. See <u>Peglar & Associates Inc. v. Professional Indemnity Underwriters Corporation</u>, 2002 WL 1610037 at *7 (Conn.Super. June 19, 2002) (attached hereto). Every factor of this test does not have to be satisfied, instead courts should apply a balancing test. <u>See id</u>.

The "product line" exception to the general rule of no successor liability is applied when (1) the purchaser has acquired substantially all of the seller's assets, leaving no more than a corporate shell; (2) the purchaser is holding itself out to the general public

Oral Argument Requested

as the continuation of the transferor by producing the same product line under a similar name; and (3) the transferee is benefiting from the goodwill of the transferor. See Lynch v. Infinity Outdoor, Inc., 2003 WL 21213708 (Conn.Super. May 7, 2003); Pastorick v. Lyn-Lad Truck Racks, Inc.,1999 WL 608674 (Conn.Super. Aug. 3, 1999); Strohecker v. Canadian Pacific Express & Transport, LTD, 1998 WL 376173 (Conn.Super. June, 24, 1998); and Copperthite v. Pytlik, 1992 WL 209660 (Conn.Super. Aug. 25, 1992) (cases attached hereto).

### A. Topic 5

Plaintiffs included topic 5 in the 30 (b)(6) Notice of Deposition. Topic 5 states:

> 5. The number and names of employees, job descriptions of employees, business activities, and identification of assets, if any of "WINCHESTER REPEATING ARMS COMPANY of DELWARE" between 1931 and 1934.

Pursuant to the factors listed above, whether a selling corporation dissolves or becomes no more than a mere corporate shell is a factor relevant to the "mere continuation" and "product line" analysis. Therefore, topic 5 is relevant to whether the predecessor, Winchester, for all practical purposes, dissolved as a corporate entity following the 1931 sale at issue in this case.

### B. Topic 6

Plaintiffs included topic 6 in the 30 (b)(6) Notice of Deposition. Topic 6 states:

> 6. The production, manufacture, and identity of any product line of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" which was continued by "WINCHESTER REPEATING ARMS COMPANY of MARYLAND," "WESTERN CARTRIDGE COMPANY" or "OLIN."

Pursuant to the factors listed above, whether the purchasing corporation produces the same product and uses the same name for that product is part of the analysis for the

"product line" and "mere continuation" exception. Therefore, topic 6 is relevant to determine if these factors were present after the 1931 transaction at issue.

### C. Topic 7

Plaintiffs included topic 7 in the 30 (b)(6) Notice of Deposition. Topic 7 states:

> 7. The nature of the business operations, including any changes or additions to the product line, distribution system, research and development, personnel, customer base, and waste disposal practices of "WINCHESTER REPEATING ARMS COMPANY of MARYLAND," "WESTERN CATRIDGE COMPANY" or "OLIN" as a result of the asset purchase of "WINCHESTER REPEATING ARMS COMPANY of DELAWARE" in 1931.

Pursuant to the factors listed above, whether a purchasing company maintains the same general business operations is a factor in the "mere continuation" exception analysis. Therefore, topic 7 is relevant to determine whether Winchester's business operations were maintained by Olin or its predecessors.

### II. Conclusion

For the reasons set forth above, the Plaintiffs respectfully request that this court deny defendant's motion to for a protective order concerning the topics 5, 6 and 7 in the 30(b)(6) Notice of Deposition.

THE PLAINTIFFS,

By /s/ Neil T. Leifer, Esq.
nleifer@tenlaw.com
David C. Strouss, Esq.
dstrouss@tenlaw.com
Thornton & Naumes L.L.P

Oral Argument Requested

100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Tele: (617) 720-1333
Fax: (617) 720-2445


David B. Zabel, Esq. ct01382
dzabel@cohenandwolf.com
Monte E. Frank, Esq. ct13666
mfrank@cohenandwolf.com
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, Connecticut 06604
Tele: (203) 368-0211
Fax: (203) 394-9901


Mark Roberts, Esq.
mroberts@mcrobertsandroberts.com
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, Massachusetts 02114
Tele: (617) 722-8222
Fax: (617) 720-2320


Oral Argument Requested

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Memorandum of Law in Opposition of Olin's Motion for a Protective Order, was forwarded on the 9th day of April, 2004, by first class mail, postage prepaid to:

Monte E. Frank, Esq.
158 Deer Hill Avenue
Danbury, CT 06810
Telephone: (203) 792-2771
Facsimile: (203) 791-8149

David B. Zabel, Esq.
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, CT 06604
Telephone: (203)368-0211
Facsimile: (203)394-9901

Mark Roberts, Esq.
McRoberts & Roberts, LLP
101 Merriman Street
Boston, MA 02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiffs*
Michael H. Wetmore, Esq.
Joel B. Sampson, Esq.
Husch & Eppenberger, LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

Mark S. Baldwin, Esq.
Sandra K. Davis, Esq.
Brown Rudnick Berlack Israels, LLP
185 Asylum Street
Hartford, CT 06103-3402
Telephone: (860) 509-6500
Facsimile: (860) 509-6501

*Attorneys for Olin Corporation*
Joseph G. Fortner, Jr., Esq.
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303
Telephone: (860) 522-6103
Facsimile: (860) 548-0006
*Attorney for Town of Hamden*

_____
Neil T. Leifer, Esq, ct25262