UNITED STATES DISTRICT COURT

FILED

DISTRICT OF CONNECTICUT

2004 APR 27 P 3: 49

U.S. DISTRICT COURT
HARTFORD, CT.

CLARENCE R. COLLINS, JR., ET AL.,
        -Plaintiffs


        -v-                                     CIVIL NO. 3:03 CV 945 (CFD)


OLIN CORPORATION, ET AL.,
        -Defendants


RULING ON MOTION TO COMPEL
AND MOTION FOR PROTECTIVE ORDER

Olin's motion for a protective order (Dkt. #68) is denied. Plaintiffs' cross motion to compel (Dkt. #67) is granted. Olin's general objections to plaintiffs' discovery are not at all well-taken, nor is the court persuaded by the arguments Olin offers in resistance to plaintiffs' discovery requests. The court finds that the information sought is relevant, and is not unreasonable or unduly burdensome. Accordingly, Olin is ordered to file complete and non-evasive responses to Plaintiffs' Interrogatories 1, 4, 5, 6, 7, 8, 11, 12, 13, 15, 17, 18, 19, 22, 24, 26, and 27; to comply with Plaintiffs' Production Requests 1, 2, 6, 7, 8, 9, 10, 14, 15, 16 and 17; and to answer Plaintiff's Requests to Admit 15, 16, 17, 45, 46, 52, 53, 55, 56, 57, 58, 59, 60, 61, 70, 71, 73, 74, 75, 82,

83, 84, 86, 87, and 88 within 20 days hereof.

Olin's resistance to Plaintiff's discovery is based largely on its own narrow conception of the law with respect to successor liability, and its equally optimistic assessment of the likely success of its defenses.  As plaintiff accurately points out, however, "[i]n ruling on questions of discovery, typically, courts do not determine the legal sufficiency of claims and defenses." Chubb v. Integrated Sys. Ltd v. Nat'l Bank of Washington, 103 F.R.D. 52, 59 (D.C.C. 1984).  Olin cannot be permitted to escape discovery by directing the court to "cut to the chase" as Olin perceives it.  The court will address the legal sufficiency of plaintiffs' claims in due course, pursuant to its own timetable, not Olin's.

Here, Olin boldly and impermissibly seeks to do what the defendant RMS was forbidden to do in Boutvis v. Risk Mgmt. Alternatives, Inc., No. 3:01 CV 1933 2002 U.SD. Dist. Lexis 8521, at *4 (D.Conn. May 3, 2002):

> Nor may RMA withhold discovery on the strength of its own overly optimistic speculation that it might one day be successful in achieving dismissal of, or summary judgment on plaintiff's complaint. Because an adjudication on the merits normally comes only *after* discovery, "it is no objection to an interrogatory that it relates to a defense or claim which is insufficient in law." Anderson Co. v. Helena Cotton Oil Co., 117 F.Supp. 932, 945 n.9 (E.D. Ark. 1953)

See Also, Maher v. Monahan, No. 98 civ. 2319, 2000 WL 777877, at *4

(S.D.N.Y. June 15, 2000).  In the instant case, of course, the court does not suggest that Olin's view of the law is likely to prevail even at some later date after discovery has been completed.

For the foregoing reasons, and on the basis of the authorities set forth in plaintiffs' able memorandum of law[1], the motion to compel is granted and the motion for a protective order is denied. This is not a "recommended ruling."  It is a discovery ruling and order, which is reviewable pursuant to the "clearly erroneous" standard of review provided for in 28 U.S.C. §636(b)(1)(A).

IT IS SO ORDERED at Hartford, Connecticut, this 27th day of April, 2004.

_____
Thomas P. Smith
United States Magistrate Judge

---

[1]    The plaintiffs filed a consolidated motion to compel, memorandum, and affidavit, which was marked by the clerk as Docket No. 67.  In the future, plaintiffs will not follow this practice, but will file a motion and a separate memorandum.  Any affidavits will be attached to the memorandum.