UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE R. COLLINS, JR., et al. | : | 3:03-CV-945 (CFD) |
| | : | |
| Plaintiffs, | : | |
| V. | : | |
| | : | |
| OLIN CORPORATION, et al. | : | |
| | : | |
| Defendants. | : | MAY 20, 2004 |

## <u>MOTION TO COMPEL DEPOSITIONS OF NAMED PLAINTIFFS</u>

The defendants, Town of Hamden ("Town") and Olin Corporation ("Olin"),move the Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure ("F.R.C.P."), to compel each of the putative class representatives -- the plaintiffs named in the Amended Complaint dated May 28, 2003 -- to submit to their respective depositions on issues related to or concerning the plaintiffs' motion for class certification dated September 30, 2003.

This Court's Order in connection with the Motion on Consent to Modify Scheduling Order, dated January 12, 2004, expressly and specifically permits discovery on class certification issues, separate and distinct from discovery regarding the merits of this action.  Despite this, plaintiffs' counsel has argued that the defendants are not entitled to depose each of the 36 plaintiffs that were named by plaintiffs in their Amended Complaint, and that to the extent a plaintiff is deposed, this will count against the time permitted to depose that plaintiff in the subsequent discovery phase directed to the merits of the plaintiffs' claims.

## ORAL ARGUMENT REQUESTED

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Initially, class counsel insisted that only five (5) of the named plaintiffs could be deposed; now, class counsel has raised that number to ten.  Plaintiffs' efforts to foreclose relevant discovery from the named putative class representatives that goes to the heart of the class certification issue is untenable.  Plaintiffs (and class counsel) chose to name 36 putative class representatives (29 putative class representatives were added when plaintiffs filed their Amended Complaint on May 28, 2003).  Class counsel now want to limit the number of the named plaintiffs that are deposed on the important factual issues that underlie the class certification determination.   In addition, class counsel want to foreclose additional discovery of these named plaintiffs during the subsequent discovery phase set out in the Scheduling Order, by insisting that the time spent in deposition on class related issues be counted against the seven hour limit of Rule 30(b)(2).   Under the Scheduling Order and logic, the time spent deposing such plaintiffs regarding class certification should not count against the seven hours allowed under Rule 30(d)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

Despite the good faith efforts of counsel for the parties, no agreement can be reached on these deposition related discovery issues.  In order to ensure that the defendants are given a full opportunity to proceed in discovery, and to ensure that the parties' rights are fully defined at the outset, the defendants file this motion.

Pursuant to Local Civil Rule 37(a)(2), the undersigned counsel submits herewith at Exhibit 1 an affidavit certifying that they have conferred with plaintiffs' counsel in good faith in an attempt to resolve the issues raised in the instant motion, but that such effort has not resulted in an agreement on this important discovery issue.

-2-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Depositions were scheduled for May 26, 27, June 8, 9 and 24.[1]  The Scheduling Order requires class discovery to be completed by July 30, 2004.  Resolution of the issues raised by this motion to compel is thus time-sensitive.

Pursuant to Local Civil Rule 7(a)(1), the defendants submit herewith the accompanying memorandum of law in support of the instant motion.

WHEREFORE, the Town of Hamden and Olin Corporation respectfully request that the Court order that each named plaintiff appear for deposition and that the time used in such class discovery not count against the defendants' time to depose plaintiffs regarding the merits of the action.

<div style="margin-left:40%;">

THE DEFENDANT,
TOWN OF HAMDEN
By_____

    Ann M. Catino  Federal Bar #ct02747
Joseph G. Fortner, Jr.
Federal Bar #ct 04602
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

OLIN CORPORATION
By: Michael H. Wetmore
Joel B. Samson
HUSCH & EPPENBERGER, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500

</div>

---

[1]    These are being held in abeyance in order that the issues raised by this Motion can be resolved prior to the depositions, so as to avoid any prejudice to the parties' positions while the issues remain undecided.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2004, a copy of the foregoing was served by first class U.S. mail, postage prepaid, upon all counsel of record, as follows:

Monte E. Frank, Esq.
David B. Zabel, Esq.
Alison K. Clark, Esq.
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT  06810

Mark Roberts, Esq.
McRoberts, Roberts & Rainer L.L.P.
101 Merrimac Street
Boston, MA  02114

Neil T. Leifer, Esq.
Michael A. Lesser, Esq.
Brad J. Mitchell, Esq.
David C. Strouss, Esq.
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA  02110

_____
Joseph G. Fortner, Jr.

552382_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105