UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE R. COLLINS, JR., et al. | : | 3:03-CV-945 (CFD) |
| | : | |
| Plaintiffs, | : | |
| V. | : | |
| | : | |
| OLIN CORPORATION, et al. | : | |
| | : | |
| Defendants. | : | MAY 20, 2004 |

### AFFIDAVIT

I, Ann M. Catino, hereby depose and say as follows:

1. I am over the age of eighteen (18) and believe in the obligation of an oath.

2. I am a member of the law firm of Halloran & Sage LLP in Hartford, Connecticut and am counsel of record for the Town of Hamden ("Town") in connection with the above-captioned lawsuit ("Lawsuit").

3. I submit this affidavit in support of the Town's motion to compel and in compliance with Local Civil Rule 37(a)(2).

4. In connection with opposing the plaintiffs' motion for class certification dated September 30, 2003, the Town, at a minimum, requires the deposition of each plaintiff named in the Amended Complaint dated May 28, 2003. The Town also seeks to depose certain putative class representatives to the extent not named as a plaintiff in the Lawsuit.

5. The depositions have been requested of the plaintiffs, through counsel, pursuant to the Court's discovery Order issued in connection with the Town's Motion on Consent to

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Modify Scheduling Order, dated January 12, 2004, which Order permits discovery on issues related to the plaintiffs' motion for class certification. The requested depositions are required to support the Town's opposition to plaintiffs' motion for class certification.

6. Despite the Town's reasonable efforts to accommodate the plaintiffs in scheduling their depositions, and in agreeing to limit each deposition on class certification issues to seven hours, counsel for the plaintiffs repeatedly have maintained the position that they will not submit each of the plaintiffs to the defendants for deposition in connection with the discovery sought on the issues involving class certification. They have only agreed to produce 10 of the 36 named plaintiffs, and continue to argue that the defendants are entitled to only one day of seven hours to depose these individuals on class certification issues and issues going to the merits of the substantive claims.

7. The discovery dispute over the plaintiffs' depositions on class certification issues was discussed during a teleconference with the Honorable Christopher F. Droney, on or about May 4, 2004, and Judge Droney requested that the parties continue to confer to work out their differences on the issue. Judge Droney invited the parties to seek judicial intervention in the event the parties could not resolve these discovery disputes.

8. The Town reconsidered its need for the requested discovery from the named plaintiffs, and has concluded that these depositions are necessary to support its opposition to the plaintiffs' motion to certify the class, and that the class certification depositions should be treated as separate depositions, entitled to a separate seven hour limitation, from those subsequent depositions of the same individuals on the merits of the case.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

9. On May 11, 2004, the Town, through your affiant, sent plaintiffs' counsel a letter, a copy of which is attached hereto as Exhibit 1, restating its position in connection with the required discovery, attempting in good faith to work out the differences between the parties on this issue by explaining the significance of the requested discovery ("Town of Hamden Letter"). The Town sought to work these issues out amicably with the plaintiffs prior to noticing depositions of each named plaintiff as it maintains that addressing this issue at the forefront is an efficient way to address the dispute.

10. The plaintiffs have responded unfavorably to the Town of Hamden Letter, thus necessitating the instant motion to compel. A copy of the responsive letter from plaintiffs' counsel, dated May 18, 2004, is attached hereto as Exhibit 2.

11. In their letter, plaintiffs refer to the written interrogatories and requests for production propounded by the Town. Several responses by individual plaintiffs were woefully incomplete, which was the subject of at least two conference calls between plaintiffs' counsel and defendants. While plaintiffs' counsel has provided some additional responses, some plaintiff responses are sorely lacking in completeness or responsiveness at all. After all the telephone conferences and correspondence, the only way, therefore, for the Town to obtain this information necessary to oppose class certification is through depositions of, at a minimum, each putative class representative. Plaintiffs refuse this request and continue to place limits on the Town's ability to depose the class.

12. Despite the stated good faith efforts to resolve this discovery dispute regarding the Town's request for the depositions of the named plaintiffs and putative class representatives on

-3-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

class certification issues, in connection with the preparation of its opposition to the plaintiffs' motion for class certification, the parties have been unable to reach an agreement.

_____
Ann M. Catino

547604.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105