# HALLORAN & SAGE LLP
ATTORNEYS AT LAW

ANN M. CATINO  Direct 860 297-4682  catino@halloran-sage.com

May 11, 2004



**VIA FACSIMILE**

Monte E. Frank, Esq.
Cohen and Wolf PC
158 Deer Hill Avenue
Danbury, CT 06810-7728

    Re:   Collins, et al. v. Olin, et al
            <u>Class Discovery and Depositions</u>

Dear Monte:

    As you know, we have been attempting for some time to schedule depositions of the putative class representatives in this matter. Most recently, on April 23, 2003, we proposed several dates for the depositions of the plaintiff class members. On May 4, 2004, you provided notice that you have tentatively scheduled the following depositions:

| | |
|---|---|
| May 27, 2004 | Dr. Abdul Hamid |
| June 8 or 10, 2004 | Louise Craig |
| June 9, 2004 | Janie Clemons |

    It appears that, we have not yet received dates for two of the class representatives (Elizabeth Hayes and Marc Perry) who we indicated we wished, in the first instance, to depose. In any event, after discussion with Olin's counsel, Michael Wetmore, these dates are all acceptable to the defendants. Please confirm either the June 8/9, 2004 grouping or the June 9/10, 2004 grouping.

    I understand that today Andrew Rainer presented May 26, 2004 as an alternative date for Louise Craig. We will check with the Olin representatives and coordinate here to see if that date is still acceptable. In addition, I understand that you could make available May 17, 2004 – three working days from now – for an unspecified plaintiff deposition. Please know that while we certainly wish to depose the putative class representatives, we cannot, without even any indication as to who this person is – agree to deposition dates on such short notice. In the future, we would kindly ask for more timely notice of dates and the names of the proposed deponents.

    As we have discussed before, and as was addressed during our conference call with Judge Droney, the defendants intend to take "class" depositions of each of the named putative class representative plaintiffs. We previously sent you a list of dates when we are available, and are also prepared to add the last week of June to the list. Please advise us as to the date each one of

Monte E. Frank, Esq.
May 11, 2004
Page 2

the remaining 33 proposed class representatives will be available. If possible, Olin's counsel has requested that depositions proceed on Tuesdays so that they may use Monday as a travel day. However, if Monday is the only day available, then the deposition should be scheduled.

At present, and given the passage of time, the following dates are viable:

May 26, 28 (potentially remain possible)

June 7, 8 or 10 (depending on the date for Louise Craig), 11, 14, 15, 16, 17, 18, 21, 22, 23, 24, 25

Plaintiffs' counsels' objections notwithstanding, the defendants have a right to depose each of these putative class representatives, for purposes of determining (a) whether he or she is an adequate and proper class representative and (b) whether this matter is properly brought as a Class Action under F.R.C.P. Rule 23. Indeed, with respect to the second issue, the defendants are entitled to also depose one or several of the putative class members, even if they are not listed as proposed class representatives. We are clearly entitled to explore not just whether class representatives can adequately represent the class, but also such issues as commonality, typicality, practicality, and whether the individual conditions of each property and of each proposed representative's knowledge render common adjudication overly difficult.

In addition, these depositions are, properly, wholly separate and distinct from any depositions we may choose to take regarding the case in chief. This fact is certainly clear from the agreed-upon Scheduling Order (¶ E. 2 b and c), which establishes two separate categories of discovery: (1) discovery of class certification issues and (2) all other discovery, including all other issues regarding liability, causation and damages. Counsels' recent contention that we should be limited in the number of proposed class representatives we depose on class issues flies in the face of our right to depose the proposed class representatives whom *plaintiffs* chose to name regarding these issues. While perhaps plaintiffs' position is just a continuation of the efforts by certain late-joining members of plaintiffs' counsels' team to re-write the agreed-upon schedule, this is unacceptable.

We have no interest in wasting the time and money of our respective clients or involving the court where it is not necessary. Unfortunately, the positions proffered by the plaintiffs – that we may not depose all of the putative class representatives *and* that the time used in class-action discovery will also count against the seven deposition hours permitted under F.R.C.P. Rule 30(d)(2) when the defendants later seek depositions concerning liability and damages – are such that we cannot proceed without a prior resolution. Very simply, we do not want to commence depositions of your clients, only to find, at a later date, that plaintiffs try to end discovery by claiming that defendants have waived their rights to discovery.

Given the foregoing, if plaintiffs will not immediately agree that the defendants can depose all proposed putative class representatives (as well as other putative class members) and

Monte E. Frank, Esq.
May 11, 2004
Page 3

that the time used for the class action discovery shall not count against the seven hours allowed under Rule 30(d)(2), we will have no choice but to file a motion to compel so that this issue can be resolved prior to depositions. The defendants would prefer to proceed in an amicable fashion to expedite the scheduling of these depositions on any of the above-referenced dates. We are prepared to file notices of deposition and formalize this request. Notwithstanding, if the plaintiffs are unwilling to allow this proper discovery, we believe the issue is now joined, and we will prepare and file the appropriate motion.

If we do not hear from you by May 14, 2004, we will contact Judge Droney so that we may present the issue to the court as he instructed. Our hope would be to find a mechanism to allow this issue to be promptly heard and decided. In addition, to allow the depositions to proceed on the dates to which you have already agreed, we are prepared to proceed even if this issue remains unresolved provided that the parties agree that proceeding will not waive or affect any party's position about these issues.

Very truly yours,

Ann M. Catino

cc: Joseph G. Fortner, Jr., Esq.
Michael H. Wetmore, Esq.
Joel B. Samson, Esq.
Andrew Rainer, Esq.

547152_1.DOC