



**COHEN AND WOLF, P.C.**
**ROBIN A. KAHN**
**158 DEER HILL AVENUE**
**DANBURY, CONNECTICUT 06810**
**TEL: 203-792-2771**
**FAX: 203-791-8149**
**E-MAIL RKAHN@COHENANDWOLF.COM**

# FAX COVER SHEET

***PLEASE DELIVER THE FOLLOWING PAGE(S) TO:***

| | |
|---|---|
| **NAME:** | Ann Catino, Esq.<br>Joel Samson, Esq.<br>Andrew Rainer, Esq.<br>Neil Leifer, Esq.<br>Brad Mitchell, Esq.<br>Alison Clark, Esq.<br>David Zabel, Esq. |
| **FAX NO.:** | (860) 548-0006<br>(314) 480-1505<br>(617) 720-2320<br>(617) 720-2445<br>(203) 394-9901 |
| **DATE:** | May 18, 2004 |
| **SUBJECT:** | Collins, et al v. Olin, et al |

You will receive 4 page(s) **(INCLUDING THIS COVER SHEET)**. If you do not receive all pages being sent, please call MONTE FRANK at (203) 792-2771.

OUR FILE NO.: 278335-001

* * * * * * * * * *

*The information contained in this communication is legally privileged and/or confidential information which is intended only for use of the individual or entity named above. If the reader of this communication is not the intended recipient (or the agent or employee responsible to deliver it to the intended recipient), you are hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original communication to us at the address set forth above via the U.S. Postal Service. Thank you.*



MAY-18-2004 16:52 Case 3:03-cv-00945-CFD COHEN AND WOLF Document 90-4 Filed 05/20/2004 Page 2 of 5 P.02/05

ATTORNEYS AT LAW

HERBERT L. COHEN (1928-1983)

AUSTIN K. WOLF
RICHARD L. ALBRECHT
JONATHAN S. BOWMAN
IRVING J. KERN
MARTIN J. ALBERT
STEWART I. EDELSTEIN
NEIL R. MARCUS
G. KENNETH BERNHARD
DAVID L. GROGINS
GRETA E. SOLOMON
ROBIN A. KAHN
RICHARD G. KENT
RICHARD SLAVIN
DANIEL S. NAGEL
RICHARD J. DI MARCO
DAVID B. ZABEL
MARK A. KIRSCH
DAVID M. LEVINE
JOSEPH G. WALSH
DAVID A. BALL
JOCELYN B. HURWITZ
STUART M. KATZ
MONTE E. FRANK
PATRICIA C. SULLIVAN
BARBARA M. SCHELLENBERG
KAREN WACKERMAN MYERS
VINCENT M. MARINO
MARNIE J. RUBIN
ARI J. HOFFMAN
COURTNEY A. GEORGE
CARRIE L. LARSON
ALISON KAPLAN CLARK
BARBARA ELLIS

OF COUNSEL
ROBERT J. ASHKINS
STUART A. EPSTEIN
JACK E. MCGREGOR
MARTIN F. WOLF

PLEASE REPLY TO <u>Danbury</u>

May 18, 2004

VIA FACSIMILE & U.S. MAIL

Ann Catino
Halloran & Sage, LLC
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

RE: Collins, et al v. Olin, et al

Dear Ann:

I am in receipt of your letter dated May 11, 2004. In an effort to try to resolve the issues, I will address each of your points and attempt to offer a solution.

First, you claim that you have been attempting for some time to schedule depositions of the putative class representatives in this matter. To date, you have only served Notices of Deposition on five plaintiff class members. The depositions of those plaintiff class members were scheduled to go forward in April, 2004, but were adjourned at your request. Your letter then goes on to state that most recently, on April 23, ***2003***, you proposed several dates for the depositions of the plaintiff class members. I assume that you meant April 23, 2004. Notwithstanding that typo, within two weeks we provided you with dates for three of the five deponents as set forth in your letter, and informed you that we were going to work to schedule the remaining two (2) depositions as soon as possible. On Friday, May 14, 2004, I confirmed the schedule for all five deponents as follows:

May 26, 2004 – Louise Craig
May 27, 2004 – Dr. Abdul Hamid
June 8, 2004 – Marc Perry
June 9, 2004 – Janie Clemons
June 24, 2004 – Elizabeth Hayes

This directly contrasts the Rule 30(b)(6) deposition which was noticed as to the Town last year, discussed during our conference call more than a month ago, was the subject of Mr. Rainer's letter dated April 23, 2004 and, it was only yesterday that you provided us with a deponent and available dates.

1115 BROAD STREET
P.O. BOX 1821
BRIDGEPORT, CT 06601-1821
TEL: (203) 368-0211
FAX: (203) 394-9901

158 DEER HILL AVENUE
DANBURY, CT 06810
TEL: (203) 792-2771
FAX: (203) 791-8149

190 MAIN STREET
WESTPORT, CT 06880
TEL: (203) 222-1034

112 PROSPECT STREET
STAMFORD, CT 06904
TEL: (203) 964-9907
FAX: (203) 576-8504

18-May-04 04:50P



Second, we disagree with your claim that the depositions are wholly separate and distinct from any depositions you may choose to take regarding the case in chief. If the written discovery you have conducted is any indication, it is crystal clear that the issues you are inquiring about on class discovery overlap substantially with the issues in the case in chief. As we analyze the class interrogatories previously propounded, a large number of them were directly related to the merits of the causes of action alleged in the complaint::

Hamden:

| | |
|---|---|
| Interrogatory #5 = | Count II - Negligence (Complaint ¶¶ 48-52); Count IV - Gross Negligence (Complaint ¶¶ 63-67); Count VIII - Negligence Per Se (Complaint ¶¶ 78-81) |
| Interrogatory #6 = | Count VI - Environmental (Complaint ¶¶ 71-73); Count X - Strict Liability (Complaint ¶¶ 87-91); Count XVII - CERCLA (Complaint ¶¶ 117-121) |
| Interrogatory #7 = | Count XII - Emotional Distress (Complaint ¶¶ 96-99) |
| Interrogatory #10 = | Count XV - Nuisance (Complaint ¶¶ 108-111) |
| Interrogatory #11 = | Catch All |

Olin:

| | |
|---|---|
| Interrogatory #7 = | Count 1 - Negligence (Complaint ¶¶ 48-52); Count III - Gross Negligence (Complaint ¶¶ 58-62); Count VII - Negligence Per Se (Complaint ¶¶ 74-77) |
| Interrogatory #8 = | Count V - Environmental (Complaint ¶¶ 68-70); Count IX - Strict Liability (Complaint ¶¶ 82-86); Count XIII - §22a-452 (Complaint ¶¶ 100-103); Count XVI - CERCLA (Complaint ¶¶ 112-116) |
| Interrogatory #9 = | Count XI - Emotional Distress (Complaint ¶¶ 92-95) |
| Interrogatory #11 = | Count XIV - Nuisance (Complaint ¶¶ 104-107) |
| Interrogatory #12 = | Catch All |

In our view, this shows that the class discovery and depositions are not "wholly separate and distinct."

Third, with respect to any of these depositions, we intend to seek to enforce the one day, seven hour rule set forth in Rule 30(d)(2) of the Federal Rules of Civil Procedure. I would also direct your attention to Rule 30(a)(2) which requires you to obtain leave of court to take the deposition of a person who has already been deposed in the case, unless there is a written stipulation



of the parties, and there is none. While you claim that the scheduling order sets up two separate categories of discovery, which is true, in no way does it permit you to take the deposition of the same person on more than one occasion.

Fourth, while we understand that you intend to take depositions of each of the named class representative plaintiffs, to date you have only noticed depositions for five of them. We have told you that we do not believe that deposing all of the named class representatives is warranted, but rather is being done to harass the plaintiffs and unnecessarily escalate the cost of litigation. We believe that deposing a representative set of plaintiffs is all that is necessary. This is even more so since you have engaged in written discovery as to all of the class representatives. In light of the written discovery, there is no reason you need to depose all of the class representatives to explore the issues you claim in your letter. While we agree that you are entitled to supplement the written discovery with deposition testimony, we do not see the need to do so with all of the class representatives.

In order to resolve this issue, we would agree to an additional five depositions of the class representatives. We believe that the depositions of a third of the class representatives will provide you with the information that you need to address the issues raised in your letter without harassing the class representatives and unnecessarily escalating the cost of litigation. Accordingly, my suggestion is that we move forward with the ten depositions. Once they have been completed, to the extent that you maintain your belief that more are necessary, we can revisit the issue, rather than engage the Court at this point, when it may be unnecessary to do so, and may delay the deposition of the ten class representatives. If that is acceptable, please let us know who you would like to depose and we will attempt to provide dates of availability.

Finally, it is unfortunate that you claim at the bottom of Page 2 that you are not willing to commence the depositions unless we can resolve this issue. While our position is clear, we are ready to produce the five noticed deponents as outlined above, and an additional five class representatives that you may select, and preserve the issue on additional depositions for discussion once these depositions have been completed. While we believe that the depositions of a third of the class representatives is all that is warranted, we are willing to continue the dialogue with you to see whether there is some common area of resolution. I suspect, however, that the one-day, seven-hour rule poses more of an obstacle.

I look forward to hearing from you.

Very truly yours,

Monte E. Frank

MEF/lr

cc: Joel Samson, Esq.
Andrew Rainer, Esq.
Neil Leifer, Esq.
Brad Mitchell, Esq.
Alison Clark, Esq.
David Zabel, Esq.



18-May-04 04:50P