UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE R. COLLINS, JR., <u>et al.</u> | : | 3:03-CV-945 (CFD) |
| | : | |
| Plaintiffs, | : | |
| V. | : | |
| | : | |
| OLIN CORPORATION and the TOWN | : | |
| OF HAMDEN, | : | |
| | : | |
| Defendants. | : | MAY 20, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS TOWN OF HAMDEN AND OLIN CORPORATION'S
<u>MOTION TO COMPEL</u>**

The defendants, Town of Hamden and Olin Corporation ("defendants"), submit this memorandum of law in support of their motion to compel the depositions of each of the named plaintiffs in the Amended Complaint dated May 28, 2003, as well as any putative class representatives who are not named in the Amended Complaint.

**I.     <u>INTRODUCTION</u>**

The central issue in this motion to compel arises from plaintiffs' counsels' refusal to produce each of the named putative class representatives for deposition on issues related to class certification. Plaintiffs' Amended Complaint names thirty-six (36) putative class representatives. Defendants sent written discovery to each of the named putative class representatives in an effort to gain information – and documents – to facilitate the putative class representatives'

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

depositions. Few documents were produced; the interrogatory responses were largely form responses.

Defendants advised class counsel that they wished to depose each of the named plaintiffs and requested dates when each could be available. When there appeared to defendants to be some difficulties in scheduling the depositions, defendants selected five (5) named plaintiffs as the first to be deposed and sent deposition notices for these five. There has never been any doubt that defendants intended to depose each of the named plaintiffs.

Plaintiffs have refused to allow each of the named plaintiffs to be deposed, insisting initially that defendants be content to depose the five named plaintiffs initially noticed. In an apparent effort at compromise, class counsel now will permit ten of the named plaintiffs to be deposed, but remain adamant in their unilateral refusal to allow deposition discovery of the other named plaintiffs.[1] In their efforts to resist discovery of the named plaintiffs, class counsel have gone so far as to assert that defendants' efforts to depose the class representatives amount to "harassment" and an effort to "unnecessarily escalat[e] litigation costs." Defendants seek to depose the named plaintiffs on the motion that they brought – hardly harassment. Plaintiffs (or class counsel) chose to name 36 putative class representatives, with the attendant litigation costs associated with that decision.

---

[1]       Class counsels' position is especially puzzling to Olin. In their motion to compel directed to Olin, class counsel insisted that Olin had no right to limit their ability to obtain discovery of any relevant matter. Now, plaintiffs want to have the right to name 36 class representatives, but to unilaterally foreclose the defendants from deposing all but a few of them on class certification issues – to limit defendants ability to obtain material relevant to the important issues surrounding the plaintiffs' motion for class certification.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Defendants' request to depose each of the plaintiffs named in the Amended Complaint is reasonable, relevant, and necessary to prepare their opposition to plaintiffs' motion for class certification.  The case law overwhelmingly supports the defendant's right to depose the named plaintiffs on issues related to class certification, as well as subsequently on the merits or substance of the case.  Despite the Scheduling Order in this action, plaintiffs refuse to present their putative class representatives for deposition.

In addition, relying on Rule 32(d), F.R.Civ.P., plaintiffs' counsel has insisted that the one-day, seven hour rule will apply, and thus that the time the defendants spend deposing each plaintiff on class certification issues will be deducted from the remaining time the defendants may later have to depose the same plaintiff during a subsequent deposition on the merits or substance of the case.[2]  The Scheduling Order expressly envisions two separate phases of discovery – class and merits discovery.  While defendants have no intention during merits discovery of repeating discovery taken during this class certification phase, as a matter of logic and law, the time spent deposing individuals on class certification issues should not be deducted from the seven hours the defendants have to depose the same individuals on the merits or substance of the claims.

## II.     LEGAL ARGUMENT

### A.     The Defendants Are Entitled to Depose Each Named Plaintiff and Putative Class Representative on Issues Regarding Class Certification.

---

[2]     It is unclear whether plaintiffs' counsel further believes that by virtue of the "one day" provisions of Rule 32(d), they need not produce the deposed plaintiffs for a second round of depositions.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

This action was commenced on May 2, 2003, when seven putative representatives brought suit in Connecticut Superior Court against the defendants Town of Hamden ("Hamden") and Olin Corporation ("Olin"). The Town, with Olin's consent, removed the case to the United States District Court on May 28, 2003. Also, on or about May 28, 2003, plaintiffs filed an Amended Complaint, adding twenty-nine (29) additional putative class representatives, bringing to thirty-six (36) the number of putative class representatives.[3] After counsel appeared, the parties negotiated and entered into an agreed-upon schedule for discovery and pleading in this matter in their Statement Re: Report of Parties' Planning Meeting dated July 14, 2003 ("Scheduling Order"). This Scheduling Order provided that this matter would proceed in two phases: in the first, plaintiffs would take discovery from Hamden and Olin, respectively, regarding sovereign immunity and successor liability, while defendants would take discovery from the plaintiffs regarding class certification. Then, once the motion for class certification was fully briefed, discovery would proceed with respect to the merits of the case. The Court approved the Scheduling Order on October 14, 2003. The Scheduling Order has been amended twice. This phased scheduled has continued through all modifications to the timing of the schedule.

On September 30, 2003, the plaintiffs filed a motion for class certification, pursuant to F.R.C.P. Rule 23(a) and 23(b)(3). In order to challenge plaintiffs' entitlement to class

---

[3]    Defendants do not know why class counsel determined that an additional 29 named plaintiffs were necessary. Surely the decision to add these 29 additional named plaintiffs was based on factors going to the merits of the Rule 23 analysis as well as the merits of plaintiffs alleged claims, making class counsels' unilateral decision not to permit deposition discovery of all named plaintiffs all the more untenable.

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

certification, the defendants served written discovery and now wish to proceed with depositions of each of the named plaintiffs -- all putative class representatives -- to support defendants' opposition to the plaintiffs' motion for class certification.

For the Court to certify a class under F.R.C.P. Rule 23(a), the plaintiffs must demonstrate that:

1. The class is so numerous that joinder of all members is impracticable;

2. There are questions of law or fact common to the class;

3. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4. The representative parties will fairly and adequately protect the interests of the class.

These four requirements – numerosity, commonality, typicality, and adequate representation – are mandatory, and each must be met in order for a class action to proceed. *See Martin v. Shell Oil Company*, 198 F.R.D. 580, 590 (D. Conn. 2000) ("plaintiffs bear the burden of establishing each requirement for class certification" and "cannot rely solely on the allegations of the complaint, but must provide sufficient information on which the court can make a determination." (citations omitted)); *Noble v. 93 University Place Corporation*, 2004 WL 944543 *1, *3 (S.D.N.Y. 2004) (other citations omitted) (Exhibit A). Each requirement subsumes a number of separate factual inquiries, which defendants seek to address through the depositions of the named plaintiffs.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

A court must ensure that an adequate factual basis exists for a full evaluation of each of the four criteria set out in F.R.C.P. Rule 23 in order to rule on a motion for class certification. *See Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d. Cir.), *cert. denied*, 459 U.S. 838 (1982); *Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library Inc.*, 586 F.2d 962, 966 (2d. Cir. 1978); *Cohn v. Mass. Mut Life Ins. Co.* 189 F.R.D. 209, 212 (D.Conn. 1999) ("the court must perform a 'rigorous analysis' to ensure that the requirements of Rule 23 have been met... the Rule 23 analysis often requires the court to 'probe behind the pleadings before coming to rest on the certification question." (citations omitted)).  Accordingly, courts allow defendants to take the depositions of the putative class representatives prior to ruling on plaintiffs' motions for class certification.  *See, e.g., Beck v. Status Game Corp.*, 1995 WL 422067, at *4-*7 (S.D.N.Y. 1995) (Exhibit B).

In addition to the Rule 23(a) requirements, the plaintiffs must satisfy the requirements of one of the subparagraphs of Rule 23(b).  Here, plaintiffs allege that they satisfy the requirements of Rule 23(b)(3): that common questions predominate over individual ones, and that class action is the superior method for fair and efficient adjudication of the controversy.  *Noble, supra*, at *4-*5 (Exhibit A).  These are also relevant and important issues for deposition examination.

The deposition of each named putative class representative is particularly required on issues related to the final three elements of F.R.C.P. Rule 23(a) – commonality, typicality, and adequate representation.  For example, with respect to commonality, depositions of the plaintiffs and putative class representatives are required to examine individual differences in the strength of each plaintiff's claim and the specific proof supporting each plaintiff's claim and alleged

-6-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

injury.  "Commonality requires a showing that common issues of fact or law affect <u>all</u> class members."  *Nobel, supra,* at *4 (emphasis added) (Exhibit A).  Depositions are necessary to obtain this individual-specific information, especially here where defendants believe that the evidence adduced at deposition will reflect a wide divergence in the history of each property, its development and its location in relation to areas of alleged historic fill activities.

In *Reilly v. Gould, Inc.*, 965, F. Supp. 588 (M.D.Pa. 1997), a case with similar facts to those in the instant lawsuit, present and former residents of an area surrounding a battery crushing and lead processing plant sued the battery company for lead exposure, seeking injunctive relief, damages and class certification.  Although all the plaintiffs had been exposed to operations at the site, the court found that commonality did not exist.  The judge declined to certify the putative class because there would have to be an individual determination of proof for each plaintiff's injury.  Discovery from each plaintiff, including depositions, was necessary in order to establish that each of the plaintiffs, to the extent he or she suffered any injury, has suffered a unique injury.

The geographic area that the putative class representatives purportedly represent here includes approximately 300 homes, developed on different streets and at different times.  Each "block" has a different history and, arguably even differing sections of each block have different histories.  Additionally, some of the residences were constructed in the early 1900s with others dating to the 1950s and still others in the 1990s.  The defendants are entitled to explore the differences among the various properties and the putative class representatives' knowledge, history, activities and injuries as they relate to whether class certification is appropriate.  At a

-7-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

minimum, fairness requires that the defendants be afforded the opportunity to explore these issues with those persons who have come forward to be named as the putative class representatives.

The deposition of each plaintiff and putative class representative is also important to the defendant's opposition to the plaintiffs' claim of typicality. For example, the defendants require an opportunity to examine the plaintiffs and putative class representatives on whether each of their claims arises from the same course of events. *Nobel, supra*, at *4 (Exhibit A). Where the factual disparity among the plaintiffs' claims is substantial, typicality may be defeated. *Id.; see also Reilly, supra*. In *Reilly*, defense counsel was permitted to conduct discovery from each plaintiff. Defense counsel gathered information from each plaintiff and compiled a database that demonstrated the factual differences among the plaintiffs. Since plaintiffs had varying property damage claims, differing levels of lead in their soil, and varying proximity to the site, the court found that typicality did not exist. It was only through independent discovery conducted by the defendants from each plaintiff that this information could be gathered to present in opposition to the motion for class certification. Similarly, evidence about the varying conditions at each of the plaintiffs' properties may very well bear upon whether each plaintiff is a "typical" class member, or whether the variations preclude class certification.

With regard to the defendants' eventual challenge of the adequacy of representation element, it is necessary to depose each plaintiff and putative class representative to discover, for example, whether there are any actual or potential conflicts with the prospective class members or other issues impacting the adequacy of class representation, such as whether the putative class

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

representatives are familiar with the action, whether they have abdicated control of the litigation to class counsel and whether (and when) they knew about the potential for contamination to allegedly exist on their property. *Noble v. 93 University Place Corporation*, 2004 WL 944543, at *4 (S.D.N.Y. 2004) (other citations omitted). Indeed, this important information cannot be known unless and until the defendants are permitted to examine each plaintiff and putative class representative on class certification issues.[4] These are all issues that are subject to proper discovery as part of the class certification discovery authorized by this Court in connection with the motion on consent to modify the scheduling order, dated January 12, 2004. The depositions of the plaintiffs and putative class representatives are required to obtain this essential discovery. The unilateral "line in the sand" by class counsel to preclude this discovery is entirely inappropriate.

Moving beyond the Rule 23 elements, there is a further, fundamental reason that defendants are entitled to depose the plaintiffs and putative class representatives on class certification issues. A class representative is a fiduciary to the class and bears a responsibility to comply with discovery requests. *Kline v. Wolf*, 88 F.R.D. 696, 700 (S.D.N.Y. 1981). Class representatives also are required to participate to some minimal degree in the lawsuit, "to ensure that the party is not simply lending his name to a suit controlled entirely by the class attorney."

---

[4] At the appropriate time, the defendants may also seek to depose select members of the class who are not named plaintiffs for purposes of comparing damages, liability claims and theories, and potential conflicts with the plaintiffs or putative class representatives in preparation of its opposition to the motion for class certification. This motion to compel the named plaintiffs to attend their depositions on class certification issues should not be interpreted as defendants' intent to limit discovery on class certification issues to only those individuals.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

7A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure 2d § 1766, at 310-11 (2d ed. 1986). The refusal of the class representatives to attend their depositions constitutes their refusal to participate in the most minimal discovery in which they are obligated to participate as fiduciaries. Accordingly, the putative class representatives are subject to challenge, *see Darvin v. International Harvester Co.*, 610 F.Supp. 255, 257-58 (S.D.N.Y. 1985) (refusal to answer relevant deposition questions); *Norman v. Arcs Equities Corp.*, 72 F.R.D. 502, 506 (S.D.N.Y. 1976) (failure to answer deposition questions responsively), and their inadequacy supports a challenge to the certification of the entire class. Class representatives are to "comply wholeheartedly and fully" with requests for discovery. *See Norman*, at 506. Given these cases, in which the class representatives' refusal to provide responsive answers at a deposition provided sufficient basis to challenge the adequacy of the class representatives, the putative class representatives who refuse to attend their deposition at all must be open to challenge on that basis alone. *See Noble v. 93 University Place Corporation*, 2004 WL 944543, at *7 (S.D.N.Y. 2004) (noting that the parties are in agreement that only individuals produced for deposition are eligible to serve as potential class representatives) (Exhibit A).

In order to have a fair opportunity to oppose plaintiffs' motion for class certification, the Town of Hamden and Olin require the opportunity to depose each of the named plaintiffs and putative class representatives. Indeed, the Court should defer to defendants' position that these depositions are required. *See Oxford Health Plans, Inc. Securities Litigation*, 191 F.R.D. 369,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

380 (S.D.N.Y. 2000) (deferring to defendant on issue of whether depositions of the plaintiffs would be required on the class certification issues).[5]

In the case of *In re: Rezulin Products Liability Litigation*, 2001 WL 92280, at *1 (S.D.N.Y. 2001) (Exhibit C), the court issued a discovery order permitting multiple depositions of each class representative, including the plaintiffs, on class certification issues.  A portion of the order from that court reads:

> Depositions as to class representatives including plaintiffs, health care providers and other fact witnesses may commence immediately and may proceed on multiple tracks, however, there shall be no more than three (3) deposition tracks scheduled for any one day absent the agreement of the parties.  The Defendants shall have the right to take non-duplicative supplemental depositions as new information or documents are produced, however, there shall be no more than two depositions of any witness as to class issues.

Not only did the court permit the depositions that the defendants seek, but it permitted multiple depositions of the same individuals on class certification issues, as more information was produced during the discovery process.  Id.

There can be no legitimate question that defendants are permitted to depose the plaintiffs and putative class representatives in connection with the preparation of their opposition to a motion for class certification.  "…[P]laintiffs may designate such potential class representatives as they choose and then submit those individuals to the discovery process."  *Rohrer v. FSI Futures, Inc.*, 1997 WL 792955, *1 (S.D.N.Y. 1997) (Exhibit D).  Depositions certainly are part of the discovery process.  *See* F.R.C.P. 30(a); *see also Laborers Local 17 Health and Benefit*

---

[5]        The *Oxford Health Plans* court also found it unnecessary to limit the length of any depositions on the class certification issues. *Id.; see* Section III, *infra*.

-11-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

*Fund v. Phillip Morris, Inc.*, 1998 WL 241279 *1, *2 (S.D.N.Y. 1998) (In assessing defendants' assertion of need for discovery from the class members, and ultimately granting defendants' limited discovery of the class members, the court notes that the defendants already have all of the class representatives from which to obtain discovery on class certification issues in support of their challenge) (Exhibit E); *In re Sapiens Securities Litigation*, 1996 WL 689360, *6 (S.D.N.Y. 1996) (After demanding extensive discovery and filing a motion to compel discovery of the class representatives in connection with class certification issues, which motion the court granted, the defendants deposed all of the representative plaintiffs) (Exhibit F).

Based on the case law, and the order of this Court authorizing discovery as to class certification issues, the named plaintiffs, putative class representatives, should submit to depositions at this time on issues related to the plaintiffs own motion for class certification.

B.     **Defendants' Examination of Each Plaintiff Regarding Class Issues Should Not Count Against the Seven Hour Limit, Under F.R.C.P. 30(d)(2), for Depositions About the Merits.**

Based on the Court's Order issued in connection with the motion of January 12, 2004, which order authorized discovery to begin on the issue of class certification, all depositions taken in connection with this limited discovery should be considered separate and distinct from any deposition of the same individuals taken later in the case on the substantive issues.

The defendants are entitled to depose each plaintiff and putative class representative on the class certification issues in the first instance for seven hours, and on the merits of the claims in the second instance for an additional seven hours.  The Second Circuit case law supports this. *See Cromer Finance Ltd. v. Berger,* 205 F.R.D. 113, 123 n.13 (S.D.N.Y. 2001) (without

-12-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

discussion, noting that the court allowed the defendants seven hours for each deposition taken in connection with the motion to certify the class).

Class action litigation raises unique considerations – issues related to class certification and issues related to the underlying merits of the claims asserted by the class representatives. Given the additional class certification issues, the defendant should be entitled to additional time to depose each plaintiff and class representative beyond the standard seven hours allotted for depositions on the merits or substance of the claims. While it is presently not known whether more than seven hours will be required to depose each plaintiff on separate dates on the collective issues of class certification and the merits of the case, defendants are entitled to the full seven hours for the separate depositions of each plaintiff on class certification issues, and then an additional seven hours on the merits at a later date. While the defendants do not believe any time limitations need be set in connection with the class certification depositions, as the court in *Oxford Health Plans* found when it ordered no such time limitation, the defendants have agreed, in their good faith communications with plaintiffs' counsel, to limit each deposition on class certification issues to seven hours. *See* Affidavit of Ann M. Catino, at ¶ 6, annexed as Exhibit A to the Town of Hamden's Motion to Compel ("Catino Affidavit"). This position has not been accepted by the plaintiffs. *See* Catino Affidavit, at ¶ 10.

Finally, the Order of this Court permitting discovery on class certification issues should resolve this dispute for the plaintiffs. Clearly, it was the intent of this Court and the parties that discovery in connection with class certification issues be conducted separately from other discovery on the substance of the legal claims asserted in the lawsuit. Otherwise, no separate

-13-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

discovery order for class certification issues would have been necessary. Accordingly, the defendants should be permitted to depose each of the plaintiffs in connection with class certification issues, and, during a subsequent deposition of up to seven hours, on the merits of the claims.

## IV.    <u>CONCLUSION</u>

The Town of Hamden and Olin Corporation contend that each plaintiff should submit to the taking of his or her deposition in connection with the court-approved class certification discovery. The defendants are entitled to a full and fair opportunity to discover facts from each of the plaintiffs and putative class representatives to support their opposition to plaintiffs' motion for class certification. This Court would further benefit from this additional discovery in that it would have a greater evidentiary record upon which to base its decision on the class certification motion. Finally, the requested depositions on the class certification issues should not be subject to any time limitation. However, the defendants will not protest a limitation of seven hours for each deposition on class certification issues, provided that the defendant will be entitled to another seven hours to depose each same class member or putative class representative in the future on the merits of the substantive claims in the lawsuit.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HालLORAN
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANT,
TOWN OF HAMDEN


By_____
    Ann M. Catino
    Federal Bar #ct02747
    Joseph G. Fortner, Jr.
    Federal Bar #ct 04602
    HALLORAN & SAGE LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103


    OLIN CORPORATION
    By: Michael H. Wetmore
    Joel B. Samson
    HUSCH & EPPENBERGER, LLC
    190 Carondelet Plaza, Suite 600
    St. Louis, MO 63105
    (314) 480-1500

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**CERTIFICATION OF SERVICE**

I hereby certify that on this 20th day of May, 2004, a copy of the foregoing was served by first class U.S. mail, postage prepaid, upon all counsel of record, as follows:

Monte E. Frank, Esq.
David B. Zabel, Esq.
Alison K. Clark, Esq.
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT  06810

Mark Roberts, Esq.
McRoberts, Roberts & Rainer, L.L.P.
101 Merrimac Street
Boston, MA  02114

Neil T. Leifer, Esq.
Michael A. Lesser, Esq.
Brad J. Mitchell, Esq.
David C. Strouss, Esq.
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA  02110

_____
Joseph G. Fortner, Jr.

552389_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105