Westlaw.

1997 WL 792955                                                                                    Page 1
(Cite as: 1997 WL 792955 (S.D.N.Y.))

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

Thomas ROHRER et al., Plaintiffs,
v.
FSI FUTURES, INC., et al., Defendants.

No. 94 Civ. 6345(CSH).

Dec. 23, 1997.

MEMORANDUM AND ORDER

HAIGHT, J.

*1 The Court scheduled the status conference held on December 9, 1997 in the hope and expectation that at the end of that conference the decks would be cleared for a swift voyage of discovery on issues relevant to class certification.

That hope and expectation have been dashed by the profusion of counsel's letters in the wake of the December 9 conference. This Opinion resolves all issues addressed at the December 9 conference and in the ensuing correspondence of counsel.

1. The current amended complaint names nine residents of Germany as plaintiffs. The complaint and plaintiffs' counsel profess that the claims of those nine individuals are typical of a class of some 1,500 individual investors, all resident in Germany. Plaintiffs seek certification of that class.

At the December 9 conference, plaintiffs' counsel stated an intention to designate four individuals as class representatives. Only one of those individuals, Schenek, is a present plaintiff. The other three proposed class representatives are named Niedermeyer, Denzler, and Neubauer. It was at the December 9 conference that, for the first time, these three individuals graduated from the chorus and saw their names in lights.

In their post-conference correspondence, counsel for defendants initially argued that individuals who are not among the original nine named plaintiffs cannot be designated as class representatives, and accordingly their depositions could not be taken within the context of the certification issue, until plaintiffs had made a formal motion under Rule 15(a), Fed.R.Civ.P., to amend their complaint yet again. That contention was not well founded.

It is true, as defendants point out, that as one of the prerequisites to a class action under Rule 23(a), the proponents of class certification must be able to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Rule 23(a)(3). It follows that a class representative must be a party to the action at the time the class is certified. But this case is not presently at that stage. On the contrary, the parties are about to embark upon discovery intended to assist the Court in determining whether or not to certify the class, an issue upon which I intimate no present view. At the end of that discovery process, it will be incumbent upon the proponents of class certification to identify an individual or individuals [FN1] whose claims are typical of those of the class. If, at the end of class certification discovery, the plaintiffs fail to make that showing, then certification will be denied on that ground. But while discovery on this issue is proceeding--and it has only just began-- plaintiffs may designate such potential class representatives as they choose and then submit those individuals to the discovery process. Eventually such individuals must be confirmed in their role as class representatives by being made named parties to the action, either by stipulation or motion under Rule 15(a), thereby satisfying the requirement of Rule 23(a)(3).

   FN1. Nor do I intimate any present view as
   to whether, in this case, a single class
   representative would be sufficient.

*2 Counsel for defendants now say that they will consent to a proceeding with class action discovery

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1997 WL 792955          Page 2
(Cite as: 1997 WL 792955 (S.D.N.Y.))

of the existing plaintiff, Schenek, and of the three proposed new plaintiffs, if but only if plaintiffs agree that they will not at any subsequent time seek "to revive" any of the other existing eight plaintiff as class representatives. For the reasons given in the preceding analysis, I decline to impose that condition upon the plaintiffs.

2. Plaintiff's request, that depositions of these four individuals proceed at this time on issues concerning both class certification and merits discovery, is denied. Depositions of the proposed class representatives should proceed on issues concerning class certification only. The Court recognizes that to some degree class certification issues and merits issues overlap. Such depositions will not preclude defendants from further discovery of these individuals on merits issues, should that prove necessary after resolution of the class certification issue.

3. As to the appropriate issues for discovery by defendants at this time, I make the following directions:

(a) Defendants may seek discovery concerning the level of sophistication of the proposed class representatives to determine whether the class representatives' investment backgrounds give rise to any unique defenses.

(b) Defendants may inquire into how the representation of plaintiffs came about. If defendants are so advised, they may pursue within reason an inquiry into the financial resources of the plaintiffs. Any inquiry into the litigiousness of plaintiffs is limited to securities matters.

This is not an exhaustive list of discoverable facts on the class certification issue. These rulings do not more than resolve disputes revealed by the parties' pre-conference submissions.

4. As to plaintiff's reciprocal discovery requests, discovery at this time is again limited to issues relevant to class certification. Defendants are to produce Michael Thomas and Robin Rodriguez for depositions.

5. The depositions of Thomas and Rodriguez will be proceeded by defendants' production of documents relevant to class certification issues. The Court identifies as relevant for that purpose the documents described in paragraphs 1-6, 8, 9, 11-16, 20, and 21 of plaintiff's document production request. In their post-conference letter submissions, defendants' counsel say that they may wish to oppose discovery of documents falling within one or more of those categories, on the ground that such discovery would subject defendants to "undue burden or expense," that being one of the grounds for a protective order under Rule 26(c).

Plaintiff's counsel say that defendants have waived any right to object on this ground, but I do not think that is a fair characterization of the record. Accordingly defendants may, if so advised, apply for relief on that ground to Magistrate Judge Andrew Peck, to whom the case is being referred by separate order for supervision of discovery. In such event, it would be defendants' burden to persuade Judge Peck that documents of the sort determined by this Court to be relevant to the issues would be unduly burdensome or expensive to produce.

*3 The timing of discovery will be determined by Judge Peck in consultation with counsel. This Court would hope that discovery on the certification issue can be completed by February 28, 1998, but Judge Peck has the discretion to fashion his own time timetable.

Judge Peck is respectfully requested to inform this Court when all class certification discovery has been completed.

The foregoing is SO ORDERED.

1997 WL 792955, 1997 WL 792955 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works