**Westlaw.**

Not Reported in F.Supp.2d                                                                                           Page 1
(Cite as: 2003 WL 22327167 (D.Conn.))

**H**
Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.

NEW COLT HOLDING CORP., et al., Plaintiffs,
v.
RJG HOLDINGS OF FLORIDA, INC., et al.
Defendants.

No. Civ.3:02CV173(PCD).

June 17, 2003.

*RULINGS ON PENDING DISCOVERY MOTIONS*

DORSEY, J.

*1 Pending are defendants' motion to compel production of specific revolvers and all photographs and negatives(Doc. No.120), plaintiffs' motion to compel discovery and for sanctions (Doc. No. 123), defendants' motion for leave to file Exhibit 3 and portions of Exhibit 23 under seal (Doc. No. 128), plaintiffs' **motion** for **expedited briefing** and consideration of their **motion** for a protective order (Doc. No. 129), plaintiffs' motion for a protective order (Doc. No. 130), defendant AWA International, Inc.'s ("AWA") motion to file interrogatory responses under seal (Doc. No. 132), defendant AWA's motion to expedite consideration and disposition of motion to redesignate documents as non-confidential (Doc. No. 134), defendant AWA's motion to strike plaintiffs' reply brief or in the alternative to file a surreply brief (Doc. No. 135), defendants' motion to compel production of financial notes of plaintiffs' financial statements reply (Doc. No. 137) and defendants' motion to file Exhibits A and B in support of opposition to motion for protective order and reply to plaintiffs' opposition to motion to compel production under seal (Doc. No. 141), all of which suggest that efforts to resolve procedural matters are not reasonably sufficient and that the file is being papered unnecessarily.

I. DEFENDANTS' MOTION TO COMPEL PRODUCTION OF SPECIFIC REVOLVERS AND PHOTOGRAPHS AND NEGATIVES

Defendants AWA and RJG Holdings, Inc. ("RJG") move to compel plaintiffs' production of a Colt "Model P" revolver, an AWA "Peacekeeper" revolver, and all photographs and negatives of the revolvers. The photographs were, in part, in a survey by Warren Keegan to demonstrate a likelihood of confusion between the appearance of defendants' revolvers and plaintiffs' revolvers. Plaintiffs respond that two revolvers were produced for AWA's counsel on May 8, 2003, and that defendants did not request the negatives prior to filing the present motion to compel.

Defendants did not file a reply brief. Plaintiffs thus appear to have complied with the requests to the extent possible. [FN1] As defendants do not dispute plaintiffs' argument that the negatives were not formally requested, a position not in conflict with the evidence provided by defendants in support of their motion, production will not be ordered. The motion to compel is denied.

> FN1. Plaintiffs indicate that they maintain only one copy of the AWA revolver but have several Model P revolvers. They thus produced a Model P revolver but are not sure it was the same revolver photographed.

II. PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY FROM DEFENDANTS AWA AND RJG AND FOR SANCTIONS

Plaintiffs move to compel responses to three interrogatories requesting (1) gross and net revenues from the sale of defendants' revolvers, (2) details as to how aspects of plaintiffs' trade dress are "functional" and (3) details as to how plaintiffs' trade dress is not "indicative of origin."

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d   Page 2
(Cite as: 2003 WL 22327167 (D.Conn.))

Plaintiffs argue that defendants have not responded to interrogatories requesting gross and net revenues from sale of "Peacekeeper" and "Longhorn" revolvers (Int. Nos. 12 and 13). Defendants respond that they have provided the information in documents produced or that the information sought is unavailable.

*2 In support of their argument that documents produced constitute a satisfactory response, defendants cite Fed. R. Civ. P. 33(d), which provides that

> it is a sufficient answer to [an] interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.

Rule 33(d) does not support the argument. The provision requires that a party seeking to use alternative means of responding to an interrogatory specify the records from which a response can be ascertained. Rule 33 does not sanction a response that the requesting party has in its possession all necessary information to answer the request, [FN2] as Fed. R. Civ. P. 26 requires a response in the absence of a sustained objection to the particular request. It is for this Court, not the individual parties, to decide when a request falls outside the bounds of permissible discovery.

> FN2. RJG argues is a slight variation on AWA's argument, that it both produced a general ledger and demonstrated to plaintiff's financial expert how to access the data through computer software and generated response to Interrogatories 12 and 13. This response fails for the same reason as does the general objection. A party may not simply point to prior production and refuse to answer a discovery request absent some showing that identified prior production identifies the responsive information.

Defendants also respond that AWA does not have documents reflecting due diligence conducted prior to its acquisition. Defendants therefore argue that AWA need not produce documents not in its control. In support of this position, defendants cite Fed. R. Civ. P. 34(a), which provides that a party is required to produce tangible things that "are in the possession, custody or control of the party upon whom the request is served." As an initial matter, the issue is not one of a failure to produce documents but rather of a refusal to answer a question. Defendants may not elect to produce documents pursuant to Rule 33(d) and then decline to provide all documents because of the unavailability of documents they deem responsive to the interrogatory. When asked a direct question, a party is obliged to provide a direct answer and may not refuse to do so on an opinion the information can be derived through other requests. *See United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) ("pretrial procedures make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent").

Nor is alleged ambiguity in the terms "gross revenue" or "net revenue" a basis for refusing to respond to interrogatories. Such argument is disingenuous as the terms are commonly employed. Any confusion could be resolved in good faith discussion with opposing counsel as required in the Local Rules. It is noted that defendants cite significance in notes to financial statements per the Financial Accounting Standards Board ("FASB") and Generally Accepted Accounting Principles ("GAAP") in one motion, discussed herein, and claim that they were incapable of discerning the meaning of these commonly employed terms.

Defendants are ordered to respond to the interrogatories seeking information as to gross revenue and net revenue for the two models at issue from the initial date of alleged infringement to the present day. It would be curious indeed if any business, specifically one selling firearms, would be unable to identify both the number of a particular model sold and the applicable unit cost and compute gross and net revenues therefrom. If required information necessary to calculate the figures is unavailable, defendants shall provide a detailed statement as to why it could not obtain the same. Defendants shall further identify any assumptions in deriving the figures and identify potential inaccuracies in the result if known.

*3 Plaintiffs also argue that defendants failed to respond to Interrogatory 1 of its second set of interrogatories, which sought information on "every

Not Reported in F.Supp.2d
(Cite as: 2003 WL 22327167 (D.Conn.))

Page 3

element ... claimed [to be] functional and as to each such element explain in reasonable detail all facts which support your assertion that use of that particular style or design element, as opposed to another possible style or design element, was required for functional reasons." Plaintiffs argue defendants' responses "fail to explain how these features are essential to the use or purpose of the revolvers, such as to put Defendants at a significant disadvantage if prohibited from incorporating them."

Notwithstanding plaintiffs' belief that defendants' response should have conformed to plaintiffs' perceived definition of "functional" under the Lanham Act, the dispute encompassing pages of brief and case citations obviates the need to address the appropriate legal definition. As the issue is raised in the pending motion for summary judgment, its resolution will be left for another day.

In the context of the present motion, defendants' response appears to conform appropriately to the common definition of "functional." Absent a particular definition provided in the Interrogatories, plaintiffs may not now argue that defendants' response was inadequate for failing to respond to plaintiffs' perceived, but unspecified, definition.

Plaintiffs also argue that defendants inadequately responded to Interrogatories 3 and 4, which requests the factual basis for the contentions that the Peacemaker "is not indicative of origin" and that the Peacemaker "fails to indicate a single source of origin." Defendants respond that the Peacemaker has not been manufactured for several decades and the design" is indicative of a genre of revolver, and more often than not of sellers or manufacturers other than plaintiffs."

There can be no question as to whether a party may appropriately employ contention interrogatories. *See McCarthy v. Paine Webber Group, Inc.,* 168 F.R.D. 448, 450 (D.Conn.1996). Plaintiffs sought the factual underpinnings of defendants' allegations, not a recitation of a legal theory. If the alleged trade dress is in fact generic, defendants should have no problem identifying facts in support of its position and responsive to both Interrogatories. Defendants shall therefore provide a factual response to the interrogatories.

Finally, plaintiffs seek sanctions for defendants' failure to respond to the above interrogatories. Sanctions are appropriate "for especially serious disregard of the obligations imposed by the discovery rules." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 2291, at 714 (2d ed.1994). Although the objections interposed by defendants are at times disingenuous, sanctions are not appropriate under the circumstances. No sanctions will be awarded.

The motion to compel is granted in part and the motion for sanctions is denied.

III. DEFENDANTS' MOTION TO COMPEL PRODUCTION OF FINANCIAL NOTES OF PLAINTIFFS' FINANCIAL STATEMENT AND PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AS TO THE SAME

*4 Defendants move to compel production of notes to plaintiffs' financial statements. Plaintiffs seek a protective order precluding this production of the notes claiming confidentiality.

On April 11, 2003, this Court granted in part defendants' motion to compel plaintiffs' production of financial documents. Production was ordered to a limited extent to account for discrepancies in a damages report. A primary consideration in so ruling was that defendants' product line is greater than the three revolvers involved herein and unrestricted production of financial statements would not serve the parsing of total income into income attributable to select models. Defendants did not establish the relevancy of the records to a specific damage claim, and the request for an order compelling full production of financial records was refused.

Defendants argue that their production of financial records requires plaintiffs to do the same. Such is not the case. Nor does plaintiffs' production of financial records without notes, notwithstanding the importance of such notes in the interpretation of financial statements, establish the relevancy of general financial statements. It remains unclear how general financial records are relevant absent detail as to sales and manufacturing for revolvers produced. It is not shown that defendants have requested or been provided with such information. For example, a line entry on a financial statement stating an amount for property, plant and equipment for a multi- product company does not permit calculation of overhead attributable to a specific

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d                                                                                                   Page 4
(Cite as: 2003 WL 22327167 (D.Conn.))

product absent detail as to manufacturing practices and individual product statistics.

The present motions appear to rehash issues presented in the prior motion to compel. The April 11, 2003 ruling provided that
> Plaintiffs will therefore produce excerpts from any document used to establish line entries in the damages report. If the line entries are not apparent from such excerpts, plaintiffs will provide a detailed description of the method and source of data used to generate the value and provide a copy of the underlying data. As a rule of thumb, every line item should be accompanied by sufficient detail as to permit independent verification of the values provided in the damages report.
> To the extent plaintiffs have provided inconsistent damages claims through their experts, they will provide a detailed explanation accounting for any discrepancies. To the extent production is not accomplished through the above production order, plaintiffs will provide any documents pertaining to the above three models detailing production and overhead costs for the years 2000 through 2002 as well as sales for the years 2000 through 2002. If such information is not available on a per model basis, documents detailing financial data for plaintiffs' entire operation will be provided for the same time period as well as documents detailing production and sales figures for all models produced.

*5 (Emphasis added).

Notwithstanding that directive, the parties continue to argue as to whether financial records should be produced, plaintiffs arguing the records are confidential and defendants arguing that they can not verify the accuracy of the records without the notes. Plaintiffs were directed to provide (1) a detailed itemization of damages and (2) a reference to a source of applicable data from which individual line items could be verified. Defendants nowhere indicate that plaintiffs response was inadequate but instead argue that "failure to provide the notes is a failure to provide the detailed bases for [plaintiffs'] claims." In so arguing, defendants misapprehend the April 11, 2003 order, specifically that defendants must first identify a specific inconsistency, then establish that the data provided could not be verified by information identified and finally show that substantiation is not available for data provided. Only after such compliance would defendants be entitled to all financial records with notes. Such is not presently shown to be the case, thus production will not be ordered. Defendants' motion to compel is denied.

Denial of defendants' motion and the expiration of the discovery period renders plaintiffs' motion for a protective order moot, and it is thus denied. [FN3]

> FN3. As with defendants' motion to compel, plaintiffs would not be entitled to a protective order without first establishing that they satisfied the above requirements and defendants still sought the financial statements. Absent an indication that such is the case, no protective order would issue.

IV. OTHER PENDING MOTIONS

Defendant AWA moves to strike as untimely plaintiffs' reply in further support of its motion to compel. The motion (Doc. No. 135) is granted. [FN4]

> FN4. Defendant in the alternative sought leave to file a sur-reply brief to respond to allegations that it had been less than candid with this Court. As the reply added little to the determinations on the motion, its absence prejudices neither side.

Defendants move to file several exhibits in support of their motion to compel discovery under seal. The motion (Doc. No. 128) is granted. Defendant AWA moves to file certain interrogatory response under seal. The motion (Doc. No. 132) is granted.

Defendants move to file exhibits supporting defendants' opposition to plaintiffs' motion for a protective order and defendants' motion to compel production of financial notes under seal. The motion (Doc. No. 141) is granted.

Plaintiffs move for expedited consideration of its motion for a protective order. The motion (Doc. No. 129) is granted.

Defendant AWA moves for expedited consideration of its motion to redesignate

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d                                                    Page 5
(Cite as: 2003 WL 22327167 (D.Conn.))

documents as confidential. The motion (Doc. No. 134) is granted. An expedited briefing schedule will not be set, thus ordinary deadlines apply to the filing of the memorandum in opposition and reply brief, which will be filed directly with the Court rather than according to the Supplemental Order procedures.

VI. CONCLUSION

Defendants' motion to compel production of specific revolvers and all photographs and negatives for discovery (Doc. No. 120) is denied. Plaintiffs' motion to compel discovery (Doc. No. 123-1) is granted in part and motion for sanctions (Doc. No. 123-2) is denied. Defendants' motion for leave to file Exhibit 3 and portions of exhibit 23 under seal (Doc. No. 128) is granted. Plaintiffs' **motion** for **expedited briefing** and consideration of their **motion** for a protective order (Doc. No. 129) is granted. Plaintiffs' motion for a protective order (Doc. No. 130) is denied as moot. Defendant AWA's motion to file their interrogatory responses under seal (Doc. No. 132) is granted. Defendant AWA's motion to expedite consideration and disposition of its motion to redesignate documents as non-confidential (Doc. No. 134) is granted. Defendant AWA's motion to strike plaintiffs' reply brief (Doc. No. 135-1) is granted and its alternative motion to file a surreply brief (Doc. No. 135-2) is denied. Defendants' motion to compel production of the notes of plaintiffs' financial statements (Doc. No. 137) is denied. Defendants' motion to file Exhibits A and B in support of opposition to motion for protective order and reply to plaintiffs' opposition to motion to compel production under seal (Doc. No. 141) is granted.

*6 SO ORDERED.

2003 WL 22327167 (D.Conn.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works