UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE R. COLLINS, JR., et al. | : | |
|     Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3-03-945 (CFD) |
| vs. | : | |
| | : | |
| OLIN CORPORATION and the TOWN | : | |
| OF HAMDEN, | : | |
|     Defendants. | : | JUNE 11, 2004 |

**PLAINTIFFS' OBJECTION TO DEFENDANTS TOWN OF HAMDEN AND OLIN CORPORATION'S MOTION TO COMPEL**

**Preliminary Statement**

Plaintiffs hereby respectfully object to Defendants Town of Hamden's and Olin Corporation's Motion to Compel dated May 20, 2004. In support of this Objection, Plaintiffs submit this memorandum.

Notwithstanding that Defendants have styled the motion as a "Motion to Compel," there is nothing for this Court to compel, as Plaintiffs have never refused to produce any of the five noticed deponents. Those depositions were scheduled and cancelled twice by Defendants. With respect to the remainder of Plaintiffs/proposed class representatives, Defendants have never noticed their depositions. While it is true that Plaintiffs believe that taking more than ten depositions of the proposed class members (approximately 1/3 of the proposed class) is unnecessary, and serves no purpose other than to drive up litigation costs and to harass, Plaintiffs even offered to revisit that issue after Defendants completed the initial ten depositions. Defendants refused.

In essence, what this entire dispute comes down to is whether Defendants ought to be permitted to disregard the Federal Rules of Civil Procedure by taking more than one deposition of the same person for longer than seven hours. This issue, however, is not ripe, as the Federal Rules

unambiguously provide that this issue should not be addressed until after the initial deposition has been taken. Defendants' reliance on the Scheduling Order (the "Order") is equally misplaced. While it is true that the Order permits discovery in phases, at no point did the Plaintiffs waive the one-day, seven-hour rule set forth in Rule 30(d)(2) of the Federal Rules of Civil Procedure. Clearly, what is happening here is that Defendants want to take deposition after deposition in an effort to harass and to drive up litigation costs. There is no other reasonable explanation for their desire to leave open the possibility of taking sixty-six or more depositions of the thirty-three plaintiffs without the limitation of the seven hour rule as to each.

## Facts

On March 12, 2004, Plaintiffs' counsel received deposition notices for five named plaintiffs. The notices scheduled depositions for various dates between March 29, 2004 and April 15, 2004. Working with Defendants' counsel, Plaintiffs scheduled the depositions on mutually agreeable dates during the last two weeks of April, 2004. Plaintiffs were prepared to produce the five noticed plaintiffs for their deposition, however, at Defendants' request, the scheduled depositions were postponed. *See Exhibit A attached hereto.* On April 23, 2004, Defendants proposed alternate dates for the depositions of the noticed plaintiffs. Plaintiffs scheduled three of the depositions within two weeks, and confirmed a schedule for all five noticed deponents on May 14, 2004. *See Exhibit B attached hereto.*

During this rescheduling effort, counsel for the Town of Hamden asserted that Defendants intended to depose **each** of the thirty-three proposed named class representatives for purposes of preparing an opposition to class certification, rather than the five plaintiffs that Defendants noticed for depositions or even a reasonable subset of the proposed class representatives.

2

While Plaintiffs informed Defendants that deposing all Plaintiffs/Class Representatives is not warranted on the issues related to opposing class representation, and was being proposed to harass and to unnecessarily escalate litigation costs, in an effort to resolve this issue, Plaintiffs suggested that Defendants take the five depositions that they noticed and the deposition of five additional Plaintiffs/Class Representatives of their selection, and "preserve the issue on additional depositions for discussion once these depositions were completed." *See Exhibit B at page 3*. Plaintiffs further stated to Defendants:

> Finally, it is unfortunate that you claim at the bottom of Page 2 that you are not willing to commence the depositions unless we can resolve this issue. While our position is clear, we are ready to produce the five noticed deponents as outlined above, and an additional five class representatives that you may select and preserve the issue on additional depositions for discussion once these depositions have been completed. While we believe that the depositions of a third of the class representatives is all that is warranted, we are willing to continue the dialogue with you to see whether there is some common area of resolution.

*Id.* Defendants rejected this solution, and never suggested any resolution of the dispute other than produce all thirty-three Plaintiffs/Class Representatives without the protection of the one-day / seven hour day rule afforded by Rule 30(d)(2) of the Federal Rules. During this exchange Defendants asserted their position that the depositions of all proposed class representatives would not 'count' against the one day/seven hours allowed for a deposition under Rule 30(d)(2). Defendants insisted on a "right" to additional depositions of each putative class representative for purposes of the case-in-chief.

**<u>Argument</u>**

Plaintiffs oppose Defendants' position on three main grounds, which were repeatedly noted in the communications between Plaintiffs and Defendants regarding depositions. First, Plaintiffs disagree with Defendants' claim that the class depositions were distinct and separate from any depositions concerning the case-in-chief. Written discovery issued by Defendants to each proposed class representative indicates a significant overlap between the issues related to class discovery and those related to the merits of the causes of action asserted in the complaint. *See Exhibit B.*

Second, the Federal Rules of Civil Procedure clearly state that a deposition may consist of one day of seven hours. As Rule 30(d)(2) of the Federal Rules of Civil Procedure mandates, "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours…" FED. R. CIV. PRO. 30(d)(2). The Advisory Committee Notes concerning the amendment of this Rule state that part of the rationale behind the adoption of the amendment was that the "Committee has been informed that overlong depositions can result in undue costs and delays in some circumstances." FED. R. CIV. PRO. 30(d)(2) advisory committee's note. This comment reveals that this language was meant to address and prevent the use of depositions to harass litigants and unnecessarily escalate the costs of litigation.

Moreover, Rule 30(a)(2) requires a party wishing to re-take the deposition of a person already deposed in a case to obtain leave of court unless a written stipulation exists between the parties. No such stipulation exists. While Defendants claim that the Scheduling Order provides for multiple depositions of the same party based upon its separation of discovery into two categories, the Scheduling Order does not stretch to give the express leave of court contemplated by Rule 30(a)(2),

4

or to waive the one-day, seven-hour limitation set forth in Rule 30(d)(2); it certainly was not meant to be and cannot be interpreted as a blanket waiver of the Rule, as Defendants suggest.

To date, Defendants have only noticed five depositions for named class representatives. While they recently requested depositions of all potential class members, Plaintiffs believe that to be unnecessary to mount opposition to class certification. Rather Plaintiffs contend that depositions of a representative set of plaintiffs and the written discovery already issued to each named class representative, rather than a full-scale assault upon each class representative, as well as putative class members, is all that is warranted.

Despite Plaintiffs' disagreement with Defendants' assertions regarding the depositions, Plaintiffs attempted to reach a reasonable compromise, rather than taking a position that unilaterally cut off discovery. In an attempt to resolve the disagreement, Plaintiffs agreed to the depositions of an additional five proposed representatives for a total of ten depositions. Deposing one-third of the proposed class representatives, in Plaintiffs' view, would be more than sufficient to provide Defendants with the information they need to analyze and challenge class certification.

In addition, Plaintiffs urged Defendants not to file the instant Motion to Compel, or at the very least not to bring discovery to a standstill during its pendency. Most significantly, Plaintiffs proposed that Defendants take the aforementioned ten depositions and then, after the first ten depositions, both sides could reassess the situation. At that time, both sides could determine whether additional depositions were necessary and whether the parties needed the Court's involvement. This solution would have the added advantage of providing a record for the Court's consideration as to the necessary length of each deposition, as well as whether the subject matter of the deposition with respect to class certification issues mirrors discovery as to the merits of Plaintiffs' claims with

respect to the case-in-chief. Moreover, beginning depositions and continuing the discovery process would not (and will not) put Defendants at any risk, as it is not Plaintiffs' role to determine whether the seven-hour / one-day rule per witness should be relaxed in some way, but instead is the role of the Court, upon request for leave by Defendants, in accordance with the provisions of Rules 30(a)(2) and 30(d)(2).

However, rather than going forward with the scheduled depositions of the noticed Plaintiffs, Defendants filed the instant motion to compel the depositions of each of the named putative class representatives with respect to class certification. In short, while Defendants couched this request in terms of a Motion to Compel, Defendants' Motion essentially seeks an advisory opinion from this Court on the workings of the Federal Rules of Civil Procedure. More specifically, Defendants seek the Court's advice on two issues. First, how the seven-hour / one-day rule functions under the Federal Rules of Civil Procedure and second, whether this particular case warrants deposing all thirty-three proposed class representatives rather than some reasonable subset to test the issue of class certification.

While the Court is certainly empowered to answer all of the questions raised by the Defendants, Plaintiffs submit that, as no depositions of Plaintiffs have yet occurred, and Plaintiffs have never refused to produce any Plaintiff / proposed class representative these issues are not yet ripe for adjudication.

**<u>Conclusion</u>**

Plaintiffs respectfully request that the Motion to Compel be denied, without prejudice, so that in the limited time before the discovery cut-off date under the Order, the parties may resume discovery and report back to the Court after the initial round of agreed-upon depositions occurs to determine what dispute, if any, remains at that time.  Moreover, Plaintiffs also suggest that the issue of the seven-hour / one-day rule is not ripe either.  If Defendants decide at a later date that they want another deposition of a previously deposed Plaintiff / Class Representative, then they should discuss it with Plaintiffs.  To the extent that no agreement can be reached, Defendants may request leave of court as contemplated by Rule 30(a)(2) and consistent with Rule 26(b)(2).  To allow Defendants to proceed with depositions without the restraints provided by the seven-hour / one-day rule would only serve to invite Defendants to engage in the abuses which the seven hour / one-day rule as set forth in Rule 30(d)(2) was intended to avoid.

THE PLAINTIFFS,

By_____
David B. Zabel, Esq. ct01382
dzabel@cohenandwolf.com
Monte E. Frank, Esq. ct13666
mfrank@cohenandwolf.com
Alison K. Clark, Esq. ct25761
aclark@cohenandwolf.com
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, Connecticut 06604
Tele:  (203) 368-0211
Fax:   (203) 394-9901

Mark Roberts, Esq.  
mroberts@mcrobertsandroberts.com  
Andrew Rainer, Esq.  
arainer@mcrobertsandroberts.com  
McRoberts & Roberts, LLP  
Exchange Place  
53 State Street  
Boston, Massachusetts 02109  
Tele: (617) 722-8222  
Fax: (617) 720-2320  

Neil T. Leifer, Esq.  
nleifer@tenlaw.com  
David C. Strouss, Esq.  
dstrouss@tenlaw.com  
Brad J. Mitchell, Esq.  
bmitchell@tenlaw.com  
Thornton & Naumes L.L.P  
100 Summer Street, 30th Floor  
Boston, Massachusetts 02110  
Tele: (617) 720-1333  
Fax: (617) 720-2445

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was served on the date hereof via First Class U.S. Mail, postage prepaid, upon the following:

**Olin Corporation**:

Mark S. Baldwin, Esq.
Sandra K. Davis, Esq
Brown Rudnick Berlack Israels
CityPlace I, 185 Asylum Street
Hartford, CT  06103-3402

Joel B. Samson, Esq.
Michael H. Wetmore, Esq.
Husch & Eppenberger
190 Carondelet Plaza
Suite 600
St. Louis, MI 63105-3441

**The Town of Hamden:**

Ann Marie Catino, Esq.
Joseph G. Fortner, Jr., Esq,
Brian D. Rich, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103-4303

_____
Monte E. Frank