UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE R. COLLINS, JR., et al. | : | 3:03-CV-945 (CFD) |
| | : | |
| Plaintiffs, | : | |
| V. | : | |
| | : | |
| OLIN CORPORATION, et al. | : | |
| | : | |
| Defendants. | : | JUNE 25, 2004 |

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY

The defendants, Town of Hamden ("Hamden") and Olin Corporation ("Olin") (collectively, "defendants"), hereby submit this reply memorandum in opposition to the plaintiffs' June 11, 2004 Objection to Defendants' Motion to Compel dated May 20, 2004 ("Objection").

In the absence of any legal support for plaintiffs' stated positions, plaintiffs have resorted to restating their contentions numerous times in the hopes that repetition will prevail over substance. Defendants' substance must prevail. Plaintiffs' Objection repeatedly contends that: (1) the issues raised by defendants are not ripe for adjudication (Objection, p. 1); (2) there is no reason to depose more than 10 named plaintiffs because these 10 depositions, along with the written discovery already issued to each named plaintiff, are sufficient to "mount opposition to class certification" (Objection, pp. 3, 5 and 6); and (3) class certification and merits discovery combined cannot exceed one day and seven hours (Objection p. 4).

Not only have plaintiffs failed to cite a single case to support their positions, plaintiffs completely ignore the cases cited in defendants' May 20, 2004 memorandum of law in support of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

their Motion to Compel ("Initial Memo"), which dismiss plaintiffs' contentions. Nonetheless, defendants will address each of plaintiffs' contentions.

      A.      <u>The Issues Raised in Defendants' Motion to Compel are Ripe.</u>

On the issue of ripeness, plaintiffs contend that defendants' Motion to Compel is not ripe because defendants have not noticed the depositions of all named plaintiffs.[1] *See* Objection, at 1. Plaintiffs also argue that the issue regarding the length of the deposition – whether defendants may depose the named plaintiffs for more than seven total hours over the course of two distinct depositions, one on class certification issues, and the other on the merits of the case -- is not ripe until after the class certification depositions actually take place.

The issues in the defendants' Motion to Compel became ripe when defendants initiated communications with plaintiffs out of courtesy to schedule the depositions of all of the putative class representatives, and plaintiffs repeatedly and categorically refused to submit more than five (which later became ten) to their depositions. Indeed, plaintiffs concede as much in their Objection. *See* Objection, at 1.

Furthermore, and of greater significance, plaintiffs ignore that, when defendants raised these issues with this Court during a telephone conference on or about May 4, 2004, the Court invited defendants to submit a motion on these issues in the event the parties could not resolve them on their own following further good faith communications. As defendants set forth in their Initial Memo, the parties engaged in those communications without success. Through its invitation to defendants to submit these discovery disputes for resolution, the Court has already determined that the issues are ripe for adjudication.

---

[1]     The plaintiffs suggest that defendants should have issued deposition notices for all plaintiffs and proposed class representatives despite the fact that plaintiffs made their position on these issues very clear. Under the plaintiffs' concept, defendants would have issued deposition notices which undoubtedly would have resulted in a motion for protective order with respect to each plaintiff.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The parties and the Court are well served if these discovery disputes are resolved now. Indeed, the plaintiffs have offered no logical or rational explanation as to how issues of judicial economy (or even the interests of any party) are advanced by the Court failing to address the issues now. Moreover, defendants, are substantially prejudiced in the preparation of their opposition to the motion for class certification if they are not permitted to depose each of the named plaintiffs regarding class certification issues. *See* Initial Memo, at 5-14.

B.   Defendants are Entitled to Depose All Named Plaintiffs.

A fundamental issue plaintiffs ignore is that it is not for the plaintiffs to determine what discovery is necessary for defendants to oppose plaintiffs' motion for class certification. As defendants made clear in their Initial Memo, defendants have the right to depose *all* named plaintiffs in the lawsuit, and that such discovery may be conducted on class certification issues as an initial matter, separate and apart from the discovery on the substantive claims at issue in the case. Moreover, all 36 named plaintiffs elected or agreed to be named in the lawsuit. Along with that comes the obligation – indeed, the duty – to submit to discovery, including depositions. Even the most cursory review of federal case law demonstrates that courts have held that (i) named plaintiffs are always parties subject to discovery; and (ii) plaintiffs bringing actions generally are not allowed to self-select the active class representatives and then leave discovery limited to the portion the plaintiffs selected. *See In re Folding Carton Antitrust Litigation*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) (citing *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1006 (7th Cir. 1971), *cert. denied*, 405 U.S. 921 (1972); *In re Vitamins Antitrust Litigation*, 198 F.R.D. 296, 303 (D.D.C.2000); *see also, Larson v. Burlington N. and Santa Fe Railway Co.*, 210 F.R.D. 663, (D.Minn. 2002) (on defendant's motion to limit discovery, court held that it was appropriate in the interests of efficiency and economy to bifurcate discovery in putative class

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

action, and limit discovery in the first phase to claims of named plaintiffs in preparation of class certification motion, prior to discovery of merits of class action).

The plaintiffs' contention that the only reasonable explanation for defendants' desire to depose each of the named plaintiffs is to harass and drive up litigation costs is categorically false. *See* Objection, at 2. Plaintiffs' argument is unavailing in light of cases cited in defendant's Initial Memo and the fact that the taking of 36 depositions to determine the issues of commonality, typicality, numerosity and adequacy of representation for a class potentially numbering between 300-600 (or more) is not unduly burdensome to determine the validity of a class action. In *Davenport v. Gerber Products Co.*, CIV. A. No. 87-3198, 1988 WL 52098 (E.D. Pa. 1988) (appended hereto as Exhibit A, plaintiffs in a class action filed a motion for protective order to prohibit the deposition of any unnamed class member or in the alternative to allow the deposition of only five (5) unnamed class members. *Id.* at *1. The named plaintiffs argued that taking such depositions would be an impermissible inquiry into the merits of the claims of the unnamed claimants and that such depositions for class certification would result in a tenfold increase in time, cost and paper without corresponding benefit for the court. *Id.* Moreover, the plaintiffs argued that the court could determine the validity of class certification through the deposition of three (3) plaintiffs. *Id.* at *2. The court was not persuaded by those arguments and held that it was not unreasonable or unduly burdensome for defendants to depose thirty-five (35) claimants for class certification purposes. *Id.* at *1. The court found that *there is no way to tell exactly what number of depositions is needed to determine the issues of commonality, typicality and adequacy of representation. Id.* at *2 (emphasis added).

Like *Davenport,* there is no way to adequately and fairly determine class certification through the depositions of five, ten or any subset, sampling, representative group of the named

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiffs. Further, the taking of thirty-six (36) depositions of the named class representatives to determine such class certification issues is certainly not unreasonable, unduly burdensome, meant to cause harassment or used to drive-up litigation costs, especially in the context of class action litigation.[2]

In the face of this, plaintiffs contend that 10 depositions, along with the written discovery already issued to each named plaintiff are all defendants need to oppose class certification. Such an argument is most egregious in the instant case whereby those plaintiffs who responded largely provided the same form response or a boilerplate response. And, numerous named plaintiffs failed to offer even the most rudimentary written discovery responses despite defendant's requests for a more complete and adequate response. For example, on January 23, 2004, after much discussion, plaintiffs agreed to provide supplemental responses to defendants' written discovery requests. *See*, David Zabel's January 23, 2004 letter to Joseph G. Fortner, Jr. (appended hereto as Exhibit B). Despite this representation, defendants still do not have the supplemental responses they have been promised.[3]

   C.   Class Certification and Merits Discovery are Different and Will Require More Than One Deposition of Each Named Plaintiff.

There can be no question that this Court, in its prior discovery orders, has ordered discovery to be conducted in phases, with the parties commencing discovery on class certification issues immediately. Logic and common sense also lead to the obvious conclusion that separate depositions will be required of the plaintiffs to carry out this Court's order of a

---

[2]   Because *Davenport* dealt with unnamed plaintiffs, the case is even stronger here for defendants' entitlement to depose all of the named plaintiffs who voluntarily attached their names to this lawsuit.

[3]   For example, with respect to supplemental interrogatory responses, defendants still await supplementation from 14 plaintiffs: Gwendolyn Coppage, Ruth and Donald Eaton, Maxine and William Jones, Josephine Neal, Collin Rouse, Clifford Senior and Adrienne Rouse, Raymond and Ellecia Sims, William and Venus Walker, and Murline Wellesley.

-5-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

phased approach to discovery, with an initial deposition during the class certification discovery on issues only relevant to defendants' opposition to class certification, and with a second deposition during the merits of the case. This phased approach to discovery is logical, efficient, and ultimately economical, and defendants remain perplexed as to how the plaintiffs believe that separate depositions can be avoided within the context of phased discovery. Depositions of the named plaintiffs are an essential part of class certification discovery. While there may inevitably be overlap between class certification issues and merits discovery in any class action proceeding, such overlap does not (and should not) provide plaintiffs the opportunity to contravene the discovery process.

Plaintiffs' position here is also contrary to plaintiffs' own admission in their Rule 30(b)(6) Notice of Deposition to the Town of Hamden Concerning Sovereign Immunity Issues.[4] Specifically, plaintiffs stated:

> Since the Case Management Order directs that discovery on sovereign immunity be completed by January 31, 2004, and because there may be some overlap of issues related to sovereign immunity and other issues in the case, the plaintiffs intend to focus the deposition on issues related to sovereign immunity only. ***However, the plaintiffs do not waive their right to inquire about similar or identical topics as they relate to other issues involved in this case at a subsequent deposition of the Town pursuant to Rule 30(b)(6).***

*See*, Plaintiffs' 30(b)(6) Notice of Deposition to the Town of Hamden Concerning Sovereign Immunity Issues, pp. 3-4 (emphasis added) (appended hereto as Exhibit C).

The plaintiffs' purported preservation in their 30(b)(6) deposition notice of a second, separate deposition of Hamden's witness is entirely inconsistent with their arguments in opposition to defendants' instant motion. Based on plaintiffs own logic, as presented in their 30(b)(6) deposition notice to Hamden, defendants are entitled to depose each named Plaintiff and

---

[4] In the same discovery order in which this Court permitted initial discovery on class certification issues by the defendants, discovery on sovereign immunity issues also was permitted during the initial phase of discovery.

-6-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

putative class representative on the class certification issues in the first instance for one-day/seven-hours, and on the merits of the case-in-chief in the second instance for an additional one-day/seven-hours.[5]  *See id*.; *Cromer Finance Ltd. v. Berger*, 205 F.R.D. 113, 123 n.13 (S.D.N.Y. 2001); *see also*, *American Nurses Ass'n v. Illinois*, No. 84 C 4451, 1986 WL 10382 *2-3 (N.D. Ill. 1986) (in a case whereby the plaintiffs objected to bifurcating discovery because it enabled defendants to depose the named plaintiffs twice, once on the issue of class certification and once on the merits of the claim, the court held that bifurcation was appropriate, even though it may inconvenience the named plaintiffs, because it may result in substantial savings of time and energy later – "[i]f class certification is denied, the scope of permissible discovery may be significantly narrowed; if a class is certified, defining that class should help determine the limits of discovery on the merits.") (appended hereto as Exhibit D).

Plaintiffs' position regarding the seven-hour rule in F.R.C.P. 30(d)(2) also is illogical. Plaintiffs offer no legal support for their position that the separate depositions contemplated by this Court's phased approach to discovery are limited to a combined seven hours, pursuant to Rule 30(d)(2).  The plaintiffs argue that the phased discovery approach with two separate depositions – for separate purposes - would constitute a "re-taking" of the deposition that would require leave of Court.  *See* Objection, at 4.  No leave of Court is necessary given this Court's prior discovery order, in which the parties were ordered to initiate discovery in phases, beginning with class certification issues.  The Court did not preclude depositions; indeed, they are an

---

[5]  In the event the Court denies the instant motion, the defendant will object to any requests for a second deposition of any witnesses produced for deposition on sovereign immunity issues, in connection with the plaintiffs' 30(b)(6) deposition notice or otherwise, to the extent such requests deviate in any way from the ruling of this Court in connection with the discovery defendants seek on the class certification issues.  It is only logical and fair that whether one deposition or two, and for a total of seven or fourteen hours, will be allowed to the defendants in conducting class certification discovery should apply with equal force and rigidity or flexibility to the plaintiffs in conducting their discovery on sovereign immunity issues.  Regardless of the outcome of the instant motion, the defendants reserve their right to object to future depositions of defense witnesses on other grounds.

-7-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

integral component of the discovery process and vital to the preparation of defendants' opposition to plaintiffs' motion for class certification. *See* Initial Memo, at 10. Moreover, defendants do not presently intend to recover topics in later depositions that were adequately addressed during the class certification depositions.

It is defendants' strong desire to move ahead with discovery. However, defendants cannot risk commencing discovery of any one plaintiff, when the parties dispute the length of time defendants will have with each deponent. As this Court may well envision, the approach to preparing for, and the method of conducting, depositions of each named plaintiff would be vastly different if there is a seven-hour total time limitation for both depositions combined, as opposed to a seven-hour limitation for each deposition.

The very nature of class action litigation makes the discovery in this case unique, calling for a deviation from the standard discovery rules. Discovery is to be conducted in phases, which necessarily calls for separate depositions of the plaintiffs, if the phased approach is to be followed as ordered. Given that Rule 30(d)(2) allows seven total hours <u>per deposition</u> and <u>not per deponent</u>, the defendants are entitled to a seven-hour limit for each deposition. *See* Rule 30(d)(2) ("Unless otherwise authorized by the court or stipulated by the parties, <u>a deposition</u> is limited to one day of seven hours.") (emphasis added). Clearly, in drafting Rule 30(d)(2), the Rules Committee could have written the rule to read that no deponent may be deposed for more than seven hours, had that been its intent. Accordingly, the defendants contend that they are entitled to depose the named plaintiffs during two separate depositions, in accordance with this Court's discovery order, and for up to seven hours during each separate deposition.

Plaintiffs' concept of how these disputed discovery issues should be resolved is impractical, needlessly wasteful, and fails to recognize the importance of defendants' knowing

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

before commencing depositions the total length of time that they will have to depose each named party. Furthermore, the plaintiffs again are being disingenuous when they assert, as part of their proposed solution, that defendants start the depositions on class certification issues by conducting their single, seven-hour depositions of the 10 produced plaintiffs, after which, if necessary, the parties can "discuss" a second deposition for each. *See* Objection, at 7. Clearly, the plaintiffs' motivation behind their self-proclaimed "logical" or "practical" approach of starting the depositions to see if defendants need a second deposition is made to put all risk of proceeding in this fashion on the defendants. With no guarantee of an ability to spend more time with each named plaintiff, defendants Hamden and Olin would be required to limit their questions on class certification issues in order to ensure that enough time remains to cover the critical issues that deal with the substantive claims in the case. For example, an exploration of the issue of each plaintiff's individual damages (which have yet to be disclosed) will likely require a great deal of inquiry during a merits deposition given that plaintiffs' written discovery responses shed no light on each plaintiff's individual damages.

Being forced to cut back on the time spent on crucial aspects of the numerosity, commonality, typicality and adequate representation elements of class certification would severely limit the defendants' opportunity to challenge the plaintiffs' class certification motion, and would lead to incomplete and unsatisfactory discovery on both the class certification issues and the substantive issues in the case. Such a result would severely prejudice defendants.

As a matter of equity, it was the plaintiffs who chose to name 36 proposed class representatives, not defendants. The 36 named plaintiffs' decisions to be involved come with the relevant consequence that they must participate meaningfully in the discovery process. By refusing, through counsel, to participate in their depositions, the plaintiffs are not satisfying their

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

fiduciary responsibilities, *In re Gaming Lottery Securities Litigation*, 58 F.Supp.2d 62, 76 (S.D.N.Y. 1999), which, along with the Court's invitation to present these issues after a good faith effort to resolve the issues in dispute, make these issues ripe for adjudication by this Court.

If the Court finds the plaintiffs' arguments persuasive on these disputed issues, however, then, in the interests of efficiency and judicial economy, defendants respectfully request that the Court consider their Motion to Compel as a request, pursuant to F.R.C.P. 26(b)(2) and 30(a)(2), for the relief requested in their Motion to Compel (i.e., to depose each named plaintiff and proposed class representative in separate depositions, each of which will have a seven-hour limitation). Rule 30(d)(2), among other things, requires the Court to permit additional time if needed for a fair examination of the deponent. *See* F.R.C.P. 26(b)(2) (Court may alter the limits in these rules on the number of depositions or their length under Rule 30).

For all of the foregoing reasons, as well as all of those in defendants' Initial Memo, defendants respectfully request that the Court grant defendant's Motion to Compel so that the defendants may move forward with discovery on the class certification issues.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

        Respectfully Submitted,

        THE DEFENDANTS,
        TOWN OF HAMDEN


        By_____
           Ann M. Catino
           Federal Bar #ct02747
           Joseph G. Fortner, Jr.
           Federal Bar #ct 04602
           HALLORAN & SAGE LLP
           One Goodwin Square
           225 Asylum Street
           Hartford, CT 06103
           (860) 522-6103

        OLIN CORPORATION

           Michael H. Wetmore
           Federal Bar # ct24899
           Joel B. Samson
           Federal Bar # ct24898
           HUSCH & EPPENBERGER, LLC
           190 Carondelet Plaza, Suite 600
           St. Louis, MO 63105
           (314) 480-1500

-11-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of June, 2004, a copy of the foregoing was served by first class U.S. mail, postage prepaid, upon all counsel and pro se parties of record, as follows:

Monte E. Frank, Esq.
David B. Zabel, Esq.
Alison K. Clark, Esq.
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT  06810

Mark Roberts, Esq.
McRoberts, Roberts & Rainer L.L.P.
101 Merrimac Street
Boston, MA  02114

Neil T. Leifer, Esq.
Michael A. Lesser, Esq.
Brad J. Mitchell, Esq.
David C. Strouss, Esq.
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA  02110

                                                                                                 _____
                                                                                                       Ann M. Catino

565358.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105