1988 WL 52098 Page 1
(Cite as: 1988 WL 52098 (E.D.Pa.))

**H**
Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

Timothy B. DAVENPORT, Jr., a minor by his parent and natural guardian Trayce FOWLKES, and Trayce Fowlkes on her own behalf, et al.
v.
GERBER PRODUCTS COMPANY, et al.

CIV. A. No. 87-3198.

May 20, 1988.

Albert J. Slap, Lorraine J. Zwolak, Slap, Williams & Cuker, Philadelphia, Pa., Carl J. Valore, Stephen C. Rubino, Pro Hac Vice, Valore, Westmoreland, Gould, Vesper & Schwartz, Northfield, N.J., for plaintiffs.

Louis E. Bricklin, Philadelphia, Pa., for Gerber Products Company.

Francis J. Deasey, Deasey, Mahoney & Bender, Ltd., Philadelphia, Pa., for Evenflow Products Company.

*MEMORANDUM*

JAMES McGIRR KELLY, District Judge.

*1 This memorandum setting forth this court's reasons for the denial of plaintiff's motion for a protective order is written pursuant to 3d Cir.R. 8(4).

Named plaintiffs, Timothy Davenport, Trayce Fowlkes, Anna Mae Stocklin, Warren Stocklin and Anna Stocklin brought this action "as a **class action**, pursuant to F.R.C.P. 23, on behalf of themselves and all injured children and parents of injured children or persons in loco parentis residing in the Commonwealth of Pennsylvania whose children have suffered dental injuries as a result of nursing bottle syndrome." Complaint ¶ 12. Defendants Evenflo Products Company and Gerber Products Company oppose plaintiffs' request for **class certification**.

Initial **discovery** was limited to the **class certification** issue. During the course of this **discovery** defendants filed a motion to compel **discovery**. More specifically defendants sought "the identities of unnamed members of the purported **class** who have retained plaintiffs' counsel to represent them in connection with this **class action** in order to take their **depositions**." Defendants' Motion to Compel **Discovery** at ¶ 17. Defendants sought this **discovery** "to determine the adequacy of representation and typicality of unnamed **class** members." *Id.* at ¶ 8. This motion was granted. Plaintiffs then filed a motion for a protective order to prohibit the **deposition** of any unnamed **class** member or in the alternative to allow the **deposition** of only five **unnamed class** members. For the following reasons this motion was denied.

A **class action** may be maintained only if:

(1) the **class** is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact *common* to the **class**, (3) the claims or defenses of the representative parties are *typical* of the claims or defenses of the **class**, and (4) the representative parties will fairly and adequately protect the interests of the **class**. Fed.R.Civ.P. 23

(emphasis added).

To determine whether these requirements have been met defendants argued that they had the right to depose approximately thirty-five (35) unnamed plaintiffs represented by named plaintiffs' counsel. More specifically, defendants argue that they need to take these **depositions** in order to show "that the non common individual issues far outweigh the 'common' issues presented by this **action**...." and that named plaintiffs' claims are not typical of the claims of the **class**. Memorandum of Law In Support of Defendant's Motion to Compel

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**Discovery** at 5.

Named plaintiffs, however, argue that the taking of these **depositions** would be an impermissable inquiry into the merits of the claims of these unnamed claimants. Furthermore, the taking of "[e]xhaustive **depositions** of thirty non-parties for **class certification** issues would result in a tenfold increase in time, cost and paper without corresponding benefit for the court." Plaintiff's Response to Defendant's Motion to Compel **Discovery** at 10.

Named plaintiffs have brought this **class action** on behalf of (1) all parents throughout Pennsylvania whose children have suffered tooth decay caused by nursing bottle syndrome and (2) on behalf of all children throughout Pennsylvania who have suffered tooth decay caused by nursing bottle syndrome. This **class**, could potentially include thousands of claimants asserting millions of dollars in damages. In fact plaintiffs averred that "[t]he **class** is so numerous that joinder of all members is impractical." Complaint ¶ 13. In light of the potential number of claimants and the potential liability presented by their claims, I do not find it unreasonable or unduly burdensome for defendants to depose a limited group of thirty-five (35) claimants for **class certification** purposes.

*2 Furthermore, named plaintiffs are seeking monetary damages for physical injuries caused by the defendants. Plaintiffs argue that based on the **depositions** of just three plaintiffs this court can conclude that: (1) there are questions of law or fact common to claimants allegations and (2) the claims of these three plaintiffs are typical of the claims of the **class**. I do not find this position reasonable.
An **action** for physical injury presents a causation element. To determine if the **class** representatives claims-- including the causation issue--are typical of the claims or defenses of the rest of the **class** more than three claimants need to be deposed. There is no way to tell exactly what number of **depositions** is needed in order to make this determination. However, in this case, thirty-five (35) **depositions** appears to this court closer to the mark than three. [FN1]

For the above discussed reasons I find that the taking of thirty-five (35) **depositions** to determine issues of commonality, typicality and adequacy of representation is not unduly burdensome to determine the validity of a statewide **class action**.

FN1. The thirty-five (35) **depositions** being sought are of persons who have already retained plaintiffs' counsel for representation in this **action**. If **class certification** is granted certain amounts of discovery as to each of these persons will be required. In the event **class certification** is not granted, **discovery** in the form of these **depositions** will be necessary in the individual lawsuits.

1988 WL 52098, 1988 WL 52098 (E.D.Pa.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works