

DAVID B. ZABEL

Please Reply To Bridgeport
Writer's Direct Dial: (203) 337-4255
E-Mail: dzabel@cohenandwolf.com

January 23, 2004

**VIA FACSIMILE (#860-548-0006)**

Joseph G. Fortner, Jr., Esq.
Halloran & Sage LLP
One Goodwin Sq.
225 Asylum Street
Hartford, CT 06103-4303

Re:   *Clarence R. Collins, Jr., et al. vs. Olin Corporation, et al.*,
      *Civil Action No. 3-03-CV-945 (CFD)*

Dear Joe:

    I am writing to follow up with regard to our conference call on January 16, 2004, and to respond to your letter dated January 22, 2004. I will address below the specific discovery requests that we talked about in during the telephone conference.

## INTERROGATORIES

### Interrogatory 5:

    We do not agree that the answers already provided to Interrogatory 5 are not responsive to the question posed. Nevertheless, in an attempt to avoid further dispute about this, plaintiffs will provide supplemental responses concerning the diminution in the values of their properties.

### Interrogatory 6:

    We agreed that supplemental responses will be provided to Interrogatory 6 identifying whether, during gardening and similar activities, the plaintiffs have discovered any industrial wastes buried in their yards.

### Interrogatory 7:

    We agreed to review a proposed medical release form to be supplied by the defendants and to provide executed releases for any health care providers identified in any responses to Interrogatory 7.

---

1115 BROAD STREET
P.O. BOX 1821
BRIDGEPORT, CT 06601-1821
TEL: (203) 368-0211
FAX: (203) 394-9901

158 DEER HILL AVENUE
DANBURY, CT 06810
TEL: (203) 792-2771
FAX: (203) 791-8149

190 MAIN STREET
WESTPORT, CT 06880
TEL: (203) 222-1034

112 PROSPECT STREET
STAMFORD, CT 06904
TEL: (203) 964-9907
FAX: (203) 576-8504



January 23, 2004
Page 2

**Interrogatory 8:**

Defendants agreed to limit Interrogatory 8 to the identification of health care providers with whom plaintiffs have consulted or talked about concerns relating to the contamination of their properties, and plaintiffs agreed to respond to interrogatory as so limited.

**Interrogatory 10:**

Plaintiffs will supplement their prior answers to describe the general timeframe of the interference by defendants.

**Interrogatory 11:**

Plaintiffs will supplement their response to Interrogatory 11 in the same manner as their supplemental responses to Interrogatory 5.

**Interrogatories 12 and 13:**

Plaintiffs will provide supplemental responses that describe each plaintiff's recollection, if any, concerning specific meetings and communications. The supplementation of course will not include any privileged information.

**Interrogatory 14:**

During the conference call, you indicated that the defendants would caucus regarding Interrogatory 14. I assume from your letter that defendants have done so, and believe that Interrogatory 14 is appropriate. We maintain our objections because we believe that Interrogatory 14 calls for a legal conclusion rather than factual information that is relevant to the claim or defense of any party.

**REQUESTS FOR PRODUCTION**

With regard to the requests for production of documents, as we indicated, no responsive non-privileged documents that were provided to us by the plaintiffs were withheld from the previous production. We have nevertheless agreed to request again that the plaintiffs provide to us any documents in their possession that are responsive to the requests, subject to the objections we have made, and our understanding that defendants have limited certain requests as follows:

**Request No. 10:**

Defense have agreed to limit Request No. 10 to pictures that show the exterior yard and significant exterior renovations of the properties at issue, and any industrial wastes that may have



January 23, 2004
Page 3

been discovered. Also, if pictures of the properties were taken after the tornado in Hamden, or if there are pictures showing any cracking of foundations, those will also be produced.

**Request No. 11:**

Defendants have limited this request to documents concerning significant exterior renovations, and we will ask the plaintiffs again for any such documents.

**Request Nos. 12 and 13:**

Plaintiffs will supplement the responses to produce any documents concerning non-privileged communications with respect to the subject matter of the amended complaint, and we will ask the plaintiffs again for any such documents.

**Request No. 16:**

Defendants have limited this request to documents to show who constructed the plaintiffs' houses and when they were constructed. We will ask the plaintiffs again for any such documents.

**Olin Request No. 17:**

Defendants agreed to limit this request to the time period from 1990 to the present. Plaintiffs will supplement their responses to produce responsive documents in their possession, if any.

**Olin Request No. 19:**

Defendants have agreed to limit this request to communications between the plaintiffs and any defendant about contamination issues at their properties, and the plaintiffs will supplement their responses to produce any responsive documents.

We will be communicating with the plaintiffs promptly to seek any additional information and documents that may be needed to provide supplemental responses as outlined above, and hope to provide supplemental responses by February 6, 2004.



January 23, 2004
Page 4

    I would also like to address the Town's "responses" and objections to the plaintiffs' discovery requests. As counsel for the Town, you have objected to each and every discovery request and have not responded to any of the interrogatories other than to refer to documents that will be produced. I believe that the Town's objections and responses are wholly inadequate, and would like to talk with you about that. Please let me know when you are available to do so.

                                     Very truly yours,

                                     David B. Zabel

DBZ:jas
cc: Jennifer Currie, Esq. (via facsimile)
    Brad J. Mitchell, Esq. (via facsimile)