

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., et al.<br>Plaintiffs, | : CIVIL ACTION NO.<br>: 3-03-945 (CFD) |
| vs. | : |
| OLIN CORPORATION and the TOWN<br>OF HAMDEN,<br>Defendants. | :<br>: NOVEMBER 17, 2003 |

## RULE 30(b)(6) NOTICE OF DEPOSITION
## TO THE TOWN OF HAMDEN
## CONCERNING SOVEREIGN IMMUNITY ISSUES

PLEASE TAKE NOTICE that pursuant to, *inter alia*, Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for plaintiffs will take the deposition of defendant Town of Hamden ("the Town"). The deposition shall take place commencing at 9:30 a.m. on December 11, 2003, at the offices of Cohen and Wolf, P.C., 1115 Broad Street, Bridgeport, Connecticut.

At such deposition, in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Town shall designate and produce for examination one or more officers, directors, managing agents or other persons who shall testify on behalf of the Town, regarding the following subject matters below.

1. Hamden's receipt of any fees, payments, taxes, money or pecuniary benefit of any nature whatsoever in connection with the landfills in the Newhall Section of Hamden (see ¶22 of the Amended Complaint for a definition of the Newhall Section).

2. All documents in the possession or control of the Town concerning Hamden's receipt of any fees, payments, taxes, money or pecuniary benefit of any nature whatsoever in connection with the operation of the landfills in the Newhall Section.

3. Any and all dealings or communications between the Town and Winchester Repeating Arms Company concerning the dumping, disposal or depositing of refuse or waste material at properties located in the Newhall Section of the Town at any time from 1900 to the present.

4. Any and all dealings or communications between the Town and Olin Corporation concerning the dumping, disposal or depositing of refuse or waste material at properties located in the Newhall Section of the Town at any time from 1900 to the present.

5. Any and all dealings or communications between the Town and any other person (other than Winchester Repeating Arms Company and Olin Corporation) concerning the dumping, disposal or depositing of refuse or waste material at properties located in the Newhall Section of the Town at any time from 1900 to the present.

6. The filling of the wetlands and low lying areas in the Newhall Section with industrial or commercial waste.

7. All documents in the possession or control of the Town concerning the filling of the wetlands and low lying areas in the Newhall Section with industrial or commercial waste.

8. The dumping of industrial or commercial waste in the Newhall Section.

9. All documents in the possession or control of the Town concerning the dumping of industrial or commercial waste in the Newhall Section.

10. The issuance of building permits for the construction of residential dwellings in the Newhall Section from 1915 to 1960.

11. All documents in the possession or control of the Town concerning the issuance of building permits for the construction of residential dwellings in the Newhall Section from 1915 to 1960.

12. Tax revenue derived by the Town from the Newhall Section.

13. All documents in the possession or control of the Town concerning tax revenue derived from the Newhall Section.

14. The Town's receipt of any fees, payments, taxes, money or pecuniary benefit of any nature whatsoever from Winchester Repeating Arms Company or Olin Corporation at any time from 1900 to the present.

15. All documents in the possession or control of the Town concerning the Town's receipt of any fees, payments, taxes, money or pecuniary benefit of any nature whatsoever from Winchester Repeating Arms Company or Olin Corporation at any time from 1900 to the present.

16. The Town's receipt of any pecuniary benefit of any nature whatsoever (such as, but not limited to, increased real property taxes, building permit fees, or other fees) from the development of the properties located in the Newhall Section of the Town.

17. All documents in the possession or control of the Town concerning the Town's receipt of any pecuniary benefit of any nature whatsoever (such as, but not limited to, increased real property taxes, building permit fees, or other fees) from the development of the properties located in the Newhall Section of the Town.

18. The facts relied on by the Town concerning its defense of sovereign immunity in this case.

19. The Town's responses to the First Set of Interrogatories and Requests for Production of Documents to the Town of Hamden dated November 6, 2003.

Since the Case Management Order directs that discovery on sovereign immunity be completed by January 31, 2004, and because there may be some overlap of issues related to sovereign immunity and other issues in the case, the plaintiffs intend to focus the deposition on issues related to sovereign immunity only. However, the plaintiffs do not waive their rights to

3

inquire about similar or identical topics as they relate to other issues involved in this case at a subsequent deposition of the Town pursuant to Rule 30(b)(6).

The deposition will be taken before a notary public or other person duly authorized to administer oaths, and shall be recorded by stenographic means.

You are invited to attend the deposition and participate as provided in the Federal Rules of Civil Procedure.

THE PLAINTIFFS,

By: _____
David B. Zabel, Esq. ct01382
dzabel@cohenandwolf.com
Monte E. Frank, Esq. ct13666
mfrank@cohenandwolf.com
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, Connecticut 06604
Tele:  (203) 368-0211
Fax:   (203) 394-9901

Mark Roberts, Esq.
mroberts@mcrobertsandroberts.com
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, Massachusetts 02114
Tele: (617) 722-8222
Fax:  (617) 720-2320

Neil T. Leifer, Esq.
nleifer@tenlaw.com
David C. Strouss, Esq.
dstrouss@tenlaw.com
Thornton & Naumes L.L.P
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Tele: (617) 720-1333
Fax:  (617) 720-2445

## CERTIFICATION OF SERVICE

I hereby certify that on this 17th day of November, 2003, a copy of the foregoing was served via First Class U.S. Mail, postage prepaid, upon the following:

**Olin Corporation:**

Attorney Mark S. Baldwin
Attorney Sandra K. Davis
Brown Rudnick Berlack Israels LLP
185 Asylum Street, 38th Floor
Hartford, CT 06103-3402

Attorney Michael Wetmore
Attorney Joel B. Samson
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3441

**Town of Hamden:**

Attorney Ann Catino
Attorney Joseph G. Fortner, Jr.
Attorney Laurie R. Steinberg
Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103-4303

_____
David B. Zabel