Westlaw.
1986 WL 10382                                                                                         Page 1
(Cite as: 1986 WL 10382 (N.D.Ill.))

**H**
Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.

AMERICAN NURSES' ASSOCIATION, et al.,
Plaintiffs,
v.
STATE OF ILLINOIS, et al., Defendants.

No. 84 C 4451.

Sept. 12, 1986.

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

*1 This matter is before the court on the motion of American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME") to intervene as a party plaintiff and on three closely related motions concerning the scope of discovery. The court will address these motions separately.

### Motion to Intervene

AFSCME is the exclusive bargaining representative of numerous state employees, including several of the named plaintiffs, on such issue as wages, hours, and working conditions, and is presently a party to a collective bargaining agreement with the State of Illinois. AFSCME maintains that its role as the exclusive bargaining representative confers upon it the right to intervene as a party plaintiff under Federal Rule of Civil Procedure 24(a)(2). In the alternative, AFSCME seeks permissive intervention under Federal Rule 24(b)(2).

To intervene as of right of Federal Rule 24(a)(2) an applicant must (1) timely apply; (2) claim an interest relating to the property or transaction which is the subject of the action; (3) be so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (4) not be adequately represented by existing parties. *United States v. City of Chicago,* 796 F.2d 205, 208-09 (7th Cir.1986). Failure to satisfy even one of these requirements warrants denial of the motion to intervene as of right. *Id.* at 209.

AFSCME filed its petition to intervene in January 1985, before this case had progressed significantly. The defendants concede that AFSCME's petition is timely. Therefore, AFSCME has met the first requirement for intervention.

AFSCME asserts that its collective bargaining agreement with the State of Illinois gives it an interest which relates to the subject of this action. In *Vulcan Society v. Fire Department,* 79 F.R.D. 437 (S.D.N.Y.), the court found that unions which represented plaintiff firefighters in collective bargaining had in the collective bargaining agreement an interest related to the race discrimination suit filed by black firefighters against the municipalities which employed them. The court stated:

The collective bargaining agreements between the unions seeking to intervene and the defendants set forth the results of their negotiation and include provisions relating to salaries, assignments and benefits. Should plaintiffs' allegations [of race discrimination] be established, modification of these terms would be within the scope of possible relief sought by plaintiff[s].

*Id.* at 439. Although the court in *Vulcan Society* permitted the unions to intervene before liability had been established, the court's language suggested that the union's interest, the collective bargaining agreement, actually related only to the remedial stage of the proceedings.

Other courts have found that labor unions and collective bargaining agents have a sufficient interest to support intervention only at the remedial stage of an employment discrimination case. In *Little Rock School District v. Pulaski County Special School District No. 1,* 738 F.2d 82 (8th Cir.1984), the Eighth Circuit held that teachers organizations which represented teachers employed by the defendant school districts in collective bargaining had a right to intervene in the remedy phase of a school desegregation case. The court stated that "[a]s representatives of the classroom teachers in the three districts, [the teachers organizations] have an interest in the existing agreements, which they themselves have negotiated with the districts involved, and in the continued viability of these agreements." The Eighth

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Circuit had previously affirmed the district court's refusal to permit the teachers organizations to intervene at the liability stage, stating that the interest that the organizations sought to protect related to the remedy. *Little Rock School District v. Pulaski County Special School District No. 1*, 725 F.2d 690 (8th Cir.1983) *quoted in* 738 F.2d at 83.

*2 In *EEOC v. American Telephone v. Telegraph Co.*, 506 F.2d 735 (3d Cir.1974), the Third Circuit concluded that the recognized bargaining agent for AT & T had no right to intervene generally as a party plaintiff in a civil rights suit. The court found, however, that the EEOC was entitled to intervene as a matter of right to challenge the terms of a consent decree entered by EEOC and AT & T as the terms of the consent decree required modifications in collective bargaining agreements. Significantly, the court held that although the union sought to intervene as a party plaintiff, it could intervene only as a party defendant as it opposed modifications in existing collective bargaining agreements. [FN1] *See also Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir.1977) (white employees could intervene pursuant to Rule 24(a)(2) at remedial stage of race discrimination case to object to consent decree which could adversely affect their seniority rights).

Neither AFSCME's existing collective bargaining agreements nor its role as exclusive bargaining representative for state employees give it an interest which would support intervention as of right at this stage of the proceedings. AFSCME's petition to intervene as of right is presently denied, without prejudice to the right to seek intervention at the remedy stage if and when the court determines that the defendants are liable.

AFSCME also seeks permissive intervention under Federal Rule 24(b)(2). Under Rule 24(b)(2), a court may permit intervention when the applicant's claim or defense and the main action have a common question of law or fact. Fed.R.Civ.P. 24(b)(2). Permissive intervention is within the discretion of the district court. *United States v. City of Chicago*, 796 F.2d 205, 211 (7th Cir.1986).

AFSCME contends that because its complaint in intervention closely tracks the complaint in the main action, numerous common questions of law and fact exist. [FN2] Nevertheless, permitting AFSCME to intervene now will only add to the number of attorneys attending court calls, engaging in discovery, filing motions, submitting briefs, and participating at trial, without adding a unique perspective that would make its participation valuable during the liability phase of this case. Therefore, AFSCME's motion for leave to intervene under Rule 24(b)(2) is denied.

*Discovery Motions*

The plaintiffs have moved for an order compelling answers to their first set of interrogatories and their first request for production of documents. The defendants have moved to compel the depositions of the named plaintiffs on the issue of class certification and for a protective order staying general discovery pending resolution of the class certification issue. All three motions relate to the same question: whether classwide discovery on the merits should be stayed and discovery conducted only on the class certification question until that issue is resolved. The plaintiffs seek to commence general discovery on the merits now; the defendants prefer to bifurcate the discovery and proceed only with discovery related to the question of class certification at this time. Although both parties have cited numerous cases and other authorities in support of their respective positions, both parties recognize that the decision to bifurcate discovery is within the discretion of the district court and depends on the circumstances of the individual case.

*3 The court is persuaded that bifurcation of discovery would be prudent under the circumstances of this case. This approach will expedite the decision on class certification in accord with Federal Rule 23 which requires that class determination be made "as soon as practicable." Fed.R.Civ.P. 23(c)(1). The Manual for Complex Litigation also prefers bifurcated discovery:

It is recommended that no discovery on the merits be permitted during the discovery of the class action issue, except as is relevant to the class determination. Only in exceptional circumstances, such as obvious lack of merit in the claim for relief, should a decision on the merits be made before scheduling discovery on the class action issue.

The Manual for Complex Litigation § 1.40 (1977).

Plaintiffs' argument that much of the discovery on the merits will be necessary whether or not a class is certified obviously has some merit. Yet, as Judge Robson recognized in *Plummer v. Chicago Journeyman Plumbers' Local Union*, 77 F.R.D. 399, 402 (N.D.Ill.1977), many lawsuits will proceed to the merits regardless of whether a class is certified. "To hold that discovery can proceed on the merits irrespective or whether a class is certified would

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1986 WL 10382    Page 3
(Cite as: 1986 WL 10382 (N.D.Ill.))

swallow-up the well-established and sound recommendations of the Manual for Complex Litigation." *Id.*

The plaintiffs also object to bifurcated discovery because it enables the defendants to depose the named plaintiffs twice, once on the issue of class certification and once on the merits of their claim. While the bifurcation of discovery will inconvenience the named plaintiffs in this way, it may result in substantial savings of time and energy later. If class certification is denied, the scope of permissible discovery may be significantly narrowed; if a class is certified, defining that class should help determine the limits of discovery on the merits.

Therefore, discovery on the merits is stayed pending resolution of the class certification issue. The plaintiffs' motion to compel is denied, and the defendants' motions to compel and for a protective order are granted.

> FN1. The *AT & T* case is noteworthy because it highlights a problem which might arise if AFSCME intervened at this juncture. If the plaintiffs succeed on the merits of their employment discrimination claim, the plaintiffs may seek relief which would require changes in the existing collective bargaining agreement and would adversely affect members of AFSCME who were not victims of, and indeed may have benefited from, the alleged discriminatory practices. AFSCME might then choose to oppose the plaintiffs' request for relief, and it would be clear that AFSCME is not properly aligned as a party plaintiff.

> FN2. The court notes, however, that the applicants have not amended their complaint since the Seventh Circuit issued its opinion upholding the dismissal of the plaintiff's claims to the extent they rest on a theory of "comparable worth."

1986 WL 10382, 1986 WL 10382 (N.D.Ill.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works