UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, VALERIE LASSITER, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, GWENDOLYN L. COPPAGE, LOUIS CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, JOSEPHINE NEAL, COLLIN ROUSE, CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS, MARC PERRY, WILLIAM C. AND VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, MURLINE WELLESLEY, EUGALYN WILSON, CHARLENE O. WEBB, ELIAS ROCHESTER AND MARUS WALTERS, for themselves and on behalf of a class similarly situated property owners,<br>　　　　*Plaintiffs*,<br>v.<br><br>OLIN CORPORATION and the TOWN OF HAMDEN,<br>　　　　*Defendants*. | 3:03-cv-945 (CFD)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NOVEMBER 30, 2004 |

<u>**OLIN CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

COMES NOW Defendant Olin Corporation ("Olin") and for Defendant Olin's Motion for Partial Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, states as follows:

**ORAL ARGUMENT REQUESTED**

1.     Plaintiffs seek to impose liability on Olin for waste disposal in the Town of Hamden resulting from Pre-December 1931 waste disposal activities of an entity known as Winchester Repeating Arms Company, a <u>Delaware</u> corporation ("Winchester-Delaware"). Winchester-Delaware operated a manufacturing facility in New Haven. Plaintiffs allege that Olin is the successor in interest to Winchester-Delaware.

2.     Plaintiffs seek to establish Olin's liability as a successor on the basis of either the "mere continuation" exception or the "product line" exception to the general rule of no successor liability. Olin cannot be liable for the waste disposal activities of Winchester-Delaware, all of which occurred prior to December 22, 1931, for two independent reasons.

(a).    First, Olin's connection with the facility in New Haven began on December 22, 1931 when Winchester Repeating Arms Company, a <u>Maryland</u> corporation ("Winchester-Maryland") purchased certain of Winchester Delaware's assets out of a receivership then pending in the United States District Court for Connecticut, in an arms-length, court-sponsored and court-approved transaction. Winchester-Maryland was a wholly owned subsidiary of Western Cartridge Company. Western Cartridge Company ("Western Cartridge") is a predecessor of Olin. In its two decrees authorizing and then approving the asset sale, the United States District Court for the District of Connecticut expressly barred all claims against those assets, including those claims which Plaintiffs now seek to assert against Olin.

(b).    Second, in Connecticut, as elsewhere in the country, an entity that acquires assets – as opposed to stock – of a corporate entity is not subject to the liabilities of the

corporate entity. While there are exceptions to this general rule of law, Connecticut and federal courts have narrowly defined the scope of the "mere continuation" exception and "product line" exception to the general rule of no successor liability. Neither of these exceptions advanced by Plaintiffs, nor any other exceptions to the no successor liability rule, apply here.

3. Olin incorporates herein Olin's Local Rule 56(a)(1) Statement of Material Undisputed Facts, pursuant to Local Rule 56(a)(1) of the Local Rules of Civil Procedure for the District of Connecticut, as if fully set forth herein.

4. Olin incorporates herein Olin's Memorandum in Support of Olin Corporation's Motion for Partial Summary Judgment, as if fully set forth herein.

WHEREFORE, Olin respectfully requests the Court to grant Olin's Motion for Partial Summary Judgment and to enter an order that Olin is not liable, as a matter of law, for any waste disposed by Winchester-Delaware, all of which occurred prior to December 22, 1931.

Respectfully Submitted,

OLIN CORPORATION

By: *Michael H. Wetmore/sws*
Michael H. Wetmore
Joel B. Samson (ct24898)
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com

and

By: _____/s/ Sandra K. Davis/_____
Sandra K. Davis (ct020175)
Brown Rudnick Berlack Israels LLP
185 Asylum St.
CityPlace I, 38th Floor
Hartford, CT 06103
Telephone: 860-509-6500
Fax: 860-509-6501
sdavis@brownrudnick.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was forwarded this 30th day of November, 2004, by first class mail, postage prepaid to:

Neil T. Leifer, Esq.
David C. Strouss, Esq.
Thornton & Naumes L.L.P.
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Telephone: (617) 720-1333
Facsimile: (618) 720-2445

David B. Zabel, Esq.
Monte E. Frank, Esq.
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, Connecticut 06604
Telephone: (203) 368-0211
Facsimile: (203) 394-9901

Mark Roberts, Esq.
Andrew A. Rainer, Esq.
McRoberts & Roberts, LLP
101 Merrimac Street
Boston, MA 02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320

*Attorneys for Plaintiffs*

Ann M. Catino
Lori Dibella
Joseph G. Fortner, Jr.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 522-6108
Facsimile: (860) 548-0006

*Attorneys for Town of Hamden*

_____
Sandra K. Davis

#40189080 v\1 - davissk - x#3c01l.doc - 70042/5