UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE R. COLLINS, JR., et al | : | 3:03-CV-945 (CFD) |
| Plaintiffs, | : | |
| VS. | : | |
| OLIN CORPORATION, et al | : | |
| Defendants | : | JANUARY 28, 2005 |

**CONSENTED-TO MOTION TO AMEND SCHEDULING ORDER**

The defendants, on consent of the plaintiffs, hereby move the Court to modify the Scheduling Order in this case, so as to allow additional time for discovery relating to the issues of class certification. In support, movants state as follows:

1. Plaintiffs have commenced this lawsuit as a class action, and have included 36 different individuals as putative class representatives.[1] On May 20, 2004, the defendants, Town of Hamden (the "Town") and Olin Corporation ("Olin"), moved to compel each of the putative class representatives – the plaintiffs named in the Amended Complaint dated May 28, 2003 - to submit to depositions on issues related to or concerning the plaintiffs' motion for class certification dated September 30, 2003. Plaintiffs opposed, in part, this motion.

2. On August 17, 2004, Hon. Magistrate Judge Thomas P. Smith ruled that the defendants were entitled to depose each of the named class representatives. Neither the plaintiffs nor the defendants, however, received notice of this ruling until October 1, 2004.

3. On or about October 7, 2004, the defendants submitted to the plaintiffs dates in November, December, and January when Olin and the Town were both available to conduct depositions of the putative class representatives. The Town and Olin proposed, in large part,

---

[1]   Two have since voluntarily withdrawn their claims.

multiple depositions each week beginning on November 3, 2004, except during holiday weeks. The Town and Olin also identified those class representatives whom the defendants sought to depose first, but indicated flexibility as to who would follow.

4. After some give and take, the depositions began on November 30, 2004.

5. To date, 12 depositions have been taken, two of which were not completed. On several occasions, the scheduled deposition was postponed due to inclement weather. The Town and Olin believe they are approaching these depositions as efficiently as possible, trying not to duplicate questions and topics.

6. During the depositions, the defendants learned that additional documents (such as photographs or other records) exist which were responsive to the defendants' first set of productions requests and have requested supplementation, which plaintiffs have not yet provided.

7. While most of the depositions commenced to date have been completed, the defendants are at present determining whether they may petition the court for additional deposition time for some deponents. Some of the deposition transcripts have not yet been received, and for this reason, as well as the need to evaluate whether the production of additional documents warrants some further questioning, the defendants at present do not know whether they will seek additional time for any of those deponents.

8. As of this filing, two additional dates have been set for two new deponents. On one of those dates, it is expected that one of the suspended depositions will be completed. At present, the parties have agreed to depositions February 1 and 3, 2005. The parties exchanged and tentatively agreed to eight other depositions between February 3 and March 10, 2005, even though the identity of the deponent is not yet known.

9.      Without prior notice, on or around January 24, 2005, Husch & Eppenberger, LLC, counsel for Olin, was ordered to trial on March 7, 2005 in the United States District Court for the Southern District of New York in case No. 84 Civ. 1968 (TPG), captioned Olin Corporation v. Insurance Company of North America, et al.  This trial is expected to last between four and six weeks.  Olin's primary counsel in the instant case and the only two Olin attorneys to participate in depositions to date, Michael Wetmore and Joel Samson, are also significantly involved in the case which has been ordered to trial.  As a result, Mr. Wetmore and Mr. Samson will have very limited availability between now and the end of the New York trial.

10.     Assuming the currently scheduled depositions proceed on February 1 and 3, 2005 and February 17, 2005, one of the dates previously agreed to for an unnamed deponent, 15 depositions will have been taken (or started) by that date, leaving 19 putative class representatives to be scheduled and deposed.

11.     Additionally, the defendants have indicated that they believe the deposition of the plaintiffs' proposed expert on class certification issues will be needed once the fact depositions of the putative class representatives are concluded.  The defendants may also seek to depose one or more third parties concerning facts relevant to class certification.  While the plaintiffs have not agreed to the nature or scope of the additional depositions sought by the defendants, the parties will confer about this in an effort to resolve any disputes.

12.     Given the foregoing, it is reasonably  anticipated that the class certification depositions will continue beyond the schedule provided in the most recent Scheduling Order. All parties are working diligently to try to complete this discovery, but the logistics of coordinating the schedules of all involved, coupled with the discovery of additional documents, leads to the inexorable conclusion that a modification of the Scheduling Order is necessary.

Accordingly, the defendants respectfully request that the Court modify the Scheduling Order in the case to provide as follows:

1. The depositions of the named class representatives, plaintiff's expert and any non-party witnesses and all discovery on class certification issues shall be completed by June 30, 2005.[2]

2. All Memoranda and supporting materials opposing class certification shall be filed on or before August 15, 2005, unless one or more motions have been filed with respect to discovery relating to class certification. In the event such a motion has been filed, all Memoranda and supporting materials opposing class certification shall be filed within 45 days of the Court's ruling if no further discovery is permitted, or 45 days after the conclusion of the last deposition ordered by the Court, if so allowed.

3. All Reply Memoranda and supporting materials in further support of class certification will be served and filed within 30 days after the defendants' opposition memoranda are filed.

The remaining deadlines set forth in the Scheduling Order as amended by the Court on February 2, 2004; May 4, 2004; August 19, 2004; October 25, 2004; and December 16, 2004 shall remain the same.

Defense counsel have conferred with counsel for the plaintiffs and they are in agreement with this motion and the proposed modifications.

---

[2] Among other factors, this date is being proposed based on the length of the New York trial involving Olin's counsel. In the unlikely event that the New York case settles, or if the trial lasts longer or shorter than the projected four to six weeks, the parties may revisit the June 30, 2005 date.

-4-

-5-

THE DEFENDANTS
TOWN OF HAMDEN


By_____
    Ann M. Catino
    Federal Bar #ct02747
    Joseph G. Fortner, Jr.
    Federal Bar #ct 04602
    HALLORAN & SAGE LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103

OLIN CORPORATION


By_____
    Michael H. Wetmore
    Federal Bar #ct24899
    Joel B. Samson
    Federal Bar # ct24898
    HUSCH & EPPENBERGER, LLC
    190 Carondelet Plaza, Suite 600
    St. Louis, MO 63105
    (314) 480-1500

## CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of January, 2005, a copy of the foregoing was served by first class U.S. mail, postage prepaid, upon all counsel and pro se parties of record, as follows:

Monte E. Frank, Esq.  
David B. Zabel, Esq.  
Alison K. Clark, Esq.  
Cohen & Wolf, P.C.  
158 Deer Hill Avenue  
Danbury, CT 06810  

Mark Roberts, Esq.  
Andrew Rainer, Esq.  
Jennifer A. Currie, Esq.  
McRoberts, Roberts & Rainer, LLP  
Exchange Place  
53 State Street  
Boston, Massachusetts 02109  

Neil T. Leifer, Esq.  
Michael A. Lesser, Esq.  
Brad J. Mitchell, Esq.  
David C. Strouss, Esq.  
Thornton & Naumes, LLP  
100 Summer Street, 30th Floor  
Boston, MA 02110  

Michael H. Wetmore, Esq.  
Joel B. Sampson, Esq.  
Husch & Eppenberger, LLC  
190 Carondelet Plaza, Suite 600  
St. Louis, MO 63105  

Sandra K. Davis, Esq.  
Mark S. Baldwin, Esq.  
Brown Rudnick Berlack Israels LLP  
185 Asylum Street, 38th Floor  

 

_____  
Ann M. Catino

644392_1.DOC