UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE R. COLLINS, JR., et al | : | 3:03-CV-945 (CFD) |
| | : | |
| Plaintiffs, | : | |
| VS. | : | |
| | : | |
| OLIN CORPORATION, et al | : | |
| | : | |
| Defendants | : | JUNE 30, 2005 |

### CONSENTED-TO MOTION TO AMEND SCHEDULING ORDER

The defendants, on consent of the plaintiffs, hereby move the Court to modify the Scheduling Order in this case, so as to allow additional time for discovery relating to the issues of class certification. In support, movants state as follows:

1. Plaintiffs have commenced this lawsuit as a class action, and have included 36 different individuals as putative class representatives.[1] On May 20, 2004, the defendants, Town of Hamden (the "Town") and Olin Corporation ("Olin"), moved to compel each of the putative class representatives – the plaintiffs named in the Amended Complaint dated May 28, 2003 - to submit to depositions on issues related to or concerning the plaintiffs' motion for class certification dated September 30, 2003. Plaintiffs opposed, in part, this motion.

2. On August 17, 2004, Hon. Magistrate Judge Thomas P. Smith ruled that the defendants were entitled to depose each of the named class representatives. Neither the plaintiffs nor the defendants, however, received notice of this ruling until October 1, 2004.

3. On or about October 7, 2004, the defendants submitted to the plaintiffs dates in November, December, and January when Olin and the Town were both available to conduct depositions of the putative class representatives. The Town and Olin also identified those class

---

[1] Two have since voluntarily withdrawn their claims.

representatives whom the defendants sought to depose first, but indicated flexibility as to who would follow.

4. After some give and take, the depositions began on November 30, 2004.

5. Attorneys representing Plaintiffs and Defendants have been working cooperatively to coordinate schedules for purposes of conducting the depositions relating to class issues.

6. To date, 22 depositions of the putative class representatives have been taken, and the defendants are holding dates for five (5) more proposed in July and August, including the continuation (by agreement) of one deposition. Seven (7) of the putative class representatives remain to be deposed.

7. During the depositions, the defendants learned that additional documents (such as photographs or other records) exist which were responsive to the defendants' first set of productions requests and requested supplementation at the time of the deposition and in follow-up correspondence to the plaintiffs dated December 27, 2004 and May 10, 2005. Defendants similarly made oral requests for documents disclosed but not produced on the record during the depositions conducted since May 1, 2005. Plaintiffs have not yet provided a response to any of these document requests.

8. While the majority of the depositions commenced to date have been completed, the defendants are at present determining whether they may petition the court for additional deposition time for some deponents. Before this determination may be made, the defendants need to evaluate whether the production of the requested additional documents warrant some further questioning. Therefore, the defendants (at present) do not know whether they will seek additional time for any of those deponents.

9. Additionally, the defendants have indicated that they believe the deposition of the plaintiffs' proposed expert on class certification issues will be needed once the fact depositions of the putative class representatives are concluded. The defendants may also seek to depose one or more third parties concerning facts relevant to class certification. While the plaintiffs have not agreed to the nature or scope of the additional depositions sought by the defendants, the parties will confer about this in an effort to resolve any disputes.

10. Given the foregoing, it is reasonably anticipated that the class certification depositions and discovery will continue beyond the schedule provided in the most recent Scheduling Order. All parties are working diligently to try to complete this discovery, but the logistics of coordinating the schedules of all involved, coupled with the discovery of additional documents, leads to the inexorable conclusion that a modification of the Scheduling Order is necessary.

Accordingly, the defendants respectfully request that the Court modify the Scheduling Order in the case to provide as follows:

1. The depositions of the named class representatives, plaintiff's expert and any non-party witnesses and all discovery on class certification issues shall be completed by October 28, 2005.[2]

2. All Memoranda and supporting materials opposing class certification shall be filed on or before December 16, 2005, unless one or more motions have been filed with respect to discovery relating to class certification. In the event such a motion has been filed, all Memoranda and supporting materials opposing class certification shall be filed within 45 days of

---

[2] Among other factors, this date is being proposed based upon the fact that scheduling during August and September is extremely difficult due to attorney vacation schedules and trial dates that have been set previously.

the Court's ruling if no further discovery is permitted, or 45 days after the conclusion of the last deposition ordered by the Court, if so allowed.

3. All Reply Memoranda and supporting materials in further support of class certification will be served and filed within 45 days after the defendants' opposition memoranda are filed.

The remaining deadlines set forth in the Scheduling Order as amended by the Court on February 2, 2004; May 4, 2004; August 19, 2004; October 25, 2004; December 16, 2004, and February 4, 2005 shall remain the same.

Defense counsel has conferred with Andrew Rainer, counsel for the plaintiffs, and they are in agreement with this motion and the proposed modifications.

THE DEFENDANTS
TOWN OF HAMDEN

By _____
Ann M. Catino
Federal Bar #ct02747
Joseph G. Fortner, Jr.
Federal Bar #ct 04602
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

OLIN CORPORATION

By _____ /AMC
Michael H. Wetmore
Federal Bar #ct24899
Joel B. Samson
Federal Bar # ct24898
HUSCH & EPPENBERGER, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2005, a copy of the foregoing was served by first class U.S. mail, postage prepaid, upon all counsel and pro se parties of record, as follows:

Monte E. Frank, Esq.
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT 06810

David B. Zabel, Esq.
Alison K. Clark, Esq.
Perry R. Goodman, Esq.
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604

Neil T. Leifer, Esq.
Michael A. Lesser, Esq.
Brad J. Mitchell, Esq.
David C. Strouss, Esq.
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Mark W. Roberts, Esq.
Andrew Rainer, Esq.
Jennifer A. Currie, Esq.
McRoberts, Roberts & Rainer, L.L.P.
Exchange Place
53 State Street
Boston, MA 02109

Michael H. Wetmore, Esq.
Joel B. Samson, Esq.
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

Mark S. Baldwin, Esq.
Brown Rudnick Berlack Israels LLP
185 Asylum Street, 38th Floor
Hartford, CT 06103-3402

_____
Ann M. Catino

704791_1.DOC