

**Husch & Eppenberger, LLC**
*Attorneys and Counselors at Law*

190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105-3441
314.480.1500
Fax 314.480.1505
www.husch.com

314.480.1841 direct dial
michael.wetmore@Husch.com

November 2, 2006

***via the Clerk's electronic ECF filing system***

Honorable Christopher F. Droney
United States Courthouse
450 Main Street
Hartford, CT 06103

    Re:   ***Collins, et al. v. Olin Corporation, et al.***
             Civil Action No. CV 945 (CFD)

Dear Judge Droney:

    At the status conference on October 26, 2006, the Court requested that Olin set forth its position with respect to two issues: 1) whether all of Olin's motions to dismiss had been addressed, and 2) the scheduling of further discovery and proceedings. We address each, in turn.

### Olin's Motions to Dismiss

    By Order dated September 1, 2006 (Dkt # 179), the Court denied Olin's motion to dismiss counts 1, 3 and 7 of Plaintiffs' Amended Complaint (Dkt # 72). These counts allege claims for negligence, gross negligence and negligence per se. Olin had also moved to dismiss counts 5, 9, 11 and 14. In its opinion dated February 28, 2006, the Court dismissed counts 6, 10, 12 and 15 as against the Town of Hamden. These counts are mirror images of counts 5, 9, 11 and 14 against Olin. The Court's reasoning as to these four counts with respect to the Town apply with equal force as to Olin. Accordingly, it is Olin's view that the Court has not substantively addressed counts 5, 9, 11 and 14 as to Olin, because had it done so, it would have applied the same reasoning as applied to the allegations against the Town and dismissed these four counts as to Olin. Olin discusses each of these counts, briefly, with citations to the Court's February 28 opinion.

    Count 5:

    Count 5 alleges a cause of action under the Environmental Protection Act of 1971. It seeks an injunction, requiring Olin to investigate and remediate the alleged contamination in the Newhall section of Hamden. Its allegations are identical to

**Husch & Eppenberger, LLC**

those against the Town in Count 6. The Court dismissed Count 6 as to the Town based on the doctrine of primary jurisdiction, deferring to the extensive, active involvement of the Connecticut Department of Environmental Protection in overseeing the investigation and remediation in the Newhall section of Hamden. (See pages 6 – 17 of the February 28 opinion, especially at page 17.) The Court's reasoning in its February 28 opinion as to the Town is equally applicable as to Olin.

### Count 9

Count 9 alleges strict liability as to Olin for an abnormally dangerous activity. The same allegations are made against the Town in Count 10. The allegations as to Olin and as to the Town stem from the same activities of disposal. The Court addressed Count 10 at pages 17 – 26 of its February 28 opinion and dismissed Count 10 as to the Town. At page 23 of it opinion, the Court stated "that there can be no blanket or per se application of this tort to waste disposal or storage." The same rationale applies to Olin as to the Town.

### Count 11

Count 11 alleges damages for infliction of emotional distress. The same allegations are made against the Town in Count 12. The allegations as to Olin and as to the Town stem from the same activities of disposal. The Court addressed Count 12 at pages 32 – 35 of its February 28 opinion. At page 33, the Court determined that Count 12 as to the Town set forth a claim only for "intentional infliction of emotional distress." The identical allegations as to Olin can only lead to the same conclusion. At page 35 of its February 28 opinion, the Court concluded that the plaintiffs "cannot establish that Hamden engaged in extreme or outrageous conduct" and dismissed count 12. That same rationale applies to the identical allegations as to Olin.

### Count 14

Count 14 alleges damages for nuisance, both public and private. Identical allegations are made against the Town in count 15. While the Town is afforded some additional protections because of its municipal status, the Court's reasons for dismissing count 15 apply also to Olin. See page 29 of the Court's February 28 opinion as to public nuisance and page 30 as to private nuisance. An additional ground that the Court relied on in dismissing the nuisance claim as against the Town is that no nuisance claim could be stated "because the nuisance emanates from plaintiffs' own properties" and not from a neighboring piece of property as the law of

Husch & Eppenberger, LLC

Honorable Christopher F. Droney<br>
November 2, 2006<br>
Page: 3

nuisance requires. (See page 32 of the February 22 opinion.) That same rationale applies to the identical allegations as to Olin.

There being no basis to distinguish the case law and the rationale of the Court's February opinion as to these four counts against Olin, Olin believes the Court did <u>not</u> intend to deny Olin's motion to dismiss these four counts (counts 5, 9, 11 and 14) by its Order of September 1, 2006.

### The Scheduling Of Further Discovery And Proceedings

The parties have conferred and have reached agreement on a proposed scheduling order, a copy of which is attached. The parties are amenable to a further telephonic conference with the Court, should the Court have concerns with respect to any aspect of the attached proposed order.

In addition, for planning purposes, the parties seek guidance from the Court with respect to the class certification hearing. Specifically, the parties ask whether the Court intends to hold an evidentiary hearing on the class certification issues or prefers to resolve the issues solely through the parties' briefing. It is Olin's view that an evidentiary hearing is appropriate and necessary – perhaps a two day hearing, with each side having one day to present its case.

Very truly yours,

Michael H. Wetmore

Attachment: Jointly submitted Proposed Scheduling Order

cc: Counsel of Record, via the Clerk's ECF filing system