# M<sup>c</sup>ROBERTS, ROBERTS & RAINER L.L.P.

ATTORNEYS AT LAW

November 6, 2006

Honorable Christopher F. Droney
United States District Court
405 Main Street
Hartford, CT 06103

    Re:    Collins v. Olin Corporation, et al.,
             Civil Action No. 3-03-945 (CFD)

Dear Judge Droney:

    At the Court's request, we write to address two points: 1) the status of Olin's motions to dismiss; and 2) the scheduling of further proceedings in the case.

### Olin's Motions to Dismiss

    It is clear from the Court's docket and its comments at the status conference on October 26, 2006, that the Court denied all of Olin's motion to dismiss. Olin appears to be making a motion for reconsideration long after the time allowed by the rules to do so, and asking the Court to redo what it has already done.

    The docket in the case makes clear that the Court acted on all of Olin's motions to dismiss, denying them. Olin originally filed its motions to dismiss the claims against it as separate motions, which were docketed as documents nos. 72, 73, 74, 75, 76 and 77 in August 2003. By Order dated March 31, 2005 (document no. 139 - attached), the Court denied without prejudice the motions to dismiss set forth in documents nos. 73, 74, 75, 76, and 77 and stated that ***"[t]he Court will consider the arguments in those motions within the context of the first filed motion to dismiss, document #72."*** (emphasis added) Thus, the only motion to dismiss pending before the Court after March 31, 2005 was document no.72. By Order dated September 1, 2006, the Court ***denied*** document no. 72, thus denying all of Olin's motions.

**McRoberts, Roberts & Rainer, L.L.P.**

Honorable Christopher F. Droney
November 6, 2006
Page 2 of 3

      The different facts and law pertaining to plaintiffs' claims against Olin justify a different result on Olin's motions to dismiss from the Ruling entered by the Court on February 28, 2006 with respect to the Town of Hamden's motions (document no. 163).[1]

      For example, the Court denied the plaintiffs' claims for public nuisance against the Town *solely* on the basis of two additional elements that are required in order to plead such a claim against a municipality. See February 28, 2006 Ruling, at 29 ("Plaintiffs have failed to allege that Hamden permitted the dumping of industrial waste for the purpose of causing a nuisance or with the knowledge or substantial certainty that one would result from its conduct.") Those requirements plainly do not apply to the plaintiffs' claims against Olin, which is not a municipality. Contrary to the suggestion in the November 2 letter from Olin's counsel, there has *never* been a requirement that a public nuisance emanate from a nearby property. Unlike a private nuisance, a public nuisance is "an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public." *Ganim v. Smith & Wesson Corp.*, 780 A.2d 98, 131-132 (Conn. 2001). Because it interferes with public health and safety (and not just a nearby private property), pollution is the paradigm of public nuisance, whether it is on, next to, or under a plaintiff's property. *Id.*, citing *Nolan v. New Britain*, 69 Conn. 668, 678 (1897); *see also* Restatement (Second) Torts, § 821B(2).

      As another example, the Court dismissed the plaintiffs' claims for infliction of emotional distress against the Town, finding that the Town could not have known that the dumping of waste in the Newhall section was likely to lead to the plaintiffs' emotional distress and was not "extreme and outrageous." February 28, 2006 Ruling, at 34-35. The same was not and is not true for Olin. The contaminated waste in question originated with Olin, not the Town. Amended Complaint ¶23, 24, 102. Because the waste was Olin's, Olin, unlike the Town, *did* have reason to know that toxins like lead and arsenic were in the waste, and that dumping such waste on property that was being developed could jeopardize future property owners. *Id.* ¶25, 26, 38.

      These are just two examples of why it was proper to treat differently the Town's and Olin's motions to dismiss, and why the Court properly denied Olin's motions. Had Olin wished reconsideration of the September 1, 2006 ruling, Local Rule 7(c) gave it 10 days (until September 11, 2006) to seek that relief. Instead, it is trying to do so now, almost two months late.

---

[1] Indeed, in footnote 8 of the Ruling of February 28, 2006, the Court stated expressly that it was entering a "separate ruling" on Olin's motions to dismiss.

**McRoberts, Roberts & Rainer, L.L.P.**

Honorable Christopher F. Droney
November 6, 2006
Page 3 of 3

As the Court observed at the October 26, 2006 status conference, this case needs to move forward. To further that goal, the plaintiffs are preparing their Second Amended Complaint and the parties have scheduled a mediation with Magistrate Judge Smith. However, to the extent that the Court is inclined to allow an extremely late motion for reconsideration, the plaintiffs respectfully request the opportunity to file a brief to substantively address the issues, and to bring to the Court's attention recently decided decisions which support the Court's ruling on Olin's motion to dismiss.

### Scheduling of Further Proceedings

The plaintiffs join the defendants in requesting that the Court enter the proposed Scheduling Order that was submitted by Olin's counsel on November 2, 2006, which was the product of further discussions between the parties.

The plaintiffs specifically request that the Court set the date for the class certification hearing now, for a particular date in September 2007, in order to ensure that the date is on everyone's schedules and thus to avoid the scheduling conflicts that will inevitably arise if the hearing is not scheduled until after all the briefs are filed.

The plaintiffs also specifically request that the hearing on class certification be presumed to be a non-evidentiary hearing, as is the practice in the large majority of class actions. *See* Conte & Newberg, Newberg on Class Actions §7.9 ("By and large, evidentiary hearings, in contrast to oral argument, are rarely required or desirable in connection with initial class certifications.") Given that all of the named plaintiffs will have been deposed by the time of the briefing on class certification and that the parties have agreed on the deposition of all expert witnesses on class certification issues, there is no reason to expect that an evidentiary hearing will be needed. An evidentiary hearing will, in the plaintiffs' view, serve only to drive up the costs of the motion and slow its resolution.

Sincerely,

Andrew A. Rainer

cc:   All counsel of record
      (through the electronic filing system)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLARENCE R. COLLINS, JR., et al., :
    Plaintiffs, :
   :
v. : Civil Action No.
   : 3:03 CV 945 (CFD)
OLIN CORPORATION, et al. :
    Defendants. :

## PARTIAL RULING ON MOTIONS TO DISMISS AND ORDER FOR A HEARING

The plaintiffs, certain property owners in Hamden, Connecticut, have brought a seventeen count complaint against the defendants, the town of Hamden and Olin Corporation ("Olin"). Both defendants filed motions to dismiss. More specifically, Olin filed seven separate motions to dismiss, addressing different counts of the complaint. As it appears to the Court that these separate motions should have been consolidated into one motion to dismiss, documents ## 73, 74 75, 76, 77, are **DENIED** without prejudice. The Court will consider the arguments made in those motions within the context of the first filed motion to dismiss, document #72.

In addition to the pending motions to dismiss, both defendants have filed motions for summary judgment. The Court will hear oral argument arguments from the parties on **May 6, 2005** at **10:00 a.m.** on the pending motions for summary judgment. At that time, the parties may also present supplemental arguments on the motions to dismiss.

SO ORDERED this __31st__ th day of March 2005, at Hartford, Connecticut.

                                                  /s/ CFD
                                                **CHRISTOPHER F. DRONEY**
                                               **UNITED STATES DISTRICT JUDGE**