**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER AND PATRICK DONTFRAID, DONNA LEE JOHNSON, LEONARDO MELENDEZ, SONIA POWELL, DOROTHY WILLIAMS, MATTHEW AND PHYLLIS ABRAHAM, HENRY L. BLUE, JANIE CLEMONS, LOUISE CRAIG, RUTH B. EATON, WILLIAM AND MAXINE JONES, HERMAN BERSHTEIN, as Executor of the Estate of JOSEPHINE NEAL,  CLIFFORD SENIOR AND ADRIENNE ROUSE-SENIOR, RAYMOND SIMS, SR. AND ELLECIA R. SIMS,  MARC PERRY, VENUS D. WALKER, MORRIS AND MARY DRAUGHN, CAROLYN SMITH, ELIZABETH HAYES, ABDUL HAMID, EUGALYN WILSON, CHARLENE P. WEBB, ELIAS ROCHESTER AND MARCIA WALTERS, for themselves and on behalf of a class of similarly situated property owners, | 3:03-CV-945 (CFD) |
| Plaintiffs, | |
| v. | |
| OLIN CORPORATION | DECEMBER 20, 2006 |
| Defendant. | |

**SECOND AMENDED COMPLAINT**

For their complaint, the Plaintiffs Clarence R. Collins, Jr., Jennifer and Patrick Dontfraid,

Donna Lee Johnson, Leonardo Melendez, Sonia Powell, Dorothy Williams, Matthew and Phyllis

Abraham, Henry L. Blue, Janie Clemons, Louise Craig, Ruth B. Eaton, William and Maxine

Jones, Herman Bershtein, Executor of the Estate of Josephine Neal, Clifford Senior and

Adrienne Rouse-Senior, Raymond Sims, Sr. Ellecia R. Sims, Marc Perry, Venus D. Walker,

Morris and Mary Draughn, Carolyn Smith, Elizabeth Hayes, Abdul Hamid, Eugalyn Wilson,

Charlene P. Webb, Elias Rochester and Marcia Walters make the following allegations, based

upon personal knowledge as to the allegations pertaining to themselves, and based upon the

investigation of counsel as to all other allegations:

<u>INTRODUCTORY STATEMENT</u>

1.    The Plaintiffs bring this complaint, for themselves and on behalf of a Class of

similarly situated property owners in the Newhall area of Hamden, Connecticut seeking damages

against Olin Corporation for the diminution in the value of their properties, response costs, loss

of use and enjoyment of their properties and emotional distress.

2.    The Plaintiffs also seek a declaration that Olin Corporation ("Olin") is responsible

for any and all response actions necessary to investigate and remediate contamination on their

properties and/or the properties of the other members of the Class and, if necessary, an injunction

requiring Olin to conduct such response actions and to cleanup and protect the groundwater and

other natural resources in their neighborhood.[1]

---

[1] By the filing of this Second Amended Complaint, the plaintiffs do not waive any claims, or rights to appeal with respect to claims, against the Town of Hamden or Olin Corporation that were previously the subject of dispositive motions by the Court.  The plaintiffs expressly reserve all their rights, except with respect to claims for response costs incurred to date against the Town.

## PARTIES

3.     The named plaintiffs in this case are as follows:

a.     Plaintiff Clarence R. Collins, Jr. is a resident of Connecticut with an address at 112 Bryden Terrace, Hamden, Connecticut;

b.     Plaintiffs Jennifer and Patrick Dontfraid are residents of Connecticut with an address of 22 St. Mary Street, Hamden, Connecticut.  They also own real property at 28 St. Mary Street, Hamden, Connecticut;

c.     Plaintiff Donna Lee Johnson is a resident of Connecticut with an address at 1071 Winchester Avenue, Hamden, Connecticut.

d.     Plaintiff Leonardo Melendez is a resident of Connecticut with an address at 334 Augur Street, Hamden, Connecticut.

e.     Plaintiff Sonia Powell is a resident of Connecticut with an address at 137 - 139 Shepard Street, Hamden, Connecticut.

f.     Plaintiff Dorothy Williams is a resident of Connecticut with an address at 1067 Winchester Avenue, Hamden, Connecticut.

g.     Plaintiffs Matthew and Phyllis Abraham are residents of Connecticut with an address at 39 St. Mary Street, Hamden, Connecticut.

h.     Plaintiff Henry L. Blue is a resident of Connecticut with an address at 472 Shelton Avenue, Hamden, Connecticut.

i.     Plaintiff Janie Clemons is a resident of Connecticut with an address at 90 Bryden Terrace, Hamden, Connecticut.

j. Plaintiff Louise Craig is a resident of Connecticut with an address at 507 Newhall Street, Hamden, Connecticut.

k. Plaintiff Ruth B. Eaton is a resident of Connecticut with an address at 499 Newhall Street, Hamden, Connecticut.

l. Plaintiffs William and Maxine Jones are residents of Connecticut with an address at 1030 Winchester Avenue, Hamden, Connecticut.

m. Plaintiff Herman Bershtein is the Executor of the Estate of Josephine Neal who was a resident of Connecticut with an address at 513 Newhall Street, Hamden, Connecticut.

n. Plaintiffs Clifford Senior and Adrienne Rouse-Senior are residents of Connecticut with an address at 26 Marlboro Street, Hamden, Connecticut.

o. Plaintiffs Raymond Sims, Sr. and Ellecia R. Sims are residents of Connecticut with an address at 478 Newhall Street, Hamden, Connecticut.

p. Plaintiff Marc Perry is a resident of Connecticut with an address at 46 Wadsworth Street, Hamden, Connecticut.

q. Plaintiff Venus D. Walker is a resident of Connecticut with an address at 618 Newhall Street, Hamden, Connecticut.

r. Plaintiffs Morris and Mary Draughn are residents of Connecticut with an address at 25 Marlboro Street, Hamden, Connecticut.

s. Plaintiff Carolyn Smith is a resident of Connecticut with an address at 14 St. Mary Street, Hamden, Connecticut.

t.      Plaintiff Elizabeth Hayes is a resident of Connecticut with an address at

357 Mill Rock Road, Hamden, Connecticut.

u.      Plaintiff Abdul Hamid is a resident of Connecticut with an address at 331

Augur Street, Hamden, Connecticut.

v.      Plaintiff Eugalyn Wilson is a resident of Connecticut with an address at

132-134 Shepard Street, Hamden, Connecticut.

w.      Plaintiff Charlene P. Webb is a resident of Connecticut with an address at

1042 Winchester Ave., Hamden, Connecticut.

x.      Plaintiff Elias Rochester is a resident of Connecticut with an address at

311 Morse Street, Hamden, Connecticut.

y.      Plaintiff Marcia Walters is a resident of Connecticut with an address at

136 Bryden Terrance, Hamden, Connecticut.

4.      Defendant Olin Corporation ("Olin") is a corporation organized under the laws of

the State of Virginia, with its corporate headquarters in Clayton, Missouri.  At all relevant times,

Olin conducted business in New Haven, Connecticut and Hamden, Connecticut.

<u>OLIN CORPORATION'S HISTORY</u>

5.      Founded in 1866 in New Haven, Connecticut, Winchester Repeating Arms

Company ("Winchester") was in the business of small arms and ammunition manufacturing.

6.      In 1931, Winchester was in bankruptcy and its the assets were sold out of

receivership and were subsequently purchased by John M. Olin's Western Cartridge Company.

7.     After the purchase of Winchester, Olin, Western Cartridge Company, later known as Olin, continued the operations of Winchester, including manufacturing operations at the Winchester facility in New Haven, Connecticut ("Winchester Plant").

<u>DISPOSAL OF INDUSTRIAL WASTE IN THE NEWHALL SECTION</u>

8.     As early as 1915, the Town of Hamden ("Hamden" or "Town") solicited owners of properties containing wetlands and low lying areas to allow refuse to be dumped onto their properties. Hamden operated dumps on these properties and, when filled, the properties would be developed for residential use.

9.     Some time prior to 1917, Hamden established dumps in the Newhall Section of Hamden, and Winchester began disposing of its industrial waste there. This industrial waste included hazardous substances, including lead, arsenic, semi-volatile organic compouns and polyarmomatic hydrocarbons.

10.     Winchester and then Olin generated the industrial waste at the nearby Winchester Plant, which was over the town line in New Haven, Connecticut, and transported and disposed of the industrial waste in the Newhall Section.

11.     Winchester and then Olin continued to dispose of industrial waste in Hamden run dumps, and specifically in the Newhall Section, until the dumps were closed.

12.     At the time when Olin was generating the industrial waste, there was available and verified scientific data indicating that lead and arsenic, the primary constituents of Olin's waste, were harmful to humans and the environment.

13.    Beginning in approximately 1920, portions of the privately owned property used by Hamden for disposal were developed into residential properties.

14.    Olin was aware that after each dump in the Newhall Section was closed for disposal, residential structures were constructed on the former dump sites.

15.    Though Olin knew of the harm that could result by disposing of the industrial waste, it was impossible at the time to safely store or dispose of the waste.

INVESTIGATIONS OF CONTAMINANTS
BURIED IN THE NEWHALL STREET RESIDENTIAL NEIGHBORHOOD

16.    During the year 2000 and early 2001 the United States Environmental Protection Agency ("USEPA") conducted studies that confirmed that chemicals and wastes from historical firearm and ammunition manufacturing operations had been disposed in former wetland areas bordering on residential areas in and around the Newhall Section.

17.    Based on these discoveries, the USEPA agreed to study residential properties in the Newhall Section for the presence of contamination.

18.    In or about April 2001 the USEPA conducted surficial soil sampling on 76 private properties in the Newhall Section and analyzed these samples for a variety of organic and inorganic contaminants including but not limited to lead, arsenic, semi-volatile organic compounds ("SVOCs") and polycyclic aromatic hydrocarbons ("PAHs").

19.    Over 25% of these samples contained lead concentrations which exceeded acceptable state standards for residential property soils.

20.     Approximately 10% of the collected samples exceeded the "action level" developed by USEPA and the Connecticut Department of Environmental Protection ("CTDEP"); according to the CTDEP this concentration presents a threat of elevated lead levels in blood of children and/or adults which can lead to a variety of physical and cognitive impairments.

21.     Results of these analyses were sent to various individual property owners by letter dated May 29, 2001 or thereafter.

22.     USEPA carried out a "time-critical removal action" at 13 residential properties known to exceed the action level, removing soil down to 18 inches or greater and replacing it with clean fill.

23.     Materials uncovered during the excavation program included a number of waste materials including industrial materials related to firearms, ammunition and battery production.

24.     CTDEP sampled soils beneath the excavated layers on these residential properties and collected deeper soil samples at over 20 additional properties which demonstrated widespread contamination and filling of industrial wastes throughout the area.

25.     Elevated concentrations of the hazardous constituents found may lead to a variety of physical and cognitive ailments including nervous system dysfunction, renal problems, cancer and/or a variety of other deleterious conditions.

26.     In or about December 2002, consultants for Olin reported that analyses of fill in the Newhall Section consistently indicated the presence of elevated concentrations of hazardous substances, including lead, arsenic, and polyaromatic hydrocarbons.

27.     Since 2002, both Olin and the CTDEP have conducted additional investigations intended to accurately characterize the extent of contamination in the Newhall Section.  As a result of these investigations, Olin and the CTDEP found contamination on additional properties, as well as generating information about which properties received contaminated fill after 1931.

<u>FACTS RELATING TO NAMED PLAINTIFFS</u>

28.     Plaintiffs Clarence R. Collins, Jr., Jennifer and Patrick Dontfraid, Donna Lee Johnson, Leonardo Melendez, Sonia Powell, Dorothy Williams, Matthew and Phyllis Abraham, Henry L. Blue, Janie Clemons, Louise Craig, Ruth B. Eaton, William and Maxine Jones, Herman Bershtein on behalf of the Estate of Josephine Neal, Clifford Senior and Adrienne Rouse-Senior, Raymond Sims, Sr. and Ellecia R. Sims, Marc Perry, Venus D. Walker, Morris and Mary Draughn, Carolyn Smith, Elizabeth Hayes, Abdul Hamid, Eugalyn Wilson, Charlene P. Webb, Elias Rochester and Marcia Walters are current and/or past owners of property contained within the Newhall Section.

a.     Plaintiff Clarence R. Collins, Jr. is owner of property located at 112 Bryden Terrace, Hamden, Connecticut.

b.     Plaintiffs Jennifer and Patrick Dontfraid are owners of property located at 22 & 28 St. Mary Street, Hamden, Connecticut.

c.     Plaintiff Donna Lee Johnson is owner of property located at 1071 Winchester Avenue, Hamden, Connecticut.

d.     Plaintiff Leonardo Melendez is owner of property located at 334 Auger Street, Hamden, Connecticut.

e.     Plaintiff Sonia Powell is owner of property located at 137 - 139 Shepard Street, Hamden, Connecticut.

f.     Plaintiff Dorothy Williams is owner of property located at 1067 Winchester Avenue, Hamden, Connecticut.

g.     Plaintiffs Matthew and Phyllis Abraham are owners of property located at 39 St. Mary Street, Hamden, Connecticut.

h.     Plaintiff Henry L. Blue is the owner of the property located at 472 Shelton Avenue, Hamden, Connecticut.

i.     Plaintiff Janie Clemons is the owner of the property located at 90 Bryden Terrace, Hamden, Connecticut.

j.     Plaintiff Louise Craig is the owner of the property located at 507 Newhall Street, Hamden, Connecticut.

k.     Plaintiff Ruth B. Eaton is the owner of the property located at 499 Newhall Street, Hamden, Connecticut.

l.     Plaintiffs William and Maxine Jones are owners of the property located at 1030 Winchester Avenue, Hamden, Connecticut.

m.     Plaintiff Herman Bershtein is Executor of the Estate of Josephine Neal which owns the property located at 513 Newhall Street, Hamden, Connecticut.

n.     Plaintiffs Clifford Senior and Adrienne Rouse-Senior are owners of the property located at 26 Marlboro Street, Hamden, Connecticut.

o.      Plaintiffs Raymond Sims, Sr. and Ellecia R. Sims are owners of the

property located at 478 Newhall Street, Hamden, Connecticut.

p.      Plaintiff Marc Perry is the owner of the property located at 46 Wadsworth

Street, Hamden, Connecticut.

q.      Plaintiff Venus D. Walker is the owner of the property located at 618

Newhall Street, Hamden, Connecticut.

r.      Plaintiffs Morris and Mary Draughn are the owners of the property located

at 25 Marlboro Street, Hamden, Connecticut.

s.      Plaintiff Carolyn Smith is the owner of the property located at 14 St. Mary

Street, Hamden, Connecticut.

t.      Plaintiff Elizabeth Hayes is the owner of the property located at 357 Mill

Rock Road, Hamden, Connecticut.

u.      Plaintiff Abdul Hamid is the owner of the property located at 331 Augur

Street, Hamden, Connecticut.

v.      Plaintiff Eugalyn Wilson is the owner of the property located at 132-134

Shepard Street, Hamden, Connecticut.

w.      Plaintiff Charlene P. Webb is the owner of the property located at 1042

Winchester Ave., Hamden, Connecticut.

x.      Plaintiff Elias Rochester is the owner of the property located at 311 Morse

Street, Hamden, Connecticut.

y.      Plaintiff Marcia Walters is the owner of the property located at 136

Bryden Terrace, Hamden, Connecticut.

<u>THE PLAINTIFFS' CLASS ALLEGATIONS</u>

29.     The plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30.     All of the named Plaintiffs represent a Class (the "Class") which is made up of all persons who own real property in the Newhall Section of Hamden at the following addresses:

(a) Newhall Street, including numbers 400, 404, 406, 412, 424, 432, 434, 438, 452, 460, 462, 466, 468, 474, 478, 484, 486, 496, 550-560, 596, 602, 606, 610, 618, 622, 626, 630, 634, 642, 650, 670, 672, 678, 403, 405, 421, 425, 431, 449, 453, 461, 465, 469, 473, 477, 481, 499, 507, 513, 517, and 523;

(b) Mill Rock Road, including numbers 175, 178, 180, 186, 190, 192, 195, 196, 198, 202, 204, 205, 210, 212, 215, 220, 225, 230, 365-409, 361, 359, 357, 355, 353, 351, 347, 345, 343, 341, 337, 335, 333, 331, 329, 327, 323, 321, 319, 315, 311, 309, 307, 305, 303, 299, and 297;

(c) Harris Street, including numbers 13, 16, 17, and 20;

(d) Remington Street, including numbers 5, 9, and 22;

(e) Augur Street, including numbers 339, 337, 333, 331, 329, 327, 323, 334, 322, 338, and 342;

(f) Morse Street, including numbers 355, 353, 349, 345, 339, 335, 331, 325, 319, 321, 315, 317, 311, 301, 303, 299, 295, 291, 287, 283, 279, 275, 271, 267, 263, 259, 253, 255, 249, 251, 185, 177, 171, 173, 165, 167, 161, 155, 135, 127, 121, 115, 109, 103, 95, 79, 71, 63, 53, 45, 35, 25, 36, 46, 56, 66, 82, 92, 96, 98, 102, 108, 116, 126, 160, 164, 168, 172, 176, 180, 214, 216, 220, 222, 266, 258, 274, 284, 286, 290, 292, 296, 300, 304, 308, 328, 330, 368, 380, 382, and 384;

(g) St. Mary Street, including numbers 74, 70, 64, 50, 52, 42, 44, 38, 34, 28, 22, 14, 17, 19, 21, 27, 29, 35, 37, 39, 45, 49, and 53;

(h) Shelton Avenue, including numbers 515, 517, 509, 511, 481, 461, 457, 453, 445, 447, 443, 439, 435, 434, 436, 440, 442, 462, 464, 466, 470, 472, 476, 478, 480, 482, 484, 488, 492, 496, 502, 508, and 510;

(i) Edwards Street, including numbers 42, 59, 51, 49, 45, 39, 35, 25, 27, 21, 23, 17, 16, 22, 26, 30, 32, 38, 48, 50, and 52;

(j) Butler Street, including numbers 238, 234, 236, 230, 237, 231, 229, 221, 223, 217, 219, 213, 215, 195, 191, 185, 187, 181, 183, 177, 179, 192, 194, 188, 190, and 184;

(k) Marlboro Street, including numbers, 125, 121, 115, 109, 105, 91, 87, 83, 79, 73, 69, 61, 33, 29, 25, 21, 17, 11, 16, 18, 26, 30, 34, 64, 80, 82, 84, 88, and 90;

(l) Shepard Street, including numbers 163, 137, 139, 133, 135, 129, 131, 124, 126, 128, 130, 132, 134, 136, 138, 150, 156, 158, 160, 162, 164, 166, and 168;

(m) Goodrich Street including numbers 365, 355, 345, 327, 325, 323, 321, 319, 311, 303, 297, 293, 267, 265, 257, 253, 245, 241, 237, 233, 229, 231, 211, 213, 207, 209, 203, 199, 197, 195, 163, 159, 155, 149, 123, 117, 105, 99, 87, 79, 71, 55, 156, 160, 164, 168, 204, 206, 236, 238, 266, 270, 272, 304, 306, 308, 310, 312, 324, 356, 360, 362, 370, 390 and 392;

(n) Winchester Avenue, including numbers 922, 932, 934, 938, 936, 950, 956, 960, 962, 966, 968-970, 972, 974, 976, 984, 994, 1002, 1006, 1028, 1030, 1032, 1036, 1042, 1048, 1099, 1071, 1067, 1061, 1035, 1027, 1019, 1005, 999, 993, 985, 981, 979, 973, 965, 959, and 957;

(o) Newbury Street, including numbers 18, 22, and 26;

(p) North Sheffield Street, including numbers 10, 18, 26, 32, 38, 44, 50, 56, 49, 41, 35, 29, 23, and 15;

(q) Wadsworth Street, including numbers 12, 20, 46, 54, 60, 61, 53, 21, and 17;

(r) Bryden Terrace, including numbers 142, 136, 130, 124, 118, 112, 106, 94, 90, 84, 70, 60, 52, 44, 36, 30, 22, 25, 39, 47, 51, 71, 99, 105, 113, 117, 125, and 131; and

(s) Prospect Lane, including numbers 14, 20, 28, 34, 40, and 44.

31.    Plaintiffs Ruth B. Eaton, Louise Craig, Herman Bershtein, William and Maxine Jones, Charlene Webb, Dorothy Williams, Donna Lee Johnson, Marcia Walters, Janie Clemons, and Marc Perry also represent a subclass (the "Contaminated Properties Subclass") of all

members of the Class onto which Olin disposed of contaminated fill after it purchased

Winchester in 1931, and in particular the following properties:

(a)  Morse Street, including numbers 185, 177, 171-173, 165-167, 161, 151, 135, 127, 121, 115, 109, 103, and 95;

(b)  Newhall Street, including numbers 499, 507, 513, 517, and 523.

(c)  Newbury Street, including numbers 26, 22, and 18.

(d)  Winchester Avenue, including numbers 1028, 1030, 1032, 1036, 1042, 1048, 1019, 1027, 1035, 1061, 1067, 1071, and 1099.

(e)  Bryden Terrace, including numbers 142, 136, 130, 124, 118, 112, 106, 94, 90, 84, 131, 125, 117, 113, 105, and 99.

(f)  Wadsworth Avenue, including numbers 60, 54, 46, 20, 12, 17, 21, 53, and 61.

32.    Plaintiffs Clarence R. Collins, Jr., Jennifer and Patrick Dontfraid, Leonardo

Melendez, Sonia Powell, Matthew and Phyliss Abraham, Henry L. Blue, Clifford Senior,

Adrienne Rouse-Senior, Raymond Sims, Sr., Ellecia R. Sims, Venus D. Walker, Morris and

Mary Draughn, Carolyn Smith, Elizabeth Hayes, Abdul Hamid, Eugalyn Wilson, and Elias

Rochester also represent a subclass of all members of the Class who own real property within the

Newhall Section onto which Olin did not dispose of industrial waste containing contamination

after it purchased Winchester in 1931, but who have suffered damages as a result of their close

proximity to the Contaminated Properties Subclass.  This Subclass ("Stigma Subclass") consists

of properties listed in the Class that are not listed in the Contaminated Properties Subclass.

33.    Additionally, Plaintiffs Clarence R. Collins, Jr., Donna Lee Johnson, Leonardo,

Melendez, Dorothy Williams, Matthew and Phyllis Abraham, Henry L. Blue, Janie Clemons,

Louise Craig, Ruth B. Eaton, Herman Bershtein, Clifford Senior, Adrienne Rouse-Senior, Marc Perry, Morris and Mary Draughn, Carolyn Smith, Abdul Hamid, and Marcia Walters represent a subclass of the members of the Class who own real property in the Newhall Section who have or will incur response costs in order to redress residual contamination ("Response Cost Subclass"). The Response Cost Subclass consists of the following properties:

    (a)    Augur Street, including numbers 323, 327, 331, 333, 334, 337, and 339.

    (b)    Bryden Terrace, including numbers 84, 90, 94, 99, 105, 106, 112, 113, 117, 118, 124, 125, 130, 131, 136, and 142.

    (c)    Butler Street, including numbers 213-215, 217-219, 229, 230, 231, 234-236, 238, and 237.

    (d)    Edwards Street, including numbers 17, 21-23, 25-27, 26, 30, 32, 35, 38, 39, 42, 45, 48, 49, 50-52, 51, and 59.

    (e)    Goodrich Street, including numbers 163, 253, 257, and 267.

    (f)    Harris Street, including numbers 16, 17, and 20.

    (g)    Marlboro Street, including numbers 25, 26, 29, 30, 33, 34, 61, 87, and 88.

    (h)    Morse Street, including numbers 95, 103, 109, 115, 121, 127, 135, 176, 177, 180, 185, 220, 259, 263, 266, 267, 283, 287, 308, 319-321, and 330.

    (i)    Newhall Street, including 421, 425-431, 453, 461, 465, 469, 473, 477, 481, 499, 507, 513, 517, 523, and 596.

    (j)    North Sheffield Street, including numbers 29, and 35.

    (k)    Prospect Lane, number 40.

    (l)    Remington Street, number 22.

    (m)    Shelton Avenue, including numbers 462-464, 466, 470, 472, 476, 478-480, 481, 482-484, 488, 492, 496, and 502.

(n)     St. Mary Street, including numbers 14, 21, 27, 29, 35-37, 39, 45, 49, and 53.

(o)     Wadsworth Street, including numbers 12, 20, 46, 54, and 60.

(p)     Winchester Avenue, including numbers 1019, 1027, 1035, 1061, 1067, and 1071.

34.     The Class and Subclasses are so numerous that joinder of all members is impracticable.  The Class consists of more than 300 properties, and each of the Subclasses consists of more than 50 properties.

35.     The plaintiffs' claims are typical of the claims of the other members of the Class and Subclasses in that they, like all members of the Class, have suffered damages, including a diminution in the value of their property, loss of use or enjoyment of their property, or severe emotional distress, or have or will incur response costs as a result of Olin's actions.

36.     The plaintiffs will fairly and adequately protect the interests of the other members of the Class and Subclasses and have retained counsel competent and experienced in environmental law.

37.     Common questions of law and fact exist as to all members of the Class and Subclasses that predominate over any questions affecting solely individual members of the Class and Subclasses.  Among the common questions of law and fact are:

               *       Whether defendant Olin is liable to the Plaintiffs and the members
                       of the Class and Subclasses for its course of conduct in disposing of
                       industrial wastes containing hazardous substances in the Newhall Section;

    \*       Whether defendant's activities in the Newhall Section breached a duty owed to the Plaintiffs and all members of the Class and Subclasses;

    \*       Whether the defendant's disposal of contaminated wastes in the Newhall Section constitutes an ultrahazardous activity and whether the defendant should be held strictly liable for those activities;

    \*       Whether defendant's activities have interfered with the use and enjoyment of the properties of the Plaintiffs and all members of the Class and Subclasses;

    \*       Whether Olin is liable to the Plaintiffs and the members of the Class and Response Cost Subclass pursuant to the strict liability provisions of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. 9607 ("CERCLA") or Conn. Gen. Stat § 22a-452.

38.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and there will be no difficulty in the management of this litigation which will preclude its maintenance as a class action.

## **COUNT I – Negligence**

39.     Each of the allegations contained in Paragraphs 1 through 38 is incorporated herein by reference.

40.     Olin negligently disposed of and/or released hazardous substances in the Newhall Section of Hamden over the course of many years, negligently disposed of hazardous substances that have contaminated the soil and ground water flowing under the Newhall Section, knowing that the areas where dumping occurred would be used for residential development, and negligently failed for decades to warn residents of the Newhall Section of the hazards it had created.

41.     By its negligent acts and omissions described above, Olin has breached its duties to the plaintiffs, the Class, and the Contaminated Properties and Stigma Subclasses.

42.     As a proximate result of Olin's negligent acts and omissions, the plaintiffs and the members of the Class and the Contaminated Properties and Stigma Subclasses have suffered damages, including damage to the value of their homes and properties, loss of use and enjoyment of their properties, and severe emotional distress.

43.     Olin is liable for all direct and consequential damages suffered by the plaintiffs, the Class, and the Contaminated Properties and Stigma Subclasses as a result of its negligent acts and omissions.

## COUNT II - Gross Negligence/Reckless Conduct

44.     Each of the allegations contained in Paragraphs 1 through 43 is incorporated herein by reference.

45.     Olin disposed of and/or released hazardous substances in the Newhall Section of Hamden over the course of many years, that has resulted in the contamination of the soil and ground water flowing under the Newhall Section, and failed to warn residents of the Newhall Section of the hazards it had created, all in a willful, wanton and reckless manner.

46.     By its willful, wanton and reckless acts and omissions described above, Olin has breached its duties to the plaintiffs, the Class, and the Contaminated Properties and Stigma Subclasses.

47.     As a proximate result of Olin's willful, wanton and reckless acts and omissions, the plaintiffs, and the members of the Class and the Contaminated Properties and Stigma Subclasses have suffered damages, including damage to the value of their homes and properties, loss of the use and enjoyment of their properties and severe emotional distress.

48.     Olin is liable for all direct and consequential damages suffered by the plaintiffs, the Class, and the Contaminated Properties and Stigma Subclasses as a result of its willful, wanton and reckless acts and omissions.

## COUNT III  - Violation of the Environmental Protection Act of 1971

49.     Each of the allegations contained in Paragraphs 1 through 48 is incorporated herein by reference.

50.     Olin disposed of and/or released hazardous substances in the Newhall Section of Hamden over the course of many years, which has resulted in the contamination and/or the threat of contamination to the ground water flowing under the Newhall Section and other natural resources.  Pursuant to Conn. Gen. Stat. §22a-15, the ground water and other natural resources are held in public trust and Conn. Gen. Stat. §22a-16 protects these resources from unreasonable pollution, impairment or destruction.

51.     The plaintiffs, the Class, and the Response Cost Subclass are entitled to a preliminary injunction and a permanent mandatory injunction pursuant to Conn. Gen. Stat. § 22a-18 ordering Olin to perform any and all response actions on an expedited basis that are necessary to protect and restore the ground water quality and other natural resources that have been or are threatened to be adversely impacted by Olin's disposal of hazardous substances in the Newhall Section of Hamden.

### COUNT IV - Negligence Per Se

52.     Each of the allegations contained in Paragraphs 1 through 51 is incorporated herein by reference.

53.     Olin disposed of and/or released hazardous substances in the Newhall Section of Hamden over the course of many years, that has resulted in the contamination of the soil and ground water flowing under the Newhall Section, and failed to warn residents of the Newhall Section of the hazards it had created.

54.     Olin's actions and omissions constitute negligence per se, including the breach of the standard of care set forth in Conn. Gen. Stat. §§ 22a-15, 22a-16 and 22a-427, and as a result, plaintiffs, and the members of the Class and the Contaminated Properties and Stigma Subclasses have suffered damages, including damage to the value of their homes and properties, loss of the use and enjoyment of their properties and severe emotional distress.

55.     Olin is liable for all direct and consequential damages suffered by the plaintiffs, the Class, and the Contaminated Properties and Stigma Subclasses as a result of its per se negligence.

**COUNT V - Abnormally Dangerous Activity/Strict Liability**

56.     Each of the allegations contained in Paragraphs 1 through 55 is incorporated herein by reference.

57.     Olin engaged in ultrahazardous and abnormally dangerous activities when it handled, disposed of and/or released hazardous substances in its possession, custody and control, including industrial waste containing lead and arsenic.

58.     At the time it was generating and disposing of the hazardous substances, Olin knew, or should have known, that the hazardous substances were harmful to humans and the environment.

59.     At the time it was disposing of the hazardous substances in the Newhall Section, Olin knew, or should have known, that the hazardous substances would cause harm to future landowners.

60.     Olin knew, or should have known, that there was a high degree of risk associated with the handling, disposal and/or release of hazardous substances, including a risk of harm to the plaintiffs, the Class, and the Subclass.

61.     As a proximate result of Olin's abnormally hazardous activity, the plaintiffs, the Class, and the Contaminated Properties and Stigma Subclasses have suffered damages.

62.     Olin is liable for all harm to the plaintiffs, the Class, and the Contaminated Properties and Stigma Subclasses resulting from its ultrahazardous and abnormally hazardous activities, including all direct and consequential damages and all other costs recoverable by law.

## <u>COUNT VI - Infliction of Emotional Distress</u>

63.    Each of the allegations contained in Paragraphs 1 through 62 is incorporated herein by reference.

64.    The actions and omissions of Olin described above represent conduct that is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.

65.    Olin knew or was reckless in not knowing that its actions and omissions would inflict emotional distress on the plaintiffs, and the members of the Class and the Contaminated Properties and Stigma Subclasses.

66.    Olin's actions and omissions have in fact inflicted severe emotional distress on the plaintiffs, and the members of the Class and the Contaminated Properties and Stigma Subclasses, and Olin is liable to the plaintiffs, and the members of the Class and the Contaminated Properties and Stigma Subclasses for all resulting damages.

## COUNT VII - Recovery Under Conn. Gen. Stat. § 22a-452

67.     Each of the allegations contained in Paragraphs 1 through 66 is incorporated herein by reference.

68.     Olin is the owner and operator of a site from which there has been a disposal and release of materials defined as hazardous waste under Conn. Gen. Stat. §22a-115(1), or is otherwise legally responsible for the releases from the site.

69.     Olin, directly or indirectly, also arranged for the transport and disposal of hazardous wastes from its nearby site to the Newhall Section.

70.     As a result of Olin's disposal and release of the hazardous waste in the Newhall Section, the plaintiffs, the Class, and the Response Cost Subclass have or will incur reasonable costs for the containment, removal, and/or mitigation of such hazardous waste, and Olin is liable for all such costs.

**COUNT VIII – Public Nuisance**

71.    Each of the allegations contained in Paragraphs 1 through 70 is incorporated herein by reference.

72.    Olin, by its handling, disposal and release of hazardous substances, industrial waste containing lead and arsenic that was used as fill in the Newhall Section, has unreasonably interfered with public health, safety, peace, comfort or convenience of the public and has thereby caused a public nuisance.

73.    The plaintiffs and the members of the Class and the Contaminated Properties and Stigma Subclasses, as owners of property in the Newhall Section have suffered harms different than those suffered by the general public.

74.    As a proximate result of the nuisance created by Olin, the plaintiffs, the Class and the Contaminated Properties and Stigma Subclasses have and continue to suffer substantial injuries and damages, including damage to the value of their homes and properties, loss of use and enjoyment of their properties and severe emotional distress.

75.    Olin is liable for all such damages suffered by the plaintiffs, the Class and the Contaminated Properties and Stigma Subclasses as a direct and proximate result of its conduct.

## COUNT IX– Private Nuisance

76.     Each of the allegations contained in Paragraphs 1 through 75 is incorporated herein by reference.

77.     Olin, by its handling, disposal of, and release of hazardous substances, emanating from its own nearby property, including industrial waste containing lead and arsenic used as fill in the Newhall Section, has unreasonably interfered with the plaintiffs, the Class, and the Contaminated Properties and Stigma Subclasses' use and enjoyment of their properties and has thereby created a private nuisance.

78.     As a proximate result of the nuisance created by Olin, the plaintiffs, the Class and the Contaminated Properties and Stigma Subclasses have and continue to suffer substantial injuries and damages, including damage to the value of their homes and properties, loss of use and enjoyment of their properties and severe emotional distress.

79.     Olin is liable for all such damages suffered by the plaintiffs, the Class and the Contaminated Properties and Stigma Subclasses as a direct and proximate result of its conduct.

## <u>COUNT X - Recovery of Response Costs Under</u><br><u>CERCLA §107 42 U.S.C. § 9607</u>

80.     Each of the allegations contained in Paragraphs 1 through 79 is incorporated herein by reference.

81.     Olin is the owner of a facility from which hazardous substances were released, and Olin arranged for the transportation and/or disposal of hazardous substances.

82.     Olin disposed of substances defined as hazardous substances under 42 U.S.C. § 9601(14) and 40 CFR Part 302.4 in the Newhall Section of Hamden and such substances have contaminated the soil and ground water in the Newhall Section at levels exceeding maximum allowable contaminant levels.

83.     The plaintiffs and members of the Class and the Response Cost Subclass are required to incur necessary response costs, consistent with the national contingency plan, including costs entailed in testing their properties for the presence of hazardous substances and removing residual contamination.

84.     Olin is liable to the plaintiffs and the members of the Class and the Response Cost Subclass for the amount of the response costs required to be incurred by the plaintiffs and the members of the Class and the Response Cost.

## <u>REQUESTS FOR RELIEF</u>

WHEREFORE, the Plaintiffs, the Class, and the Subclasses request the following relief:

A.      An award of all direct and consequential damages incurred by the Plaintiffs and the members of the Class and Contaminated Properties and Stigma Subclasses as a result of Olin's negligence; creation of a nuisance; ultrahazardous activity; willful, wanton and reckless conduct; and infliction of emotional distress;

B.      A declaration that Olin is responsible for all response costs that the Plaintiffs, the Class and the Response Cost Subclass have or must incur in order to redress residual contamination on their properties.

C.      A preliminary injunction and a permanent mandatory injunction requiring Olin to conduct, on an expedited basis, any and all response actions necessary to investigate and/or remediate the releases or threats of releases to the soil, ground water and other natural resources in the Newhall Section of Hamden;

E.      An award to the Plaintiffs, the Class, and the Subclasses of all costs of litigation, including attorneys' fees and expert witness fees;

F.      An award of common law punitive damages.

THE PLAINTIFFS


By   /s/ Andrew Rainer
     Mark Roberts, Esq.
     mroberts@mcrobertslaw.com
     Andrew Rainer, Esq.
     Federal Bar #ct25938
     arainer@mcrobertslaw.com
     McRoberts, Roberts & Rainer, LLP
     53 State Street
     Boston, Massachusetts 02109
     Tele: (617) 722-8222
     Fax:  (617) 720-2320


     Monte E. Frank, Esq. ct13666
     mfrank@cohenandwolf.com
     Adam Blank
     ablank@cohenandwolf.com
     Cohen and Wolf, PC
     1115 Broad Street
     Bridgeport, Connecticut 06604
     Tele:  (203) 368-0211
     Fax:   (203) 394-9901


     Neil T. Leifer, Esq.
     nleifer@tenlaw.com
     David C. Strouss, Esq.
     dstrouss@tenlaw.com
     Thornton & Naumes L.L.P
     100 Summer Street, 30th Floor
     Boston, Massachusetts 02110
     Tele: (617) 720-1333
     Fax:  (617) 720-2445

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, 2006, a copy of the foregoing was served electronically and by first class U.S. mail, postage prepaid, upon all counsel of record, as follows:

Michael H. Wetmore, Esq.
Joel B. Samson, Esq.
Husch & Eppenberger, LLC
190 Carondelet Plz Ste 600
Saint Louis MO 63105-3433

Sandra K. Davis, Esq.
Mark S. Baldwin, Esq.
Brown Rudnick Berlack Israels LLP
185 Asylum St Fl 38
Hartford CT 06103-3408

Ann M. Catino, Esq.
Joseph Fortner, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

                          /s/ Andrew Rainer
                          Andrew Rainer