UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE R. COLLINS, JR., JENNIFER | : | |
| AND PATRICK DONTFRAID, DONNA LEE | : | |
| JOHNSON, LEONARDO MELENDEZ, | : | |
| SONIA POWELL, DOROTHY WILLIAMS, | : | |
| VALERIE LASSITER, MATTHEW AND | : | |
| PHYLLIS ABRAHAM, HENRY L. BLUE, | : | |
| JANIE CLEMONS, GWENDOLYN L. | : | |
| COPPAGE, LOUIS CRAIG, RUTH B. | : | |
| EATON, WILLIAM AND MAXINE JONES, | : | |
| JOSEPHINE NEAL, COLLIN ROUSE, | : | |
| CLIFFORD SENIOR AND ADRIENNE | : | 3:03-cv-945 (CFD) |
| ROUSE-SENIOR, RAYMOND SIMS, SR. | : | |
| AND ELLECIA R. SIMS, MARC PERRY, | : | |
| WILLIAM C. AND VENUS D. WALKER, | : | |
| MORRIS AND MARY DRAUGHN, | : | |
| CAROLYN SMITH, ELIZABETH HAYES, | : | |
| ABDUL HAMID, MURLINE WELLESLEY, | : | |
| EUGALYN WILSON, CHARLENE O. WEBB, | : | |
| ELIAS ROCHESTER AND MARUS | : | |
| WALTERS, for themselves and on behalf | : | |
| of a class of similarly situated property | : | |
| owners, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIN CORPORATION, | : | |
| | : | |
| Defendant. | : | February 2, 2007 |

OLIN CORPORATION'S ANSWER,
AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant, Olin Corporation ("Olin") hereby answers Plaintiffs' Second Amended

Complaint as follows:

## INTRODUCTORY STATEMENT

1.        Olin acknowledges that Plaintiffs purport to bring this claim on behalf of themselves and on behalf of a class of similarly situated property owners in the Newhall area of Hamden, Connecticut seeking damages for the diminution of value of their properties, response costs, loss of use and enjoyment of their properties and emotional distress, but denies that this matter may be properly maintained as a class action and further denies each and every allegation of Paragraph 1 of the Second Amended Complaint to the extent the allegations pertain to Olin.

2.        Olin acknowledges that Plaintiffs seek a declaration that Olin is responsible for any and all response actions necessary to investigate and remediate contamination on their properties and/or the properties of the other members of the purported Class and, if necessary, an injunction requiring Olin to conduct such response actions and to cleanup and protect the groundwater and other natural resources in the neighborhood, but denies that any such declaration and/or injunction is warranted and further denies each and every allegation of Paragraph 2, as well as footnote 1, of the Second Amended Complaint to the extent the allegations pertain to Olin.

3.        Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and its subparts, and therefore denies Paragraph 3 and each of its subparts.

4.        Olin admits that it is a corporation organized under the laws of the State of Virginia, with an office in Clayton, Missouri. Olin denies any remaining allegations in Paragraph 4 of the Second Amended Complaint which are not specifically admitted herein.

5.        Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies same.

6.      Olin admits that by 1931, Winchester was in bankruptcy and that certain assets were sold under the auspices of the United States District Court, but denies that the assets were sold through the court directly to Western Cartridge Company.  Olin denies any remaining allegations in Paragraph 6 which are not specifically admitted herein.

7.      The allegations of Paragraph 7 appear to be legal conclusions as to which no answer is required.  To the extent that Paragraph 7 requires an answer, Olin denies Paragraph 7.

### DISPOSAL OF INDUSTRIAL WASTE IN THE NEWHALL SECTION

8.      Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies same.

9.      Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore denies same.

10.     Olin admits that the so-called "Winchester Plant" was in New Haven, Connecticut and that for some period of time after 1932, Olin disposed of some material from the operation of the facility in New Haven in certain areas of the Newhall Section of the Town of Hamden.  Olin denies any remaining allegations of Paragraph 12 that are not specifically admitted herein.

11.     Olin denies the allegations of Paragraph 11.

12.     Olin denies the allegations of Paragraph 12.

13.     Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies same

14.     Olin denies the allegations of Paragraph 14.

15.     Olin denies the allegations of Paragraph 15.

## INVESTIGATIONS OF CONTAMINANTS BURIED IN THE NEWHALL STREET RESIDENTIAL NEIGHBORHOOD

16.     Olin denies the allegations of Paragraph 16.

17.     Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies same.

18.     Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies same.

19.     Olin denies the allegations of Paragraph 19.

20.     Olin denies the allegations of Paragraph 20.

21.     Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies same .

22.     Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies same.

23.     Olin denies the allegations of Paragraph 23.

24.     Olin denies the allegations of Paragraph 24.

25.     Olin denies the allegations of Paragraph 25.

26.     Olin admits that in December 2002, Olin filed an Initial Findings Report, Newhall Street Residential Area, Hamden, Connecticut.  Olin states that this Report speaks for itself. Olin denies any remaining allegations in Paragraph 26 which are not specifically admitted herein.

27.     Olin admits that since 2002, there has been additional sampling in the Newhall Section and that reports exist that speak for themselves with respect to such sampling.  Olin denies any remaining allegations in Paragraph 27 which are not specifically admitted herein.

2578495.01                                                4

## FACTS RELATING TO NAMED PLAINTIFFS

28.      Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and its subparts, and therefore denies Paragraph 28 and each of its subparts.

## THE PLAINTIFFS' CLASS ALLEGATIONS

29.      Olin admits that Plaintiffs seek to bring this action as a class action but denies that a class action is proper.  Olin denies any remaining allegations in Paragraph 29 which are not specifically admitted herein.

30.      Olin denies the allegations of Paragraph 30 and its subparts.

31.      Olin denies the allegations of Paragraph 31 and its subparts.

32.      Olin denies the allegations of Paragraph 32 and its subparts.

33.      Olin denies the allegations of Paragraph 33 and its subparts.

34.      Olin denies the allegations of Paragraph 34.

35.      Olin denies the allegations of Paragraph 35.

36.      Olin denies the allegations of Paragraph 36.

37.      Olin denies the allegations of Paragraph 37 and each of its subparts.

38.      Olin denies the allegations of Paragraph 38.

## COUNT I—Negligence

39.      Olin repeats and re-alleges its responses to Paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40.      Olin denies the allegations of Paragraph 40.

41.      Olin denies the allegations of Paragraph 41.

42.      Olin denies the allegations of Paragraph 42.

2578495.01

43.     Olin denies the allegations of Paragraph 43.

COUNT II – Gross Negligence/Reckless Conduct

44.     Olin repeats and re-alleges its responses to Paragraphs 1 through 43 with the same

force and effect as if fully set forth herein.

45.     Olin denies the allegations of Paragraph 45.

46.     Olin denies the allegations of Paragraph 46.

47.     Olin denies the allegations of Paragraph 47.

48.     Olin denies the allegations of Paragraph 48.

COUNT III- Violation of the Environmental Protection Act of 1971

49.     The Court's Order of January 10, 2007 dismissed this claim (as it was pled in the

First Amended Complaint) and accordingly Olin makes no response to this claim.

50.     The Court's Order of January 10, 2007 dismissed this claim (as it was pled in the

First Amended Complaint) and accordingly Olin makes no response to this claim.

51.     The Court's Order of January 10, 2007 dismissed this claim (as it was pled in the

First Amended Complaint) and accordingly Olin makes no response to this claim.

COUNT IV – Negligence Per Se

52.     Olin repeats and re-alleges its responses to Paragraphs 1 through 51 with the same

force and effect as if fully set forth herein.

53.     Olin denies the allegations of Paragraph 53.

54.     Olin denies the allegations of Paragraph 54.

55.     Olin denies the allegations of Paragraph 55.

<u>COUNT V – Abnormally Dangerous Activity/Strict Liability</u>

56.     Olin repeats and re-alleges its responses to Paragraphs 1 through 55 with the same force and effect as if fully set forth herein.

57.     Olin denies the allegations of Paragraph 57.

58.     Olin denies the allegations of Paragraph 58.

59.     Olin denies the allegations of Paragraph 59.

60.     Olin denies the allegations of Paragraph 60.

61.     Olin denies the allegations of Paragraph 61.

62.     Olin denies the allegations of Paragraph 62.

<u>COUNT VI – Infliction of Emotional Distress</u>

63.     Olin repeats and re-alleges its responses to Paragraphs 1 through 62 with the same force and effect as if fully set forth herein.

64.     Olin denies the allegations of Paragraph 64.

65.     Olin denies the allegations of Paragraph 65.

66.     Olin denies the allegations of Paragraph 66.

<u>COUNT VII – Recovery Under Conn. Gen. Stat. §22a-452</u>

67.     Olin repeats and re-alleges its responses to Paragraphs 1 through 66 with the same force and effect as if fully set forth herein.

68.     Olin denies the allegations of Paragraph 68.

69.     Olin denies the allegations of Paragraph 69.

70.     Olin denies the allegations of Paragraph 70.

<u>COUNT VIII – Public Nuisance</u>

71.    Olin repeats and re-alleges its responses to Paragraphs 1 through 70 with the same force and effect as if fully set forth herein.

72.    Olin denies the allegations of Paragraph 72.

73.    Olin denies the allegations of Paragraph 73.

74.    Olin denies the allegations of Paragraph 74.

75.    Olin denies the allegations of Paragraph 75.

<u>COUNT IX – Private Nuisance</u>

76.    Olin repeats and re-alleges its responses to Paragraphs 1 through 75 with the same force and effect as if fully set forth herein.

77.    Olin denies the allegations of Paragraph 77.

78.    Olin denies the allegations of Paragraph 78.

79.    Olin denies the allegations of Paragraph 79.

<u>COUNT X – Recovery of Response Costs Under CERCLA §107 42 U.S.C. §9607</u>

80.    Olin repeats and re-alleges its responses to Paragraphs 1 through 79 with the same force and effect as if fully set forth herein.

81.    Olin denies the allegations of Paragraph 81.

82.    Olin denies the allegations of Paragraph 82.

83.    Olin denies the allegations of Paragraph 83.

84.    Olin denies the allegations of Paragraph 84.

<u>ANSWER TO ALL CLAIMS</u>

Olin denies each and every allegation of the Second Amended Complaint not expressly admitted herein.

AFFIRMATIVE DEFENSES TO ALL COUNTS AND ALLEGATIONS DIRECTED TO OLIN

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint and each putative "cause of action" contained therein fail to state a claim upon which relief can be granted against Defendant Olin.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Olin are barred by any applicable statutes of limitations including, without limitation Conn.Gen.Stat. §§52-577, 52-577c and 52-584, which bar each and every claim asserted by Plaintiffs, and by any other applicable statutes of limitation and/or by the doctrine of laches and/or statutes or rules of repose.

## THIRD AFFIRMATIVE DEFENSE

Olin's activities in the Newhall Section of Hamden were at all relevant times conducted in accordance with the then-existing state of the art in conformity with the generally recognized state of technological and scientific knowledge existing at the time of the operations at issue. Olin's conduct and activities were reasonable, prudent and common in the industry and met the standards set by the appropriate governmental agencies.

## FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Olin had no knowledge, either actual or constructive, and had no reason to know of alleged propensities, if any, of the materials identified in Plaintiffs' Second Amended Complaint, to cause or contribute to any alleged injury or damage to property and could not have acquired such knowledge by the application of reasonable, developed human skill and foresight.

## FIFTH AFFIRMATIVE DEFENSE

Olin acted with due care and in accordance with federal, state and local laws and

regulations in effect at the time of any alleged acts or omissions.  Retroactive application of

statutes, regulations and/or case law to any alleged acts or omissions by Olin is barred and/or

violates the Connecticut Constitution and/or the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

The damages alleged in the Second Amended Complaint are impermissibly remote and

speculative and, therefore, Plaintiffs are barred from the recovery of any such alleged damages

from Olin.

## SEVENTH AFFIRMATIVE DEFENSE

Olin owed no duty of care to Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred by the failure to join indispensable

parties.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiffs have impermissibly and fraudulently joined claims by unrelated parties

regarding unrelated alleged occurrences, contrary to the Federal Rules of Civil Procedure, such

that these proceedings will become confused before a jury and thereby deprive defendants of due

process of law.

## TENTH AFFIRMATIVE DEFENSE

The right to set and control standards for investigating and remediating alleged

contamination of the kind raised in Plaintiffs' Second Amended Complaint is vested in Federal,

State and/or Local agencies and the jurisdictions and prerogatives of those agencies preempts

any claims of Plaintiffs and prevents any attempt by Plaintiffs to have a Court take over the

investigation and remediation.  Additionally, Plaintiffs' claims, including any equitable

remediation claims, are pre-empted by the primary jurisdiction doctrine.

### ELEVENTH  AFFIRMATIVE DEFENSE

Olin alleges that Plaintiffs have not exhausted the administrative remedies available to

their claims and Plaintiffs are therefore not entitled to relief in this or any other Court.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and alleged damages are barred in whole or in part and/or reduced by

Plaintiffs' own contributory or comparative negligence, contributory fault, comparative fault

and/or assumption of the risk (either primary and/or secondary).  Olin denies liability, but if

liability were assessed to Olin, then Olin prays for a determination and apportionment of fault

among Plaintiffs, Olin, and other persons or entities who may or may not be parties at the time

this cause is submitted to a jury or trier of fact and who caused or contributed to cause any

alleged injuries claimed by Plaintiffs herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged acts or omissions by Olin were not a substantial factor in bringing about the

injuries and damages for which Plaintiffs seek recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any injuries allegedly sustained by Plaintiffs were produced, if at all, by an intervening

cause or causes, and any alleged act or omission of Olin was not the proximate or competent

producing cause of Plaintiffs' alleged injuries.

### FIFTEENTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages, if any, of Plaintiffs were the result of unavoidable

circumstances which could not have been prevented by anyone.

2578495.01                                11

### SIXTEENTH AFFIRMATIVE DEFENSE

Olin denies that it caused Plaintiffs or any other person to incur costs or damages.  If any such alleged costs or damages are found to have been caused by Olin, which Olin denies, such alleged costs or damages are distinct, divisible and separate from all alleged other costs or damages, and therefore Olin cannot be held liable for costs or damages not caused by Olin.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The failure of Plaintiffs to identify with specificity that chemicals allegedly released by this defendant in fact caused their alleged injuries and damages is repugnant to the due process requirements of the United States and Connecticut Constitutions and repugnancy bars any claim that Plaintiffs allegedly might have had.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Olin is entitled to a setoff for settlements, if any, reached by others.

### NINETEENTH AFFIRMATIVE DEFENSE

The injuries and/or damages alleged to be suffered by Plaintiffs, if any, were the sole proximate result of the willful and/or negligent misconduct of persons or entities other than Olin.

### TWENTIETH  AFFIRMATIVE DEFENSE

To the extent that Plaintiffs purport to seek relief on behalf of the general public, the Second Amended Complaint and each of the claims for relief therein violate Olin's right to due process under the Connecticut and United States Constitutions.  Plaintiffs lack standing to sue Olin on behalf of the general public.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Olin denies that it has created or contributed to any alleged "nuisance" affecting Plaintiffs or Plaintiffs' property.  However, if any such nuisance is found to exist, Olin alleges that

Plaintiffs acquired the property and/or exercised their property rights with full knowledge of the alleged nuisance.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the doctrines of estoppel and waiver.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to use reasonable care to minimize or mitigate damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any equitable relief sought is barred because the Plaintiffs have an adequate remedy at law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint, and each putative cause of action contained therein, fail to state a claim against Olin for which punitive or exemplary damages may be awarded.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for exemplary or punitive damages against Olin fails to state a claim on which relief can be granted and is not recoverable on any grounds.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages based on unlimited jury or court discretion or in "grossly excessive" amounts is unconstitutional and in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, as set forth in BMW of North American, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499

U.S. 1 (1991); <u>State Farm Mutual Automobile Ins. Co. v. Campbell</u> No. 01-1289 (U.S. S. Ct. April 7, 2003) and related case law, and in violation of comparable provisions of the Connecticut Constitution.

(a)    The Plaintiffs seek to have this Court impose multiple penalties for the same alleged conduct;

(b)    The standards for determining both the amount and/or the subsequent imposition of punitive damages are vague, supply no notice to defendants of the potential repercussions of their alleged conduct, and are subject to the unbridled discretion of the jury, thereby denying due process under the Connecticut Constitution.

(c)    The standards for determining both the amount and/or the subsequent imposition of punitive damages are vague, supply no notice to defendants of the repercussions of their alleged conduct, and are subject to the unbridled discretion of the jury, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

(d)    Plaintiffs' claims for punitive damages are criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution are applicable.

(e)    Plaintiffs' claims for punitive damages are criminal in nature and the rights given defendants in criminal proceedings should apply under the Connecticut Constitution.

(f)    Plaintiffs' claims for punitive damages constitute a request for and/or imposition of an excessive fine in violation of the Eighth Amendment of the United States Constitution.

(g)    Plaintiffs' claims for punitive damages constitute a request for and/or imposition of an excessive fine in violation of the Connecticut Constitution.

(h)     Plaintiffs' claims for punitive damages constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

(i)     Plaintiffs' claims for punitive damages constitute cruel and unusual punishment in violation of the Connecticut Constitution.

(j)     Plaintiffs' claims for punitive damages discriminate against defendants and constitute a denial of equal protection under the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that defendants' wealth or net worth may be requested to be considered by the jury in determining the amounts of any such damage awards.

(k)     Plaintiffs' claims for punitive damages discriminate against defendants and constitute a denial of equal protection under the law in violation of the Connecticut Constitution.

(l)     Plaintiffs' claims for punitive damages constitute a subsequent imposition of punitive-type damages against defendants and defendants cannot protect against multiple punishments for the same alleged conduct or wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

(m)     Plaintiffs' claims for punitive damages constitute a subsequent imposition of punitive-type damages against defendants and defendants cannot protect against multiple punishments for the same alleged conduct or wrong, thereby denying due process under the Connecticut Constitution.

(n)     The law of Connecticut does not provide an adequate procedure for the determination of damages in the nature of punitive damages in violation of the equal protection and substantive and procedural due process requirements of the Connecticut Constitution and the United States Constitution and in violation of the United States Supreme Court decision in Pacific Mutual Ins. Co. v. Haslip.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The conduct and/or acts of Olin as alleged in the Second Amended Complaint were and are not willful, malicious, fraudulent or done with a conscious disregard for the rights of Plaintiffs and the safety of the public.  Olin exercised reasonable care at all times alleged in the Second Amended Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Olin adopts and incorporates herein by reference each and every applicable defense pleaded by any other defendant in this case as if stated fully herein.

## THIRTIETH AFFIRMATIVE DEFENSE

Olin reserves the right to assert additional defenses should the investigation and discovery in this action demonstrate their applicability.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state any claim under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §9601, *et seq*.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Under the Comprehensive Environmental Response, Compensation and Liability Act, (CERCLA), 42 U.S.C. § 9601 et seq., costs not yet incurred cannot be recovered.  Therefore, the purported claims for relief, including *inter alia* those for contribution and indemnification, must be denied to the extent that they include requests for future costs.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief under the Comprehensive Environmental Response, Compensation and Liability Act, (CERCLA), 42 U.S.C. § 9601 et seq., are barred by the

statutory limitation provided in 42 U.S.C. § 9607(c)(1) to the extent damages in excess of

$50,000,000 are sought.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

Olin is not liable for any costs, damages and expenses that are unnecessary or

inconsistent with the National Contingency Plan, or for indemnification or contribution with

respect thereto, under the Comprehensive Environmental Response, Compensation and Liability

Act, (CERCLA), 42 U.S.C. § 9607(a) and 9613.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

If Olin is otherwise liable for Plaintiffs' alleged response costs, which Olin denies, then,

pursuant to 42 U.S.C. § 9601(35) and 9607(b), Olin is not liable under 42 U.S.C. § 9607(b)

because the alleged release or threat of release of a hazardous substance and the damages

resulting therefrom were caused solely by: 1) an act of God; 2) an act of war; 3) an act or

omission of a third party other than an employee or agent of defendant; or 4) any combination of

the foregoing.

THIRTY-SIXTH AFFIRMATIVE DEFENSE

Olin gives notice that it intends to invoke any and all appropriate defenses provided by

the Connecticut Environmental Protection Act of 1971, including but not limited to the defense

provided in Conn.Gen.Stat. §22a-17 which acts to rebut any showing of unreasonableness on the

part of Olin because, considering all relevant surrounding circumstances and factors, there was

no feasible and prudent alternative to Olin's alleged conduct and that Olin's alleged conduct was

consistent with the reasonable requirements of the public health, safety and welfare.

<u>THIRTY-SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs are not entitled to any judgment against Olin awarding any attorneys' fees because there is no statutory, contractual or other basis for Plaintiffs to receive attorneys' fees in this lawsuit.

<u>DEMAND FOR JURY TRIAL</u>

Olin hereby demands a trial by jury of any and all claims and issues triable of right by a jury.

HUSCH & EPPENBERGER, LLC


By:   /s/ Michael H. Wetmore
     Michael H. Wetmore (ct24899)
     Joel B. Samson (ct24898)
     190 Carondelet Plaza, Suite 600
     St. Louis, Missouri 63105
     Telephone: 314-480-1500
     Fax: 314-480-1505
     michael.wetmore@husch.com
     joel.samson@husch.com


and

BROWN RUDNICK BERLACK ISRAELS LLP

     Douglas A. Cohen
     185 Asylum St.
     CityPlace I, 38th Floor
     Hartford, CT  06103
     Telephone: 860-509-6500
     Fax: 860-509-6501
     dcohen@brbilaw.com


***Attorneys for Defendant Olin Corporation***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the attorneys of record registered for the Court's ECF system (as reflected by the email addresses shown below) or by mailing the same, first class mail, postage prepaid, to the non-participants in the Court's ECF system, on this 2nd day of February, 2007.

Neil T. Leifer, Esq.
Brad J. Mitchell, Esq.
Thornton & Naumes L.L.P.
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Telephone: (617) 720-1333
Facsimile: (618) 720-2445
nleifer@tenlaw.com
bmitchell@tenlaw.com

Monte E. Frank, Esq.
Cohen and Wolf, PC
158 Deer Hill Avenue
Danbury, CT 06810
Telephone: (203) 367-6202
Facsimile: (203) 791-8149
mfrank@cohenandwolf.com

David B. Zabel, Esq.
Perry R. Goodman, Esq.
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, Connecticut 06604
Telephone: (203) 368-0211
Facsimile: (203) 394-9901
dzabel@cohenandwolf.com
pgoodman@cohenandwolf.com

Mark Roberts, Esq.
Andrew A. Rainer, Esq.
McRoberts , Roberts & Rainer, LLP
53 State St.
Boston, MA 02114
Telephone: (617) 722-8222
Facsimile: (617) 720-2320
mroberts@mcrobertslaw.com
arainer@mcrobertslaw.com

*Attorneys for Plaintiff*

Ann M. Catino, Esq.
Joseph G. Fortner, Jr., Esq.
Thomas C. Blatchley, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 522-6103
Facsimile: (860) 548-0006
catino@halloran-sage.com
fortner@halloran-sage.com
blatchley@halloran-sage.com

*Attorneys for Town of Hamden*

/s/ Michael H. Wetmore