IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE COLLINS, JR., et al )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>OLIN CORPORATION )<br>)<br>Defendant )<br>_____) | 3:03-CV-945 (CFD) |

**OLIN CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT
BASED ON STATUTE OF LIMITATIONS**

COMES NOW Defendant Olin Corporation ("Olin") and hereby submits its Motion for Partial Summary Judgment based on statute of limitations pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of this motion, Olin states as follows:

1) Plaintiffs served Olin with their original Complaint on May 2, 2003. As a result, Olin's motion for summary judgment focuses on what putative class members knew, or reasonably should have known, concerning the discovery of contamination in the Newhall neighborhood *before* May 1, 2001 – since the parties agree that § 52-577c(b)'s two-year statute of limitations applies to Plaintiffs' state law claims.

2) It is undisputed that from December 2000 to April 18, 2001, there were several public meetings, a great deal of publicity, and readily available information (such as test data from the Connecticut Department of Environmental Protection (DEP)) that established that contamination had been discovered at the Hamden Middle School, Rochford Field, Mill Rock Park, and in the public rights-of-way in the Newhall neighborhood. Precedent from this District establishes that this readily available and highly-publicized information was known to Plaintiffs

**Oral Argument Requested**                                1

by April 18, 2001. *See, e.g., Staehr v. Hartford Financial Servs.*, 406 F. Supp.2d 329, 339 (D. Conn. 2006).

3)   It is also undisputed that from January 2001 to April 18, 2001, the Newhall Coalition and Cummings & Lockwood (a law firm that was communicating with and meeting with residents of the Newhall neighborhood), had sought and obtained access from the DEP to publicly-available test data results that confirmed the presence of contamination at Rochford Field, Mill Rock Park, and in the public rights-of-way in the Newhall neighborhood.

4)   Furthermore, it is undisputed that on April 18, 2001, the DEP stated, in a publicly-available document, that it had determined that the former landfill area also includes Rochford Field, Mill Rock Park and several residential properties.

5)   Notably, on the same date, Joseph Frasier, the president of the Newhall Coalition, advised the Mayor of the Town of Hamden that there was no question that the Newhall neighborhood was contaminated, causing residents to allegedly experience stress of unknown potential health problems and a drastic reduction in property value.

6)   Under the applicable statute of limitations, Plaintiffs had two years from April 18, 2001 (at the latest) to serve Olin with their Complaint. Plaintiffs, however, failed to do so. As a result, the Court should grant partial summary judgment in favor of Olin with respect to claims by the Stigma Subclass and the Contaminated Properties Subclass, because their claims are time-barred.

7)   Olin incorporates herein Olin's Local Rule 56(a)(1) Statement of Material Undisputed Facts, pursuant to Local Rule 56(a)(1) of the Local Rules of Civil Procedure for the District of Connecticut, as if fully set forth herein.

8) Olin also incorporates herein Olin's Memorandum in Support of Olin's Motion for Partial Summary Judgment, as if fully set forth herein.

WHEREFORE, Olin respectfully requests that the Court grant partial summary judgment with respect to all claims by the Stigma Subclass and the Contaminated Properties Subclass, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

HUSCH & EPPENBERGER, LLC

By: *[signature]*
Michael H. Wetmore (ct24899)
Joel B. Samson (ct24898)
Omri E. Praiss (ECF registration pending)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314-480-1500
Fax: 314-480-1505
michael.wetmore@husch.com
joel.samson@husch.com
omri.praiss@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
Mark S. Baldwin, Esq.
185 Asylum St.
CityPlace I, 38th Floor
Hartford, CT 06103
Telephone: 860-509-6500
Fax: 860-509-6501
mbaldwin@brownrudnick.com

*Attorneys for Defendant Olin Corporation*

**Oral Argument Requested**                              3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the attorneys of record registered for the Court's ECF system (as reflected by the email addresses shown below) or by mailing the same, first class mail, postage prepaid, to the non-participants in the Court's ECF system, on this 10th day of May, 2007.

| | |
|---|---|
| Neil T. Leifer, Esq.<br>Brad J. Mitchell, Esq.<br>Thornton & Naumes L.L.P.<br>100 Summer Street, 30th Floor<br>Boston, Massachusetts 02110<br>Telephone: (617) 720-1333<br>Facsimile: (617) 720-2445<br>nleifer@tenlaw.com<br>bmitchell@tenlaw.com<br><br>Monte E. Frank, Esq.<br>Cohen and Wolf, PC<br>158 Deer Hill Avenue<br>Danbury, CT 06810<br>Telephone: (203) 367-6202<br>Facsimile: (203) 791-8149<br>mfrank@cohenandwolf.com<br><br>David B. Zabel, Esq.<br>Cohen and Wolf, PC<br>1115 Broad Street<br>Bridgeport, Connecticut 06604<br>Telephone: (203) 368-0211<br>Facsimile: (203) 394-9901<br>aclark@cohenandwolf.com<br>dzabel@cohenandwolf.com<br>pgoodman@cohenandwolf.com | Mark Roberts, Esq.<br>Andrew A. Rainer, Esq.<br>McRoberts, Roberts & Rainer, LLP<br>53 State St.<br>Boston, MA 02114<br>Telephone: (617) 722-8222<br>Facsimile: (617) 720-2320<br>mroberts@mcrobertslaw.com<br>arainer@mcrobertslaw.com<br><br>***Attorneys for Plaintiff*** |

_____

**Oral Argument Requested**                4