```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT


- - - - - - - - - - - - - - - - - )
                                   )
CLARENCE R. COLLINS, JR., ET AL    )
         PLAINTIFFS,               )
                                   )
VS.                                )  NO. 3-03-945(CFD)
                                   )
OLIN CORPORATION AND THE           )
TOWN OF HAMDEN,                    )
         DEFENDANTS.               )
                                   )
- - - - - - - - - - - - - - - - - )




         DEPOSITION OF: SONIA POWELL
         DATE TAKEN: SEPTEMBER 22, 2005
         LOCATION: COHEN & WOLF, P.C.
                   1115 Broad Street
                   Bridgeport, CT  06604




     Reporter: KATHLEEN S. NORTON, RPR, LSR #105

        BRANDON SMITH REPORTING SERVICE, LLC
     44 Capitol Avenue        Six Landmark Square
     Hartford, CT  06106      Stamford, CT  06901

     Tel:  (860) 549-1850        (203) 316-8591

     Fax:  (860) 549-1537        (860) 549-1537
```

Collins v. Olin Corp.

9/22/2005                                                    Sonia Powell

Page 95

1      A    No.

2      Q    Are you aware specifically of the asking
3  prices for any of these houses?

4      A    No.

5      Q    Are you aware if there have been offers to
6  purchase these houses?

7      A    No.

8      Q    Since you came up with your determination
9  that your value has gone down at least 80,000 since
10 March of 2004, have you revisited your belief about
11 diminution in value or your loss of value claim?

12     A    Repeat that.

13     Q    Sure.  In March of 2004 in your supplemental
14 interrogatory responses you believe your property has
15 gone down by at least $80,000.  I'm wondering since
16 that time you have rethought the loss of value
17 calculation at all?

18     A    No.

19     Q    Am I correct that you believe the property
20 value at 137-139 Shepherd Street has gone down due to
21 contamination concerns in the area, correct?

22     A    Yes.

23     Q    Are those limited to the contaminations found
24 on your property or do they include contamination
25 concerns in the Newhall section of Hamden?

Brandon Smith Reporting

6481971b-1caf-431e-b660-5f60c7cb0d81

Page 96

1    A    Both.

2    Q    The value of the contamination found at the
3    middle school, do you believe that contributes to the
4    loss of value in your property?

5    A    Can you repeat the question.

6         (Reporter read the record.)

7    A    Yes.

8    Q    And do you believe that the contamination
9    concerns and contamination found at the ball fields
10   and Rochford Field and the parks in the Newhall
11   section of Hamden, have impacted the value of your
12   property negatively?

13   A    Yes.

14   Q    You also mentioned emotional distress damages
15   you're seeking in this case but have not put a dollar
16   figure on?

17   A    Yes.

18   Q    Can you describe the emotional distress that
19   you believe you have suffered that you are seeking
20   compensation for in this case?

21   A    When you have family members you're not able
22   to tell them about what is going on on your property,
23   you allow none of your family members to come and
24   visit you, you're not able to do any yard work.

25   Q    Is there anything else that you believe has

Page 115

```
 1    the Middle School.  Do you recognize this?
 2        A    No, I wasn't here.
 3        Q    You weren't at that meeting?
 4        A    No.
 5        Q    Do you recall receiving a respond to an
 6    environmental questionnaire in September of 2001?
 7        A    Environmental questionnaire?
 8        Q    Right.
 9        A    Yeah.
10        Q    And you believe you filled one out in 2001?
11        A    I don't remember.
12        Q    Is it possible that you filled out an
13    environmental questionnaire in 2001?
14        A    For who?
15        Q    The Town of Hamden or Haley & Aldrich?
16        A    No.
17        Q    You mentioned that a member of the NAACP was
18    at one of the press conferences that you attended?
19        A    Yes.
20        Q    Do you recall who that was?
21        A    No.
22        Q    Do you recall when the NAACP was last
23    involved with the concerns in the area?
24        A    That was the only time I know that they
25    attended a meeting.
```

Page 116

1   Q   Do you know if it was Scott Esdiale?
2   A   I don't remember.
3   Q   And you don't remember when specifically that
4   meeting was?
5   A   No. The only meeting. I remember that the
6   NAACP person that showed up was one of the press
7   conferences.
8   Q   Is it possible that press conference occurred
9   in 2001?
10  A   No.
11  Q   Did you ever speak to anyone from the NAACP
12  about contamination concerns in the Newhall section of
13  Hamden?
14  A   No.
15  Q   Did the USEPA ever conduct surficial soil
16  sampling on your property?
17  A   The who?
18  Q   USEPA which would have been back in 2001
19  probably?
20  A   No.
21  Q   Your emotional stress damages, do you believe
22  those are caused by contamination concerns in the
23  Newhall Coalition of Hamden which would include the
24  schools and the ball parks?
25  A   The community.

Collins v. Olin Corp.

9/22/2005                                                    Sonia Powell

Page 117

1    Q    The community in total?
2    A    Yes.
3    Q    And do you recall when you first started
4    suffering your symptoms of emotional distress?
5    A    When you purchase a property and you find out
6    later on all these things that are going on, then
7    that's where my emotional distress came in.  I wasn't
8    emotional before that.
9    Q    When you say all these things going on, what
10   are you referring to?
11   A    Like the contamination in the community.
12   Q    You're talking about the contamination at the
13   fields and at the other neighbors in the community,
14   the park, the school, so the community?
15   A    In the community.
16   Q    In the parks?
17   A    In the community.  And my property is
18   involved.
19   Q    In total?
20   A    In the community.
21   Q    Is it fair to say you learned about concerns
22   in the neighborhood before you learned about specific
23   concerns at your property?
24   A    Repeat the question.
25              (Reporter read the record.)

Page 118

```
 1      A    Yes.
 2      Q    And do you recall how soon before you learned
 3  about the specific concerns at your property that you
 4  learned about concerns in the neighborhood?
 5      A    I can't recall or remember but I know --
 6      Q    If you would look at Defendant's Exhibit 470,
 7  starting at page 1685 which is a December 19, 2003
 8  State of Connecticut Department of Environmental
 9  Protection letter to yourself regarding DEP surface
10  soil screening at 137-139 Shepherd Street, correct?
11      A    Yes.
12      Q    And do you believe you received this on or
13  about December 19, 2003?
14      A    Received this when?
15      Q    Do you believe you received this letter and
16  report on or about December 19, 2003?
17      A    No, couldn't have been the summer if it was
18  done in December.
19      Q    I was saying December, not summer.  So you
20  believe you received page 1685 and the report
21  following that on or about December 19, 2003, correct?
22      A    No, after that.  They did it on the 19th.
23      Q    When do you believe you received this report
24  which goes from page 1685 to 1731 within Defendant's
25  Exhibit 470?
```

Page 268

```
 1                    CERTIFICATE OF REPORTER

 2

 3   I, Kathleen S. Norton, a Registered Professional
     Reporter/Commissioner within and for the State of
 4   Connecticut, do hereby certify that I took the
     deposition of  SONIA POWELL, on SEPTEMBER 22, 2005, who
 5   was by me duly sworn to testify to the truth and
     nothing but the truth; that she was thereupon carefully
 6   examined upon her oath and her examination reduced to
     writing under my direction by means of Computer
 7   Assisted Transcription, and that this deposition is a
     true record of the testimony given by the witness.
 8

 9   I further certify that I am neither attorney nor
     counsel for, nor related to, nor employed by any of the
10   parties to the action in which this deposition is taken
     and further that I am not a relative or employee of any
11   attorney or counsel employed by the parties hereto, nor
     financially interested in the outcome of the action.
12

13   IN WITNESS THEREOF, I have hereunto set my hand October
     11, 2005.
14

15

16   _____Kathleen Sweeney Norton_____

17            Kathleen S. Norton

18

19   Notary Public   License No. 00105
     My commission expires:   7-31-07
20

21

22

23

24

25
```