UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE R. COLLINS, JR., et al.<br><br>         Plaintiffs,<br><br>v.<br><br>OLIN CORPORATION and the TOWN OF HAMDEN,<br>         Defendants. | CIVIL ACTION NO.: 3-03-945 (CFD) |

**PLAINTIFFS' MOTION TO STAY BRIEFING ON OLIN CORPORATION'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME**

  The plaintiffs hereby respectfully request that the Court stay the briefing on Defendant Olin Corporation's ("Olin") recently filed motion for summary judgment pending the Court's decision on the Plaintiffs' motion for class certification. Olin's motion for summary judgment actually asks the Court to rule *based upon* proposed subclass definitions that the Court has not yet certified or adopted, and that Olin itself opposes. Moreover, the timing of Olin's motion is inconsistent with the Case Management Order that the parties agreed upon in the fall, and that the Court entered on November 13, 2006. For both of these reasons, as well the general rule that class certification should be decided before any decision on the merits, the Court should stay the briefing on Olin's motion for summary judgment. In the alternative, should the Court deny a stay, the Plaintiffs respectfully request the Court to grant the Plaintiffs forty-five (45) days from its decision on the stay to file their brief in opposition to Olin's motion for summary judgment.

1

I.      **PROCEDURAL BACKGROUND**

On October 26, 2006, the parties had a status conference with the Court to set the schedule for the remaining events in the case. At the conference, Olin argued vigorously that the completion of discovery and briefing on class certification should precede other events on the merits. After considerable back and forth at and after the conference, the parties agreed upon, and the Court subsequently entered, the current Case Management Order which set deadlines for remaining fact discovery on class issues of March 9, 2007; Plaintiffs' expert reports on class issues of March 16, 2007; Olin's expert reports on class issues of May 11, 2007; expert depositions of June 22, 2007; Olin's opposition to class certification of June 29, 2007, Plaintiffs' reply of July 27, 2007, and a hearing on the Plaintiffs' motion for class certification of September 7, 2007.[1]

Similarly, the parties agreed, and the Court approved, that the scheduling of dispositive motions by Olin (its anticipated motion for summary judgment) would be addressed in 2008. Indeed, the Court specifically scheduled a status conference for January 4, 2008 to set dates for completion of expert discovery and the filing of dispositive motions.[2]

Since that time, the parties have been proceeding with expert reports, discovery and depositions on class certification issues. Olin's opposition to class certification is due on June 29, 2007, following the conclusion of expert depositions which are imminent. Despite the agreed upon schedule and pending activities, Olin, out of the blue, filed its motion for summary judgment based on statute of limitations on May 10, 2007. Also, despite the fact that the Plaintiffs' motion for class certification has not even been heard, Olin moved for partial

---

[1] By Court Order, dated November 13, 2006.
[2] By Court Order, dated November 13, 2006.

summary judgment seeking relief based upon Plaintiffs' proposed subclass definitions (that it opposes) as if they were already approved by the Court.

## II.  ARGUMENT

### A. The Parties' Agreed Upon a Case Management Order Which Would Address Class Certification in 2007 and Summary Judgment in 2008

At the October 26, 2006 case status conference, Olin aggressively pushed for the deposition discovery, briefing and final Court resolution of the Plaintiffs' motion for class certification to be completed in 2007 before other events in the case. In response, the parties agreed, and the Court approved a revised schedule with deadlines for remaining fact discovery on class issues, expert reports and depositions on class certification issues, and a hearing on the Plaintiffs' motion for class certification on September 7, 2007. Similarly, the parties agreed, and the Court approved, that any dispositive motions by Olin (its anticipated motion for summary judgment) would be addressed in 2008. The Court scheduled a status conference for January 4, 2008 to set dates for completion of expert discovery and the filing of dispositive motions. Following the case status conference on October 26, 2006, the parties and the Court were in complete agreement as to the litigation schedule of this case up through January 4, 2008.

Then, without notice or explanation, Olin filed its partial motion for summary judgment on May 10, 2007. Such action is completely incongruent with the agreed-upon litigation schedule. It would require the plaintiffs to respond to facts gathered by the defendants in depositions taken over the course of several *years* right in the middle of the period when they are preparing for expert depositions and the completion of briefing on class certification. A stay of the Plaintiffs' response to Olin's motion is appropriate in order to remain in line with the scheduling order agreed to by the parties and approved by the Court.

B.  Olin is Asking The Court to Base on Ruling on Summary Judgment on Subclass Definitions That Olin Opposes and Upon Which the Court Has Not Yet Ruled.

From this suit's inception in May 2003, Olin has vigorously opposed class certification in this case. Olin insisted on depositions of all the named plaintiffs, and a detailed schedule for briefing and hearing on class certification. In its Answer to the Plaintiffs' Amended Complaint on February 2, 2007, Olin denied all allegations related to the Plaintiffs' proposed class and subclasses. Most recently, Olin has served an expert report which challenges class treatment in the case, and has indicated its ongoing intention to oppose class certification.

However, inexplicably, Olin's partial motion for summary judgment is actually *predicated* on two Subclasses set forth in the Plaintiffs' motion for class certification. Olin's partial motion for summary judgment is lodged against two of the three proposed Subclasses defined in the Second Amended Complaint. On virtually every page of the legal analysis section of Olin's Memorandum in Support of its Partial Motion for Summary Judgment, Olin references the Plaintiffs' proposed Stigma and Contaminated Properties Subclasses.[3] It is unclear how Olin expects the Court to rule in a legally determinative way on its motion for summary judgment unless the Court grants class certification. For example, *if* the Court were to conclude that it should grant summary judgment based against the proposed Contaminated Properties Subclass based on the statute of limitations (which, of course, the Plaintiffs contest), how would the Court write its order unless that Subclass were first certified?[4]

This problem is put in context when one considers the situation of plaintiff Marc Perry, who did not even purchase his property in Hamden until 2002. Mr. Perry did not live in the area

---

[3] In fact, on page 2 of Olin's Memorandum in Support of its Partial Motion for Summary Judgment, Olin notes that its "motion for summary judgment does not address claims by the Response Cost Subclass."

[4] By adopting Plaintiffs' proposed Subclasses in its motion, Olin is implicitly conceding the validity of these class groupings and the efficiency of deciding the case based upon them. If this is how Olin truly views the question, then it should drop its opposition to class certification.

4

and was not on notice of any issues relating to contamination in the Newhall neighborhood until shortly before he purchased his home. If the Court were to grant summary judgment against the Contaminated Properties Subclass (which includes Mr. Perry), based on Olin's argument that the members of that Subclass were on notice of claims in 2000, would Mr. Perry be covered by that decision even though he did not know anything about the situation in Hamden until 2002? Unless the Plaintiffs' motion for class certification is allowed, the Court cannot rule on Olin's motion for summary judgment in a legally effective way. Therefore, it is illogical for the parties to brief Olin's motion for summary judgment before the class certification issues are resolved.

      C.      The General Rule is that a Court Should Decide Class Certification Before Summary Judgment.

Following Federal Rule of Civil Procedure 23(c)(1) that class certification should be decided "as soon as practicable," the general rule followed by the federal courts is that class certification should be decided before any decision on the merits, such as summary judgment. Bowling v. Pfizer, Inc., 142 F.R.D. 302, 303 (S.D. Ohio 1991). The courts have posited two rationales for this rule. First, the policy of judicial efficiency advances that deciding class certification first "permits the possibility that a subsequent judgment by the court to be binding on all plaintiffs, rather than on the named class representatives. Consequently, the court can consider dispositive motions for class members in one action, rather in a subsequent series of suits." Id. Second, as the court in Bieneman v. City of Chicago, 838 F.2d 962, 964 (7th Cir. 1988), reasoned:

> "…one reason for early certification is to identify the stakes of the case so that the parties may choose their litigation strategies accordingly. After a tentative decision on the merits, incentives are different. Indeed, a class representative who has lost on the merits may have a duty to the class to oppose certification, to avoid the preclusive effect of the judgment, while the defendants suddenly want the certification that they might have opposed at the outset. It is therefore difficult to

5

imagine cases in which it is appropriate to defer class certification until after decision on the merits."

Considering that the purpose of the class actions is to avoid duplicative decisions in multiple lawsuits, it is clearly in the interests of judicial efficiency for the Court to first decide the Plaintiffs' motion for class certification prior to ruling on Olin's partial motion for summary judgment.  See Bowling, 142 F.R.D. at 303 (court to consider class certification first because (1) it promotes judicial efficiency by resolving dispute in one law suit and (2) allows the parties to "accurately gauge the stakes" involved).[5]

D. If the Court Denies a Stay, the Plaintiffs Request an Extension to File Their Brief in Response to Olin's Motion.

Should the Court deny a stay, the Plaintiffs respectfully request the Court grant them forty-five (45) days from the date of the ruling on the stay within which to file their brief and supporting materials in opposition to Olin's motion for summary judgment.  Preparation of the response will entail review of several years of depositions, and collection of affidavits from many of the plaintiffs, layered on top of the work counsel is currently doing to complete the depositions and briefing on class certification.

---

[5] In Cruz v. American Airlines, 150 F.Supp.2d 103, 111 (D.D.C. 2001), the Court ruled, "[i]f the resolution of the summary judgment motion may eliminate the need to consider the certification motion *ab initio*, the court's interest in preserving judicial resources, as well as the resources of the litigants, counsels in favor of addressing the summary judgment motion first."  Unlike Cruz, the Plaintiffs' motion for class certification would not be moot if the Court allowed Olin's partial motion for summary judgment; it would still need to address the proposed Class and Response Cost Subclass.  Accordingly, the Court should not depart from the general rule to rule on the class certification motion prior to any motions for summary judgment.

6

**III.     CONCLUSION**

For the foregoing reasons, the Plaintiffs request that this Court stay briefing on Olin's motion for partial summary judgment pending the Court's decision on the Plaintiff's motion for class certification.  Should the Court not grant a stay, the Plaintiffs respectfully request the Court grant the Plaintiffs an extension of forty-five (45) days from the date the Court rules on the stay within which to file their brief in opposition to Olin's motion for partial summary judgment.

                THE PLAINTIFFS

By  /s/ Andrew Rainer
Mark Roberts, Esq.
mroberts@mcrobertslaw.com
Andrew Rainer, Esq.
Federal Bar #ct25938
arainer@mcrobertslaw.com
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, Massachusetts 02109
Tele: (617) 722-8222
Fax:  (617) 720-2320

Monte E. Frank, Esq. ct13666
mfrank@cohenandwolf.com
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, Connecticut 06604
Tele:  (203) 368-0211
Fax:   (203) 394-9901

Neil T. Leifer, Esq.
nleifer@tenlaw.com
David C. Strouss, Esq.
dstrouss@tenlaw.com
Thornton & Naumes L.L.P
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Tele: (617) 720-1333
Fax:  (617) 720-2445

7

## LOCAL RULE CERTIFICATION

  I hereby certify that I conferred with counsel for defendant Olin Corporation concerning the relief requested by this motion, and was unable to reach accord. Counsel indicated that Olin would not oppose a reasonable extension of time to respond to its motion for summary judgment, but does oppose a stay. I also certify that there have been no prior requests for extension of time with respect to Olin's motion for summary judgment.

              ___/s/ Andrew Rainer_____


## CERTIFICATE OF SERVICE

  I hereby certify that on this 31st day of May, 2007, a copy of the foregoing was served electronically and by first class U.S. mail, postage prepaid, upon all counsel of record, as follows:


Michael H. Wetmore, Esq.
Joel B. Samson, Esq.
Omri Praiss
Husch & Eppenberger, LLC
190 Carondelet Plz Ste 600
Saint Louis MO 63105-3433

Mark S. Baldwin, Esq.
Brown Rudnick Berlack Israels LLP
185 Asylum St Fl 38
Hartford CT 06103-3408

Ann M. Catino, Esq.
Joseph Fortner, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103


              /s/ Andrew Rainer_____
              Andrew Rainer