IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE COLLINS, JR., et al ) | |
| ) | 3:03-CV-945 (CFD) |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| OLIN CORPORATION ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

**DEFENDANT OLIN CORPORATION'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
TO STAY BRIEFING ON OLIN'S MOTION FOR SUMMARY JUDGMENT**

Defendant Olin Corporation ("Olin") respectfully submits this memorandum in opposition to plaintiffs' motion to stay briefing on Olin's motion for summary judgment or, in the alternative, for an extension of time (hereinafter, "motion for stay").

**INTRODUCTION**

On May 10, 2007, Olin filed a motion for summary judgment based on the applicable two-year statute of limitations. In support, Olin demonstrated that plaintiffs did not file their original Complaint until May 2, 2003, despite the fact that it is undisputed that by April 18, 2001 (at the very latest), putative members of plaintiffs' *proposed* Contaminated Properties Subclass and Stigma Subclass knew, or reasonably should have known, that hazardous substances were present in the Newhall neighborhood, allegedly causing them to suffer damages. In particular, Olin established that:

- It is undisputed that from December 2000 to April 18, 2001, there were several public meetings, a great deal of publicity, and readily available information (such as test data from the Connecticut Department of Environmental Protection (DEP)) that established that contamination had been discovered at the Hamden Middle School, Rochford Field, Mill Rock Park, and in the public rights-of-way in the

1

> Newhall neighborhood. Precedent from this District establishes that this readily available and highly-publicized information was known to plaintiffs by April 18, 2001. *See*, *e.g.*, *Staehr v. Hartford Financial Servs.*, 406 F. Supp.2d 329, 339 (D. Conn. 2006).

- It is also undisputed that from January 2001 to April 18, 2001, the Newhall Coalition and Cummings & Lockwood (a law firm that was communicating with and meeting with residents of the Newhall neighborhood), had sought and obtained access from the DEP to publicly-available test data results that confirmed the presence of contamination at Rochford Field, Mill Rock Park, and in the public rights-of-way in the Newhall neighborhood.

- Finally, it is undisputed that on April 18, 2001, the DEP stated, in a publicly-available document, that it had "determined that the former landfill area also includes Rochford Field, Mill Rock Park and several residential properties."[1] Notably, on the same date, Joseph Frasier, the president of the Newhall Coalition, advised the Mayor of the Town of Hamden that "[t]here is no question that our neighborhood is contaminated," causing residents to allegedly experience "[s]tress of unknown potential health problems," and a "[d]rastic reduction in property value."[2]

Rather than respond to the merits of Olin's pending motion for summary judgment, plaintiffs have filed the instant motion to stay. Plaintiffs' motion to stay is based on three arguments, each of which lacks merit.

First, plaintiffs argue that the general rule is that the Court should decide class certification before summary judgment. This argument is directly contradicted by Second Circuit precedent and a long-line of other federal courts that hold that in the interests of judicial economy, district courts have discretion to rule on summary judgment motions before addressing class certification. *See*, *e.g.*, *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) ("There is nothing in Rule 23 which precludes the court from examining the merits of plaintiff's claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply

---

[1] *See* Docket No. 213; Olin's Motion for Summary Judgment, Tab 52; Depo. Ex. 525; 4/18/01 Letter from DEP to EPA.
[2] *See* Docket No. 213; Olin's Motion for Summary Judgment, Tab 48; Depo. Ex. 515; 4/18/01 Letter from Joseph Frasier to the Mayor of the Town of Hamden.

because such a motion 'precedes resolution of the issues of class certification."); *Christensen v. Kiewit-Murdock Investment Corp.*, 815 F.2d 206, 214 (2d Cir. 1987) (same).

Second, plaintiffs argue that Olin's motion for summary judgment is precluded by the Scheduling Order entered in this case. This argument lacks merit because there is nothing in the November 13, 2006 Scheduling Order that precludes Olin from filing its motion for summary judgment based on statute of limitations at this time, rather than have to wait until 2008. Indeed, this Court has already ruled on several dispositive motions, which have helped narrow the relevant issues in dispute in this case.

Third, plaintiffs claim that Olin's motion for summary judgment is predicated on plaintiffs' proposed class definitions. As a result, plaintiffs argue, it is unclear how the Court is supposed to rule on Olin's pending motion for summary judgment unless the Court grants class certification. This argument lacks merit as well. The Court's ruling on the pending motion for summary judgment will of course bind the parties now before the Court – the putative class representatives. The ruling will also have precedential value for all other proposed class members in the two proposed subclasses who share the same attributes as the putative class representatives – live in the same area, have access to the same media coverage and other publicity, as examples. Also, if the Court granted summary judgment with respect to the claims of all named putative subclass members in the two proposed subclasses, then, by definition, there would be no class representatives, thereby rendering class certification moot.

**ARGUMENT**

I)   **The Second Circuit And Other Federal Courts Hold That In The Interests Of Judicial Economy, A District Court Has Discretion To Rule On A Motion For Summary Judgment Before Ruling On Class Certification.**

In support of their motion for stay, plaintiffs assert that "The General Rule is that a Court should Decide Class Certification Before Summary Judgment." *See* Pltfs.' Br. at p. 5. This assertion is wrong. Indeed, plaintiffs' argument is directly contradicted and refuted by Second Circuit precedent and a long-line of other federal courts that consistently hold that in the interests of judicial economy, a district court has discretion to rule on a motion for summary judgment before ruling on class certification.

In *Schweizer v. Trans Union Corp.*, 136 F.3d 233 (2d Cir. 1998), plaintiff argued that the "district court should not have dismissed the case on the merits before acting on the question of certification of a plaintiff's class." *Id.* at 239. In rejecting this argument, the Second Circuit stated:

> 'There is nothing in Rule 23 which precludes the court from examining the merits of plaintiff's claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply because such a motion' precedes resolution of the issues of class certification.

136 F.3d at 239 (citations omitted). As a result, the Second Circuit concluded that the "decision to award summary judgment before acting on class certification was well within the discretion of the district court." *Id.*

The Second Circuit reached the same conclusion in *Christensen v. Kiewit-Murdock Investment Corp.*, 815 F.2d 206 (2d Cir. 1987). Once again, plaintiffs argued that the district court erred in ruling on a motion to dismiss before addressing their motion for class certification. In response, the Second Circuit emphasized:

> We find that argument to be without merit since the procedure followed by the court was well within its discretion. *E.g. Wright v. Schock*, 742 F.2d 541, 544

4

> (9th Cir. 1984) (district court had discretion to decide summary judgment motion before class certification motion so as 'to protect both the parties and the court from needless and costly further litigation.').[3]

815 F.2d at 214. *See also Project Release v. Prevost*, 722 F.2d 960, 963, n. 2 (2d Cir. 1983) (affirming district court's grant of summary judgment prior to ruling on motion for class certification).

Thus, Second Circuit precedent conclusively demonstrates that "to protect both the parties and the court from needless and costly further litigation," this Court has discretion to rule on Olin's pending motion for summary based on statute of limitations before ruling on plaintiffs' motion for class certification. Many other federal courts have reached the same conclusion. *See, e.g.*, *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92-93 (D.C. Cir. 2001); *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000); *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941-42 (7th Cir. 1995); *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 240-41 (6th Cir. 1994); *Adamson v. Bowen*, 855 F.2d 668, 677, n. 12 (10th Cir. 1988); *Floyd v. Bowen*, 833 F.2d 529, 534-35 (5th Cir. 1987); *Cruz v. American Airlines*, 150 F. Supp.2d 103, 110-11 (D.D.C. 2001); *Thomas v. Moore USA, Inc.*, 194 F.R.D. 595 (S.D. Ohio 1999).

The analysis by the district courts in *Cruz* and *Thomas* is particularly instructive. In their motion to stay, plaintiffs refer to the *Cruz* decision in a footnote. *See* Pltfs' Br. at p. 6, n. 5. In doing so, plaintiffs fail to mention that the *Cruz* court specifically cited to the Second Circuit's decision in *Christensen* (discussed above). *See Cruz*, 150 F. Supp.2d at 111. In addition, relying on *Christensen* and many of the other authorities cited above, the *Cruz* court held as follows:

> Thus, a district court operates with discretion when determining whether to consider a motion for summary judgment prior to a motion for class certification. If the resolution of the summary judgment motion may eliminate the need to

---

[3] The Ninth Circuit's decision in *Wright* is one of the seminal decisions holding that a district court has discretion to rule on a summary judgment motion before addressing class certification.

> consider the certification motion *ab initio*, the court's interest in preserving judicial resources, as well as the resources of the litigants, counsels in favor of addressing the summary judgment motion first.

150 F. Supp.2d at 111 (italics in original).

*Thomas v. Moore USA, Inc.*, 194 F.R.D. 595 (S.D. Ohio 1999) is also instructive. Plaintiffs filed a class action complaint. However, deposition testimony elicited during discovery suggested that "some or all of [the] Plaintiffs may well be vulnerable to a motion for summary judgment" based on statute of limitations. *Id.* at 601. Under these circumstances, the court held that it was appropriate to defer ruling on class certification until after resolution of the statute of limitations issue:

> [T]he Court believes that the most appropriate approach in the present case is to defer resolving the class certification question, until after affording the Defendants an opportunity to file a motion for summary judgment with respect to the statute of limitations [issue].
>
> ….
>
> Other also have recognized that, in appropriate cases, a District Court may utilize an 'accelerated summary judgment procedure' to winnow out substantively deficient class actions, prior to class certification.

194 F.R.D. at 602.

The analogous circumstances in this case compel the same result. Thus, consistent with all the foregoing authorities, this Court should deny plaintiffs' motion to stay and, in the interest of judicial economy, rule on Olin's pending motion for summary judgment based on statute of limitations before addressing plaintiffs' motion for class certification.[4]

---

[4] By filing its motion for summary judgment, Olin is not seeking to delay the hearing on class certification. Instead, Olin is trying to obviate the need to address class certification, or at a minimum, narrow the scope of plaintiffs' proposed classes that the Court may need to consider in ruling on class certification.

**II)     The Case Management Order Does Not Preclude The Court From Ruling On Olin's Motion For Summary Judgment Before Ruling On Plaintiffs' Motion For Class Certification.  Indeed, The Court Has Already Ruled On Several Dispositive Motions In This Case.**

Plaintiffs' argument that dispositive motions are precluded by the current Scheduling Order (as amended on November 13, 2006) prior to ruling on class certification is without basis. There is nothing in the Case Management Order that precludes the Court, in the interests of judicial economy, from ruling on Olin's motion for summary judgment based on statute of limitations before ruling on class certification.  Indeed, the Court has already ruled on several dispositive motions in this case.

It is true that during the October 26, 2006 Status Conference, Olin advocated that merits discovery be postponed until resolution of plaintiffs' motion for class certification.  However, plaintiffs opposed this and argued that merits discovery should proceed contemporaneously with resolution of the class certification issue.  The Court agreed.  In fact, during the October 26, 2006 status conference, the Court noted that this case should move forward on a more expedited basis.

In truth, plaintiffs' request that merits discovery proceed has led to the current summary judgment motion.  Recent depositions and discovery have crystallized the statute of limitations issue and there is no need to delay resolution of Olin's current motion for summary judgment on statute of limitations grounds.

There is no language in the November 13, 2006 Scheduling Order that precludes resolution of Olin's motion for summary judgment based on statute of limitations at this time. No where was it agreed that dispositive motions would not be filed during 2007.  Olin certainly did not agree that dispositive motions would only be addressed in 2008.  The Scheduling Order, approved by the Court on November 13, 2006, does not preclude the filing of dispositive

7

motions before January 4, 2008. Any such interpretation would be contrary to the manner in which this case has proceeded to date.

This Court has already considered and ruled on various dispositive motions in this case. Specifically, in February 2006, the Court granted the Town of Hamden's Motion to Dismiss and for Summary Judgment with respect to the state law claims against the Town. On May 26, 2006, the Court granted Olin's motion for partial summary judgment holding that Olin was not the successor to Winchester. In early 2007, the Court granted Olin's motion to dismiss plaintiffs' count alleging violation of the Connecticut Environmental Protection Act of 1971 and denying Olin's remaining motions to dismiss plaintiffs' state law claims.

All of these rulings show a willingness to resolve dispositive motions as they arise. As described in the preceding section, this practice is consistent with the law applicable to this issue, including precedent from the Second Circuit.

**III)   Olin's Motion For Summary Judgment Does Not In Any Way Concede The Validity Of Plaintiffs' Proposed Contaminated Properties Subclass And Stigma Subclass.**

In a final attempt to delay ruling on Olin's pending motion for summary judgment, plaintiffs argue that Olin's motion is "predicated" on plaintiffs' class definitions and therefore, "implicitly" concedes the validity of these classes. *See* Pltfs' Br. at p. 4 and n. 4. This argument also lacks merit.

To be clear, Olin does not believe that there is any factual or legal basis for the Court to certify any classes or subclasses in this case. Consequently, on June 29, 2007, Olin intends to file its opposition to plaintiffs' motion for class certification. The mere fact that Olin opposes class certification, however, is not inconsistent, in any way, with Olin's pending motion for summary judgment based on statute of limitations.

8

In support of their motion to stay, plaintiffs state: "It is unclear how Olin expects the Court to rule in a legally determinative way on its motion for summary judgment unless the Court grants class certification." *See* Pltfs' Br. at p. 4. The answer is simple. Assuming the Court rules on Olin's motion for summary judgment *before* addressing class certification (which Olin believes is appropriate), then Olin recognizes that the Court's ruling would be limited to the claims of the named putative class representatives from the proposed Contaminated Properties Subclass and the proposed Stigma Subclass, as they are the only parties now before the Court. However, the Court's decision would have precedential value for those putative class members who share the same factual attributes as the named putative class representatives – live in the same area, have access to the same media coverage and other publicity, as examples. Those putative class members would be subject to the same legal principles and the application of a statute of limitations defense.[5] At the same time, if the Court granted summary judgment with respect to the claims of all named putative subclass members in the proposed Contaminated Properties and/or the proposed Stigma Subclasses, then, by definition, there would be no class representatives, thereby rendering class certification of these subclasses moot. *See Thomas*, 194 F.R.D. at 601 ("One issue, however, is clear: If the Plaintiffs' claims ultimately are found to be barred by the statute of limitations … then they will not be eligible to participate as class representatives.") (citations omitted).

---

[5] In *Wright v. Schock*, 742 F.2d 541 (9th Cir. 1984) (discussed above), the Ninth Circuit held that the district court did not abuse its discretion in ruling on defendants' motion for summary judgment before ruling on class certification. In support, the court stated that "[w]here the defendant assumes the risk that summary judgment in his favor will have only stare decisis effect on the members of the putative class, it is within the discretion of the district court to rule on the summary judgment motion first." *Id.* at 544. That same holds true here. If the Court rules on Olin's motion for summary judgment before class certification, then the ruling would be binding on the named putative class representatives, but have stare decisis effects on putative members of the Contaminated Properties Subclass and Stigma Subclass.

9

Olin further recognizes that a ruling on its motion for summary judgment *after* addressing class certification would be binding on all class members (assuming the Court granted class certification). This approach, however, would unnecessarily force the Court and the parties to spend valuable time and resources addressing class certification, which could potentially be obviated by having the Court first rule on Olin's pending motion for summary judgment.

## CONCLUSION

For all the foregoing reasons, Olin respectfully requests that the Court deny plaintiffs' motion to stay briefing on Olin's motion for summary judgment or, in the alternative, for an extension of time.[6]

Respectfully submitted,

HUSCH & EPPENBERGER, LLC

By: */s/ Michael H. Wetmore*
    Michael H. Wetmore (ct24899)
    Joel B. Samson (ct24898)
    Omri E. Praiss (ECF registration pending)
    190 Carondelet Plaza, Suite 600
    St. Louis, Missouri 63105
    Telephone: 314-480-1500
    Fax: 314-480-1505
    michael.wetmore@husch.com
    joel.samson@husch.com
    omri.praiss@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
    Mark S. Baldwin, Esq.
    185 Asylum St.
    CityPlace I, 38th Floor
    Hartford, CT 06103
    Telephone: 860-509-6500
    Fax: 860-509-6501
    mbaldwin@brownrudnick.com
    ***Attorneys for Defendant Olin Corporation***

---

[6] Olin has already advised opposing counsel that it consents to their request for a reasonable extension of time to respond to the pending motion for summary judgment.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the attorneys of record registered for the Court's ECF system (as reflected by the email addresses shown below) or by mailing the same, first class mail, postage prepaid, to the non-participants in the Court's ECF system, on this 6th day of June, 2007.

| | |
|---|---|
| Neil T. Leifer, Esq.<br>Brad J. Mitchell, Esq.<br>Thornton & Naumes L.L.P.<br>100 Summer Street, 30th Floor<br>Boston, Massachusetts  02110<br>Telephone:  (617) 720-1333<br>Facsimile:   (617) 720-2445<br>nleifer@tenlaw.com<br>bmitchell@tenlaw.com<br><br>Monte E. Frank, Esq.<br>Cohen and Wolf, PC<br>158 Deer Hill Avenue<br>Danbury, CT  06810<br>Telephone: (203) 367-6202<br>Facsimile:  (203) 791-8149<br>mfrank@cohenandwolf.com<br><br>David B. Zabel, Esq.<br>Cohen and Wolf, PC<br>1115 Broad Street<br>Bridgeport, Connecticut  06604<br>Telephone: (203) 368-0211<br>Facsimile: (203) 394-9901<br>aclark@cohenandwolf.com<br>dzabel@cohenandwolf.com<br>pgoodman@cohenandwolf.com | Mark Roberts, Esq.<br>Andrew A. Rainer, Esq.<br>McRoberts , Roberts & Rainer, LLP<br>53 State St.<br>Boston, MA  02114<br>Telephone: (617) 722-8222<br>Facsimile: (617) 720-2320<br>mroberts@mcrobertslaw.com<br>arainer@mcrobertslaw.com<br><br>***Attorneys for Plaintiff*** |

*/s/ Carrie Hartnett*