IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE COLLINS, JR., et al )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiffs,　　　)<br>　　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>OLIN CORPORATION　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendant　　　　)<br>_____) | 3:03-CV-945 (CFD) |

**DEFENDANT OLIN CORPORATION'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' THIRD AMENDED
MOTION FOR CLASS CERTIFICATION**

Olin respectfully submits the following motion for leave to file a supplemental opposition to Plaintiffs' Third Amended Motion for Class Certification. In support of this motion, Olin states as follows:

1)　On June 29, 2007, Olin filed its opposition to Plaintiffs' Third Amended Motion for Class Certification. In its opposition, Olin challenged class certification based on Plaintiffs' failure to meet the demanding requirements of Rule 23(b)(3), because individual issues predominate with respect to causation, statute of limitations and damages, and a class action is not superior to other available methods for the fair and efficient adjudication of this controversy.

2)　On August 3, 2007, Plaintiffs filed their reply brief in support of Plaintiff's Third Amended Motion for Class Certification. Despite the fact that Olin does not challenge the independent requirements of Rule 23(a), a substantial portion of Plaintiffs' reply brief addresses the numerosity, commonality, typicality and adequacy requirements. *See* Pltfs.' Br. at pp. 6-13. This portion of Plaintiffs' reply brief is irrelevant.

3) The remainder of Plaintiffs' reply brief attempts to respond to Olin's arguments relating to Rule 23(b)(3). Plaintiffs' response, however, demonstrates that Plaintiffs apparently misapprehend Olin's position on several key aspects relating to class certification.

4) In their reply brief, Plaintiffs claim that Olin's argument that individual issues predominate with respect to causation does not apply to Plaintiffs' claims for abnormally dangerous activity, and claims under Conn. Gen. Stat. § 22a-452 and CERCLA § 107. Plaintiffs are wrong. Indeed, it is black letter law that with respect to **all** of Plaintiffs' claims, this Court would have to undertake a fact-intensive (property-by-property) inquiry to determine to what extent, *if any*, any alleged waste at each property originated from Olin or from various other possible sources. The need to conduct such an individualized inquiry to establish that there is a causal relationship between Olin's alleged disposal of waste and any alleged harm suffered by Plaintiffs defeats class certification.

5) In their reply brief, Plaintiffs also argue that Olin allegedly does not dispute that under Rule 23(b)(3), a class action is superior to other available methods for resolving this case. Once again, Plaintiffs are wrong. Indeed, in its opposition brief, Olin specifically addressed and established that a class action is not superior, or even a desirable mechanism in this case, because any alleged common issues are dwarfed by the important, complex, and highly individualized issues relating to causation, statute of limitations and damages that a jury would have to resolve on a plaintiff-by-plaintiff basis with respect to all of the claims at issue in this case.

6) Thus, for the Court's benefit, and to eliminate any possible confusion in advance of the upcoming class certification hearing, Olin respectfully requests leave to file a short supplemental memorandum in opposition to Plaintiffs' Third Amended Motion for Class

Certification. A copy of Olin's proposed supplemental memorandum is attached hereto and incorporated herein by this reference.

WHEREFORE, Olin respectfully requests that in the interests of justice, the Court grant Olin leave to file its Supplemental Memorandum in Opposition to Plaintiffs' Third Amended Motion for Class Certification, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

HUSCH & EPPENBERGER, LLC

By: */s/ Michael H. Wetmore*
    Michael H. Wetmore (ct24899)
    Joel B. Samson (ct24898)
    Omri E. Praiss (ECF registration pending)
    190 Carondelet Plaza, Suite 600
    St. Louis, Missouri 63105
    Telephone: 314-480-1500
    Fax: 314-480-1505
    michael.wetmore@husch.com
    joel.samson@husch.com
    omri.praiss@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
    Mark S. Baldwin, Esq.
    185 Asylum St.
    CityPlace I, 38th Floor
    Hartford, CT 06103
    Telephone: 860-509-6500
    Fax: 860-509-6501
    mbaldwin@brownrudnick.com

*Attorneys for Defendant Olin Corporation*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the attorneys of record registered for the Court's ECF system (as reflected by the email addresses shown below) or by mailing the same, first class mail, postage prepaid, to the non-participants in the Court's ECF system, on this 22nd day of August, 2007.

| | |
|---|---|
| Neil T. Leifer, Esq.<br>Brad J. Mitchell, Esq.<br>Thornton & Naumes L.L.P.<br>100 Summer Street, 30th Floor<br>Boston, Massachusetts  02110<br>Telephone:  (617) 720-1333<br>Facsimile:   (617) 720-2445<br>nleifer@tenlaw.com<br>bmitchell@tenlaw.com<br><br>Monte E. Frank, Esq.<br>Cohen and Wolf, PC<br>158 Deer Hill Avenue<br>Danbury, CT  06810<br>Telephone: (203) 367-6202<br>Facsimile:  (203) 791-8149<br>mfrank@cohenandwolf.com<br><br>David B. Zabel, Esq.<br>Cohen and Wolf, PC<br>1115 Broad Street<br>Bridgeport, Connecticut  06604<br>Telephone: (203) 368-0211<br>Facsimile: (203) 394-9901<br>aclark@cohenandwolf.com<br>dzabel@cohenandwolf.com<br>pgoodman@cohenandwolf.com | Mark Roberts, Esq.<br>Andrew A. Rainer, Esq.<br>McRoberts, Roberts & Rainer, LLP<br>53 State St.<br>Boston, MA  02114<br>Telephone: (617) 722-8222<br>Facsimile: (617) 720-2320<br>mroberts@mcrobertslaw.com<br>arainer@mcrobertslaw.com<br><br>***Attorneys for Plaintiff*** |

                  */s/ Carrie Hartnett*