IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE COLLINS, JR., et al )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>OLIN CORPORATION )<br>)<br>Defendant )<br>_____ ) | 3:03-CV-945 (CFD) |

**DEFENDANT OLIN CORPORATION'S SUPPLEMENTAL OPPOSITION TO
PLAINTIFFS' THIRD AMENDED MOTION FOR CLASS CERTIFICATION**

On June 29, 2007, Olin filed its opposition to Plaintiffs' Third Amended Motion for Class Certification. In its opposition, Olin challenged class certification based on Plaintiffs' failure to meet the demanding requirements of Rule 23(b)(3), because individual issues predominate with respect to causation, statute of limitations and damages, and a class action is not superior to other available methods for the fair and efficient adjudication of this dispute.

On August 3, 2007, Plaintiffs filed their reply brief in support of Plaintiff's Third Amended Motion for Class Certification. Despite the fact that Olin does not challenge the independent requirements of Rule 23(a), a substantial portion of Plaintiffs' reply brief addresses the numerosity, commonality, typicality and adequacy requirements. *See* Pltfs.' Br. at pp. 6-13. This portion of Plaintiffs' reply brief is irrelevant.

The remainder of Plaintiffs' reply brief attempts to respond to Olin's arguments relating to Rule 23(b)(3). Plaintiffs' response, however, demonstrates that Plaintiffs apparently misapprehend Olin's position on several key aspects relating to class certification. Thus, in the interests of justice, for the Court's benefit, and to eliminate any possible confusion in advance of

1

the upcoming class certification hearing, Olin submits the following short supplemental memorandum.

## ARGUMENT

**A)  Contrary To Plaintiffs' Argument, Individual Issues Predominate With Respect To The Causation Requirement With Respect To All Of Plaintiffs' Claims.**

In their rely brief, Plaintiffs argue that Olin's memorandum does not address Plaintiffs' claims for liability for abnormally dangerous activity (Count V), public nuisance (Count VIII), liability under Conn. Gen. Stat. § 22a-452 (Count VII), or Recovery of Response Costs under CERLA 42 U.S.C. § 9607 (Count X). *See* Pltfs.' Br. at pp. 1-2. Moreover, Plaintiffs argue that their claims for abnormally dangerous activity, and claims under Conn. Gen. Stat. § 22a-452 and CERCLA § 107 "do not require proof of causation." *Id.* at p. 17.

Plaintiffs are wrong. In its opposition, Olin established that individual issues predominate with respect to the causation requirement relating to Plaintiffs' claims for negligence and nuisance, because the Court would have to undertake a fact-intensive (property-by-property) inquiry to determine to what extent, if any, any alleged waste at each property originated from Olin or from various other possible sources. *See* Olin's Opp. at pp. 14-23. In making this argument, Olin noted that this argument applied to Plaintiffs' claims for negligence (Count I), gross negligence/reckless conduct (Count II), negligence per se (Count IV), public nuisance (Count VIII) and private nuisance (Count IX). *Id.* at p. 14, n. 12.

Notwithstanding the foregoing footnote, and contrary to Plaintiffs' misapprehension, Olin's causation argument applies with equal force with respect to Plaintiffs' claims for abnormally dangerous activity, and Plaintiffs' claims under Conn. Gen. Stat. § 22a-452 and under CERCLA § 107. Indeed, it is black letter law that a causal relationship is an essential element with respect to each of these claims:

2

- **Abnormally Dangerous Activity**: In *Collins v. Olin Corp.*, 418 F. Supp.2d 34, 47 (D. Conn. 2006), this Court emphasized that the "[i]mposition of strict liability for an ultrahazardous activity requires that certain factors exist … [including] 'a **causal relation** between the activity and the injury for which damages are claimed.'" (quoting *Caporale v. C.W. Blakeslee & Sons, Inc.*, 149 Conn. 79, 85, 175 A.2d 561 (1961)) (emphasis added).

- **Conn. Gen. Stat. § 22a-452**: In *Coastline Terminals of Connecticut, Inc., v. USX Corp.*, 156 F. Supp.2d 203, 209 (D. Conn. 2001), the court emphasized that a "plaintiff must allege **causation** and culpability to establish a Section 22a-452 claim." (citing *Connecticut Resources Recovery Authority v. Refuse Gardens, Inc.*, 43 Conn.Supp. 83, 90, 642 A.2d 762 (1993), *aff'd* 229 Conn. 455, 642 A.2d 697 (1994)) (emphasis added). *See also Durham Mfc. Co. v. Merriam Mfc. Co.*, 294 F. Supp.2d 251, 272 (D. Conn. 2003) ("A person or entity is liable under Conn. Gen. Stat. § 22a-452(a) for the reasonable costs of mitigating environmental contamination **caused** by the negligence or other actions of such person or entity.") (emphasis added); *Colonnade One at Old Greenwich Ltd. Partnership v. Electrolux Corp.*, 767 F. Supp. 1215, 1218 (D. Conn. 1991) ("some **causal connection** between defendants' actions and the contamination is necessary before defendants can be found liable under § 22a-452(a)") (emphasis added).

- **CERCLA § 107 (42 U.S.C. § 9607)**: In order to establish a prima facie case of liability under CERCLA § 107(a), it is well established that a plaintiff must show, among other factors, that "the release or threatened release has **caused** the plaintiff to incur response costs that were necessary and consistent with the National Contingency Plan set up by CERCLA." *Freeman v. Glaxo Wellcome, Inc.*, 189 F.3d 160, 163 (2d Cir. 1999) (emphasis added).

Thus, contrary to Plaintiffs' argument, the "important element" of causation applies with respect to **all** of Plaintiffs' claims in this case. *See* Pltfs.' Br. at p. 17. Indeed, it is axiomatic that in order to recover damages, each plaintiff must establish some <u>causal relationship</u> between Olin's alleged conduct and any alleged harm suffered by the plaintiff.

In order to satisfy the fundamental causation requirement in this case, it is undisputed – based on testimony by Shannon Windisch Pociu of the DEP, the expert report of Kenneth Cichon, and admissions by Michael Hopkins (Plaintiffs' expert)[1] – that this Court would have to undertake a fact-intensive (property-by-property) inquiry to determine to what extent, *if any*, any alleged waste at each property originated from Olin or from various other possible sources. The need to conduct such an individualized inquiry to establish that there is a causal relationship between Olin's alleged disposal of waste and any alleged harm suffered by Plaintiffs defeats class certification.

**B)    Contrary To Plaintiffs' Argument, Olin's Memorandum Addresses The Superiority Requirement Of Rule 23(b)(3).**

In their reply brief, Plaintiffs also argue that Olin allegedly does not dispute that under Rule 23(b)(3), a class action is superior to other available methods for resolving this case. *See* Pltfs.' Br. at pp. 1 and 19-20. Once again, Plaintiffs are wrong.

At the close of Olin's opposition brief, Olin specifically quoted the following excerpt from *Thomas v. FAG Bearings Corp.*, 846 F. Supp. 1400, 1404-05 (W.D. Mo. 1994) and emphasized that the "same holds true here:"

> Assuming causation is proved, each plaintiff must prove entitlement to damages. The measure of damages is depended almost exclusively on individual factors....

---

[1] *See* Olin's Opp. at pp. 17-22. Notably, Plaintiffs fail to rebut any of the testimony and admissions made by these key witnesses. In particular, Plaintiffs fail to address the binding admission made by their expert, Michael Hopkins, that he cannot testify, "within a reasonable degree of engineering certainty" to what extent, if any, "there is fill in each and every property in the study area that originated from Winchester." *Id.* at p. 21.

> [A]ll medical damages (mental anguish …) require proof of individual injury. Other damages, such as … diminution in property value, loss of use and enjoyment, and annoyance, would also require individualized proof. **This would start hundreds or thousands of individual mini-trials on complex causation and damages issues, while the only benefit of a class would be that the ruling of several common, but not particularly daunting issues, would be made applicable to the entire class.** The Court does not believe that result is consistent with the language or spirit of Rule 23(b)(3)(C), (D). <u>**Since the Court finds that a class is not superior, or even desirable mechanism in this case, plaintiffs' argument that the class should be certified under Rule 23(b)(3) is rejected**</u>.

*See* Olin's Opp. at pp. 35-36 (emphasis added).

The conclusion that a class is not a superior method to resolve this dispute is readily apparent. While Plaintiffs can identify several alleged common issues – such as whether Olin owed a duty to Plaintiffs or engaged in an ultrahazardous activity (legal issues for the Court to resolve), these issues are dwarfed by the important, complex, and highly individualized issues that a jury would have to resolve on a plaintiff-by-plaintiff basis with respect to all of the claims at issue in this case, including:

- To what extent, *if any*, each plaintiff suffers emotional distress and, if so, whether such emotional distress was caused by waste allegedly disposed of by Olin or by various other possible factors. *See* Olin's Opp. at pp. 10-14. In their reply brief, Plaintiffs fail to provide any response to this argument;

- To what extent, *if any*, each plaintiff can establish a causal relationship between Olin's alleged disposal of waste and any alleged contamination located at each plaintiff's property. *Id.* at pp. 14-23. As established here, this fundamental causation requirement applies with respect to all of Plaintiffs' claims;

- To what extent, *if any*, each plaintiff can establish that his or her claims are not time-barred under the applicable statute of limitations. *Id.* at pp. 24-28. In their

reply brief, Plaintiffs fail to respond to this argument. In particular, Plaintiffs fail to explain how, assuming the Court does not grant Olin's pending motion for summary judgment based on statute of limitations, Plaintiffs would be able to address the statute of limitations issue using common proof on a class-wide basis; and

- To what extent, *if any*, each plaintiff can establish that he or she allegedly suffered any damages due to any alleged waste disposed of by Olin rather than many other possible factors.

Thus, it follows that resolution of all of Plaintiffs' claims would require hundreds of individual mini-trials on complex causation, statute of limitations, and damages issues. Such a result is inconsistent with the language and spirit of Rule 23(b)(3) and, therefore, Plaintiffs' argument that the class should be certified should be rejected.

## CONCLUSION

For these reasons, as well as those set forth in Olin's opposition brief, Olin respectfully requests that the Court deny Plaintiffs' Third Amended Motion for Class Certification, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

HUSCH & EPPENBERGER, LLC


By: */s/ Michael H. Wetmore*
    Michael H. Wetmore (ct24899)
    Joel B. Samson (ct24898)
    Omri E. Praiss (ECF registration pending)
    190 Carondelet Plaza, Suite 600
    St. Louis, Missouri 63105
    Telephone: 314-480-1500
    Fax: 314-480-1505
    michael.wetmore@husch.com
    joel.samson@husch.com
    omri.praiss@husch.com


and

BROWN RUDNICK BERLACK ISRAELS LLP
    Mark S. Baldwin, Esq.
    185 Asylum St.
    CityPlace I, 38th Floor
    Hartford, CT  06103
    Telephone: 860-509-6500
    Fax: 860-509-6501
    mbaldwin@brownrudnick.com


*Attorneys for Defendant Olin Corporation*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the attorneys of record registered for the Court's ECF system (as reflected by the email addresses shown below) or by mailing the same, first class mail, postage prepaid, to the non-participants in the Court's ECF system, on this 5th day of September, 2007.

| | |
|---|---|
| Neil T. Leifer, Esq.<br>Brad J. Mitchell, Esq.<br>Thornton & Naumes L.L.P.<br>100 Summer Street, 30th Floor<br>Boston, Massachusetts  02110<br>Telephone:  (617) 720-1333<br>Facsimile:  (617) 720-2445<br>nleifer@tenlaw.com<br>bmitchell@tenlaw.com<br><br>Monte E. Frank, Esq.<br>Cohen and Wolf, PC<br>158 Deer Hill Avenue<br>Danbury, CT  06810<br>Telephone: (203) 367-6202<br>Facsimile:  (203) 791-8149<br>mfrank@cohenandwolf.com<br><br>David B. Zabel, Esq.<br>Cohen and Wolf, PC<br>1115 Broad Street<br>Bridgeport, Connecticut  06604<br>Telephone: (203) 368-0211<br>Facsimile: (203) 394-9901<br>aclark@cohenandwolf.com<br>dzabel@cohenandwolf.com<br>pgoodman@cohenandwolf.com | Mark Roberts, Esq.<br>Andrew A. Rainer, Esq.<br>McRoberts , Roberts & Rainer, LLP<br>53 State St.<br>Boston, MA  02114<br>Telephone: (617) 722-8222<br>Facsimile: (617) 720-2320<br>mroberts@mcrobertslaw.com<br>arainer@mcrobertslaw.com<br><br>***Attorneys for Plaintiff*** |

                */s/ Carrie Hartnett*