UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLARENCE R. COLLINS, Jr., et al.          :          CIVIL ACTION
                                                                  No. 303CV945 (CFD)

V.                                                          :

OLIN CORPORATION                         :          August 7, 2008


## OLIN CORPORATION'S MOTION TO COMPEL DEPOSITIONS OF REPRESENTATIVE CLASS MEMBERS

Olin Corporation ("Olin") moves the Court, pursuant to Federal Rules of Civil Procedure 37, 30(a)(2) and 30(d)(1), to compel the deposition of each Representative Class Member ("RCM") who will be the subject of the upcoming trial on the issues of liability and damages.

The parties recently identified 16 RCMs to take part in the upcoming trial. Olin has attempted to proceed with depositions of the 16 RCMs in advance of the November 30, 2008 fact discovery deadline. Plaintiffs have refused to schedule the deposition of any RCM who was previously deposed—which is 15 of the 16 RCMs selected to participate in the trial.

Pursuant to Local Civil Rule 37(a), the undersigned counsel submits herewith an affidavit certifying that they have conferred with Plaintiffs' counsel in a good faith effort to schedule the RCM depositions without court action, but that such effort has not resulted in an agreement on the RCM depositions. *See*, August 7, 2008 Affidavit of Joel B. Samson attached hereto as Exhibit 1.

As described in Exhibit 1, the parties exchanged correspondence between July 21 and July 29, 2008 and participated in a conference call on Friday August 1, 2008 in efforts to resolve this dispute. In Olin's correspondence and during the conference call Olin requested a four hour

deposition with each previously deposed RCM in order to cover all issues of liability and damages and to ensure that all information available to Olin is accurate and current. Plaintiffs rejected Olin's request. During the discussions, Plaintiffs stated that if any depositions did go forward, Plaintiffs would only agree to a three hour deposition and that there would have to be limitations with respect to the topics to be covered.

The parties discussed the concept of limiting topics to be covered but no agreement could be reached. Olin sees no practical way to limit the scope in advance of the deposition in any meaningful way. Certainly Olin will have to ask predicate questions and re-establish certain points discussed during the first deposition in order to explore new developments and issues that did not exist when Plaintiffs were originally deposed back in 2004 and 2005. Trying to limit the scope of the RCM depositions in advance will not only be extremely difficult, it will invite constant objections during the depositions on any area that is even close to a perceived "limited" topic.

The fact that Olin is only asking for four hours with each deponent should alleviate any concern that Olin will spend significant time on issues previously covered unless such issues are implicated by information, circumstances and/or new theories that arose after Plaintiffs were first deposed.

Olin's request for an additional four hours of actual deposition time with each Plaintiff who was previously deposed is consistent with Rules 30(a)(2) and 30(d)(1), and the cases applying these rules.

Pursuant to Local Civil Rule 7(a)(1), Olin submits herewith the accompanying memorandum of law in support of the instant motion.

WHEREFORE, Olin Corporation respectfully requests that the Court order that each Representative Class Member who has already been deposed appear for an additional four hours of actual deposition time and that the scope of such deposition not be limited, that is to say that Olin Corporation be permitted to inquire into all issues of liability and damages, including old issues to the extent that they are implicated by information, circumstances and/or new theories that arose after a Representative Class Member was first deposed.

Respectfully Submitted,

HUSCH BLACKWELL SANDERS, LLP

By: _____
     Michael H. Wetmore (ct24899)
     Joel B. Samson (ct24898)
     Omri E. Praiss (ECF registration pending)
     190 Carondelet Plaza, Suite 600
     St. Louis, Missouri 63105
     Telephone: 314-480-1500
     Fax: 314-480-1505
     michael.wetmore@husch.com
     joel.samson@husch.com
     omri.praiss@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
     Mark S. Baldwin, Esq.
     185 Asylum St.
     CityPlace I, 38th Floor
     Hartford, CT  06103
     Telephone: 860-509-6500
     Fax: 860-509-6501
     mbaldwin@brownrudnick.com

     ***Attorneys for Defendant Olin Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve all counsel of record by operation of the CM/ECF system.