UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLARENCE R. COLLINS, Jr., et al.  :  CIVIL ACTION
             No. 303CV945 (CFD)

V.            :

OLIN CORPORATION     :  August 7, 2008

## AFFIDAVIT

I, Joel B. Samson, hereby depose and say as follows:

1.  I am over the age of eighteen and believe in the obligations of an oath.

2.  I have personal knowledge of the foregoing.

3.  I am an attorney at Husch Blackwell Sanders, LLP, which represents Olin Corporation, in the above captioned action.

4.  I make this affidavit in support of Olin's Motion to Compel Depositions of Representative Class Members.

5.  On July 21, 2008, via email, Olin first requested that Plaintiffs contact Olin to discuss the scheduling of depositions for each Representative Class Member ("RCM") identified by the parties on July 21, 2008. *See*, Exhibit A, attached hereto.

6.  On July 22, 2008, my partner Omri Praiss and I attempted to contact Plaintiffs' counsel by telephone in order to discuss deposition scheduling issues and left a voice message to that effect.

7.  On July 23, 2008, Olin followed up on its prior correspondence with a second email seeking to discuss scheduling depositions of the 16 RCMs. *See*, Exhibit B, attached hereto.

DEFENDANT'S
EXHIBIT

8.    On July 23, 2008, Plaintiffs' counsel notified Olin that they were attempting to find a time to talk and would get back to Olin. *See*, Exhibit C, attached hereto.

9.    Although no conference call was scheduled, on July 28, 2008, Olin received an email from Plaintiffs' counsel:

    a.  agreeing to the deposition of Jimmie Green—an RCM who had not previously been deposed.

    b.  taking the position that the other RCMs had already been deposed and suggesting that pursuant to the Court's August 17, 2004 Order, Olin was allowed to depose the named Plaintiffs for one, seven-hour deposition. Plaintiffs further requested that Olin: 1) provide an explanation as to why a second deposition is necessary, (ii) the topics Olin would address in the RCMs second deposition that were not addressed in the first deposition, and (iii) an estimate on how long each second deposition would take. Plaintiffs indicated that if Olin provided such information, Plaintiffs would consider whether to assent to the second deposition or whether Olin would need to seek permission from the Court to conduct the depositions.

*See*, Exhibit D, attached hereto.

10.   In response, on July 29, 2008, Olin informed Plaintiffs:

    a.  that Paragraphs 1 and 2 of the current Joint Motion for Modification of Scheduling Order, entered by the Court on May 27, 2008, specifically contemplate discovery of the 16 RCMs;

    b.  that the Court's August 17, 2004 Order, referenced by Plaintiffs, specifically states "[i]ndeed, the bifurcation of discovery may necessitate extension of the time limitations of Rule 30";

    c.  that Olin believes it will be able to complete the deposition of an already deposed RCM in approximately four hours; and

    d.  that while Olin was not willing to provide Plaintiffs with a road map of the topics Olin intends to cover in the depositions, it is safe to assume that Olin will cover issues of liability and damages and to ensure that all information available to Olin is accurate and current.

*See*, Exhibit E, attached hereto.

11.    On August 1, 2008, counsel for Plaintiffs and counsel for Olin participated in a

conference call in a good faith attempt to resolve the dispute over scheduling

depositions of the RCMs who have previously been deposed.  During the

conference call:

    a.  Olin requested a four hour deposition with each previously deposed RCM
       in order to cover all issues of liability and damages and to ensure that all
       information available to Olin is accurate and current;

    b.  Plaintiffs rejected Olin's request and indicated that if the parties could not
       agree, Plaintiffs would take the position that Olin was not entitled to re-
       depose any RCM who had previously been deposed;

    c.  Plaintiffs stated that if any depositions did go forward, Plaintiffs would
       only agree to a three hour deposition and that there would have to be
       limitations with respect to the topics to be covered;

    d.  Although the parties discussed the concept of limiting topics, no
       agreement could be reached on the scope or duration of the RCM
       depositions.

12.    Despite the stated good faith efforts to resolve this discovery dispute regarding the

depositions of RCMs who have previously been deposed, the parties have been

unable to reach an agreement.

Subscribed and sworn to before me this 7th day of August, 2008

Notary Public
My Commission Expires:

DIANA S. BURGESS
Notary Public - Notary Seal
STATE OF MISSOURI
Franklin County
My Commission Expires: April 11, 2012
Commission # 08414057

**Samson, Joel**

| | |
|---|---|
| **From:** | Samson, Joel |
| **Sent:** | Monday, July 21, 2008 4:28 PM |
| **To:** | 'Mark Roberts'; David Cetola; David Strouss; Frank, Monte E.; Neil Leifer; Brad J. Mitchell |
| **Cc:** | Wetmore, Michael; Praiss, Omri |
| **Subject:** | Collins et al. v. Olin |
| **Attachments:** | M ROBERTS.pdf |

Mark,

Please see attached.

In addition, please let us know when you are available to discuss the scheduling of depositions for the representatives that have been identified by the parties.

Thank you

HUSCH
BLACKWELL
SANDERS
LLP

**Joel B. Samson**
**Partner**
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: 314.480.1832
Fax: 314.480.1505
E-Mail: joel.samson@huschblackwell.com
Website: www.huschblackwell.com



DEFENDANT'S
EXHIBIT
A

8/6/2008

**Samson, Joel**

| | |
|---|---|
| **From:** | Samson, Joel |
| **Sent:** | Wednesday, July 23, 2008 11:10 AM |
| **To:** | 'Mark Roberts'; Brad J. Mitchell; David Cetola; David Strouss; Frank, Monte E.; Neil Leifer |
| **Cc:** | Wetmore, Michael; Praiss, Omri |
| **Subject:** | Collins et al v. Olin |

Mark,

Following up on my July 21, 2008 email and Omri's voice message yesterday, we would like to discuss scheduling depositions for the 16 representatives that have now been identified by the parties.

As Omri indicated, we would like to start the depositions Thursday and Friday of next week and continue the depositions the first full week in August. We have no particular preference concerning the order of the depositions and are flexible in terms of who is presented on a given day. We would simply need to know in advance which plaintiff will be presented on which day as we go forward.

Please let us know when you are available to discuss these scheduling issues.

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

**Joel B. Samson**
**Partner**
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: 314.480.1832
Fax: 314.480.1505
E-Mail: joel.samson@huschblackwell.com
Website: www.huschblackwell.com



DEFENDANT'S
EXHIBIT
B

**Samson, Joel**

| | |
|---|---|
| **From:** | Mark Roberts [MRoberts@mcrobertsandroberts.com] |
| **Sent:** | Wednesday, July 23, 2008 4:53 PM |
| **To:** | Samson, Joel; Brad J. Mitchell; David Cetola; David Strouss; Frank, Monte E.; Neil Leifer |
| **Cc:** | Wetmore, Michael; Praiss, Omri |
| **Subject:** | RE: Collins et al v. Olin |
| **Attachments:** | ~WRD002.jpg |

Joel,

I'm not trying to ignore you but have several people on vacation.  I will try to get back to you with a time we can talk tomorrow.

Mark

Mark W. Roberts
McRoberts & Roberts, L.L.P.
15 Broad Street, Suite 240
Boston, Massachusetts 02109

Office Telephone: 617-722-8222
Facsimile: 617-720-2320
PLEASE NOTE THAT OUR FIRM NAME AND ADDRESS HAVE CHANGED.  OUR EMAIL AND PHONE NUMBER HAVE REMAINED
THE SAME.

🌍 Please consider the environment before printing this email.
Innovative environmental and land use advice, law and litigation

<u>NOTICE OF CONFIDENTIALITY</u>

This electronic transmission is intended solely for the addressee(s) listed above and may contain confidential information.  If you
are not the named addressee(s), any use, disclosure, copying, or communication of the contents of this transmission is
prohibited.  If this transmission was received in error, please contact me at the above number, collect if necessary.  Thank you for
your attention to this matter.

---

**From:** Samson, Joel [mailto:Joel.Samson@huschblackwell.com]
**Sent:** Wednesday, July 23, 2008 12:10 PM
**To:** Mark Roberts; Brad J. Mitchell; David Cetola; David Strouss; Frank, Monte E.; Neil Leifer
**Cc:** Wetmore, Michael; Praiss, Omri
**Subject:** Collins et al v. Olin

Mark,

Following up on my July 21, 2008 email and Omri's voice message yesterday, we would like to discuss scheduling depositions for
the 16 representatives that have now been identified by the parties.

As Omri indicated, we would like to start the depositions Thursday and Friday of next week and continue the depositions the first
full week in August. We have no particular preference concerning the order of the depositions and are flexible in terms of who is
presented on a given day.  We would simply need to know in advance which plaintiff will be presented on which day as we go
forward.

Please let us know when you are available to discuss these scheduling issues.

Joel B. Samson
**Partner**
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600


DEFENDANT'S
EXHIBIT
C

8/6/2008

, **Samson, Joel**

| | |
|---|---|
| **From:** | David Cetola [DCetola@mcrobertsandroberts.com] |
| **Sent:** | Monday, July 28, 2008 3:01 PM |
| **To:** | Samson, Joel; Mark Roberts; Brad J. Mitchell; David Strouss; Frank, Monte E.; Neil Leifer; Kristen Fritz; Kim, Austin D.; Heather Spurlock Kennealy |
| **Cc:** | Wetmore, Michael; Praiss, Omri |
| **Subject:** | RE: Collins et al v. Olin |

**Attachments:** Order on Motion to Compel 081704.pdf; Letter to M Wetmore 052808.pdf

Joel,

In response to your email dated July 21, 2008, we would like to clarify a couple of issues prior to moving forward with the Representative Class Member ("RCM") depositions.

1.  RCM that has not been deposed:  Based on our review, the only RCM designated by either Olin or the Plaintiffs that has not already been deposed is Jimmie Green.  Due to scheduling conflicts, we cannot agree to his deposition this week, however, we are agreeable to scheduling his deposition in mid to late August.  Please let us know your availability and we can try to arrange this deposition.

2.  RCMs that have already been deposed:  The remaining 16 RCMs have already been deposed.  As you know, by Order dated August 17, 2004 (attached), the Court allowed Olin to depose the named Plaintiffs for one, seven-hour deposition.  So that we may consider your request for a second deposition of these people, please provide us with (i) an explanation as to why a second deposition is necessary, (ii) the topics you would address in the RCM's second deposition that were not addressed in the first deposition, and (iii) an estimate on how long each second deposition would take.  Once we have this information, we will consider whether we will assent to the second depositions or you will need to seek permission from the Court to conduct them.  See Neil Leifer's letter to Michael Wetmore, dated May 28, 2008 (attached).

After you have had a chance to review our position, please contact us if you think a conference call to discuss these issues would be beneficial.

Thank you,

David


PLEASE NOTE THAT OUR FIRM NAME AND ADDRESS HAVE CHANGED.  OUR EMAIL AND PHONE NUMBER HAVE REMAINED THE SAME.

David A. Cetola
McRoberts & Roberts, LLP
15 Broad Street
Suite 240
Boston, Massachusetts 02109

Office Telephone: 617-722-8222
Facsimile: 617-720-2320

 Please consider the environment before printing this email.



NOTICE OF CONFIDENTIALITY

This electronic transmission is intended solely for the addressee(s) listed above and may contain confidential information.  If you are not the named addressee(s), any use, disclosure, copying, or

7/28/2008

ATTORNEYS AT LAW

# Thornton & Naumes LLP

| | | |
|---|---|---|
| Michael P. Thornton (NH, ME & MA) | Andrew S. Wainwright (NY & MA) | Of Counsel |
| John T. Barrett (NH & MA) | Michael A. Lesser | Elizabeth M. Shost |
| Robert T. Naumes | Marilyn T. McGoldrick | Admitted in NY & PA only |
| Neil T. Leifer (ME, NJ & MA) | Garrett J. Bradley (NY & MA) | |
| David J. McMorris (NY & MA) | Brad J. Mitchell | |
| Edwin L. Wallace | Kristen Marquis Fritz | |
| Robert M. Byrne, Jr. (NY & MA) | Zoran Malesevic | |
| David C. Strouss | Robert T. Naumes, Jr. (CT & MA) | |
| Joseph R. Donohue (ME & MA) | Andrea C. Marino | |
| | Christian F. Uehlein | |

May 28, 2008

**FEDERAL EXPRESS**
Michael Wetmore, Esq.
HUSCH & EPPENBERGER, LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

Re:    *Clarence Collins, Jr., et al v. Olin Corporation*
       Civil Action No.: 3:03-DV-945 (CFD)

Dear Michael:

      This letter will attempt to summarize our conversation this morning regarding the application of the scheduling order for the above-referenced case. As we agreed, and as reflected in our joint motion, we will select 18 members of the class for purposes of determining by trial the issue of Olin's liability and the specific damages, if any, sustained by the 18 representatives. Our goal would be to determine Olin's liability to the entire class and to use the damages, if any, awarded to any of the 18 class members to help the parties negotiate fair and reasonable settlements for the remaining class members.

      As reflected in the joint motion, both parties will select their representative members by July 20, 2008. The court has indicated that the selection may come from the entire class and is not restricted to the 32 class representatives. We confirmed this morning that class-wide discovery will not occur and is not envisioned by this approach and that the selection of representative members shall be made by the parties based solely on currently available information. Once the parties have selected their respective representative members, Olin is free to conduct discovery of those members. It was your impression that representative members previously deposed during class certification discovery will probably not require significant further discovery. Please let us know if you intend to conduct additional discovery on the representative members, so that we can consider the request and determine whether you will need to seek permission from the court.



Michael Wetmore, Esq.
May 28, 2008
Page 2


     Please confirm that I have accurately represented our understanding and feel free to make any corrections.

                          Sincerely,

                          Neil T. Leifer

NTL/mk
cc:     Mark Roberts, Esq.
        David Cetola, Esq.
        David Strouss, Esq.
        Kristen Fritz, Esq.
        Monte Frank, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLARENCE R. COLLINS, JR., et al.,

    - Plaintiffs

    v.                     NO. 3:03CV945(CFD)(TPS)

OLIN CORPORATION, et al.,

    - Defendants

## RULING ON DEFENDANTS' MOTION TO COMPEL

The defendants' motion (**Dkt. # 90**) is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. To the extent that the defendants move to compel the depositions of all thirty-six class representatives, their motion is **GRANTED**. These depositions are undoubtedly relevant and the court finds that they are not unreasonably cumulative or duplicative nor does their burden or expense outweigh their likely benefit. See Fed. R. Civ. P. 26(b)(1) & (2). That the plaintiff feels that such discovery is "not warranted" is of no import. (See Pl.'s Mem. Opp. Mot., 6/11/04, at 3).

At this time, the court declines to grant the defendants' motion to exceed the one-day/seven-hour limitation on depositions. See Fed. R. Civ. P. 30(d)(2). Accordingly, it is **DENIED WITHOUT PREJUDICE**. Indeed, the bifurcation of discovery *may* necessitate extensions of the time limitations of Rule 30. The court will

entertain such motions in accordance with Rule 30(d)(2) on an individual basis should the need for additional testimony arise.

At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion. Fed. R. Civ. P. 37(a).


**IT IS SO ORDERED** at Hartford, Connecticut this 17th day of August, 2004.


/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge

2

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

Joel B. Samson
DIRECT 314.480.1832 · FAX 314.480.1505 · joel.samson@huschblackwell.com
190 CARONDELET PLAZA, SUITE 600, ST. LOUIS, MO 63105
www.huschblackwell.com

July 29, 2008

*via e-mail and regular mail*

David A. Cetola, Esq.
McRoberts & Roberts, L.L.P.
15 Broad Street, Suite 240
Boston, MA 02109

Re:    ***Collins, et al. v. Olin Corporation, et al.***
       Civil Action No. 03-CV-945 (CFD)

Dear David:

Thank you for your July 28, 2008 email response to our previous requests to schedule Representative Class Member ("RCM") depositions. Needless to say, we disagree with the position you are taking with respect to the RCMs.

With respect to Jimmie Green, we expect to serve written discovery in the near future and need to see responses to such discovery prior to deposing Mr. Green. We trust that you can provide discovery responses within thirty days of receipt of our requests and that a deposition in early to mid September should be fine for Mr. Green. Please let us know of his availability during that time period.

With respect to the remaining 15 RCMs, while they were already deposed in 2004/2005, we do not understand how you can legitimately oppose our request to depose these individuals in advance of the upcoming trial. Paragraphs 1 and 2 of the current Joint Motion for Modification of Scheduling Order, entered by the Court on May 27, 2008, specifically contemplate discovery of the 16 RCMs. Paragraph 1 states that "[f]act discovery related to liability and damages for the trial concerning the claims of the Class Members set out in paragraph 2 below shall be completed by November 30, 2008." Paragraph 2 contemplates the selection of 18 representatives to take part in discovery and trial.

Nothing in the August 17, 2004 Order you cite contradicts this result. Although at the time the Court declined to grant an extension of the one-day/seven-hour limitation on depositions, the Order contemplated the likelihood that additional depositions would be needed. Specifically, the Order states "[i]ndeed, the bifurcation of discovery may necessitate extension of the time limitations of Rule 30."

3051152

DEFENDANT'S
EXHIBIT

**E**

HUSCH
BLACKWELL
SANDERS
LLP

David A. Cetola, Esq.
McRoberts & Roberts, L.L.P.
July 29, 2008
Page 2

Given the language of the current Scheduling Order, the Court's apparent receptiveness to the need for further discovery of plaintiffs who have already been deposed, and the fact that everyone wants the upcoming trial to be a meaningful step in resolving the remaining class members' claims, we believe that the Court would grant Olin's request for permission to conduct the additional depositions.

While we are certainly not willing to commit to a time limit for depositions of the RCMs, we believe that we can complete the deposition of an already deposed RCM in approximately 4 hours. While we are not going to provide you a road map of the topics we intend to cover at the depositions, it is safe to say we intend to cover issues of liability and damages and to ensure that all information available to Olin is accurate and current.

Hopefully we can resolve these issues in the immediate future and proceed with discovery rather than motions. To that end, please let us know no later than Friday August 1, 2008 whether or not we can proceed with the RCM depositions or whether we need to seek the Court's assistance in resolving this dispute.

Very truly yours,

Joel B. Samson

cc:    Mark Roberts (via email)
       Brad Mitchell (via email)
       David Strouss (via email)
       Monte Frank (via email)
       Neil Leifer (via email)

3051152