UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLARENCE R. COLLINS, Jr., et al.        :      CIVIL ACTION
                                      No. 303CV945 (CFD)

V.                                 :

OLIN CORPORATION                :      August 7, 2008

## OLIN CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITIONS OF REPRESENTATIVE CLASS MEMBERS

Olin Corporation ("Olin") submits this memorandum in support of its motion to compel the deposition of each Representative Class Member ("RCM") who will be the subject of the upcoming trial on the issues of liability and damages.

### INTRODUCTION

On July 21, 2008 the parties exchanged their respective lists of class members to take part in discovery and the upcoming trial on the issues of liability and damages. The parties have identified 16 RCMs to take part in the upcoming trial. The identification of these 16 RCMs occurred pursuant to the Court's May 27, 2008 Order [Docket # 252] granting the Joint Motion For Modification Of Scheduling Order filed by the Parties. [1] [Docket # 251]

Upon identification of the 16 RCMs, Olin immediately sought to begin the RCM depositions in order to comply with the current Scheduling Order, which set a November 30, 2008 fact discovery deadline. A dispute has arisen concerning the RCM depositions.

---

[1] While the Order contemplated the selection of 18 RCMs, given various positions taken by the Plaintiffs, Olin deemed it appropriate to designate 8 individuals rather than 9. Plaintiffs designated 9 individuals. One individual was identified by both Olin and the Plaintiffs. Therefore, there are 16 individuals who will take part in the upcoming trial.

Plaintiffs have taken the position that Olin is not entitled to depose any RCM who was previously deposed and have refused to schedule any such deposition.[2] The parties exchanged correspondence between July 21, 2008 and July 29, 2008 and participated in an August 1, 2008 conference call in attempts to resolve this dispute. Copies of the parties' substantive correspondence are attached as Exhibit D and Exhibit E, to Exhibit 1 to Olin's Motion to Compel. During the August 1, 2008 conference call, Olin requested four hours with each previously deposed RCM in order to cover all issues of liability and damages and to ensure that all information available to Olin is accurate and current. Plaintiffs rejected Olin's request and indicated that if the parties could not agree, Plaintiffs would take the position that Olin was not entitled to re-depose any RCM who had previously been deposed.

During the discussions, Plaintiffs stated that if any depositions did go forward, Plaintiffs would only agree to a three hour deposition and that there would have to be limitations with respect to the topics to be covered. Although the parties discussed the concept of limiting topics, no agreement could be reached on the scope or duration of the RCM depositions.

Olin sees no practical way to limit the scope in advance of the deposition in any meaningful way. Certainly Olin will have to ask predicate questions and re-establish certain points discussed during the first deposition in order to explore new developments and issues that did not exist when Plaintiffs were originally deposed back in 2004 and 2005. Trying to limit the scope of the RCM depositions in advance will not only be extremely difficult, it will invite constant objections during the depositions on any area that is even close to a perceived "limited" topic.

---

[2] There is one RCM, Jimmie Green, who was not previously deposed. The parties are working towards setting his deposition in September—after he has had time to respond to written discovery propounded by Olin on July 30, 2008.

For the reasons set forth below, Olin respectfully requests that the Court grant Olin the right to take a four hour deposition of each previously deposed RCM who will be the subject of the upcoming trial on the issues of liability and damages.

ARGUMENT

Rule 30(d)(1) [formerly Rule 30(d)(2)], states that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day or seven hours." At the same time, the Rule further states that, "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

Similarly, Rule 30(a)(2)(a)(ii) [formerly Rule 30(a)(2)(B)] provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)...if the parties have not stipulated to the deposition and...the deponent has already been deposed in the case." *See, e.g., Vincent v. Mortman*, 2006 WL 726680, *1 (D.Conn. 2006).[3]

The current circumstances clearly require that Olin be given additional time to fairly examine the RCMs and to prepare for the upcoming trial on the merits. The Court's May 27, 2008 Order granting the Joint Motion For Modification Of Scheduling Order specifically contemplated that the RCMs would be deposed on the issues of liability and damages. The Joint Motion set a November 30, 2008 deadline for "[f]act discovery related to **liability and damages** for the trial concerning the claims of the Class Members set out in paragraph 2 below." (emphasis added). Paragraph 2 states:

> For purposes of conducting discovery related to damages, the Parties propose to select eighteen (18) representative Class Members of which each of the three (3) Subclasses will be represented by six (6) Class Members."

---

[3] For the Court's convenience, <u>Exhibit 1</u>, attached hereto, contains all unpublished opinions cited herein in alphabetical order.

(emphasis added)

Ironically, the Joint Motion agreed to by the Plaintiffs was submitted to the Court at a time when Plaintiffs argued that the representative Class Members had to be selected only from among the named class representatives (all of whom had already been deposed). Given this position, even the Plaintiffs contemplated that RCMs who had previously been deposed would be subject to additional discovery.

Not only did Plaintiffs contemplate that additional depositions would be necessary, Magistrate Judge Smith's 2004 Order in this very case contemplated the likely need for extensions of the time limitations of Rule 30. [Docket # 105] In 2004 the Plaintiffs did not agree to tender all 36 of the class representatives named in Plaintiffs' Amended Complaint for depositions. Rather, Plaintiffs forced the Town of Hamden and Olin to file a motion to compel the deposition of all of the class representatives named in Plaintiffs' Amended Complaint. In connection with the 2004 Motion to Compel, Defendants requested that the Court grant an exceedance of the one-day/seven hour limitation on depositions.[4] In ruling on Defendants' Motion and granting Defendants the right to depose all named class representatives, Magistrate Judge Smith stated "[i]ndeed, the bifurcation of discovery may necessitate extensions of the time limitations of Rule 30. The court will entertain such motions in accordance with Rule 30(d)(2) on an individual basis should the need for additional testimony arise."

That need has clearly arisen. The purpose of the upcoming trial on liability and damages is to provide a full and fair resolution for the RCMs who will participate in the trial and also to provide guidance and a meaningful step in resolving the remaining class members' claims. Olin believes that in order to do this, the RCMs who were previously deposed need to sit for another

---

[4] The request to exceed the one-day/seven hour rule at that time was necessitated by Plaintiffs' 2004 position that the one-day/seven hour rule applied even though the then controlling Scheduling Orders expressly envisioned two separate phases of discovery—class and merits discovery.

four hour deposition. Olin has no intention of rehashing everything that occurred during the prior depositions, however some overlap is unavoidable given the change in circumstances since the original depositions.

The RCMs' original depositions were taken in 2004 and 2005. Since that time there have been significant developments that have changed the landscape of this case and require that each RCM sit for a supplemental deposition. Specifically, since the 2004 and 2005 depositions:

1.     Plaintiffs filed a Second Amended Complaint on December 20, 2006;

2.     Plaintiffs have taken new positions in their Second Amended Complaint, their class certification filings (filed in late 2006 and briefed in 2007) and in response to Olin's pending Motion for Partial Summary Judgment Based on Statute of Limitations (filed in 2008), including but not limited to:

     a.   The creation of subclasses that did not exist at the time of the original depositions. As proposed, Plaintiffs' original class would have included anyone who owned property in the Newhall Section of Hamden. Apparently in response to the Court's May 2006 ruling granting Olin summary judgment on successor liability and holding that Olin is not liable with respect to any actions taken by Winchester Repeating Arms Company prior to 1931, on December 20, 2006, Plaintiffs first informed Olin of the concept of certifying subclasses (a contaminated properties subclass, a stigma subclass, and a response cost subclass). It is these subclasses which were certified by the Court on February 21, 2008.

3.     Either on the morning of certain depositions, or at times thereafter, Plaintiffs
produced documents that should have been produced prior to the 2004 and 2005
depositions;

4.     In May 2008, Plaintiffs submitted affidavits in support of their opposition to
Olin's Motion for Partial Summary Judgment Based on Statute of Limitations.  Of
the five affidavits, four were submitted by RCMs that will participate in the
upcoming trial;

5.     Additional testing results and data have been collected;

6.     The remedial efforts in the Newhall area have progressed and a work plan has
been approved which better defines the remedial efforts that will take place;

7.     It is possible that one or more of the RCMs' situations have changed in a way that
affects their claims.  For example, one or more of the RCMs may have sold, or
attempted to sell, the properties that give rise to their claims;

8.     Although the Town of Hamden was a defendant in this case when the Plaintiffs'
depositions were taken in 2004 and 2005, the Town of Hamden is no longer a
Defendant (as of December 20, 2006).

Olin must be allowed to explore Plaintiffs' new theories and the changed circumstances
with the RCMs, and any affect these new theories and circumstances have on a given RCM.
Olin must be allowed to explore documents which were produced on the morning of the
respective RCMs deposition or after depositions were completed.  Olin must also be allowed to
explore the affidavits submitted by the RCMs, the effect the remedial efforts will have on the
RCMs, and any changes in the RCMs personal situations that affect their claims.

With respect to Rule 30(a)(2)(B), *Vincent v. Mortman*, 2006 WL 726680, *1 (D.Conn. 2006) is directly on point. In *Vincent*, plaintiffs sought a second deposition of defendant due to a factual dispute that arose after defendant's original deposition. *Id.* at *1. In ruling that plaintiffs were entitled to re-depose defendant, the *Vincent* court stated:

> Under Rule 30(a)(2)(B), courts ' frequently permit a deposition to be reopened where the witness was inhibited from providing full information at the first deposition' or 'where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition.'"

*Id.* at *1 (citations omitted)

Another case interpreting Rule 30(a)(2) further supports Olin's position. In *Auto Alliance International, Inc. v. U.S.*, 2008 WL 2441051 (CITI 2008), after citing the *Vincent* decision, the court held that a plaintiff would be permitted to re-depose a defense witness because at the time of the witness' first deposition, defendant had not yet introduced the new legal and factual theories it thereafter injected into the proceedings. *Id.* at *5. In allowing the second deposition, among other limitations, the court specifically held that the second deposition could address "old issues to the extent that they are implicated by information that arose after [defense witness] was first deposed." *Id.*

The result is no different under Rule 30(D)(1)) [formerly Rule 30(d)(2)]. *Grill vs. Costco Wholesale Corp.*, 2004 WL 2314639 (W.D.Wash. 2004) is instructive. In *Grill*, plaintiff was deposed for nearly 6 ½ hours. When it became clear that the deposition would not be completed in one seven hour period, the parties agreed to resume the deposition on another day. Thereafter, plaintiff took the position that defendants were only entitled to continue the deposition for the remaining 37 minutes. Defendants were forced to file a motion to compel seeking as much time as necessary to complete a full and fair deposition of the plaintiff. *Id.* at *1 (W.D.Wash. 2004). In granting the Defendants' motion, the Court stated:

[A] deposition may be extended beyond the imposed time limit of one seven-hour day if 'additional time consistent with Fed.R.Civ.P. 26(b)(2) is needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.' Fed.R.Civ.P. 30(d)(2). **'Considerations relevant to the granting of [such] extension of time include the need for additional time for full exploration of the theories upon which the witness relies, or where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition.'**

*Id.* (*quoting Boston Science Corp. v. Cordis Corp.*, 2004 WL 1945643 at *2 (N.D.Cal. 2004) (emphasis added).

In granting defendants' motion, the Court reasoned that defendants would need additional time to explore the facts underlying plaintiff's theories and that because it became apparent during the deposition that not all relevant documents had been produced, and defendants would need additional time to question plaintiff about those documents during the remainder of her deposition. *Id.*

The same rationale applies here. There have been significant developments since the depositions of the RCMs several years ago which Olin should be permitted to fully explore. In addition, newly produced documents need to be addressed where appropriate.

With respect to the 2008 affidavits submitted by Plaintiffs, Olin must be allowed to explore the issues raised by these affidavits. Plaintiffs affidavits include assertions: 1) that there was never an announcement during meetings certain RCMs attended that contamination had been found on any residential property until may 2001 or later; 2) that prior to receiving test results from the USEPA, certain RCMs did not know that there was contamination on their property; 3) that when results were received, the RCMs did not understand the results or what they meant until they were explained at a subsequent meeting; and 4) that RCMs did not know who was responsible for placing the contaminants on their property. *See, e.g.*, Dorothy Williams' March 27, 2008 Affidavit (Exhibit B(1)) and Louise Craig's April 10, 2008 Affidavit,

(Exhibit B(2)), both of which were filed in connection with Plaintiffs' May 12, 2008 Opposition to Olin's Partial Motion for Summary Judgment Based on Statute of Limitations. [Docket # 246] Olin must be permitted to explore and test these assertions, an exploration which will likely touch on issues raised in Plaintiffs' prior depositions.

*Collins v. International Dairy Queen*,189 F.R.D. 496 (M.D. Ga 1999) is also instructive. In *Collins*, defendants sought leave under Rule 30(a) to conduct supplemental depositions of two witnesses. In affirming the Discovery Special Master's ruling and granting the defendants' request, the court noted that "[b]ecause of the time that has elapsed, the addition of new claims [contained in a Fifth Amended Complaint which had not been filed prior to the initial depositions], and the evident knowledge of the witnesses in particular areas, re-examination of the two witnesses is likely to provide additional information not obtainable at the first depositions." *Id.* at 498-99 (approving additional 4 hours of on the record deposition time to conduct additional discovery and acknowledging that some questions from defendants' counsel in these supplemental depositions might touch on subject matters about which these witnesses were questioned in their initial depositions)

Finally, at the time Plaintiffs were deposed in 2004 and 2005, this was a multi-party case where counsel for the Town of Hamden and Olin took turns taking the lead in each deposition. The fact that this was a multi-party case at the time of the original depositions supports Olin's right to depose each RCM for an additional four hours. *See, e.g., Calderon v. Symeon*, 2007 WL 735773 at *1 (D.Conn. 2007) (*citing* 7 James Wm. Moore, et al., *Moore's Federal Practice*, §30.45 (3d. ed. 2006) ("In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning is discouraged.")

CONCLUSION

Throughout these proceedings, the parties and the Court contemplated that Olin would need additional time to depose the RCMs on the merits. These beliefs were evident even before new theories were advanced by the Plaintiffs and before changes in circumstances occurred. For these reasons, as discussed above, Olin Corporation respectfully requests that the Court grant Olin's Motion to Compel depositions of the 16 RCMs and that Olin be allowed to depose each RCM that was previously deposed for 4 hours of on the record deposition time and that the scope of such depositions not be limited, that is to say that Olin Corporation be permitted to inquire into all issues of liability and damages, including old issues to the extent that they are implicated by information, circumstances and/or new theories that arose after a Representative Class Member was first deposed.

Respectfully Submitted,

HUSCH BLACKWELL SANDERS, LLP


By:_____
    Michael H. Wetmore (ct24899)
    Joel B. Samson (ct24898)
    Omri E. Praiss (ECF registration pending)
    190 Carondelet Plaza, Suite 600
    St. Louis, Missouri 63105
    Telephone: 314-480-1500
    Fax: 314-480-1505
    michael.wetmore@husch.com
    joel.samson@husch.com
    omri.praiss@husch.com

and

BROWN RUDNICK BERLACK ISRAELS LLP
    Mark S. Baldwin, Esq.
    185 Asylum St.
    CityPlace I, 38th Floor
    Hartford, CT  06103
    Telephone: 860-509-6500
    Fax: 860-509-6501
    mbaldwin@brownrudnick.com

    ***Attorneys for Defendant Olin Corporation***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve all counsel of record by operation of the CM/ECF system.