UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE R. COLLINS, JR., et al | : | 3:03-CV-945 (CFD) |
| | : | |
| Plaintiffs, | : | |
| VS. | : | |
| | : | |
| OLIN CORPORATION, et al | : | |
| | : | |
| Defendants | : | August 28, 2008 |

**PLAINTIFFS' OPPOSITION TO OLIN CORPORATION'S MOTION TO COMPEL
DEPOSITIONS OF REPRESENTATIVE CLASS MEMBERS**

On August 7, 2008, Defendant, Olin Corporation ("Olin"), filed a motion to compel the second deposition of 15 of the 16 designated Representative Class Members ("RCMs") who will be the subject of the upcoming trial on the issues of liability and damages. Despite Olin's assertion to the contrary, the Plaintiffs are willing to produce the previously-deposed RCMs for a limited second deposition to update Olin on factual developments since their last depositions. However, according to prevailing case law, Olin is not entitled to depose the RCMs on topics that arose during the RCMs' first depositions. While the Plaintiffs understand that Olin may need to depose the RCMs on factual developments that have occurred since their last depositions, Olin, under this limitation, should not need more than two hours to conduct the second depositions. Moreover, due to the significant burden that a second deposition will pose on the RCMs, the Plaintiffs request that the Court order the depositions be held in Hamden, Connecticut, where the RCMs reside. Accordingly, Olin's Motion to Compel should be denied and the Plaintiffs respectfully request the Court to order the second deposition of the previously-deposed RCMs to be limited to topics not addressed during the first depositions, limited to two hours in duration, and held in Hamden, Connecticut where the RCMs reside.

**FACTUAL BACKGROUND**

Pursuant to the May 27, 2008 Joint Motion for Modification of the Scheduling Order approved by the Court, the Parties identified 16 RCMs to take part in discovery and the upcoming trial on the issues of liability and damages. Of the 16 RCMs, 15 had previously been subject to a one day/seven hour deposition in 2004 or 2005. For the first depositions, the RCMs, who live in Hamden, Connecticut, were compelled to travel to Hartford. Olin was afforded the opportunity to limit the first depositions to topics related to class certification only, however, Olin chose not to limit the scope and instead engaged the RCMs in a comprehensive inquiry into all factual issues in the case, including their life histories, educational backgrounds, employment backgrounds, facts surrounding their discovery of contamination on their properties, and the damages suffered by the RCMs as a result of Olin's contamination. The Defendants deposed most of the RCMs for approximately seven hours.

Now, Olin has taken the position that the 15 previously-deposed RCMs should be produced for a second deposition without any meaningful limits on the scope of the deposition. Notwithstanding that the Court had previously declined to allow Olin to depose the Plaintiffs beyond seven hours, when the Plaintiffs recently requested the privilege of re-deposing the RCMs, the Plaintiffs were willing to produce them for a second deposition of limited duration and scope. The Plaintiffs emphatically objected to an open ended deposition, and would not agree to a second deposition that would unnecessarily burden the RCMs by re-questioning them on topics already discussed during their first depositions.[1]

Following an exchange of written correspondence, the Parties participated in a conference call on August 1, 2008 in an attempt to resolve their dispute over the length and

---

[1] According to the Court's Order, dated August 17, 2004, the Court declined to grant Olin's motion to exceed one-day/seven-hour limitation on the 36 class representatives.

2

scope of the RCMs' second depositions. During this conference call, the Plaintiffs, in good faith, offered to produce the 15 previously-deposed RCMs for a second deposition so long as the second deposition would be limited to factual developments that occurred since their last deposition. The Plaintiffs asserted that the second deposition should not cover topics discussed in the first deposition as Olin already had the opportunity to fully explore these topics. The Plaintiffs did not believe that this limited second deposition should last longer than two hours; however, they were willing to expand it to three hours if Olin thought it was necessary. Olin rejected the Plaintiffs' proposal, insisted on a four-hour deposition and refused to limit the scope of the second deposition. Since the Parties could not reach an agreement, Olin filed its Motion to Compel.

## **ARGUMENT**

Rule 30 of the Federal Rules of Civil Procedure provides that a deposition is limited to one day for seven hours. FED. R. CIV. P. 30(d)(1). "Like most discovery disputes, the availability of a second deposition is left to the discretion of the trial court." Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 101 (S.D.N.Y. 1997). As this court pointed out in Expert Choice, Inc. v. Gartner, Inc., courts usually disfavor second depositions due to the undue burden and expense it places on the deponent. 2006 U.S. Dist. LEXIS 41466, *13 (D. Conn. Jun. 21, 2006), attached hereto as Exhibit A. "In determining whether to grant a second deposition of the same party, the court should balance the burdens that such a deposition would cause on the various parties involved." Id. at * 14. In those instances where the court allows a second deposition, "it is typically limited in scope to the *topics not addressed in the first deposition*." Id. (emphasis added); see also Perry v. Kelly-Springfield Tire Co., 117 F.R.D. 425, 426 (N.D. Ind. 1987) (there

3

is "no logical reason why [a party] should duplicate the same material covered at the first deposition").

In Tri-Star Pictures, Inc., the third-party plaintiff moved to compel the deposition of a previously-deposed executive of the third-party defendant. 171 F.R.D. at 100. The court allowed the plaintiff's motion, but, aware of the burden a second deposition would impose on the deponent, placed restrictions on the second deposition, including: (i) confining the second deposition to only new claims and issues raised in the defendant's answer (that was not yet filed at the time of the first deposition), and (ii) prohibiting the plaintiff from re-questioning the deponent on any topics covered in his previous testimony. Id. at 102-103.

In the instant case, Olin has moved to compel the second deposition of 15 RCMs for four hours per deposition. Olin vaguely asserts that since there have been "significant developments that have changed the landscape of this case" it needs to conduct a second deposition of the RCMs. See *Olin's Memorandum in Support of Motion to Compel Depositions of Representative Class Members* ("Olin's Memorandum"), p. 2. Additionally, Olin claims that it "sees no practical way to limit the scope in advance of the [second] deposition in any meaningful way." Id. Olin's unreasonable (and legally untenable) position refusing to limit the scope of the second deposition has forced the parties to seek Court intervention.

Despite the significant burden on the RCMs, the Plaintiffs are willing, as they stated in the August 1, 2008 conference call, to produce the 15 RCMs for their second depositions on topics *not* addressed during their first depositions. The Plaintiffs' position is clearly in-line with the prevailing case law. Tri-Star Pictures, Inc., 171 F.R.D. at 102-103; Expert Choice, Inc., 2006 U.S. Dist. LEXIS 41466 at *14. The second deposition should be limited to factual developments that have transpired since the RCMs' last depositions in 2004 or 2005. For

example, permissible topics for the second depositions include changes in the RCMs' personal situations that affect their damages and subsequent testing on their properties since their first depositions. However, Olin should not be able to get a "second bite at the apple" and depose the RCMs on topics that were previously discussed during their first depositions. Expert Choice, Inc., 2006 U.S. Dist. LEXIS 41466 at *20 ("[a]llowing Expert Choice to re-formulate these same questions for another deponent would be the equivalent to giving them a 'second bite at the apple' because counsel failed to make reasonable inquiry at the first deposition.")

For instance, Olin should not be able to ask questions concerning the facts surrounding the RCMs' discovery of contamination on their respective properties. Olin incorrectly claims that the Plaintiffs raised new issues in the affidavits submitted with the Plaintiffs' Opposition to Olin's Motion for Summary Judgment.[2] The four affidavits concerned the facts surrounding how the specific Plaintiffs discovered that contamination existed on their properties. Such information was specifically addressed during the RCMs' first depositions. Olin, in turn, relied on this testimony as the basis for its Motion for Summary Judgment Based on Statute of Limitations which is currently pending before the Court. Olin's reliance on this testimony clearly demonstrates that this is not new information that came to light after the first deposition. Contrast Vincent v. Mortman, 2006 WL 726680 (D. Conn. 2006); Auto Alliance International, Inc. v. U.S., 2008 WL 2441051 (CIT 2008); Grill v. Costco Wholesale Corp., 2004 WL 2314639 (W.D. Wash. 2004). Therefore, Olin should not be able to re-examine the RCMs on this issue

---

[2] Olin also claims that it needs to conduct second depositions because the Plaintiffs produced "documents that should have produced prior to the 2004 and 2005 depositions," however it fails to identify any specific documents in its Motion or accompanying Memorandum in Support. See *Olin's Memorandum*, p. 6. Since it is Olin's burden to demonstrate the need for a second deposition and Olin fails to specifically identify any "untimely" produced documents, the Court should ignore Olin's argument entirely.

just because it now realizes that it did not adequately explore the issue during the first depositions.[3]

Olin's claim that the Plaintiffs have taken "new positions" in their Second Amended Complaint, motions for class certification and Opposition to Olin's Motion for Summary Judgment, and thus, should be allowed to take second depositions unlimited in scope, is also meritless. Regardless of how this case has evolved due to the Court's rulings, the RCMs are *fact* witnesses who have been previously deposed and thoroughly examined on facts relevant to the subject matter of this case. Accordingly, Olin should not be able to re-examine the RCMs on topics discussed during the first depositions.

As demonstrated above, Olin has not offered a logical reason why they need to re-examine the RCMs on topics discussed during their first depositions. See Perry, 117 F.R.D. at 426 (N.D. Ind. 1987) (there is "no logical reason why [a party] should duplicate the same material covered at the first deposition"). Back in 2004 and 2005, Olin had the opportunity to limit the RCMs' first depositions to topics involving class certification; however, Olin chose not to do so and proceeded with a comprehensive, seven-hour deposition. Like the movants in Tri-Star Pictures and Expert Choice, Olin should not be allowed to re-question the RCMs regarding any issues covered in their previous depositions. Under this limitation, Olin should be able to conduct the second deposition within two hours. Moreover, due to the significant burden that a second deposition will pose on the RCMs, the Plaintiffs request that the Court order the depositions be held in Hamden, Connecticut, where the RCMs reside.

---

[3] If the Court permits Olin to address the affidavits in the second depositions, it should limit the line of questioning to the four RCMs which submitted affidavits in the Plaintiffs' Opposition.

## **CONCLUSION**

For the foregoing reasons, Olin's Motion to Compel should be denied and the Plaintiffs respectfully request the Court to order the second deposition of the previously-deposed RCMs to be limited to topics not addressed during the first depositions, limited to two hours in duration, and held in Hamden, Connecticut where the RCMs reside.

Respectfully submitted,
PLAINTIFFS

By  /s/ Mark W. Roberts
Mark Roberts, Esq.  ct25062
mroberts@mcrobertslaw.com
McRoberts & Roberts, LLP
15 Broad Street, Suite 240
Boston, Massachusetts 02109
Tele: (617) 722-8222
Fax:  (617) 720-2320

David B. Zabel, Esq. ct01382
dzabel@cohenandwolf.com
Monte E. Frank, Esq. ct13666
mfrank@cohenandwolf.com
Cohen and Wolf, PC
1115 Broad Street
Bridgeport, Connecticut 06604
Tele:  (203) 368-0211
Fax:   (203) 394-9901

Neil T. Leifer, Esq.
nleifer@tenlaw.com
David C. Strouss, Esq.
dstrouss@tenlaw.com
Thornton & Naumes L.L.P
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Tele: (617) 720-1333
Fax:  (617) 720-2445

Dated: August 28, 2008

## CERTIFICATION OF SERVICE

I hereby certify that on August 28, 2008, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                        __/s/ Monte Frank_____