FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2010 APR 21  A 11: 10

U.S. DISTRICT COURT
HARTFORD, CT.

|  |  |
|---|---|
| CLARENCE COLLINS, JR., et al, <br> Plaintiffs, <br><br> v. <br><br> OLIN CORPORATION, <br> Defendant. | CIVIL ACTION <br> 3-03-cv-945 (CFD) <br><br> April 21, 2010 |

## FINAL JUDGMENT AND ORDER
## OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing on February 18, 2010 pursuant to an Order of this Court, dated November 4, 2009 (Doc # 304), on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement (Doc # 303). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Final Judgment and Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement, including all members of the Class.

3. Except as to any individual claim of those persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from

SLC-3389989-1

the Class, the Action, and all claims contained therein, including all of the Released Claims, are hereby dismissed without costs and with prejudice in full and final discharge of any and all such Released Claims belonging to Plaintiffs and the other members of the Class as against each and all of the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interest of, the Plaintiffs, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Class Members and the Defendant and was made in good faith. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Settlement Agreement.

5.  Upon the Effective Date, the Plaintiffs and each of the Class Members, on behalf of themselves, their successors and assigns, and any other person claiming (now or in the future) through or on behalf of them, and regardless of whether the Plaintiffs or any such Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed

to have, and by operation of this Final Judgment and Order shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim, whether or not such Class Member executes and delivers the Proof of Claim and Release.

6. All Class Members are hereby forever barred and enjoined from instituting or prosecuting any other action against the Released Persons in any court or tribunal asserting any Released Claim.

7. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order for Notice and Hearing constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts. Said notice provided the best notice practicable under the circumstances to all persons entitled to such notice of these proceedings and of the matters set forth therein, including the terms of the proposed Settlement set forth in the Settlement Agreement, the rights of Class Members to object to or exclude themselves from the proposed Settlement and to appear at the settlement hearing, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law or rule.

8. Any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

9. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendant; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendant and/or the other Released Persons may file the Settlement Agreement and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Notwithstanding anything to the contrary, nothing in this Final Judgment and Order shall affect in any way Olin's rights and responsibilities under the Consent Order nor does it in any way affect the Plaintiffs' rights to

access the Soil Management Fund in accordance with its terms. Nothing in this Final Judgment and Order will in any way impact or change the rights of class members to challenge the Remedy Selection Plan approved by the CTDEP or any other aspect of the Consent Order.

11. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement and/or the Settlement.

12. This Final Judgment and Order is a final judgment in the Action as to all claims among the Defendant, on the one hand, and the Plaintiffs and all Class Members, on the other. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

13. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendant, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

IT IS SO ORDERED.

DATED: April 21, 2010

/s/ Christopher F. Droney, USDJ

_____
THE HONORABLE CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

Valid and Timely Exclusion Forms were received by the Following Class Members:

1.) Venovia V. Chardon, 936-938 Winchester Avenue

2.) John Kotos III, 42 Edward Street

3.) John Kotos III, 48 Edward Street

4.) Virginia Miner, 45 Edwards Street

5.) Inez Barrett-Williams, 390-392 Goodrich Street

6.) Varagena Harrison, 79 Goodrich Street